IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASHTON ORR, ZAYA PERYSIAN, SAWYER SOE, CHASTAIN ANDERSON, DREW HALL, BELLA BOE, and REID SOLOMON-LANE, on behalf of themselves and others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF STATE; MARCO RUBIO, in his official capacity as Secretary of State; and UNITED STATES OF AMERICA,<br><br>*Defendants*. | Case No. 1:25-cv-10313-JEK |

## [PROPOSED] AGREED PROTECTIVE ORDER REGARDING PSEUDONYMS

On February 19, 2025, Plaintiffs filed a Motion for Leave to Proceed Pseudonymously (ECF 46) ("the Motion"). To facilitate Defendants receiving the non-pseudonymous names of Plaintiffs Bella Boe and Sawyer Soe (the "Pseudonym Plaintiffs") prior to the Court ruling on that Motion and to provide protections should the Court grant the Motion, the Court hereby enters this Agreed Protective Order Regarding Pseudonyms.

If the Court denies the Motion, the Pseudonym Plaintiffs shall have 14 days after issuance of an order denying the Motion to either elect to proceed under their true names or voluntarily dismiss their claims without prejudice, without their true names being disclosed publicly. If the Court grants the Motion, this Order shall continue to govern this action.

1

**IT IS HEREBY ORDERED THAT**:

1. Plaintiffs referred to in the Complaint in this action as "Bella Boe" and "Sawyer Soe" may proceed in this action under the pseudonyms "Bella Boe" and "Sawyer Soe" pending a ruling on Plaintiffs' Motion and, should the Motion be granted, for the duration of this action and any appeals therefrom, subject to further order of the Court.

2. In all publicly filed documents in this action, the Pseudonym Plaintiffs shall be identified only by their pseudonyms.

3. All documents filed in this action that contain the present or any former name of one or both Pseudonym Plaintiffs and cannot use a pseudonym to refer to them (such as documents subject to a discovery dispute) shall have their names redacted.

4. All documents filed in this action that contain information other than the Pseudonym Plaintiffs' current or former names (which are subject to Paragraph 3, above) that identifies one or both Pseudonym Plaintiffs, directly or indirectly ("Identifying Information"), shall be filed under seal with an accompanying motion to impound under L.R. 7.2 that references this Order. If Defendants are the Party making the filing and moving to impound, Plaintiffs shall have seven days to file a memorandum in support of Defendants' motion to impound if Plaintiffs so choose. If Defendants have any doubt about whether material qualifies as Identifying Information, they shall meet and confer with Plaintiffs prior to making the filing and, if the Parties cannot agree, shall be obligated to file the material under seal with the motion to impound, and the Court will decide whether impoundment is warranted after reviewing any memorandum filed by Plaintiffs regarding Defendants' motion to impound.

5. Defendants' Counsel of Record shall not disclose Pseudonym Plaintiffs' current or former names or any Identifying Information to any person, except (a) to Defendants, or to those

counsel's or any of the Defendants' employees or other agents, but only to the extent necessary to litigate this action (and subject to Paragraph 6, below), or (b) as otherwise explicitly authorized by any protective order subsequently entered in this action concerning discovery procedures and protection of confidential information. Any person to whom such disclosure is made shall not use that information for any purpose other than as necessary to litigate this action.

6. Notwithstanding paragraph 5, above, prior to the Court ruling on the Motion, Defendants' Counsel of Record shall not disclose Pseudonym Plaintiffs' current or former names or any Identifying Information to Defendants or Defendants' employees or other agents and Defendants' Counsel will comply with all other provisions of this Protective Order.

7. Under no other circumstances shall any individual to whom disclosure of Pseudonym Plaintiffs' current or former names or any Identifying Information is made further disclose Pseudonym Plaintiffs' current or former names or any Identifying Information, either directly or indirectly, without the advance written consent of Plaintiffs' counsel.

8. Defendants' Counsel of Record shall maintain a written record of the names of all persons to whom disclosure is made under Paragraph 5 above. Defendants' Counsel of Record also shall ensure that all persons to whom disclosure is made under Paragraph 5 above have read and agree in writing and under penalty of perjury to be bound by this Order and to be subject to the Court's jurisdiction for purposes of enforcing this order.

9. To the extent this action proceeds to discovery, the Parties shall meet and confer about discovery procedures and protection of confidential information, including information pertaining to Plaintiffs and their families, including, but not limited to, personal identifying information, financial information, medical or mental health information, demographic information, the identities of persons associated with Plaintiffs who have not already been made

public in this action, and any other information that may affect the safety or privacy of Plaintiffs or others associated with Plaintiffs.

10. No person shall disclose the Pseudonym Plaintiffs' current or former names or any Identifying Information to the media or on any social media for any reason.

11. No person shall disclose the Pseudonym Plaintiffs' current or former names or any Identifying Information for any reason in any courtroom proceeding, and the Parties shall work collaboratively to ensure that any exhibit providing any Identifying Information presented in any courtroom proceeding is protected from public view.

12. In the event of any disclosure of Pseudonym Plaintiffs' current or former names or any Identifying Information in any courtroom proceeding, the Court shall instruct members of the public attending the proceeding not to disclose any Identifying Information.

13. If any specific issues related to nondisclosure of the identities of Pseudonym Plaintiffs arise during the course of this action, the Parties shall seek to resolve those issues without court intervention. If the Parties cannot agree, they shall seek further clarification or other order from this Court.

**IT IS SO ORDERED**.

Dated:

_____
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE