UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ASHTON ORR, ZAYA PERYSIAN, SAWYER SOE, CHASTAIN ANDERSON, DREW HALL, BELLA BOE, and REID SOLOMON-LANE, on behalf of themselves and others similarly situated,<br><br> Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF STATE; MARCO RUBIO, in his official capacity as Secretary of State; and UNITED STATES OF AMERICA,<br><br> Defendants. | No. 1:25-cv-10313-JEK |

## MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM

  The plaintiffs, seven individuals who are transgender or nonbinary, bring this lawsuit to challenge the requirement of Executive Order 14168 (Jan. 20, 2025), as implemented by the State Department, that passports may only be issued with a "Male" or "Female" sex designation that corresponds to the sex that was assigned to the passport applicant at birth. The plaintiffs assert that this policy violates the Administrative Procedure Act and several constitutional rights. Pending before the Court is a motion to proceed under pseudonym filed by plaintiffs Bella Boe and Sawyer Soe (the "Doe Plaintiffs"). ECF 38. The defendants do not oppose the motion, and the Court has previously allowed the parties' joint request for a protective order regarding pseudonyms. *See* ECF

56, 58-59. Concluding that this case falls within one of the paradigms identified by the First Circuit for matters that warrant pseudonymous litigation, the Court will grant the Doe Plaintiffs' motion.

## BACKGROUND

For purposes of this motion, and at this early stage in the proceedings, the Court recounts the pertinent facts as alleged in the complaint and the declarations submitted by the Doe Plaintiffs. *See Doe v. Massachusetts Inst. of Tech.*, 46 F.4th 61, 64, 73 (1st Cir. 2022).

Plaintiff Bella Boe, a transgender woman, is an eighteen-year-old college student. ECF 1, ¶¶ 163-65; ECF 30-5, ¶¶ 2-5. Boe was diagnosed with gender dysphoria in 2017, and she has lived as female in all aspects of her life since she was 11 years old. ECF 1, ¶¶ 166-67; ECF 30-5, ¶¶ 6-7. Early in her transition, Boe felt significant distress when others, including her classmates, discovered that she was transgender, and she sought support from a therapist at that time. ECF 30-5, ¶ 8. Boe is rarely required to disclose her transgender identity today and is known only as female to her family, to staff and peers at her college, and in her communities. ECF 1, ¶ 167; ECF 30-5, ¶¶ 7-8. Boe's birth certificate and driver's license both have a female sex designation, and she received a passport with a female sex designation in 2021. ECF 1, ¶ 172; ECF 30-5, ¶¶ 7, 13. When traveling and interacting with government officials, Boe is perceived as female, which, she avers, is affirming and keeps her safe. ECF 1, ¶ 171; ECF 30-5, ¶ 12. In January 2025, Boe sent her passport in for renewal, and she avers that she would feel very uncomfortable traveling with a passport that has a male sex designation because it would out her as transgender every time she uses it and invite scrutiny from government officials. ECF 1, ¶¶ 172-74; ECF 30-5, ¶¶ 13-14.

Plaintiff Sawyer Soe is thirty-five years old. ECF 1, ¶ 130; ECF 30-9, ¶ 3. Their sex assigned at birth was female, but they do not identify with a binary sex and have lived as a nonbinary person in all aspects of their life since 2019. ECF 1, ¶¶ 132-33; ECF 30-9, ¶ 5. Soe

works at a video game development company with a global presence, where they design games and lead a creative team. ECF 1, ¶ 131; ECF 30-9, ¶ 4. Soe avers that, during their time in the video game industry, there has been targeted harassment of transgender and nonbinary game developers, including through doxxing—the nonconsensual publication of an individual's private personal information, usually with the intent to shame or embarrass that person—and threats of physical violence. ECF 30-9, ¶ 7. Soe consequently states that unless they are permitted to proceed by pseudonym, they will not be able to participate in this litigation due to fear for their physical and online safety, as well as their ability to continue working as a video game developer. *Id.* In 2023, Soe obtained a Massachusetts driver's license with an "X" sex designation, which allows them the freedom and privacy to navigate travel and daily interactions without disclosing their sex assigned at birth. ECF 1, ¶ 134; ECF 30-9, ¶ 8. Soe's passport expired in 2019, and they have not yet renewed it. ECF 1, ¶ 135; ECF 30-9, ¶ 9.

## DISCUSSION

The strong presumption against pseudonymous litigation gives way only in "'exceptional cases.'" *Massachusetts Inst. of Tech.*, 46 F.4th at 67 (quoting *Does 1-3 v. Mills*, 39 F.4th 20, 25 (1st Cir. 2022)). To determine whether a case is "exceptional," a court must apply a "totality of the circumstances" test, balancing "the interests asserted by the movant in favor of privacy against the public interest in transparency," and assessing whether the case fits within four non-exhaustive "paradigms" that ordinarily warrant pseudonymity. *Id.* at 70-72 (quotation marks omitted). The Doe Plaintiffs argue that their case fits the first and third paradigms described by the First Circuit because the public disclosure of their gender identities would cause severe psychological and emotional harm and have a chilling effect on other transgender and nonbinary individuals. The Court agrees that the Doe Plaintiffs' case fits the third paradigm because the public disclosure of

3

their gender identities could have a chilling effect on similarly situated future litigants. It need not, therefore, reach their argument regarding the first paradigm.

The third paradigm concerns "cases in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated." *Id.* at 71. Classic examples of this paradigm include "cases involving 'intimate issues such as sexual activities, reproductive rights, bodily autonomy, [and] medical concerns,'" *id.* (quoting *In re Sealed Case*, 971 F.3d 324, 327 (D.C. Cir. 2020)), as well as cases "in which 'the injury litigated against would be incurred as a result of the disclosure of the [party's] identity,'" *id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)). As one district court in this Circuit has observed, "[m]uch like matters relating to marriage, procreation, contraception, family relationships, and child rearing, 'there are few areas which more closely intimate facts of a personal nature' than one's transgender status." *Arroyo Gonzalez v. Rossello Nevares*, 305 F. Supp. 3d 327, 333 (D.P.R. 2018) (quoting *Doe v. Town of Plymouth*, 825 F. Supp. 1102, 1107 (D. Mass. 1993)); *see Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 74 (D.R.I. 1992) (a transgender "plaintiff's privacy interest is both precious and fragile, and this Court will not cavalierly permit its invasion").

Boe and Soe's case fits this paradigm. Boe is rarely required to disclose her transgender identity, and because of the prevalence of anti-transgender violence and sentiment, she is not comfortable publicly disclosing that she is transgender. *See* ECF 30-5, ¶ 8. Soe likewise avoids disclosing their nonbinary identity and would fear for their physical safety, online safety, and ability to keep working as a game developer if their identity were publicly disclosed. *See* ECF 30-9, ¶¶ 6-7. The Court concludes that Boe's transgender identity and Soe's nonbinary identity are the sort of "intimate" concerns encompassed by the third paradigm. *See Massachusetts Inst. of Tech.*, 46 F.4th at 71 (quotation marks omitted). Allowing the Doe Plaintiffs to proceed by

4

pseudonym will forestall a chilling effect on future transgender or nonbinary litigants, who might otherwise be deterred from participating in litigation due to the risk that their transgender or nonbinary status might be publicly disclosed or that such disclosure could lead to discrimination or violence. *See id.*; ECF 30-5, ¶ 8 (Boe averring that she is only comfortable raising the claims in this lawsuit if permitted to proceed by pseudonym); ECF 30-9, ¶ 7 (Soe averring the same). The Doe Plaintiffs' motion to proceed by pseudonym is justified, and the Court concludes that their privacy interests outweigh the public's interest in ascertaining their identities.

## CONCLUSION AND ORDER

For the foregoing reasons, the Doe Plaintiffs' motion to proceed under pseudonym, ECF 38, is GRANTED.

SO ORDERED.

Dated: March 18, 2025

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE