# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ASHTON ORR, *et. al.,*

                          *Plaintiffs*,

v.

DONALD J. TRUMP, *et. al.,*

                          *Defendants.*

Case No. 1:25-cv-10313-JEK

**PLAINTIFFS' MEMORANDUM IN FURTHER SUPPORT OF
MOTION TO STAY AGENCY ACTION AND FOR A PRELIMINARY INJUNCTION**

      Plaintiffs provide below additional clarity on this Court's power to issue the requested stay of agency action under Section 705 of the Administrative Procedure Act ("APA"). As explained in Plaintiffs' briefing and oral argument, this Court is empowered to stay "already effective agency action" under Section 705. *See* ECF 62 at 13 (quoting *Boyle v. Bessent*, 2025 WL 509519, at *4 n.5 (D. Me. Feb. 14, 2025)). Precedent and fundamental principles of fairness support the conclusion that the issuance of a stay of the Passport Policy would re-establish the status quo of the most recent policy preceding the stayed agency action. As such, the Court should order that all processing of passport applications, renewals, or changes be done in accordance with Agency Defendants' policies as they existed on January 19, 2025.

      Section 705 empowers courts to "issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights" while resolution of a case is pending. 5 U.S.C. § 705. Issuance of a stay is not limited to circumstances where a policy has not yet gone into effect. "Courts—including the Supreme Court—routinely stay already-effective agency action under Section 705." *Texas v. HHS*, 2025 WL 818155, at *11 (E.D. Tex. Mar. 13, 2025). A court's decision to grant a stay is "an exercise of judicial discretion . . . dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009). A court will grant a stay where it deems the stay necessary "to prevent irreparable injury to the parties or to the public." *Id*. at 432. These conditions are met here. *See* ECF 30 at 10–30.

      By granting a stay under Section 705, a court "re-establish[es] the status quo absent the unlawful

agency action," thereby resituating the moving party to where they would have been had the improper policy never taken effect. *Texas v. Biden*, 646 F. Supp. 3d 753, 771 (N.D. Tex. 2022); *see also Wages & White Lion Invs. L.L.C. v. USDA*, 16 F.4th 1130, 1144 (5th Cir. 2021) ("[T]he relief sought here would simply suspend *administrative* alteration of the *status quo*.").[1]

When granting APA challenges to agency action, courts routinely "reinstate . . . rules previously in force." *Georgetown Univ. Hosp. v. Bowen*, 821 F.2d 750, 757 (D.C. Cir. 1987) (applying vacatur mechanisms of 5 U.S.C. § 706). "[T]he scope of preliminary relief under Section 705 aligns with the scope of ultimate relief under Section 706." *Career Colleges & Schs. of Tex. v. DOE*, 98 F.4th 220, 255 (5th Cir. 2024); *cf. Boyle*, 2025 WL 509519, at *4 ("[S]taying an agency rule . . . operates as a temporary form of vacatur under the [APA]." (internal citations omitted)); *Maryland v. Dep't of Agr.*, 2025 WL 800216, at *25 (D. Md. Mar. 13, 2025) ("[J]ust as vacatur would likely be the appropriate remedy at the final judgment stage under the APA, 5 U.S.C. § 706[,] the proper provisional remedy under Rule 65 and § 705 is a stay.").

"The effect of vacatur"—and the effect of a stay in this instance—"is to reinstate the rules previously in force." *HIV & Hepatitis Pol'y Inst. v. HHS*, 2023 WL 10669681, at *3 (D.D.C. Dec. 22, 2023) (cleaned up); *cf. Oxfam Am., Inc. v. SEC*, 126 F. Supp. 3d 168, 172 (D. Mass. 2015) (vacatur under the APA acts to "restore the status quo" (collecting cases)). Indeed, as other federal courts have recognized, the "reinstatement-on-vacatur principle" is "consistent with the unanimous body of law" from across the various circuits. *HIV & Hepatitis Pol'y Inst.*, at *3 (quoting *AFL-CIO v. Chao*, 496 F. Supp. 2d 76, 83 n.1 (D.D.C. 2007)); *see also Action on Smoking & Health v. C.A.B.*, 713 F.2d 795, 797 (D.C. Cir. 1983) ("Thus, by vacating or rescinding the recissions proposed by [the challenged rule], the judgment of this court had the effect of reinstating the rules previously in force[.]").[2] So too here: the Court should order Defendants to restore the status quo and temporarily reinstate the prior passport policy.

---

[1] Issuance of a stay and a preliminary injunction are not mutually exclusive; courts can and do grant both. *See, e.g.*, *Mass. Fair Hous. Ctr. v. HUD*, 496 F. Supp. 3d 600 (D. Mass. 2020).

[2] In contrast, where courts have held that restoration of the pre-existing state altered rather than preserved the status quo, the facts have been starkly different—such as when the movant waited almost two years before seeking to have 22 months of construction undone. *See Seafreeze Shoreside v. Dep't of Interior*, 2023 WL 3660689, at *6 & n.7 (D. Mass. May 25, 2023).

|  |  |
|---|---|
|  | Respectfully submitted, |
| March 28, 2025 | */s/ Isaac D. Chaput*<br>Isaac D. Chaput (*pro hac vice*)<br>William P. Kasper *(pro hac vice*)<br>COVINGTON & BURLING LLP<br>Salesforce Tower<br>415 Mission Street, Suite 5400<br>San Francisco, California 94105<br>Telephone: 415-591-6000<br>Facsimile: 415-591-6091<br>ichaput@cov.com<br>wkasper@cov.com<br><br>Jessie J. Rossman (BBO # 670685)<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF MASSACHUSETTS, INC.<br>One Center Plaza, Suite 850<br>Boston, MA 02108<br>Telephone: 617-482-3170<br>jrossman@aclum.org<br><br>Jon W. Davidson (*pro hac vice*)<br>   (admitted only in California)<br>Li Nowlin-Sohl (*pro hac vice*)<br>   (admitted only in Washington)<br>Sruti J. Swaminathan (*pro hac vice*)<br>Malita V. Picasso  (*pro hac vice*)<br>James D. Esseks (*pro hac vice*)<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Telephone: 212-549-2500<br>Facsimile: 212-549-2650<br>jondavidson@aclu.org<br>lnowlin-sohl@aclu.org<br>sswaminathan@aclu.org<br>mpicasso@aclu.org<br>jesseks@aclu.org |

Aditi Fruitwala (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St. NW
Washington, DC 20005
afruitwala@aclu.org

Ansel F. Carpenter (*pro hac vice*)
Gavin W. Jackson (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067
Telephone: 424-332-4758
Facsimile: 424-332-4749
acarpenter@cov.com
gjackson@cov.com

Jonathan Thompson (*pro hac vice*)
Sean M. Bender (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: 202-662-5891
Facsimile: 202-778-5891
jothompson@cov.com
sbender@cov.com

Yuval Mor (*pro hac vice*)
Alyssa L. Curcio (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: 212-841-1000
Facsimile: 212-841-1010
ymor@cov.com
acurcio@cov.com

*Attorneys for Plaintiffs*

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2025, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF).

*/s/ Isaac D. Chaput*
Isaac D. Chaput
