IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASHTON ORR et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, *in his official capacity as President of the United States*, et al.,<br><br>*Defendants*. | Civil Action No. 1:25-cv-10313<br>(Leave to file granted on April 1, 2025) |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM**

Defendants maintain that if any relief is warranted, it should be a targeted injunction at the particular agency action held to be invalid (e.g., the decision not to issue passports with an "X" marker; the decision not to permit changes to an applicant's sex marker; or the decision to issue passports in biological sex, rather than gender identity). *See* Defs.' Opp'n 27–29, ECF No. 53; Mot. Hr'g 85:6–21 (Mar. 25, 2025), ECF No. 65. And, relief should be limited to the plaintiffs against whom the Department is held to have taken unlawful action. *See id.*

A universal stay of the relevant agency action is not permitted under 5 U.S.C. § 705, which states, "On such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court . . . may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings." This provision codifies remedies contemporary to the APA's enactment; it does not expand such remedies. *See Sampson v. Murray*, 415 U.S. 61, 68 n.15 (1974) ("The relevant legislative history . . . indicates that it was primarily intended to reflect existing law . . . and not to fashion new rules of intervention for District Courts."). And Plaintiffs have not identified (nor are Defendants aware of) a pre-APA tradition of district courts granting stays of agency action, as opposed to preliminary injunctions. Moreover, § 705 was intended to address the harms of only those parties before the Court. *See* S. Doc. No. 248, 79th Cong., 2d Sess. 277 (1946) (House report explaining that "[t]he authority granted is equitable and should be used by both agencies and courts to prevent irreparable injury or afford parties an adequate judicial remedy" and that "[s]uch relief would normally, if not always, be limited to the parties complainant and may be withheld in the absence of a substantial question for review"); *id.* at 213 (Senate report stating that "[t]he authority granted is equitable and should be used by both agencies and courts to prevent irreparable injury or afford parties an adequate judicial remedy").

1

Even if the Court determines that it may issue a stay, it need not do so. The more appropriate remedy would be to enjoin the Department from engaging in specific action held to be unlawful with respect to specific plaintiffs. Equitable relief must be "properly tailored 'to remedy the specific harm shown.'" *Pino v. Prot. Mar. Ins. Co.*, 599 F.2d 10, 16 (1st Cir. 1979) (quoting *Aviation Consumer Action Project v. Washburn*, 535 F.2d 101, 108 (D.C. Cir. 1976)). Issuing a universal stay is unnecessary to remedy Plaintiffs' alleged harms and would result in confusion as to how the status quo ante could be reinstated. The Department's prior policy was adopted in response to Executive Order 13,985, 86 Fed. Reg. 7,009 (Jan. 25, 2021), *see* Pierce Decl. ¶ 7, ECF No. 53-1, which has been rescinded by Executive Order 14,148, 90 Fed. Reg. 8,237 (Jan. 20, 2025), an executive order that Plaintiffs do not challenge. To resolve this confusion, the Court would have to instruct the Department which policy to adopt, a choice that should be left to the Executive Branch, which has broad authority to determine passport contents. *See generally* Defs.' Mem. 2. For example, if the Court holds that the Department unlawfully denied a change to the sex marker on some of Plaintiffs' passports, it does not follow that Plaintiffs can select their sex without producing evidence thereof. The Executive Branch should retain discretion to require evidence of the applicant's sex, and any injunction should be tailored to allow that discretion.

The cases that Plaintiffs cite for a purportedly contrary rule, *see* Pls.' Mem. 2, ECF No. 67-1, underscore why a stay is inappropriate here. In those cases, there was a clear prior regulation by which the agency was bound. And even then, those cases are exceptions to the "general rule" that courts "vacate the new rule without reinstating the old rule." *See Small Refiner Lead Phase-Down Task Force v. EPA*, 705 F.2d 506, 545 (D.C. Cir. 1983). This Court should not deviate from that general rule, particularly because there is no prior binding regulation and because the prior policy was based on a now-rescinded executive order.

Dated: April 4, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

JEAN LIN
Special Litigation Counsel

*Benjamin Takemoto*
BENJAMIN T. TAKEMOTO
JOHN ROBINSON
ELIZABETH B. LAYENDECKER
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4252
Fax: (202) 616-8470
E-mail: benjamin.takemoto@usdoj.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon Plaintiffs' counsel by the Electronic Case Filing system on April 4, 2025.

*Benjamin Takemoto*
BENJAMIN T. TAKEMOTO

4