UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASHTON ORR, ZAYA PERYSIAN, SAWYER SOE, CHASTAIN ANDERSON, DREW HALL, BELLA BOE, and REID SOLOMON-LANE, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF STATE; MARCO RUBIO, in his official capacity as Secretary of State; and UNITED STATES OF AMERICA, <br><br> Defendants. | No. 1:25-cv-10313-JEK |

## ORDER OF PRELIMINARY INJUNCTION

**KOBICK, J.**

For the reasons set forth in the Memorandum and Order issued today, ECF 74, the plaintiffs' motion to stay agency action and for preliminary injunction, ECF 29, is GRANTED IN PART and DENIED IN PART. The plaintiffs are likely to succeed on the merits of their claim that the Passport Policy, as defined in the Memorandum and Order, *see* ECF 74, at 2, 8, and Executive Order 14168 violate the equal protection principles safeguarded by the Fifth Amendment to the United States Constitution; their claim that the Passport Policy is arbitrary and capricious, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A); and their claim that the Passport Policy was adopted without observance of the procedure required by the Paperwork Reduction Act, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(D). Plaintiffs Ashton Orr, Zaya

Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, and Bella Boe have demonstrated that each of the remaining factors governing their request for preliminary injunctive relief weighs in their favor. Orr, Perysian, Soe, Anderson, Hall, and Boe are likely to experience irreparable harm absent a preliminary injunction because they do not currently possess passports with sex markers that correspond to their gender identities and expressions, and they will not be able to obtain such passports absent an injunction. In addition, the balance of the equities and the public interest favor an injunction for these plaintiffs. Plaintiff Reid Solomon-Lane is not, however, likely to suffer irreparable harm absent a preliminary injunction because he currently possesses a valid passport bearing a sex marker that corresponds to his gender identity and expression, and his passport remains valid until 2028. Solomon-Lane is therefore not entitled to a preliminary injunction.

Accordingly, pursuant to Federal Rule of Civil Procedure 65(a), the Court ORDERS as follows:

1.      Defendants Marco Rubio, in his official capacity as Secretary of State, and the Department of State (jointly, the "Agency Defendants"), as well as all officers, agents, employees, attorneys, and any other persons acting in concert with or behalf of the Agency Defendants, are ENJOINED from enforcing the Passport Policy as to plaintiffs Orr, Perysian, Soe, Anderson, Hall, and Boe. The Agency Defendants are further ENJOINED as to plaintiffs Orr, Perysian, Soe, Anderson, Hall, and Boe to process and issue passports consistent with the State Department's policy as of January 19, 2025, and to permit (a) changes to the sex designation on Orr, Perysian, Soe, Anderson, Hall, and Boe's passports, including allowing these plaintiffs to self-attest to their sex, and (b) an "X" sex designation on any passport where that is requested by Orr, Perysian, Soe, Anderson, Hall, or Boe.

2. The plaintiffs' request for a stay of the Passport Policy under 5 U.S.C. § 705 is DENIED.

3. This preliminary injunction shall take effect immediately upon the docketing of this Order and shall remain in effect until the entry of judgment in this matter, unless this Court, the United States Court of Appeals for the First Circuit, or the United States Supreme Court orders otherwise.

SO ORDERED.

Dated: April 18, 2025

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE