## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASHTON ORR, et al., | |
| *Plaintiffs,* | Case No. 1:25-cv-10313-JEK |
| v. | |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al., | |
| *Defendants.* | |

## DECLARATION OF JON W. DAVIDSON
## IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

I, Jon W. Davidson, hereby declare as follows:

1.      I am a Senior Counsel at the American Civil Liberties Foundation ("ACLUF"), and one of the counsel for Plaintiffs Ashton Orr, Zaya Perysian, Sawyer Soe, Chastain Anderson, Drew Hall, Bella Boe, Reid Solomon-Lane, Viktor Agatha, David Doe, AC Goldberg, Ray Gorlin, and Chelle LeBlanc ("Plaintiffs"). I am admitted pro hac vice in the above-captioned action. The matters set forth herein are true and correct of my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

2.      Attached hereto as **Exhibit A** is a true and correct copy of my current curriculum vitae, which includes a list of published decisions in cases in which I served as counsel for a party or amicus.

3.      I am a member in good standing of the State Bar of California. I am admitted to practice before the United States Supreme Court, the United States Courts of Appeals for the

Fourth, Seventh, Ninth, and Tenth, Circuits, and the United States District Courts for the Central and Northern Districts of California.

4.    I received my J.D. from Yale Law School in 1979. I then served as a law clerk for the late Hon. Wm. Matthew Byrne, Jr., who was a United States District Court judge for the Central District of California. After my clerkship, I became an associate and subsequently a partner at the Los Angeles law firm of Irell & Manella, specializing in complex civil litigation. I joined the staff of the ACLU Foundation of Southern California as staff counsel in 1988 and thereafter was promoted to senior staff counsel. In 1995, I moved from the ACLU Foundation of Southern California to Lambda Legal Defense and Education Fund ("Lambda Legal"), which is the nation's oldest and largest nonprofit legal organization specializing in the rights of lesbian, gay, bisexual, transgender, queer, and other sexual and gender identity minority ("LGBTQ+") people and people living with HIV. I began at Lambda Legal as a supervising attorney, subsequently was promoted to senior counsel, and then was selected to become the organization's national legal director, a position I served in for more than 12 years. In that position, I ultimately supervised a legal team of 31 attorneys and 16 support staff across Lambda Legal's six offices nationwide. After 22 years at the organization, I departed in 2017 to briefly become a consultant for several nonprofit entities on LGBTQ+ rights issues and then, in 2018, I became Chief Counsel at Freedom for All Americans, a nonprofit organization working to obtain statutory protections against gender identity and sexual orientation discrimination nationwide. In February of 2022, I left that organization to return full-time to litigation at the ACLUF, working from Los Angeles. I also have served as an adjunct professor at the UCLA School of Law, the University of Southern California Law Center, Loyola Law School, and the former Whittier Law

2

School, teaching classes that, among other matters, addressed the rights of transgender and other LGBTQ+ individuals.

5.    I have significant experience and expertise litigating issues central to this case, including the rights of transgender people to equal protection, due process, and privacy. For example, I was co-counsel in *Doe v. Madison Metropolitan School District*, 403 Wis. 2d 369 (2022) (representing intervenors in successful dismissal of challenge to school district policy protecting rights of transgender students); *Karnoski v. Trump*, 2017 WL 6311305 (Dec. 11, 2017) (granting a preliminary injunction against an Executive Order that barred transgender individuals from serving in the military); *Carcaño v. McCrory*, 203 F. Supp. 3d 615 (M.D.N.C. 2016) (granting a preliminary injunction against enforcement of a state law barring transgender individuals from accessing multi-user restrooms and other single-sex facilities unless they had changed the gender marker on their birth certificate); and *Rosati v. Igbinoso*, 791 F.3d 1037 (9th Cir. 2015) (reversing dismissal of transgender prisoner's complaint seeking gender-affirming surgery). I also coordinated the 49 amicus briefs submitted in *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020) (holding that Title VII's prohibition of workplace discrimination based on sex encompasses gender identity and sexual orientation discrimination). While I was the legal director at Lambda Legal, I additionally supervised numerous other cases involving the rights of transgender individuals. I also am currently co-counsel in cases pending in federal court in North Carolina (*Zayre-Brown v. The North Carolina Dept. of Public Safety*, No. 3:22-cv-001910MOC-DCK (W.D.N.C.)), and in Oklahoma (*Bridge v. Oklahoma State Dept. of Education*, 2024 WL 150598 (W.D. Okla. Jan 12, 2024), currently pending before the 10th Circuit Court of Appeal), both of which address the constitutional rights of transgender individuals, as well as in *in Kalarchik v. State of Montana*, Case No. ADV-2024-261 (1st Judicial Dist., Lewis and Clark County) ("*Kalarchik*") (obtaining a preliminary injunction against Montana policies that prohibit transgender people from amending their birth certificate and driver's license) and *Marquez v. State of Montana*, Case No. DV 21-000873 (13th Judicial Dist., Yellowstone

County) ("*Marquez*") (successful constitutional challenge to Montana law barring transgender individuals from amending the sex marker on their birth certificate absent a court order that their sex had been surgically changed, *see State v. Montana Thirteenth Judicial District Court, Yellowstone County*, 2023 WL 142673). I also have experience seeking class certification on behalf of plaintiffs, including in *Kalarchik* and *Marquez*.

6.      In addition to myself, the following lawyers from the American Civil Liberties Union Foundation are counsel for the Plaintiffs in this case: James Esseks, Li Nowlin-Sohl, Sruti Swaminathan, Malita Picasso, and Aditi Fruitwala.

7.      James Esseks is the Co-Director of the LGBTQ & HIV Project of the American Civil Liberties Union Foundation. He graduated from Harvard Law School in 1991. He clerked for the Honorable Robert L. Carter, United District Judge for the Southern District of New York and the Honorable James R. Browing, United States Circuit Judge for the Ninth Circuit. He thereafter joined the law firm of Vladeck, Walman, Elias & Engelhard, PC, in 1993 and became a partner there in 1998. He joined the staff of the ACLUF in 2001, initially as Litigation Director, since 2010 as Director, and since 2024 as Co-Director of the LGBTQ & HIV Project. Mr. Esseks is admitted to the state bars of New York and California and is in good standing in both states. He is admitted to the following courts: the United States Supreme Court; the United States Courts of Appeals for the Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits; and the United States District Courts for the Southern and Eastern Districts of New York, the Northern and Central Districts of California, the Eastern and Western Districts of Arkansas, the Northern District of Texas, and the Eastern District of Michigan.

8.      Mr. Esseks has extensive experience litigating about the rights of transgender people, including having served as counsel in: *United States v. Skrmetti*, No. 23-477 (U.S.)

(argued Dec. 4, 2024) (constitutional challenge to Tennessee law barring gender-affirming medical care for transgender adolescents); *Bostock v. Clayton County*, 590 U.S. 644 (2020) (holding that anti-LGBTQ workplace discrimination is a form of sex discrimination that violates Title VII); *Brandt v. Rutledge*, 47 F.4th 661 (8th Cir. 2022) (affirming preliminary injunction barring Arkansas from enforcing ban on gender-affirming medical care for transgender adolescents); *Hecox v. Little*, 104 F.4th 1061 (9th Cir. 2024) (affirming preliminary injunction barring Idaho from enforcing ban on transgender women and girls on women's sports teams); and *Schroer v. Billington*, 577 F. Supp. 2d 293 (D.D.C. 2008) (holding that Library of Congress unlawfully discriminated against transgender applicant for Congressional Research Service position). Mr. Esseks has experience in class action cases, including *District Council 37, AFSME, AFL-CIO v. New York City Dep't Parks & Recreation*, 113 F.3d 347 (2d Cir. 1997); *County of Suffolk v. Stone & Webster Engineering Corp.*, 106 F.3d 1112 (2d Cir. 1997); and *Lott v. Westinghouse Savannah River Co., Inc.*, 200 F.R.D. 539 (D.S.C. 2000).

9. Li Nowlin-Sohl is a Senior Staff Attorney at the ACLUF. She graduated from New York University School of Law in 2011 and is a member in good standing of the State Bar of Washington. She is admitted to the bars of the United States Supreme Court, the Ninth Circuit Court of Appeals, and the United States District Courts for the Western District of Washington and Eastern District of Washington. She was in private practice at the firm of Paul Hastings LLP for three years from 2011 to 2014, during which time she handled a wide range of civil litigation matters. She then served as a clerk for the Honorable Judge Gladys Kessler at the U.S. District Court for the District of Columbia. Prior to joining the staff of the ACLUF, she worked for five years with the ACLU of Washington and one year with the class action law firm

of Keller Rohrback LLP. Over the course of her career, she has represented LGBTQ+ individuals to assert a variety of legal claims and defenses, including in *Poe v. Labrador*, No. 1:23-cv-00269-BLW (9th Cir. 2024) (pending challenge to Idaho law criminalizing provision of gender-affirming medical care to youth); *Brandt v. Rutledge*, 4:21-cv-450 (E.D. Ark. 2021) (challenge to Arkansas law prohibiting gender-affirming medical care for youth); *Iglesias v. Bureau of Prisons*, No. 19-cv-00415 (S.D. Ill. 2022) (achieved settlement for incarcerated transgender woman to receive gender-affirming surgeries); *Zayre-Brown v. North Carolina Dep't of Public Safety*, No. 22-cv-191 (W.D. N.C. 2022) (challenge to denial of gender-affirming surgery to incarcerated transgender woman as violative of the Eighth Amendment), *L.E. v. Lee*, No. 21-cv-00835 (M.D. Tenn. 2021) (challenge to statewide ban on transgender students' participation in interscholastic sports); *Enstad v. PeaceHealth*, No. 2:17-cv-01496 (W.D. Wash. 2019) (challenge to medical plan's exclusion of gender-affirming care for transgender individuals); and *Robbins v. Swedish Health Services* No. 17-2-32900-2 (Wash. Superior Ct. 2017) (challenging discriminatory actions against transgender patient). She has also worked on several class action cases, including *Kingdom v. Trump*, No. 1:25-cv-0069 (D.D.C. 2025) (pending class action challenging federal Bureau of Prisons policies prohibiting gender-affirming health care); *Keohane v. Dixon*, No. 4:24-cv-434 (N.D. Fla. 2024) (pending class action challenging Florida Department of Corrections policies prohibiting gender-affirming health care); and *Kortlever v. Whatcom County*, No. 2:18-cv-00823 (W.D. Wash. 2019) (class action challenging ban on medication assisted treatment in county jail).

10.     Sruti Swaminathan is a Staff Attorney at the ACLUF. They graduated from Georgetown University Law Center in 2017. They were an Associate at Wilkie Farr &

6

Gallagher from 2017 to 2021, when they became a Staff Attorney at Lambda Legal. They joined the staff of the ACLUF in July of 2024. Mx. Swaminathan is a member in good standing of the State Bar of New York. They are admitted to practice before the United States Supreme Court, the United States Courts of Appeals for the Fourth and Sixth Circuits, and the United States District Court for the Southern District of New York. Mx. Swaminathan has extensive experience litigating regarding the rights of transgender people, including having served as counsel in: *United States v. Skrmetti*, No. 23-477 (U.S.) (argued Dec. 4, 2024) (constitutional challenge to Tennessee law barring gender-affirming medical care for trans adolescents); *B.P.J. v. West Virginia State Board of Ed.*, No. 23-1078 (S.D.W. Va. 2021) (constitutional and statutory challenge to statewide ban on transgender students' participation in interscholastic sports); *Voe v. Mansfield*, No. 1:23-cv-854 (M.D.N.C. Oct. 10, 2024) (constitutional challenge to North Carolina law barring gender-affirming medical care for trans adolescents). They also serve as counsel in a class action case, *Misanin v. Wilson*, No. 2:23-cv-4734 (D.S.C. Aug. 30, 2024) (pending class action challenging South Carolina law barring gender-affirming medical care for trans adolescents).

11.     Malita Picasso is a Staff Attorney at the ACLUF. She graduated from Stanford University in 2012, and from the City University of New York School of Law in 2019. She joined the staff of the ACLUF in June of 2019 as a Skadden Legal Fellow and became a Staff Attorney in September of 2021. She is a member in good standing of the California State Bar and New York State Bar. She is also admitted to practice before the U.S. District Court for the Central District of Illinois, as well as the U.S. Courts of Appeal for the Sixth and Ninth Circuits. Ms. Picasso has significant experience litigating on behalf of transgender and nonbinary people

and has served as counsel in a number of cases challenging statutes and policies that prohibit

transgender people from obtaining identity documents consistent with their gender identity. *Ray*

*v. McCloud*, 507 F. Supp. 3d 925 (S.D. Ohio 2020) (successfully challenging an vital records

policy barring transgender people from amending their birth certificates); *Kalarchik v. State of*

*Montana*, Case No. ADV-2024-261 (1st Judicial Dist., Lewis and Clark County)(obtaining a

preliminary injunction against Montana policies that prohibit transgender people from amending

their birth certificate and driver's license); and *Marquez v. State of Montana*, Case No. DV 21-

000873 (13th Judicial Dist., Yellowstone County) ("*Marquez*") (successfully challenging a

Montana statute that imposed a surgical requirement on transgender people seeking to amend the

sex marker on their birth certificate). Her litigation experience also includes serving as class

counsel in complex constitutional challenges to the conditions in which transgender people are

confined in the states of Idaho and Illinois. *See Robinson v. Labrador*, No. 1:24-cv-00306, 2024

WL 4953686 (D. Idaho, Dec. 3, 2024); *Monroe v. Bowman*, No. 3:18-CV-00156, 2023 WL

7923709 (S.D. Ill., Nov. 16, 2023).

      12.    Aditi Fruitwala is a Senior Staff Attorney at the ACLUF.  She graduated from

Berkeley School of Law in 2014. She was an Honors Attorney at the California Department of

Justice from 2014 to 2017 and a Staff Attorney with the ACLU of Southern California from 2017

to 2023. She joined the ACLUF in 2023. Ms. Fruitwala is a member in good standing of the

California Bar and the Washington, D.C. Bar. She is admitted to practice before the U.S. Courts

of Appeal for the First, Second, Fourth, Seventh, and Ninth Circuits and the U.S. District Courts

of Colorado and the Central District of California. Ms. Fruitwala has experience litigating on

behalf of transgender people. *Kansas v. Harper*, No. 23-cv-000422 (Kansas Dt. Ct. 2023)

(intervention on behalf of transgender plaintiffs in defense of Kansas Department of Revenue's policy permitting transgender people to update the sex designation on their driver's licenses); *John and Jane Doe No. 1 v. Bethel Local School District Board of Education*, No. 22-cv-00337 (S.D. Ill., Jan. 9, 2023) (intervention on behalf of transgender girl in defense of school's accommodation permitting her to use the girl's restrooms); *Christynne Wood v. CFG Jamacha, LLC, dba Crunch Fitness*, No. 18-00019066 (Cal. Sup. Ct. 2018) (successful settlement in case challenging gym's denial of transgender women's request to use the women's locker room). Ms. Fruitwala's litigation experience also includes serving as class counsel in complex constitutional challenges. *Youth Just. Coal. v. City of Los Angeles*, No. CV1607932VAPRAOX, 2018 WL 11302063 (C.D. Cal. 2018) (successful class action challenging Los Angeles's gang injunction procedures); *McKibben v. McMahon*, No. 14-2171 (C.D. Cal. 2014) (successful settlement in class action challenging San Bernardino County's discrimination against gay, bisexual, and transgender incarcerated people).

13.     The ACLUF has been working for over three months on this matter since Executive Order 14168 was issued on January 20, 2025. My colleagues at the ACLUF and I have dedicated many hours and significant financial resources to the investigation and research of Plaintiffs' claims, including interviewing Plaintiffs and other members of the proposed classes to develop the factual record and legal issues underlying the case, interviewing potential expert witnesses, performing legal research about potential claims and relief available to the class, and assisting with drafting, inter alia, a lengthy and detailed complaint, a motion for leave to proceed under pseudonym, a protective order, and a motion for a stay of agency action and for a protective order, and an amended complaint.

14.    The ACLUF has dedicated, and will continue to commit, substantial resources to the representation of the Plaintiffs and all putative class members in this case.

15.    I have no conflicts of interest with any members of the classes nor, to my knowledge, do any of the other Plaintiffs' counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _April 28_, 2025

_Jon W. Davidson_
Jon W. Davidson

10

# EXHIBIT A

# JON W. DAVIDSON
125 Broad Street, 18th Floor, New York, NY 10004 (but working remotely from Los Angeles)
(323) 536-9880;  jondavidson@aclu.org

## PROFESSIONAL EXPERIENCE

| | |
|---|---|
| **American Civil Liberties Union Foundation** | **2022-present** |
|     **Senior Counsel** | 2024-present |
|     **Senior Staff Attorney** | 2022-2024 |

*Senior attorney in the ACLU's LGBTQ & HIV Project, working to defend and advance the civil rights and civil liberties of LGBTQ people throughout the United States.*
• Litigate cases in federal and state courts, including current lawsuits seeking gender-affirming surgery for a transgender woman in North Carolina state prison, challenging an Oklahoma law barring transgender students from using restrooms consistent with their gender identity, challenging a Tennessee law making prostitution a felony subject to lifetime sex offender registration solely because the defendant is living with HIV, and challenging a Montana statute prohibiting amendment of the sex marker on birth certificates and driver's licenses.
• Provide advice to seven ACLU affiliates on LGBTQ and HIV issues and consult with national ACLU policy experts on identity document and HIV issues.

| | |
|---|---|
| **Freedom for All Americans Education Fund, Inc.** | **2018-2022** |
|     **Chief Counsel** | |

*Principal attorney responsible for developing and driving law and policy work of the nonprofit campaign to secure comprehensive nondiscrimination protections for LGBTQ people nationwide.*
• Provide strategic advice, editing of briefs, and mooting of oral arguments to counsel handling high-profile impact litigation addressing sexual orientation and gender identity discrimination. Coordinated filing of 49 amicus briefs in *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020) (holding that Title VII's prohibition of workplace discrimination based on sex encompasses sexual orientation and gender identity discrimination), and 46 amicus briefs in *Fulton v. City of Philadelphia*, 141 S. Ct. 1868 (2021) (narrowly ruling that city's contract for foster care services, which included provisions for a discretionary exemption of its nondiscrimination requirement, violated the free exercise rights of a religious contractor).
• Engage in legislative lawyering and policy analysis of federal, state, and local bills and proposed regulations affecting equal treatment of LGBTQ people. Co-drafted law that made Virginia the first Southern state to afford sexual orientation and gender identity nondiscrimination protections. Registered as a federal lobbyist, providing extensive analysis and lobbying to pass the Equality Act.

| | |
|---|---|
| **Jon W. Davidson** | **2017-2022** |
|     **Consultant and Columnist** | |

*Provide legal research and analysis to nonprofit organizations and author legal columns.*
•     Clients have included Freedom for All Americans, the National Immigration Law Center, the Advancement Project, DRI, and Dentons.
•     Analyzed proposed legislation; organized national convening regarding *Masterpiece Cakeshop v. Colo. Civil Rights Comm'n* messaging and religious exemption issues; provided legal research, analysis

and advice regarding pending and contemplated impact litigation; wrote series of columns regarding LGBTQ legal issues for the Washington Blade and Los Angeles Blade newspapers and websites.

| **Lambda Legal Defense and Education Fund, Inc.** | **1995 - 2017** |
|---|---|
| **Legal Director and Eden/Rushing Chair** | 2004 - 2017 |
| **Senior Counsel** | 2001 - 2004 |
| **Supervising Attorney** | 1995 - 2000 |

*Leader of the Legal Department of the nation's largest and oldest legal organization dedicated to the protection and advancement of the civil rights of LGBTQ people and people living with HIV through impact litigation, education, and public policy work.*

• Architect of Lambda's national litigation strategy: coordinated work with allied organizations; represented the organization in interactions with government officials and foundations. Extensive media, messaging, and public speaking experience.

• Supervised legal team of 31 attorneys and 16 support staff (including policy advocates, trainers, legal help desk analysts, and legal assistants) across Lambda Legal's six offices nationwide. Developed and managed department budget, structure, hiring, and operations.

• Lead or co-counsel in more than 30 precedent-setting cases resulting in published decisions in all areas of LGBTQ and HIV law.

• Co-drafter of AB 205 (2003), California's comprehensive domestic partnership law.

| **ACLU Foundation of Southern California** | **1988 - 1995** |
|---|---|
| **Senior Staff Counsel and Director, Lesbian and Gay Rights Project** | 1990 - 1995 |
| **Staff Counsel and Attorney for Lesbian and Gay Rights** | 1988 - 1990 |

*Lead or co-counsel in litigation brought on behalf of lesbians and gay men, women, and people living with HIV and other disabilities challenging deprivation of constitutional and civil rights in employment, housing, insurance, public accommodations, health care, the criminal justice system, and family law.*

• Secured victories in more than a dozen path-breaking cases resulting in published decisions involving constitutional, statutory, and common law rights.

• Coordinated lesbian and gay rights legal and policy work with national ACLU and other California ACLU affiliates.

• Co-drafter of AB 26 (1988), California's initial, limited domestic partnership law, and AB 205 (2003), its comprehensive domestic partnership law.

| **Irell & Manella LLP**, Los Angeles | **1980 - 1988** |
|---|---|
| **Partner** | 1985 - 1988 |
| **Associate** | 1980 - 1985 |

• Litigator specializing in complex commercial matters at federal and state trial and appellate levels.

• Cases principally involved the entertainment industry and the media, including copyright, trademark, defamation, right of privacy, right of publicity, breach of contract, business tort, securities, and professional malpractice claims.

• Leadership positions included chairing summer associate program and serving on hiring committee.

• Co-led 35-lawyer team that successfully sued L.A. County to reform emergency homeless shelter system; *see* http://articles.latimes.com/1986-09-18/news/vw-11186_1_homeless-men/2.

**Hon. Wm. Matthew Byrne, Jr.,** U.S. District Court, Central District of California    **1979 - 1980**

**Law Clerk**

**Arnold & Porter** (now Arnold & Porter Kaye Scholer LLP), Washington D.C.          **1978**
  **Summer Associate**

**Jones Day Reavis & Pogue** (now Jones Day), Los Angeles          **1978 & 1977**
  **Summer Associate**

## EDUCATION

**Yale Law School, J.D.**          **1979**
• Legal research and writing instructor (position limited to those in top 10% of class)
• Member, Barrister's Union (mock trial program)

**Stanford University**, B.A., with honors and departmental distinction          **1976**
• Graduated in three years with 4.0 GPA; completed majors in both English and Psychology
• *Phi Beta Kappa*; National Merit Scholar; California State Scholarship recipient
• Member, Stanford University Medical School Institutional Review Board Governing Use of Human Subjects in Research

## BAR ADMISSIONS

• California State Bar No. 89301 (admitted 1979)
• U.S. Supreme Court; Fourth, Seventh, Ninth, and Tenth U.S. Circuit Courts of Appeals; and the Central and Northern Districts of California

## TEACHING EXPERIENCE

*Adjunct Professor/Instructor for courses in constitutional law; sexual orientation law; HIV law; and pretrial civil advocacy:*

**Concepts of Liberty and Equality**
• Whittier Law School Abroad Program in Amsterdam          **Summer 2008**

**LGBTQ Youth and the Law**
• Whittier Law School Abroad Program in Amsterdam          **Summer 2006**

**Sexual Orientation and the Law**
• Loyola Law School          **Spring 2002, Fall 1998, Fall 1993,**
          **Spring 1992, and Spring 1991**

• UCLA School of Law
(co-taught with Prof. Christine A. Littleton)          **Fall 1994**

• University of Southern California (USC) Law Center

| (Fall 1997 forward co-taught with Jennifer C. Pizer) | **Spring 2003, Spring 2000, Fall 1997, Fall 1995, Spring 1994, Spring 1993, and Fall 1991** |
|---|---|

**Lesbian and Gay Civil Rights**
- University of California, Los Angeles                                                    **Spring 1999**

**AIDS and the Law**
- UCLA School of Law                                                                        **Spring 1996**
- USC Law Center                                                                            **Spring 1990**

**Legal Aspects of AIDS**
- Loyola Law School                                                                         **Spring 1989**
(co-taught with Paul L. Hoffman)

**Pretrial Civil Advocacy**
- USC Law Center                                                                            **Fall 1983**
(co-taught with Louise A. LaMothe)

## PUBLICATIONS

- *A Brief History of the Path to Securing LGBTQ Rights*, ABA Human Rights Magazine (2022) https://www.americanbar.org/groups/crsj/publications/human_rights_magazine_home/intersection-of-lgbtq-rights-and-religious-freedom/a-brief-history-of-the-path-to-securing-lgbtq-rights/
- *Masterpiece Cakeshop v. Colorado Civil Rights Commission: What Was and Wasn't Decided,* Am. Const. Soc'y S. Ct. Rev. (2017-2018) (co-authored with Mary Bonauto) https://www.acslaw.org/analysis/acs-supreme-court-review/masterpiece-cakeshop-v-colorado-civil-rights-commission-what-was-and-wasnt-decided/auto)
- *Will LGBTQ Americans Ever Be Treated Equally?*, Wash. Blade (Sept. 26, 2019, 2:16 PM), https://www.washingtonblade.com/2019/09/26/will-lgbtq-americans-ever-be-treated-equally/ (analyzing litigation seeking to establish religious exemptions to nondiscrimination laws)
- *Adding Insult to Injury*, L.A. Blade (Oct. 30, 2018, 1:59 PM), https://www.losangelesblade.com/2018/10/30/adding-insult-to-injury/ (discussing; U.S. Dept. of Justic brief arguing that gender identity discrimination is not prohibited under federal law)
- *The Unclear Future of LGBTQ Rights at the Supreme Court*, Wash. Blade (October 13, 2018, 12:17 PM), https://www.washingtonblade.com/2018/10/13/opinion-supreme-court-lgbtq-rights/ (discussing cases the Court had been asked to hear and the Court's changed composition)
- *What Happens in Massachusetts Won't Stay in Massachusetts*, L.A. Blade (Sept. 21, 2018, 9:15 AM), https://www.washingtonblade.com/2018/09/21/opinion-stakes-massachusetts-trans-law/ (comparing Massachusetts Question 3 and California's Proposition 8)
- *Trump's Supreme Court Nominee Could Well Damage the Progress That's Been Made on LGBT Rights,* NBCNews.com (July 9, 2018, 1:28 AM), https://www.nbcnews.com/think/opinion/trump-s-supreme-court-nominee-could-well-damage-progress-s-ncna889526
- *Fear the Federal Courts — But Don't Give Up*, L.A. Blade (July 3, 2018, 1:15 PM), http://www.losangelesblade.com/2018/07/03/fear-the-federal-courts-but-dont-give-up/ (discussing appointment of anti-LGBTQ federal judges)
- *Don't Ignore the Icing on the Cake*, Wash. Blade (June 8, 2018, 5:30 PM),

https://www.washingtonblade.com/2018/06/08/opinion-masterpiece-cakeshop-decision/
(analyzing Supreme Court's *Masterpiece Cakeshop* decision)

• *A Glass Only Half Full: The Ongoing Struggle for LGBT Rights in* LOVE UNITES US: WINNING THE FREEDOM TO MARRY IN AMERICA (Kevin M. Cathcart & Leslie J. Gabel-Brett, eds.) (2016)

• *Lose the Ruling, Attack the Judge*, L.A. TIMES p. A21 (Aug. 13, 2010) (challenging attacks on impartiality of gay judges)

• *Winning Marriage Equality: Lessons from Court*, 17 YALE J. L. & FEM. 297 (2005)

• *AB 205 and its Impact on Cities*, League of California Cities Annual Conference Materials (Sept. 18, 2004)

• *Equal Protection: AB25 Grants Some Rights to Same-Sex Partners but Does Not Go Far E*nough, L.A. DAILY JOURNAL 6 (Nov. 28, 2001) (analyzing effect of California's previously limited domestic partner law)

• *Gender Neutral*, L.A. DAILY JOURNAL 6 (Jan. 3, 2001) (reviewing legal advances protecting transgender individuals against discrimination)

• *School's Out*, L.A. DAILY JOURNAL 6 (June 28, 2000) (discussing legal obligations to protect students against sexual orientation harassment and anti-gay violence)

• *Why is the Right to Marry Wrong for Some?* SAN DIEGO UNION TRIBUNE B-9 (Nov. 3, 1999) (urging opposition to marriage non-recognition initiative)

• *Scouting for Justice*, CALIFORNIA LAW WEEK 31 (week of Aug. 16, 1999) and THE RECORDER 5 (Aug. 18, 1999) (discussing challenges to Boy Scouts' policy excluding gay people from membership)

• *Affirm Families, Support Marriages as a Human Right*, SAN FRANCISCO CHRONICLE A-17 (Dec. 28, 1998) (opposing Proposition 22, the "Knight initiative")

• *Narrow of Vision*, L.A. DAILY JOURNAL 6 (Oct. 30, 1997) (critiquing veto of sexual orientation anti-discrimination bill)

• *Why Lesbians and Gay Men Should Oppose Proposition 209*, FRONTIERS NEWSMAGAZINE 35 (Oct. 4, 1996) (co-authored with Jennifer C. Pizer and Julie Ruhlin)

• *Romer v. Evans: The Decision and Its Impact*, 3 NAT'L J. SEX. ORIENT. L. 183 (1996) (transcript of presentation with James Lafferty, Lorri L. Jean, and Christine A. Littleton)

• *Up Against a Stone Wall*, L.A. LAWYER 30 (Nov. 1994) (co-authored with Amelia A. Craig & John J. Duran) (discussing legal and ethical prohibitions on sexual orientation employment discrimination in the legal profession)

• *Fear of AIDS on Trial*, L.A. DAILY Journal 6 (Oct. 13, 1993) (exploring adverse policy consequences of suits asserting right to recover for being placed in fear of HIV infection)

• *Clinton Policy on Gays Violates Constitution*, L.A. Daily News 17 (July 29, 1993) (analyzing unconstitutionality of military ban on lesbian and gay service members)

• *Into a Constitutional Minefield We* Go, L.A. Times M1 (July 25, 1993) (critiquing sexual orientation bar to military service)

• *The LAPD and the Lesbian and Gay Community* (report submitted to the Special Independent Commission on the Los Angeles Police Department) (May 1, 1991)

• *Local Sexual Orientation Non-Discrimination Ordinances* (report submitted to the California Assembly Labor and Employment Committee) (March 28, 1991)

• *The Block Initiative: A Dangerous Proposition for Civil Liberties*, 16 CAL. CRIM. JUST. FORUM 36 (Mar.-Apr. 1989)

## **COMMUNITY & BAR ACTIVITIES**

• Advisory Member and Consultant, Subcommittee on Sexual Orientation Fairness       **1995 - 2004**

of the California State Judicial Council's Committee on Access and Fairness
- Member, Legal Advisory Committee to HIV & AIDS Legal Services Alliance of Los Angeles    **1997 - 2004**
- Member, California State Bar Committee on Sexual Orientation Discrimination    **1993 - 1996**
  (Chair of Subcommittee on Sexual Orientation Discrimination in the Courts)
- Member, Subcommittee on Employment and Labor of the Ninth Circuit Gender Bias Task Force    **1992**

## HONORS & AWARDS

**Liberty Award**    **2022**
*Lambda Legal recognition of decades of advocacy for LGBTQ people and people living with HIV*
**Community Leadership Award**    **2018**
*SAGE & Friends Los Angeles recognition for pioneering work furthering LGBT rights*
**Local Hero**    **2018**
*Los Angeles Blade "Best of Gay L.A." recognition*
**Rainbow Key Award**    **2015**
*City of West Hollywood award for outstanding contributions to the LGBT community*
**Dan Bradley Award**    **2010**
*National LGBT Bar Association's highest honor*
**Guardian of Justice Award**    **2004**
*Congregation Kol Ami honor for helping transform the Jewish and LGBTQ world*
**Rabbi Erwin and Agnes Herman Humanitarian Award**    **2004**
*Beth Chayim Chadashim recognition of extraordinary community leadership*
**Legislative Partner Award**    **2003**
*Equality California award for legislative advocacy*
**Distinguished Achievement Award**    **2002**
*Monette/Horwitz Trust recognition of work to eradicate homophobia*
**Carol F. Schiller Award**    **2000**
*Southern California Employment Round Table honor for achievements in civil rights*
**Community Service Award**    **2000**
*Elections Committee for the County of Orange award for service to the LGBT community*
**Morris Kight Presidential Stoney Award**    **1999**
*Stonewall Democratic Club honor of work fighting for LGBT equality and social justice*
**Humanitarian Award**    **1994**
*Labor Day LA accolade for dedication to human rights*
**Presidents' Award**    **1993**
*Lawyers for Human Rights (now known as LGBTQ+ Lawyers Association of Los Angeles) recognition of incisive advocacy*

## PROFILED

- *The Man Behind Hundreds of Cases, 22 Years of Litigation & a Civil Rights Revolution: Jon Davidson* (December 6, 2017), https://www.lambdalegal.org/blog/20171206_farewell-jon-davidson
- *Lambda Names New Legal Director*, L.A. DAILY JOURNAL (Dec. 14, 2004)
- *100 Most Influential Lawyers in California*, L.A. DAILY JOURNAL (Sept. 27, 2004)
- *Leading a Fight for Rights*, L.A. TIMES (Jan. 15, 1997), http://articles.latimes.com/1997-01-15/local/me-

18786_1_gay-rights

## <u>REPORTED CASES</u>

SEXUAL ORIENTATION AND GENDER IDENTITY LITIGATION

### U.S. Supreme Court

*Obergefell v. Hodges*, 576 U.S. 644 (2015) (holding that states must allow same-sex couples to marry and recognize marriages same-sex couples entered out of state) (co-counsel for plaintiffs-petitioners in consolidated case of *Henry v. Hodges*)

*United States v. Windsor*, 570 U.S. 744 (2013) (holding Section 3 of the federal Defense of Marriage Act unconstitutional) (co-counsel for amici)

*Doe v. Reed*, 561 U.S. 186 (2010) (rejecting challenge to disclosure of petitions to place measure on Washington ballot to repeal state domestic partnership law) (co-counsel for amici)

*Christian Legal Society v. Martinez*, 561 U.S. 661 (2010) (rejecting challenge to Hastings Law School nondiscrimination policy governing registered student organizations) (co-counsel for amici)

*Boy Scouts of America v. Dale*, 530 U.S. 640 (2000) (challenging Boy Scouts' exclusion of lesbian and gay members) (co-counsel for plaintiff-respondent)

### Federal Courts of Appeals

*Foote v. Ludlow*, 128 F.4th 336 (1st Cir. 2025) (holding that school policy requiring staff to use student's requested name and pronouns did not violate parental rights) (co-counsel for amici)

*John and Jane Parents 1 v. Montgomery Cty. Bd. of Educ.*, 78 F.4th 622 (4th Cir. 2023) (holding that parents lacked standing to challenge board of education's gender identity support guidelines) (co-counsel for amici)

*Hively v. Ivy Tech Community College*, 830 F.3d 698 (7th Cir. 2017) (*en banc*) (holding that Title VII's ban on sex discrimination encompasses discrimination based on sexual orientation) (co-counsel for plaintiff-appellant)

*Rosati v. Igbinoso*, 791 F.3d 1037 (9th Cir. 2015) (reversing dismissal of transgender prisoner's complaint alleging that denial of gender-confirming surgery constituted cruel and unusual punishment in violation of the 8th Amendment) (co-counsel for plaintiff-appellant)

*Latta v. Otter,* 771 F.3d 456 (9th Cir. 2014) (holding Idaho's and Nevada's bans on marriage for same-sex couples unconstitutional) (co-counsel for plaintiffs-appellants in *Sevcik v. Sandoval*, which was consolidated for argument and decision with *Latta*)

*SmithKline Beecham Corp. v. Abbott Labs*, 740 F.3d 471 (9th Cir. 2014) (holding that individuals may not be excluded from juries based on their sexual orientation and that government discrimination based on

sexual orientation must be afforded heightened judicial scrutiny) (lead counsel for amici)

*Massachusetts v. U.S. Dep't of Health & Human Servs.*, 632 F.3d 1 (1st Cir. 2012) (holding Section 3 of the federal Defense of Marriage Act unconstitutional) (co-counsel for amici)

*Perry v. Brown*, 671 F.3d 1052 (9th Cir. 2012) (holding California's Proposition 8, which excluded same-sex couples from marriage, to violate the U.S. Constitution), *vacated and remanded by Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013) (co-counsel for amici)

*Diaz v. Brewer*, 656 F.3d 1008 (9th Cir. 2011) (affirming preliminary injunction maintaining health coverage for domestic partners of lesbian and gay state employees) (co-counsel for plaintiffs-appellees)

*Witt v. Dep't of the Air Force*, 548 F.3d 1264 (9th Cir. 2008) (holding that plaintiff should have the right to show that application of the "Don't Ask, Don't Tell" policy to her violated her constitutional right to have an intimate relationship with her partner) (co-counsel for amicus)

*Soto Vega v. Gonzales*, 183 Fed. Appx. 627 (9th Cir. 2006) (reversing denial of asylum to man persecuted in Mexico based on his sexual orientation) (lead counsel for petitioner)

*Rene v. MGM Grand Hotel*, 305 F.3d 1061 (9th Cir. 2002) (en banc) (permitting gay employee to pursue same-sex sexual harassment claim under Title VII) (lead counsel for amici)

*Hernandez-Montiel v. INS*, 225 F.3d 1084 (9th Cir. 2000) (granting asylum to Mexican man persecuted based on his being gay and having a female sexual identity) (co-counsel for amici)

*Cammermeyer v. Perry*, 97 F.3d 1235 (9th Cir. 1996) (finding moot government's appeal of order reinstating lesbian colonel to National Guard and denying government's motion to vacate judgment that former ban on service by lesbians and gay men was unconstitutional) (co-counsel for plaintiff-appellee)

*Pruitt v. Cheney*, 963 F.2d 1160 (9th Cir. 1991), *cert. denied*, 506 U.S. 1020 (1992) (challenging military's exclusion of lesbians and gay men) (co-counsel for plaintiff-appellee)

### Federal District Courts

*Orr v. Trump*, 2025 WL 1145271 (D. Mass. Apr. 18. 2025) (granting preliminary injunction against Trump administration passport policy requiring preventing transgender, intersex, and nonbinary Americans from obtaining passports with sex designations consistent with their gender identity or an X designation) (co-counsel for plaintiffs)

*Zayre-Brown v. N.C. Dep't of Pub. Safety*, 2024 WL 1641795 (W.D.N.C. Apr. 16, 2024) (holding that failure to provide individualized determination of the medical necessity of transgender prisoner receiving gender-affirming surgery violated the 8th Amendment) (co-counsel for plaintiff)

*Carcaño v. McCrory*, 203 F. Supp. 3d 615 (M.D.N.C. 2016) (granting preliminary injunction under Title IX against university's enforcement of state law barring transgender individuals from accessing multi-user restrooms and other single-sex facilities unless they have changed the gender marker on their birth

certificate) (co-counsel for plaintiffs)

*Golinski v. U.S. Office of Pers. Mgt.,* 824 F. Supp. 2d 968 (N.D. Cal. 2012) (holding Section 3 of the federal Defense of Marriage Act unconstitutional) (co-counsel for plaintiff)

*Henkle v. Gregory*, 150 F. Supp. 2d 1067 (D. Nev. 2001) (finding it clearly established that students have a First Amendment right to be open about their sexual orientation and to discuss sexual orientation issues at public schools) (co-counsel for plaintiff)

*East High School PRISM Club v. Seidel*, 95 F. Supp. 2d 1239 (D. Utah 2000) (ordering school to allow curriculum-related student club with gay perspective to meet on campus) (co-counsel for plaintiffs)

*Colin v. Orange Unified School District*, 83 F. Supp. 2d 1135 (C.D. Cal. 2000) (granting preliminary injunction against school denying student gay-straight alliance equal access to school forum) (co-counsel for plaintiffs)

*East High Gay/Straight Alliance v. Board of Education*, 30 F. Supp. 2d 1356 (D. Utah 1998) (contesting exclusion of student group from school forum) (lead counsel for plaintiffs)

### State Supreme Courts

*Strauss v. Horton*, 46 Cal. 4th 364 (2009) (challenging, under the California Constitution, the process by which Proposition 8 was adopted) (co-counsel for petitioners)

*North Coast Women's Medical Group v. Superior Court*, 44 Cal. 4th 1145 (2008) (holding that members of a medical practice do not have a religious freedom right to discriminate against patients on the basis of sexual orientation) (co-counsel for plaintiff and real party in interest)

*In re Marriage Cases*, 43 Cal. 4th 757 (2008) (striking down state ban on marriage by same-sex couples) (co-counsel for plaintiffs and petitioners same-sex couples and LGBT organizations)

*Evans v. City of Berkeley*, 38 Cal. 4th 1 (2006) (upholding city ordinance prohibiting subsidies to organizations that discriminate based on sexual orientation or other specified grounds) (lead counsel for amici)

*Koebke v. Bernardo Heights Country Club*, 36 Cal. 4th 824 (2005) (concluding that businesses in California cannot deny benefits to registered domestic partners that are provided to spouses) (lead counsel for plaintiffs and appellants)

*Lockyer v. City and County of San Francisco*, 33 Cal. 4th 1055 (2004) (addressing constitutionality of city allowing same-sex couples to marry prior to obtaining court order) (co-counsel for amici)

*Curran v. Mt. Diablo Council of the Boy Scouts of America*, 17 Cal. 4th 670 (1998) (challenging Boy Scouts' exclusion of lesbian and gay members) (lead counsel for plaintiff and appellant)

*Kerrigan v. Commissioner of Public Health*, 289 Conn. 135 (2008) (striking down state ban on marriage by

same-sex couples) (co-counsel for amicus)

*Goodridge v. Department of Public Health*, 440 Mass. 309 (2003) (holding that, under Massachusetts Constitution, same-sex couples may not be denied the freedom to marry) (co-counsel for amici civil rights organizations)

### State Intermediate Appellate Courts

*Knight v. Superior Court*, 128 Cal. App. 4th 14 (2005) (upholding validity of California's comprehensive domestic partnership law) (co-counsel for intervenors and real parties in interest)

*Murray v. Oceanside Unified School District*, 79 Cal. App. 4th 1338 (2000) (holding that creation of a hostile work environment based on sexual orientation is prohibited under California law) (co-counsel for plaintiff and appellant)

*Long Beach Lesbian and Gay Pride, Inc. v. City of Long Beach*, 14 Cal. App. 4th 312 (1993) (holding city parade ordinance unconstitutional under the First Amendment) (co-counsel for plaintiffs and appellants)

*Citizens for Responsible Behavior v. Superior Court*, 1 Cal. App. 4th 1013 (1992) (holding proposed initiative that would have repealed local AIDS anti-discrimination ordinance and prevented enactment of sexual orientation anti-discrimination ordinance to be unconstitutional under California and U.S. Constitutions) (co-counsel for intervenors and real parties in interest)

### State Trial Courts

*Marquez v. State*, 2022 WL 446283 (Dist. Mont. Apr. 21. 2022) (granting preliminary injunction against statute prohibiting changing the sex marker on a Montana birth certificate without obtaining a court order that one's sex has been surgically changed)

## HIV AND AIDS LITIGATION

### U.S. Supreme Court

*School Board of Nassau County v. Arline*, 481 U.S. 1024 (1987) (lead counsel for amicus Doctors for AIDS Research and Education, filing the only amicus brief in the case focusing on why AIDS should not be excluded from the scope of federal laws protecting the disabled)

### Federal Courts of Appeals

*Chalk v. United States District Court*, 840 F.2d 701 (9th Cir. 1988) (extending protection under Section 504 of the Rehabilitation Act of 1973 to employees with AIDS) (co-counsel for petitioner-appellant)

### Federal District Courts

*Thomas v. Atascadero School District*, 662 F. Supp. 376 (C.D. Cal. 1987) (extending protection under Section 504 of the Rehabilitation Act of 1973 to students with AIDS) (co-counsel for plaintiff)

**State Supreme Courts**

*Galanty v. Paul Revere Life Insurance Co.,* 23 Cal. 4th 368 (2000) (prohibiting insurer from using earlier HIV test results to deny AIDS-related disability insurance claim filed more than two years after issuance of policy) (co-counsel for plaintiff and appellant)

**State Intermediate Appellate Courts**

*Bell v. Wells Fargo Bank*, 62 Cal. App. 4th 1382 (1998) (rejecting employer's attempt to invoke judicial estoppel to bar HIV-positive man's disability discrimination suit) (co-counsel for amici)

*Kerins v. Hartley*, 27 Cal. App. 4th 1062 (1994) (restricting ability to recover for fear of being infected with HIV) (lead counsel for amici)

*Jasperson v. Jessica's Nail Clinic*, 216 Cal. App. 3d 1099 (1989) (upholding validity of local AIDS anti-discrimination laws) (lead counsel for amici)

*Raytheon v. FEHC*, 212 Cal. App. 3d 1242 (1989) (finding persons living with AIDS protected against discrimination under state disability anti-discrimination law) (lead counsel for amici)

OTHER CIVIL RIGHTS LITIGATION

**U.S. Supreme Court**

*Oncale v. Sundowner Offshore Services*, 523 U.S. 75 (1998) (holding that Title VII prohibits same-sex sexual harassment) (co-counsel for amici)

**Federal Courts of Appeals**

*Prudential Insurance Co. v. Lai*, 42 F.3d 1299 (9th Cir. 1994) (holding that employees cannot be forced to arbitrate sexual harassment or other Title VII claims unless they knowingly have agreed to submit such disputes to arbitration) (lead counsel for amici)

**Federal District Courts**

*Finley v. National Endowment for the Arts*, 795 F. Supp. 1457 (C.D. Cal. 1992) (granting summary judgment that statutory "decency clause" restricting federal funding of the arts violated the First Amendment) (co-counsel for plaintiffs)

**State Supreme Courts**

*Randall v. Orange County Council, Boy Scouts of America*, 17 Cal. 4th 736 (1998) (challenging Boy Scouts' exclusion of religious non-believers) (co-counsel for plaintiffs and respondents)

*University of Alaska v. Tumeo*, 933 P.2d 1147 (Alaska 1997) (concluding that University's denial of health insurance benefits for domestic partners of its employees illegally discriminated on the basis of marital status) (co-counsel for amici)

*Smith v. Fair Employment and Housing Commission*, 12 Cal. 4th 1143 (1996) (holding that landlord with religious opposition to extra-marital sex does not have constitutional defense to laws prohibiting marital status discrimination in housing) (co-counsel for amici)

*Warfield v. Peninsula Golf & Country Club*, 10 Cal. 4th 594 (1995) (striking down country club's men-only membership policy) (lead appellate counsel for plaintiff and appellant before California Supreme Court)

*Johnson v. Calvert*, 5 Cal. 4th 84 (1993) (considering parental rights of those involved in gestational surrogacy arrangements) (co-counsel for amici)

*Rojo v. Kliger*, 52 Cal. 3d 65 (1990) (holding that Fair Employment and Housing Act does not provide the exclusive remedy for those harmed by sexual harassment) (co-counsel for amici)

### State Intermediate Appellate Courts

*Marsha V. v. Gardner*, 231 Cal. App. 3d 265 (1991) (seeking to have delayed discovery rules applied to childhood sexual molestation cases) (co-counsel for amici)

*In re Marriage of Fingert*, 221 Cal. App. 3d 1575 (1990) (vacating custody order as discriminatory on the basis of sex and wealth and violative of constitutional right to travel) (lead counsel for appellant)

### INTELLECTUAL PROPERTY, MEDIA, AND CORPORATE LITIGATION

#### Federal Courts of Appeals

*Goldberg v. Parton*, 1991 U.S. App. LEXIS 1471 (9th Cir. 1991) (affirming judgment in favor of defendant Dolly Parton in copyright infringement suit regarding the song "Nine to Five") (pretrial co-counsel for defendant)

#### State Supreme Courts

*Fellows v. National Enquirer*, 42 Cal. 3d 234 (1986) (holding that actions for "false light" invasion of privacy must meet all statutory prerequisites of defamation claims) (co-counsel for defendant and respondent)

#### State Intermediate Appellate Courts

*Hecht v. Superior Court*, 192 Cal. App. 3d 560 (1987) (construing application of joint client exception to

attorney-client privilege in computer software partnership dispute) (co-counsel for defendants and real parties in interest)

*Sturgeon Petroleums, Ltd. v. Merchants Petroleum Co.*, 147 Cal. App. 3d 134 (1983) (holding that appraisal is the exclusive remedy under California law for dissenting shareholders claiming fraud) (co-counsel for defendants and respondents)