**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

ASHTON ORR et al.,

*Plaintiffs*,

v.

DONALD J. TRUMP, *in his official capacity as President of the United States*, et al.,

*Defendants*.

Civil Action No. 1:25-cv-10313

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

# TABLE OF CONTENTS

Introduction ........................................................................................................................1

Background..........................................................................................................................2

Legal Standard .....................................................................................................................2

Argument.............................................................................................................................3

I. Class Certification Would Improperly Interfere with Litigation in Other Courts..............3

II. Plaintiffs' Class Definitions fail to Satisfy Rule 23 Because they are Subjective. .............7

Conclusion...........................................................................................................................9

**TABLE OF AUTHORITIES**

## Cases

*Amara v. Cigna Corp.*,
775 F.3d 510 (2d Cir. 2014) .......... 7

*Berry v. Schulman*,
807 F.3d 600 (4th Cir. 2015) .......... 6

*Braidwood Mgmt., Inc. v. Equal Emp. Opportunity Comm'n*,
70 F.4th 914 (5th Cir. 2023) .......... 8

*Califano v. Yamasaki*,
442 U.S. 682 (1979) .......... *passim*

*Crosby v. Soc. Sec. Admin.*,
796 F.2d 576 (1st Cir. 1986) .......... 7, 8

*Diggs v. Mici*,
No. CV 22-40003-MRG, 2024 WL 4425654 (D. Mass. Sept. 30, 2024), *abrogated by Gardner v. Westinghouse Broad. Co.*, 437 U.S. 478 (1978) .......... 9

*Ebert v. Gen. Mills, Inc.*,
823 F.3d 472 (8th Cir. 2016) .......... 6

*Floyd v. City of New York*,
283 F.R.D. 153 (S.D.N.Y. 2012) .......... 9

*Gates v. Rohm and Haas Co.*,
655 F.3d 255 (3d Cir. 2011) .......... 5

*Gooch v. Life Invs.' Ins. Co. of Am.*,
672 F.3d 402 (6th Cir. 2012) .......... 6, 7

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. L*iab. *Litig.*,
209 F.R.D. 323 (S.D.N.Y. 2002) .......... 8

*Kenneth R. ex rel. Tri-Cnty. CAP, Inc./GS v. Hassan*,
293 F.R.D. 254 (D.N.H. 2013) .......... 9

*Orr v. Trump*,
No. 1:25-CV-10313-JEK, 2025 WL 848691 (D. Mass. Mar. 18, 2025) .......... 2

*Savino v. Souza*,
453 F. Supp. 3d 441 (D. Mass. 2020) .......... 5

*Schulman v. LexisNexis Risk & Info. Analytics Grp., Inc.*,
580 U.S. 820 (2016) ....................................................................................................6

*Shanley v. Cadle*,
277 F.R.D. 63 (D. Mass. 2011)....................................................................................8

*Shelton v. Bledsoe*,
775 F.3d 554 (3d Cir. 2015) ........................................................................................7

*Smilow v. Southwestern Bell Mobile Systems, Inc.*,
323 F.3d 32 (1st Cir. 2003)..........................................................................................3

*Taylor v. Sturgell*,
553 U.S. 880 (2008) ....................................................................................................5

*United States v. Mendoza*,
464 U.S. 154 (1984) ....................................................................................................5

*Wal-Mart Stores, Inc., v. Dukes*,
564 U.S. 338 (2011) ..........................................................................................*passim*

*Yaffe v. Powers*,
454 F.2d 1362 (1st Cir. 1972)......................................................................................9

## Statutes

5 U.S.C. § 705...............................................................................................................2

## Rules

Fed. R. Civ. P. 23(a)......................................................................................................3

## OTHER AUTHORITIES

Restatement (Second) of Judgments § 41 ...................................................................... 5

1 Newberg and Rubenstein on Class Actions § 3:5 (6th ed. 2024) ............................................. 8

6 Newberg and Rubenstein on Class Actions § 18:1 (6th ed. 2024) ........................................... 5

6 Newberg and Rubenstein on Class Actions § 18:45 (6th ed. 2024) ......................................... 6

3 Newberg and Rubenstein on Class Actions § 9:51 (6th ed. 2024) ........................................... 7

## INTRODUCTION

Plaintiffs challenge the State Department's passport policy ("the Policy") issued pursuant to Executive Order 14168 requiring that passports reflect the holder's sex. After initially failing to obtain a stay of the effective date of the Policy after the policy went into effect, Plaintiffs now request nationwide class certification that purports to cover millions of people. The Court should deny Plaintiffs' request. Plaintiffs seek to certify two classes pursuant to Federal Rule of Civil Procedure 23(b)(2), delineated based on whether the class members wish to obtain an M/F passport or an X passport. But Plaintiffs simultaneously exclude from both classes the plaintiffs in *Schlacter v. U.S. Dep't of State*, No. 1:25-cv-01344 (D. Md. 2025), a virtually identical suit filed in the District of Maryland, clearly in an attempt to circumvent the requirement that in a class certified under Rule 23(b)(2), "the relief sought *must perforce* affect the entire class at once," *Wal-Mart Stores, Inc., v. Dukes*, 564 U.S. 338, 361-62 (2011) (emphasis added). Plaintiffs' attempt to arbitrarily carve out the *Schlacter* plaintiffs from class definition for litigation purposes thus defeats class certification. Certification of nationwide classes here would encourage an improper race to a final judgment and "have a detrimental effect by foreclosing adjudication by a number of different courts and judges," *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979).

Further, Plaintiffs' proposed classes cannot satisfy the requirements of Rule 23 applicable to all class actions. Both proposed classes are defined by the subjective desires of current and future passport applicants, making it difficult for the Court to ascertain class membership at any point in the litigation. Accordingly, Defendants respectfully request that the Court deny Plaintiffs' motion.

## BACKGROUND

The background of this case has already been described in Defendants' Opposition to Plaintiffs' Motion to Stay Agency Action and for Preliminary Injunction, ECF No. 53, and in the Court's preliminary injunction memorandum and order, ECF No. 74, so Defendants do not repeat it here. In summary, Plaintiffs filed this case on February 7, 2025, raising First Amendment, Equal Protection, privacy, right to travel and Administrative Procedure Act claims. Pls.' Compl., ECF No. 1. On April 18, 2025, the Court granted a preliminary injunction as to six of seven named Plaintiffs but denied Plaintiffs' request to stay the Policy's effective date under 5 U.S.C. § 705. *See Orr v. Trump*, No. 1:25-CV-10313-JEK, 2025 WL 848691, at *1 (D. Mass. Mar. 18, 2025). On April 25, 2025, Plaintiffs amended the complaint to add five additional plaintiffs. Pls.' Am. Compl., ECF No. 76. On April 30, 2025, Plaintiffs filed the instant motion for class certification, requesting that the Court certify two nationwide classes pursuant to Rule 23(b)(2). Pls.' Mot. for Class Cert., ECF No. 77; Pls.' Mem. in Supp. of Mot. for Class Cert. ("Pls.' Mem. in Supp."), ECF No. 78. The same day, Plaintiffs filed a separate motion requesting that the Court grant preliminary injunctive relief to a subset of putative members of both proposed classes. Pls.' Mot. to Apply Prelim. Inj. to Classes, ECF No. 79; Pls.' Mem. in Supp. of Mot. to Apply Prelim. Inj. to Classes, ECF No. 80.

## LEGAL STANDARD

Courts should take great care in determining whether to certify a class, especially a nationwide class against the federal government. As the Supreme Court has cautioned, "a federal court when asked to certify a nationwide class should take care to ensure that nationwide relief is indeed appropriate in the case before it, and that certification of such a class would not improperly interfere with the litigation of similar issues in other judicial districts." *Califano*, 442 U.S. at 702.

The Supreme Court also has recognized "the force of the [government's] contentions that nationwide class actions may have a detrimental effect by foreclosing adjudication by a number of different courts and judges, and of increasing, in certain cases, the pressures on this Court's docket." *Id.*

Apart from accounting for the above weighty concerns implicated by a request to certify a nationwide class against the federal government, the "district court must conduct a rigorous analysis of the prerequisites established by Rule 23 before certifying a class." *Smilow v. Southwestern Bell Mobile Systems, Inc.*, 323 F.3d 32, 38 (1st Cir. 2003) (citation omitted). Specifically, a party seeking certification must meet the requirements of numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a).

Because Plaintiffs request certification under Rule 23(b)(2), they must also show that Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." *Wal-Mart*, 564 U.S. at 345–46 (citation omitted). In other words, the "key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Id.* at 360 (citation omitted).

## ARGUMENT

### I. CLASS CERTIFICATION WOULD IMPROPERLY INTERFERE WITH LITIGATION IN OTHER COURTS.

Plaintiffs' request to carve out the *Schlacter* plaintiffs from their proposed classes is inconsistent with Rule 23(b)(2) of the Federal Rules of Civil Procedure. The *Schlacter* plaintiffs are seeking relief that overlaps with the relief for the putative classes here. *See Schlacter*, 1:25-cv-01344 (D. Md.), ECF No. 1, Prayer for Relief, para. A (seeking "a declaratory judgment that

(i) the Passport Policy and [Executive Order 14168] as applied to passports violate Plaintiffs' constitutional rights; and (ii) the Passport Policy is arbitrary, capricious, an abuse of discretion, and otherwise contrary to law in violation of the APA"); *id.* para. B (seeking "preliminary and permanent injunctive relief enjoining Agency Defendants and their agents, employees, representatives, successors, and any other person acting directly or indirectly in concert with them, from enforcing [Executive Order 14168] as applied to passports or the Passport Policy").[1] But Rule 23(b)(2) classes are termed "mandatory" precisely because "the relief sought must perforce affect the entire class at once," *Wal-Mart*, 564 U.S. at 361–62. Plaintiffs cannot exclude from a 23(b)(2) class the named plaintiffs in a virtually identical case—who would otherwise fall within Plaintiffs' proposed class definition—for purposes of evading the result that would arise from conflicting litigation. Importantly, the "key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Id.* at 360 (citation omitted). If the proposed classes are certified, the relief Plaintiffs seek—"vacatur and an injunction of the Policy," Pls.' Mem. in Supp. at 11—would necessarily apply to all class members who fit within the class definition. That would mean all individuals who wish to apply for a passport with a sex designation inconsistent with the Policy, including those who have chosen to litigate in other courts, represented by other counsel, such as the plaintiffs in *Schlacter*.

This tension is evidenced by the internal contradictions in Plaintiffs' argument. Plaintiffs first request that the Court exclude the *Schlacter* plaintiffs from both classes, Pls.' Mem. in Supp.

---

[1] Although the *Schlacter* suit seeks nationwide injunction, such relief is improper for the same reasons that the relief is in proper in this case under either Article III of the Constitution or longstanding equitable principles. *See* Defendants' Opposition to Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction, at 27-28, ECF No 53. Nevertheless, lower courts have sometimes granted such relief.

at 1 n.1, but later expressly affirm that the relief they seek is a "single 'indivisible remedy,'" *id.* at 19 (quoting *Savino v. Souza*, 453 F. Supp. 3d 441, 453 (D. Mass. 2020)). Because Plaintiffs seek "an indivisible injunction benefiting all its members at once," *Wal-Mart*, 564 U.S. at 362, they cannot avoid interference with other suits simply by carving out just the plaintiffs in those suits from among the purportedly millions the proposed classes encompass.

Given the *Schlacter* litigation, certification of Plaintiffs' proposed classes, which by Plaintiffs' estimation could include millions of individuals, would run afoul of the Supreme Court's admonition that lower courts must ensure that any certification of a nationwide class "would not improperly interfere with the litigation of similar issues in other judicial districts." *Califano*, 442 U.S. at 702. This is because it "often will be preferable to allow several courts to pass on a given class claim in order to gain the benefit of adjudication by different courts." *Id.*; *cf. United States v. Mendoza*, 464 U.S. 154, 160 (1984) (disallowing nonmutual collateral estoppel against the government on ground it "would substantially thwart the development of important questions of law by freezing the first final decision rendered").

Certification here, moreover, may create a perverse incentive for plaintiffs in other lawsuits such as *Schlacter* to race to a final judgment because the "judgment in a class action lawsuit binds all members of the class" and "will bind those absent class members even though they never themselves actively litigated their claims." *See* 6 Newberg and Rubenstein on Class Actions § 18:1 (6th ed. 2024); Restatement (Second) of Judgments § 41(1), (2) (recognizing binding effect of class judgment on members); *see also Wal-Mart*, 564 U.S. at 364 (expressing concern that, were Rule 23(b)(2) class improperly certified, absent class members "would be *precluded* by litigation they had no power to hold themselves apart from"); *accord Taylor v. Sturgell*, 553 U.S. 880, 893 (2008); *Gates v. Rohm and Haas Co.*, 655 F.3d 255, 264 (3d Cir. 2011) (applying *Wal-Mart* and

noting that in a Rule 23(b)(2) class "all class members will be bound by a single judgment"). A final judgment in this case (following proper class certification) would be preclusive on members of the class—including those whose rights are directly at issue in *Schlacter*. This is precisely the scenario the Supreme Court cautioned against certifying a class. *See Califano*, 442 U.S. at 702.

Apparently recognizing this problem, Plaintiffs posit that this Court can certify classes of *all* persons who want passports with a "M" or "F" sex marker inconsistent with the Policy, or passports with an "X" marker, while excluding the *Schecter* plaintiffs from the classes. Pls.' Mem. in Supp. at 1 n.1. But such carve-out is akin to as an opt-out mechanism, the purpose of which is to protect putative class members from a final judgment that would prevent them "from continuing to pursue, or from later initiating, individual or class litigation regarding the subject of the class suit." 6 *Newberg and Rubenstein on Class Actions* § 18:45 (6th ed. 2024). As the *Wal-Mart* court explained, however, "[t]he Rule *provides no opportunity* for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action." 564 U.S. at 362 (emphasis added). A Rule 23(b)(2) class is a "mandatory" class for which "the relief sought must perforce affect the entire class at once." *Id.* at 361–62

Appellate courts interpreting *Wal-Mart* overwhelmingly have held that the mandatory nature of a Rule 23(b)(2) class precludes individual opt-outs. *See Ebert v. Gen. Mills, Inc.*, 823 F.3d 472, 480 (8th Cir. 2016) ("Because a (b)(2) class is mandatory, the rule provides no opportunity for (b)(2) class members to opt out[.]"); *Berry v. Schulman*, 807 F.3d 600, 609, 612 (4th Cir. 2015) (citation omitted) (rejecting objectors' request to opt out of (b)(2) class on ground that opt-out is not provided by the Rule and is "unnecessary" because "the relief sought is uniform"), *cert. denied sub nom. Schulman v. LexisNexis Risk & Info. Analytics Grp., Inc.*, 580 U.S. 820 (2016); *Gooch v. Life Invs.' Ins. Co. of Am.*, 672 F.3d 402, 433 (6th Cir. 2012) (holding

that "class members may not opt out" of Rule 23(b)(2) certifications); *Shelton v. Bledsoe*, 775 F.3d 554, 561 (3d Cir. 2015) ("[T]here is no right to opt out from [a (b)(2)] class"); *see also Amara v. Cigna Corp.*, 775 F.3d 510, 519 (2d Cir. 2014) (Rule 23(b)(2) class members "need not be given notice and opt-out rights"); 3 Newberg and Rubenstein on Class Actions, § 9:51 (6th ed. 2024) ("[C]ases in which courts have enabled class members to opt out of (b)(1) or (b)(2) classes tend to be those that involve individualized monetary damages. The . . . *Wal-Mart* case undermines the very viability of these particular types of class actions.").

Plaintiffs may not circumvent this critical feature of Rule 23(b)(2) by arbitrarily excluding identified individuals from the classes purely to evade the result of conflicting litigation. Their request to carve out individuals falling within the putative classes cannot be squared with *Wal-Mart* and persuasive authority interpreting it because "exclusion rights are generally contradictory to the very nature of (b)(1) and (b)(2) class actions." 3 Newberg and Rubenstein on Class Actions § 9:51 (6th ed. 2024). The ruling sought by Plaintiffs would thus bind with equal force all those whose rights are being determined in the other case, including those who have retained separate counsel. Because such a ruling would "improperly interfere with the litigation of similar issues in" another judicial district and prevent the "benefit of adjudication by different courts" of similar claims, *Califano*, 442 U.S. at 702, this Court should deny certification and limit its ruling to the parties before it.

## II. PLAINTIFFS' CLASS DEFINITIONS FAIL TO SATISFY RULE 23 BECAUSE THEY ARE SUBJECTIVE.

Plaintiffs' proposed classes cannot meet the requirements of Rule 23 because the classes are impossible for the Court to ascertain. If it is "impossible" for the Court to identify class members "prior to individualized fact-finding and litigation, the class fails to satisfy one of the basic requirements for a class action under Rule 23[.]" *Crosby v. Soc. Sec. Admin.*, 796 F.2d 576,

580 (1st Cir. 1986). "As part of the analysis required by Rule 23(a) and (b), the Court must decide whether the proposed class satisfies the implicit requirement of Rule 23 that determining whether a particular individual is a member of the class is administratively feasible." *Shanley v. Cadle*, 277 F.R.D. 63, 67 (D. Mass. 2011). While the Court need not identify all class members at the outset of the litigation, Rule 23 requires that "class[es] can be determined by stable and objective factors." *Id.*

Neither proposed class is ascertainable because both class definitions rely on the subjective and potentially changeable desires of putative class members. *See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 209 F.R.D. 323, 337 (S.D.N.Y. 2002) ("Where any criterion is subjective, e.g., state of mind, the class is not ascertainable."); 1 Newberg and Rubenstein on Class Actions § 3:5 (6th ed. 2024) ("Courts generally deny certification when the putative class is defined by class members' state of mind."). Both proposed classes consist of persons "who currently want, or in the future will want" a particular sex marker on their passports. Pls.' Am. Compl. at ¶¶ 273(a)–(b). Class membership therefore depends on the putative members' subjective mental state. Even with a passport application in hand, it may be impossible to tell whether the applicant's choice of sex marker was deliberate or accidental (*i.e.*, whether they "wanted" the marker selected on the form). Given that Plaintiffs define the putative classes using subjective states of mind and little else, the proposed class definitions are too indefinite to satisfy Rule 23. *Braidwood Mgmt., Inc. v. Equal Emp. Opportunity Comm'n*, 70 F.4th 914, 934 (5th Cir. 2023) (decertifying two 23(b)(2) classes of employers that "oppose[d] homosexual or transgender behavior" because courts would have to investigate the state of mind of the employers to assess their opposition to such behavior).

Plaintiffs wrongly assert that First Circuit precedent prohibits district courts from considering ascertainability for Rule 23(b)(2) classes. Pls.' Mem. in Supp. at 9 n.3 (citing *Diggs v. Mici*, No. CV 22-40003-MRG, 2024 WL 4425654, at *3 n.1 (D. Mass. Sept. 30, 2024)). Plaintiffs cite a footnote of a district court opinion for support, which in turn quotes the First Circuit's statement that a "class need not . . . be precisely delimited because individual notice to class members is not required." *Diggs*, 2024 WL 4425654, at *3 n.1 (quoting *Yaffe v. Powers*, 454 F.2d 1362, 1366 (1st Cir. 1972), *abrogated by Gardner v. Westinghouse Broad. Co.*, 437 U.S. 478 (1978)). But neither *Yaffe* nor subsequent First Circuit cases eschew ascertainability as a requirement for 23(b)(2) classes, let alone foreclose consideration of ascertainability altogether. Rather, "[t]he level of precision, or 'definiteness' required, varies depending on the type of class sought to be certified under part (b)." *Kenneth R. ex rel. Tri-Cnty. CAP, Inc./GS v. Hassan*, 293 F.R.D. 254, 263 (D.N.H. 2013). While a 23(b)(2) class definition need not "precisely delimit[]" class membership, *Yaffe*, 454 F.2d at 1366, a "proposed class definition" must "accurately articulate[] 'the general demarcations' of the class of individuals who are [allegedly] being harmed by" the Defendants' actions. *Kenneth R.*, 293 F.R.D. at 264 (quoting *Floyd v. City of New York*, 283 F.R.D. 153, 172 (S.D.N.Y. 2012)). Plaintiffs' failure to satisfy the ascertainability requirement therefore is fatal to their request for class certification.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' motion for class certification.

Dated: May 14 , 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

JEAN LIN
Special Litigation Counsel

*Elizabeth B. Layendecker*

ELIZABETH B. LAYENDECKER
BENJAMIN T. TAKEMOTO
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 616-5046
Fax: (202) 616-8470
E-mail: elizabeth.b.layendecker@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon Plaintiffs' counsel by the Electronic Case Filing system on May 14, 2025.

*Elizabeth B. Layendecker*
ELIZABETH B. LAYENDECKER