**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ASHTON ORR et al., | |
| *Plaintiffs*, | |
| v. | Civil Action No. 1:25-cv-10313 |
| DONALD J. TRUMP, *in his official capacity as President of the United States*, et al., | |
| *Defendants*. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
<u>TO APPLY THE PRELIMINARY INJUNCTION TO THE CLASSES</u>**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................1

LEGAL STANDARD ................................................................................................................2

ARGUMENT................................................................................................................................3

I.      Plaintiffs Have Not Established That the Proposed PI Class Would Suffer
        Irreparable Harm Absent a Preliminary Injunction. ...........................................................3

II.     The Broad Injunction Would Be Overly Burdensome on Defendants And Tips the
        Balance of Equities Against Issuance of Injunction. ..........................................................5

CONCLUSION............................................................................................................................6

# TABLE OF AUTHORITIES

**CASES**

*Braintree Lab'ys, Inc. v. Citigroup Glob. Mkts. Inc.*,
    622 F.3d 36 (1st Cir. 2010)...................................................................................4

*Keogh v. Field & Sons HVAC, Inc.*,
    No. CV 12-10203-MLW, 2012 WL 12884870 (D. Mass. June 25, 2012)............................4, 6

*Mass. Coal. of Citizens with Disabilities v. Civ. Def. Agency & Off. of Emergency Preparedness
    of Com. of Mass.*,
    649 F.2d 71 (1st Cir. 1981)...................................................................................3, 4

*Orr v. Trump*,
    --- F.Supp.3d ---, 2025 WL 1145271 (D. Mass. Apr. 18, 2025)...................................2, 3, 4, 5

*Peoples Fed. Sav. Bank v. People's United Bank*,
    672 F.3d 1 (1st Cir. 2012) ...................................................................................2

*Together Emps. v. Mass Gen. Brigham Inc.*,
    32 F.4th 82 (1st Cir. 2022) ...................................................................................2

*Vaqueria Tres Monjitas, Inc. v. Irizarry*,
    587 F.3d 464 (1st Cir. 2009)...................................................................................3

*Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*,
    645 F.3d 26 (1st Cir. 2011)...................................................................................2

*Winter v. Nat. Res. Def. Couns., Inc.*,
    555 U.S. 7 (2008)...................................................................................2

# INTRODUCTION

In its order granting Plaintiffs' Motion for a Preliminary Injunction, the Court carefully limited the scope of the preliminary injunction to six individual Plaintiffs. Those individuals, the Court held, had satisfied their burden to demonstrate entitlement to preliminary relief, including that they would otherwise suffer irreparable harm and that the balance of the equities weighed in their favor. Now, in conjunction with Plaintiffs' motion to certify two classes[1] of potentially thousands of people, Plaintiffs ask to extend the Court's narrow preliminary injunction to a broad subset of those putative cases. *See* Pls.' Mot. Apply Prelim. Inj. to Classes, ECF No. 79. This subset of putative class members, whom Plaintiffs call the "PI Class," consist of those who (a) do not have a currently valid passport; (b) need to renew a passport that expires within one year; (c) need to change the sex designation on their passports; or (d) need to apply for a replacement passport because their passport was lost, stolen, or damaged. *See* Pls.' Mem. in Supp. of Pls.' Mot. Apply Prelim. Inj. to Classes at 6, ECF No. 80 (hereinafter "Pls.' Mem. in Supp.").

Even if the Court grants Plaintiffs' Motion for Class Certification, the Court should still deny Plaintiffs' request to expand the preliminary injunction. As a threshold matter, Defendants reassert their arguments that Plaintiffs are unlikely to succeed on the merits, have not established irreparable harm, and are disfavored in the balance of the equities. *See* Defs.' Opp'n to Pls.' Mot. Stay Agency Action & Prelim. Inj. at 6–29, ECF No. 53 (hereinafter "Defs.' PI Opp'n"). For all of the reasons that those factors weigh in Defendants' favor with respect to the individual Plaintiffs,

---

[1] The two purported classes are (1) "individuals who currently want, or in the future will want, U.S. passports with an 'F' or 'M' sex designation that does not match how their sex is defined by the Passport Policy" and (2) "individuals who currently want, or in the future will want, U.S. passports with an 'X' sex designation consistent with their gender identity being neither or not exclusively female or male, or because of their choice not to disclose their sex assigned at birth." Pls.' Mem. in Supp. of Pls.' Mot. for Class Certification at 1–2, ECF No. 78.

they also weigh in Defendants' favor with respect to the proposed PI Class.  There are additional reasons why the preliminary injunction should not be extended as well.  First, in contrast to the individual Plaintiffs, for whom the Court found specific irreparable harms, Plaintiffs have not satisfied their burden to clearly show that the PI Class would suffer irreparable harm.  Second, the requested preliminary injunction would tip the balance of the equities in Defendants' favor because of the immense burden that it would place on the State Department to provide essentially final relief (i.e., issuance of passports) to class members.

## LEGAL STANDARD

As Defendants explained in their Preliminary Injunction Opposition, "[a] preliminary injunction is an extraordinary and drastic remedy that is never awarded as of right."  *Peoples Fed. Sav. Bank v. People's United Bank*, 672 F.3d 1, 8–9 (1st Cir. 2012) (quoting *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011)).  A movant is entitled to a preliminary injunction only if he demonstrates "upon a clear showing," *Winter v. Nat. Res. Def. Couns., Inc.*, 555 U.S. 7, 22 (2008), "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest," *Orr v. Trump*, --- F.Supp.3d ---, 2025 WL 1145271, at *8 (D. Mass. Apr. 18, 2025).  Moreover, the purpose of a preliminary injunction is merely to "preserve[] the court's ability to grant final relief." *Together Emps. v. Mass Gen. Brigham Inc.*, 32 F.4th 82, 85 (1st Cir. 2022).  Thus, it should not be used to provide final relief that otherwise would be available only after litigation on the merits.

**ARGUMENT**

I.    **PLAINTIFFS HAVE NOT ESTABLISHED THAT THE PROPOSED PI CLASS WOULD SUFFER IRREPARABLE HARM ABSENT A PRELIMINARY INJUNCTION.**

Plaintiffs have not met their burden to show that the proposed PI Class would incur irreparable harm absent a preliminary injunction because its members' alleged harms are far more speculative and tenuous than the individual Plaintiffs' harms. "Only a viable threat of serious harm which cannot be undone authorizes exercise of a court's equitable power to enjoin before the merits are fully determined." *Mass. Coal. of Citizens with Disabilities v. Civ. Def. Agency & Off. of Emergency Preparedness of Com. of Mass.*, 649 F.2d 71, 74 (1st Cir. 1981). The "mere possibility of injury" is insufficient; "[a] presently existing, actual threat must be shown." *Id.*; *see also Vaqueria Tres Monjitas, Inc. v. Irizarry*, 587 F.3d 464, 486 (1st Cir. 2009) (preliminary injunctive relief proper because of the "imminence" of harm).

In claiming irreparable harm, each of the six Plaintiffs produced declarations in which they attested to their personal anxiety, distress, and fear. *See Orr*, 2025 WL 1145271, at *21. These Plaintiffs further averred that they received a gender dysphoria diagnosis or experienced specific harassment. *See id.* Based on this evidence, the Court awarded a preliminary injunction with respect to those individuals. The Court found that all six "would experience anxiety or distress, or fear for their safety," in part because five have "been diagnosed with gender dysphoria, a medical condition that describes 'the significant emotional distress' and impairment in function 'that stems from the incongruence between a person's gender identity and sex designated at birth[,]'" *id.*; three "have already experienced harassment," *id.*; and all six "plan[] to travel internationally in 2025," *id.* at *22. The Court also distinguished these six Plaintiffs from

Solomon-Lane, who had not established irreparable harm because "he is not at risk of experiencing those harms while using his current passport, which does not expire until 2028." *Id.* at *23.

In contrast, Plaintiffs have not introduced evidence—let alone made a clear showing—that members of the PI Class would incur irreparable harm. Instead, Plaintiffs simply assert that the PI Class members would suffer the same irreparable harm as the individual Plaintiffs. *See* Pls.' Mem. in Supp. at 6 (asserting that "all members of either of those [two] classes [sought to be certified] face the same irreparable harm as the six Original Plaintiffs for whom the Court has granted a preliminary injunction"). Unsupported generalizations like this are insufficient to establish entitlement to the extraordinary relief of a preliminary injunction. *See Braintree Lab'ys, Inc. v. Citigroup Glob. Mkts. Inc.*, 622 F.3d 36, 42 (1st Cir. 2010) (affirming the denial of a preliminary injunction motion because "the record contains no . . . evidence" of irreparable harm).

In addition, the PI Class definition itself undermines Plaintiffs' assertion of imminent harm to the class members. Many members may not have travel plans in 2025 at all; yet, all they would need to receive the benefit of an injunction would be to lack a currently valid passport, have a passport that expires in one year, want to make changes to their passport, or need to reapply because their passport was lost, stolen, or damaged. This lack of imminence is self-defeating, *see Mass. Coal. of Citizens with Disabilities*, 649 F.2d at 74, and is the basis upon which this Court distinguished the six Plaintiffs who received a preliminary injunction from the one who didn't, *see Orr*, 2025 WL 1145271, at *23. Like Solomon-Lane, the PI Class must wait until final judgment to receive relief.

Plaintiffs point to general statements from their declarants that anxiety and distress "can" arise in individuals who receive an identity document that does not match their gender identity, *see* Pls.' Mem. in Supp. at 11 (quoting Decl. of Sarah D. Corathers, M.D. ¶ 82, ECF No. 30-1),

and that a percentage of such individuals experience harassment, *see id.* (quoting Decl. of Ayden Scheim, Ph.D. ¶¶ 22–24, ECF No. 30-2). But these assertions underscore that the PI Class as a whole has not incurred irreparable harm. To obtain a preliminary injunction, particularly in these circumstances, where potentially thousands of class members would receive essentially final relief (i.e., a passport with their desired sex designation), Plaintiffs must satisfy their burden to clearly show irreparable harm absent an injunction. They have not done so, and thus the motion should be denied. *See Keogh v. Field & Sons HVAC, Inc.*, No. CV 12-10203-MLW, 2012 WL 12884870, at *1 (D. Mass. June 25, 2012) (denying a preliminary injunction motion because "[t]he plaintiffs seek final relief—an audit—in the form of a preliminary injunction" and observing that "[a] motion for a preliminary injunction is not the proper vehicle for obtaining such relief").

## II.    THE BROAD INJUNCTION WOULD BE OVERLY BURDENSOME ON DEFENDANTS AND TIPS THE BALANCE OF EQUITIES AGAINST ISSUANCE OF INJUNCTION.

There are also additional reasons why the balance of the equities weighs in Defendants' favor. In granting the preliminary injunction, the Court determined that Defendants had "not produced any evidence specifically supporting [its] contention" that an injunction as to the six individual Plaintiffs would "impair the State Department's ability to operate effectively." *Orr*, 2025 WL 1145271, at *22. Defendants submit alongside this Opposition a second declaration from the Deputy Assistant Secretary for Passport Services, who explains why issuing passports to potentially thousands of individuals—as would be required by the expanded preliminary injunction—would significantly burden the Department. *See* Second Decl. of Matthew Pierce (hereinafter "2d Pierce Decl.").

As the Deputy Assistant Secretary explains, if the Court extends the preliminary injunction to only those who have suffered irreparable harm (the only people who would be eligible for a

preliminary injunction), the Department would have to determine whether each applicant has in fact suffered such injury, something the Department is not equipped to do. *See id.* ¶ 12.

It would also be burdensome for the Department to unwind passports issued during a class-wide preliminary injunction if such an injunction were subsequently dissolved. With respect to class members applying for their first passport with an "M" or "F" sex marker while such injunction is in effect, absent self-identification by the class member the Department may be unable to identify all passports issued to such applicants for potential later replacement. *See id.* ¶ 9. And, with respect to passports renewed while such injunction is in effect, there is no "automated system to identify from historic applications (except the most recent one) whether the applicant previously changed their sex marker." *Id.* ¶ 10. Such review would need to be done manually, a time-consuming and labor-intensive process. *See id.* If, in the event of such unwinding, the Department is unable to identify and replace passports to everyone in the PI Class, those individuals will have effectively received final relief, undermining the purpose of a preliminary injunction. *See Keogh*, 2012 WL 12884870, at *1.

Finally, extending the injunction to thousands of individuals, not to mention any potential reversal in policy, would add confusion and uncertainty to government policy. Other parts of the government are implementing policies pursuant to Executive Order 14168, as the Passport Policy was intended to do. *See* 2d Pierce Decl. ¶ 13. Inconsistent policies burden the government's interest in uniformity.

## CONCLUSION

For these reasons, in addition to those already stated in Defendants' Preliminary Injunction Opposition, the Court should deny Plaintiffs' Motion to Apply the Preliminary Injunction to the Classes.

Dated: May 14 , 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

JEAN LIN
Special Litigation Counsel

*Elizabeth B. Layendecker*

ELIZABETH B. LAYENDECKER
BENJAMIN T. TAKEMOTO
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 616-5046
Fax: (202) 616-8470
E-mail: elizabeth.b.layendecker@usdoj.gov

*Attorneys for Defendants*

Dated: May 14, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

JEAN LIN
Special Litigation Counsel

*Elizabeth B. Layendecker*

ELIZABETH B. LAYENDECKER
BENJAMIN T. TAKEMOTO
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 616-5046
Fax: (202) 616-8470
E-mail: Elizabeth.B.Layendecker@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Plaintiffs' counsel by the Electronic Case Filing system on May 14, 2025.

*Elizabeth B. Layendecker*
ELIZABETH B. LAYENDECKER