**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

ASHTON ORR, *et al.*,

*Plaintiffs*,

v.

DONALD J. TRUMP, *et al.*,

*Defendants*.

Case No. 1:25-cv-10313-JEK

(Leave to file granted on May 15, 2025)

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

## TABLE OF CONTENTS


I. INTRODUCTION ........................................................................................................ 1

II. ARGUMENT ............................................................................................................... 1

A. There Is No Dispute that the Requirements for Class Certification Are Met. ........................................................................................................ 1

B. Certification Does Not Interfere with Other Litigation, and the Carve-Out of the *Schlacter* Plaintiffs Is Appropriate. ............................................................ 1

C. Ascertainability Is Not Required for Rule 23(b)(2) Class Certification, and in Any Event, the Proposed Class Members Are Ascertainable. ............................ 4

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Califano v. Yamasaki*,
442 U.S. 682 (1979) .......... 2

*Crosby v. Social Security Administration*,
796 F.2d 576 (1st Cir. 1986) .......... 4, 5

*Diggs v. Mici*,
2024 WL 4425654 (D. Mass. Sept. 30, 2024) .......... 4

*Emami v. Mayorkas*,
725 F. Supp. 3d 1046 (N.D. Cal. 2024) .......... 2

*Flack v. Wis. Dep't of Health Servs.*,
331 F.R.D. 361 (W.D. Wis. 2019) .......... 5

*Fulton v. Bayou Well Servs. LLC*,
208 F. Supp. 3d 798 (N.D. Tex. 2016) .......... 2

*Harris v. Rainey*,
299 F.R.D. 486 (W.D. Va. 2014) .......... 2

*Healthy Futures of Texas v. Dep't of Health & Hum. Servs.*,
326 F.R.D. 1 (D.D.C. 2018) .......... 2, 3

*Okla. Firefighters Pension & Ret. Sys. v. Biogen Inc.*,
348 F.R.D. 268 (D. Mass. 2025) .......... 3

*Pelletier v. Endo Int'l PLC*,
338 F.R.D. 446 (E.D. Pa. 2021) .......... 2

*Peterson v. E. Bos. Sav. Bank*,
2018 WL 4696746 (D. Mass. Sept. 29, 2018) .......... 1

*Schlacter v. U.S. Department of State*,
No. 1:25-cv-01344 (D. Md. 2025) .......... 1, 2, 3

*Toomey v. Arizona*,
2020 WL 2465707 (D. Ariz. May 12, 2020) .......... 5

*Kenneth R. ex rel. Tri-Cnty. CAP, Inc./GS v. Hassan*,
293 F.R.D. 254 (D.N.H. 2013) .......... 4

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011)....................................................................................................2

*Yaffe v. Powers*,
454 F.2d 1362 (1st Cir. 1972)........................................................................................4

**Other Authorities**

Federal Rule of Civil Procedure 23 ........................................................................... *passim*

## I. INTRODUCTION

Defendants' Opposition is most revealing in its silence: it fails even to mention any of the requirements of Rules 23(a) or 23(b)(2), or demonstrate why the proposed Classes should not be certified under them. Instead, it makes two peripheral—and misplaced—challenges to class certification. *First*, Defendants argue that it is improper to "carve out the *Schlacter* plaintiffs" from the Classes. Opp. (ECF 88) at 1. But this type of definitional carve-out is common and appropriate in class actions. *Second*, Defendants argue that the membership of the Classes is "impossible for the Court to ascertain." *Id.* at 7. But, in the First Circuit, "ascertainability" is *not* part of the Rule 23(b)(2) analysis. And even if it were, the standard is met here.

## II. ARGUMENT

### A. There Is No Dispute that the Requirements for Class Certification Are Met.

Plaintiffs demonstrated in their Memorandum of Law in Support of the Motion for Class Certification how the requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation—were met. *See* Mot. (ECF 78) at 9–19. And Plaintiffs showed how the requirement of Rule 23(b)(2)—that the government has acted or refused to act on grounds that apply generally to the class—was met. *Id.* at 19. Defendants do not offer *any* argument to the contrary. These points are, therefore, conceded. *See, e.g.*, *Peterson v. E. Bos. Sav. Bank*, 2018 WL 4696746, at *2 (D. Mass. Sept. 29, 2018) ("failure to oppose this argument amounts to a waiver of any objection to it").

### B. Certification Does Not Interfere with Other Litigation, and the Carve-Out of the *Schlacter* Plaintiffs Is Appropriate.

Defendants argue that it would "improperly interfere" with *Schlacter v. U.S. Department of State*, No. 1:25-cv-01344 (D. Md. 2025), to certify a class in this case because the *Schlacter* plaintiffs could be members of the proposed classes. Opp. at 3. At the same time, Defendants

argue that remedying this alleged issue by *excluding* the named plaintiffs in *Schlacter* from the Classes (as the definition here does) is somehow improper. The Court should reject this gamesmanship.

To start, it is common and proper to craft class definitions to exclude litigants in other cases. Indeed, Defendants' leading case, *Califano v. Yamasaki*, 442 U.S. 682 (1979), said as much. There, the district court certified a Rule 23(b)(2) class that "excluded from the class residents of Hawaii and the Eastern District of Pennsylvania, where suits raising similar issues were known to have been brought" and those "who had participated as plaintiffs or members of a plaintiff class in litigation" relating to "similar issues, if a decision on the merits previously had been rendered." *Id.* at 689. The Supreme Court praised the district court's decision to define the class with "sensitivity to ongoing litigation of the same issue in other districts." *Id.* at 703. And so, unsurprisingly, courts now frequently certify classes containing "carve-outs" akin to the one proposed here. *See, e.g.*, *Healthy Futures of Texas v. Dep't of Health & Hum. Servs.*, 326 F.R.D. 1, 11 (D.D.C. 2018) (litigants in other similar cases); *Fulton v. Bayou Well Servs. LLC*, 208 F. Supp. 3d 798, 803 (N.D. Tex. 2016) (same); *Harris v. Rainey*, 299 F.R.D. 486, 498 (W.D. Va. 2014) (same); *see also Emami v. Mayorkas*, 725 F. Supp. 3d 1046, 1057 (N.D. Cal. 2024) (certain differently situated people); *Pelletier v. Endo Int'l PLC*, 338 F.R.D. 446, 478 (E.D. Pa. 2021) (those whose claims were released in a prior settlement). Defendants put forward ***no*** contrary authority.

Carving out the *Schlacter* Plaintiffs is the very *solution* to Defendants' purported concerns about interference with other litigation. For example, Defendants rely heavily on *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), to argue that the relief must flow to the entire class. *See* Opp. at 4. But that is precisely what the definition sought by Plaintiffs would accomplish: because the *Schlacter* Plaintiffs are not part of the Classes, *Wal-Mart* does not require an injunction to reach

them. Indeed, Defendants are unable to identify ***any*** way in which certifying a class that excludes plaintiffs in parallel litigation would interfere with that litigation.

To get around this straightforward outcome, Defendants argue that this definition is tantamount to creating an "opt-out" from the proposed class. As then-Judge Ketanji Brown Jackson explained in a case carving out plaintiffs in other litigation from a class definition, "it is clear beyond cavil that the 'class definition' and 'opt-out' mechanisms involve different decision makers, serve different functions, and take place at markedly different times." *Healthy Futures*, 326 F.R.D. at 9. As a result, Defendants' discussion of the issues that can arise from opt-outs is irrelevant: the *Schlacter* exclusion is not an "opt out" in the first place, it is part of the class definition. *See id.*

Finally, while Defendants suggest that approving class definitions containing "carve-outs" would create "perverse incentive[s] for plaintiffs," Opp. at 5, it is *Defendants'* proposed reading of Rule 23 that would "yield[] absurd results," *Healthy Futures*, 326 F.R.D. at 10. As then-Judge Jackson put it, Defendants' approach "effectively creates a '*Hunger Games*'-tinged race to the courthouse, in which similarly situated plaintiffs who seek injunctive relief for their own benefit must be the first in the door *and* must also volunteer as tribute for the benefit of all other potential plaintiffs by asserting their claims as a class action." *Id.*[1]

[1] If the Court is inclined to deny certification on the basis of the carve-out alone, Plaintiffs have no objection to simply removing it and approving the class definitions as they otherwise were drafted. *See, e.g.*, *Okla. Firefighters Pension & Ret. Sys. v. Biogen Inc.*, 348 F.R.D. 268, 283 (D. Mass. 2025) (explaining that courts may alter proposed class definitions).

### C. Ascertainability Is Not Required for Rule 23(b)(2) Class Certification, and in Any Event, the Proposed Class Members Are Ascertainable.

Defendants argue that class membership is "impossible for the Court to ascertain" or "subjective." Opp. at 7. Those purported "requirements" for class certification are incorrect as a matter of law. And even if ascertainability were required, this case still satisfies that requirement.

As a matter of law, the First Circuit has held that ascertainability is not required where, as here, plaintiffs seek to certify a Rule 23(b)(2) class. *See* Mot. at 9 n.3 (citing *Diggs v. Mici*, 2024 WL 4425654, at *3 n.1 (D. Mass. Sept. 30, 2024); Newberg and Rubenstein on Class Actions § 3:7 (6th ed.)). While the First Circuit has read the implied requirement of ascertainability into Rule 23(b)**(3)** classes for monetary relief, it has declined to do so for Rule 23(b)**(2)** classes for injunctive relief. *See, e.g.*, *Yaffe v. Powers*, 454 F.2d 1362, 1366 (1st Cir. 1972), *abrogated on other grounds by Gardner v. Westinghouse Broad. Co.*, 437 U.S. 478 (1978) ("[A]ctual membership of [a Rule 23(b)(2)] class need not . . . be precisely delimited" because individual notice to "class [members] is not required."); 1 McLaughlin on Class Actions § 4:2 (19th ed.).

None of Defendants' authorities says otherwise. Defendants' only First Circuit case is *Crosby v. Social Security Administration*, 796 F.2d 576 (1st Cir. 1986), but, as another court in this circuit has explained in rejecting this same argument, *Crosby* was an unusual injunctive-relief case because "unlike here, notification to every class member would have been required, thus the class members had to be readily ascertainable, *i.e.*, ascertainable without 'individualized fact-finding and litigation.'" *Kenneth R. ex rel. Tri-Cnty. CAP, Inc./GS v. Hassan*, 293 F.R.D. 254, 264 (D.N.H. 2013). In *Crosby*, the issue was whether Social Security adjudications were unconstitutionally delayed, and the Supreme Court had previously held that courts could not impose mandatory time limits on those adjudications; in light of that, the plaintiffs requested a declaration that "unreasonable" delays were unlawful and specifically sought relief in the form of individual

notices informing class members of their rights. *Crosby*, 796 F.2d at 578. The First Circuit found that a determination about whether a delay was "unreasonable" is fact-specific, and that the proposed notices would require individualized assessments. *Id.* at 589–90. None of that applies in a typical Rule 23(b)(2) case like this one, and such individualized fact-finding is not required here.

If the Court nevertheless concludes ascertainability is required, this case is both administratively feasible and has "ascertainable" classes. Similar class actions by transgender plaintiffs in various circumstances have been certified under Rule 23(b)(2). *See, e.g.*, *Toomey v. Arizona*, 2020 WL 2465707, at *5 (D. Ariz. May 12, 2020); *Flack v. Wis. Dep't of Health Servs.*, 331 F.R.D. 361, 370 (W.D. Wis. 2019). Here—unlike Defendants' cases—no individualized fact-finding about class members' entitlement to relief is necessary. *See* Mot. at 10–14 (explaining why key questions are common), 19 (explaining why indivisible injunction would provide class-wide relief). Class members all seek the same Rule 23(b)(2) equitable remedies: an injunction against the Policy and reinstatement of the prior policy permitting selection of a sex marker, including an "X" designation, on U.S. passports.

Similarly, though the standard of the classes being defined by "objective criteria" is inapplicable, if the Court concludes it is required, both Classes satisfy it. If someone's gender does not align with the definitions in the EO and they want or will want a passport, they are in the Classes. That is objective. Someone can demonstrate that they want a passport by applying—it does not require delving into unexpressed mental "desires." Opp. at 8. The government needs no guesswork to comply with the injunction: just as it did before the Policy, if someone applies for a passport with an "M," "F," or "X" sex marker, the government simply needs to honor that choice, rather than substituting its own (subjective) judgment about their sex.

May 21, 2025

Respectfully submitted,

/s/ *Isaac D. Chaput*
Isaac D. Chaput (*pro hac vice*)
William P. Kasper (*pro hac vice*)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: 415-591-6000
Facsimile: 415-591-6091
ichaput@cov.com
wkasper@cov.com

Jessie J. Rossman (BBO # 670685)
Zoe R. Kreitenberg (BBO #715356)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza, Suite 850
Boston, MA 02108
Telephone: 617-482-3170
jrossman@aclum.org
zkreitenberg@aclum.org

Jon W. Davidson (*pro hac vice*)
(admitted only in California)
Li Nowlin-Sohl (*pro hac vice*)
(admitted only in Washington)
Sruti J. Swaminathan (*pro hac vice*)
Malita V. Picasso (*pro hac vice*)
James D. Esseks (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2500
Facsimile: 212-549-2650
jondavidson@aclu.org
lnowlin-sohl@aclu.org
sswaminathan@aclu.org
mpicasso@aclu.org
jesseks@aclu.org

Aditi Fruitwala (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION

FOUNDATION
915 15th St. NW
Washington, DC 20005
afruitwala@aclu.org

Ansel F. Carpenter (*pro hac vice*)
Gavin W. Jackson (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: 424-332-4758
Facsimile: 424-332-4749
acarpenter@cov.com
gjackson@cov.com

Jonathan Thompson (*pro hac vice*)
Sean M. Bender (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: 202-662-5891
Facsimile: 202-778-5891
jthompson@cov.com
sbender@cov.com

Robert C. Gianchetti (*pro hac vice*)
Yuval Mor (*pro hac vice*)
Alyssa L. Curcio (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: 212-841-1000
Facsimile: 212-841-1010
rgianchetti@cov.com
ymor@cov.com
acurcio@cov.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2025, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

*/s/ Isaac D. Chaput*
Isaac D. Chaput