IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASHTON ORR, *et al.*,<br><br>      *Plaintiffs*,<br><br>    v.<br><br>DONALD J. TRUMP, *et al.*,<br>      *Defendants*. | Case No. 1:25-cv-10313-JEK |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF DAVID DOE'S MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiff David Doe ("Doe") moves to proceed under pseudonym to protect his privacy and safety. Courts have granted similar requests from similarly situated transgender plaintiffs in similar litigation. Indeed, on February 19, 2025, Plaintiffs filed a Motion for Leave to Proceed Pseudonymously (ECF 38), requesting that Plaintiffs Bella Boe and Sawyer Soe be permitted to proceed pseudonymously in this action. On March 18, 2025, the Court granted that motion and entered a Protective Order governing disclosure of Boe and Soe's identity (ECF 59), holding that "the public disclosure of their gender identities could have a chilling effect on similarly situated future litigants." ECF 60 at 3–4. Doe is one such similarly situated litigant deserving the protections of pseudonymous litigation.

Doe is a transgender man who seeks to renew his passport with the sex designation that reflects the sex he knows himself to be and lives and expresses himself as. Doe brings this action for declaratory and injunctive relief arising out of the United States government's new arbitrary and unlawful policy, under which Defendants are refusing to issue passports to otherwise eligible Americans because they are transgender, intersex, or nonbinary—except on terms that expose them

1

to grievous harms and violate their constitutional rights to equal protection, travel, privacy, and free speech and flout the Administrative Procedure Act (the "APA").

Doe respectfully requests that the Court allow him to proceed under a pseudonym while redacting identifying information. Doe wishes to protect his privacy and safety and avoid exposure to discrimination and harassment. As a transgender person, Doe is a member of a group subject to frequent discrimination, harassment, and even violence on account of his transgender status. Moreover, Doe's transgender status is highly personal and involves private information and revealing it publicly without his consent would disclose sensitive medical information.

For the reasons set forth below, Doe respectfully asks this Court for permission to participate in this action using a pseudonym to safeguard his privacy and safety. Doe has no objection, however, to providing the name he uses to Defendants, their counsel, and the Court, under the terms of the current Protective Order. *See* ECF 59.[1] Finally, in moving to proceed under pseudonym, Doe does not intend to prevent the public from observing the proceedings or rulings of this Court under adequate protections, but only to prevent public disclosure of his identity. Defendants' counsel have indicated that Defendants do not oppose the grant of this motion.

## **LEGAL STANDARD**

Courts in this Circuit "enjoy broad discretion" to allow parties to proceed under a pseudonym. *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 70 (1st Cir. 2022); *see id.* at 67–69 (explaining that the presumption of public access does not foreclose use of pseudonym in civil litigation). To assess whether proceeding under a pseudonym is warranted, courts must balance "the interests asserted by the movant in favor of privacy against the public interest in transparency," considering

---

[1] Concurrently, the Parties are filing a joint motion to amend the existing protective order to include Doe.

the totality of the circumstances and any prejudice (or lack thereof) to the opposing party. *Id.* at 72. The First Circuit has identified four paradigmatic situations in which proceeding under a pseudonym is appropriate, including where (1) there is a risk of "unusually severe harm"; (2) identifying the plaintiffs would harm "non-parties"; (3) it is "necessary to forestall a chilling effect on future litigants who may be similarly situated"; or (4) the lawsuit is "bound up with a prior proceeding made confidential by law." *Doe v. Town of Lisbon*, 78 F.4th 38, 46 (1st Cir. 2023). But courts have cautioned that these are "non-exhaustive 'paradigms,'" *Doe v. Del Toro*, 2024 WL 816511, at *2 (D. Mass. Feb. 27, 2024) (quoting *Mass. Inst. of Tech.*, 46 F.4th at 70–72), that are "rough cuts," and do not "capture the entire universe of cases in which pseudonymity may be appropriate[.]" *Mass. Inst. of Tech.*, 46 F.4th at 72.

## ARGUMENT

The Court should grant Doe's motion to proceed under pseudonym. Doe's privacy and safety interests are strong because disclosing his identity and transgender status without his consent would inflict considerable harm. Allowing Doe to proceed pseudonymously will result in no prejudice to Defendants because Doe is not objecting to providing his name to Defendants (under appropriate confidentiality restrictions) or to this Court and, indeed, Defendants do not oppose this motion. In addition, although not required, Doe's circumstances satisfy at least the first and third paradigms from *MIT*: revealing Doe's identity publicly would cause unusually severe psychological and emotional harm and have a chilling effect on other transgender people.

**I.    Revealing Doe's Identity Would Cause Him Unusually Severe Harm.**

Federal courts, including in this Circuit, have recognized the inherently sensitive nature of a litigant's gender identity, and therefore have granted motions to proceed under a pseudonym brought by adult transgender litigants. *See, e.g.*, *Doe v. United States*, 2024 WL 4495107, at *2 (D. Mass. Oct. 15, 2024) (granting pseudonymous motion brought by a transgender woman in an

action against a U.S. Customs and Border Protection officer who allegedly subjected her to unwanted sexual contact while in custody); *Arroyo Gonzalez v. Rossello Nevares*, 305 F. Supp. 3d 327, 333–34 (D.P.R. 2018) (holding that "forced disclosure of a transgender person's most private information"—that being "their transgender status"—violates "their constitutional right to informational privacy"). Other courts have also recognized that involuntary disclosure of a person's gender identity, which does not align with their sex assigned at birth, exposes individuals "to a substantial risk of stigma, discrimination, intimidation, violence, and danger." *Arroyo Gonzalez*, 305 F. Supp. 3d at 333; *see also Doe v. Blue Cross & Blue Shield of R.I.*, 794 F. Supp. 72, 73 (D.R.I. 1992) (noting that "in this era of seemingly increased societal intolerance," the court "will not strip plaintiff of the cloak of privacy which shields him from the stigmatization he might otherwise endure").

The stigma associated with being transgender means that public association with this lawsuit could subject Doe to substantial harassment, severe mental harm, and even physical violence. Doe is a transgender man who was diagnosed with gender dysphoria in 2014.[2] Doe has lived as a male in all aspects of his life since 2014. Doe Decl. (ECF 78-9) ¶ 5. Doe is currently known only as a male and has taken steps to change his name and to update his identity documents. *Id.* ¶ 7. Due to the threat of harassment and violence faced by transgender people, Doe carefully chooses how he decides to share this information. Doe has changed his state-issued driver's license to reflect his changed sex designation, which has allowed him to live without fear of his gender identity being questioned when using his license. *Id.* ¶¶ 7, 17. This fear, however, has become

---

[2] Gender dysphoria is a medically recognized condition defined by a marked incongruence between a person's gender identity and the sex they were assigned at birth, when accompanied by clinically significant distress or impairment in social, occupational, or other important areas of functioning. *See, e.g.*, Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders: DSM-5-TR at 512–13 (2022).

4

exacerbated by the recent public discourse over transgender issues, which has become emotionally charged—and, in many cases, vitriolic. As stated by the Seventh Circuit, "[t]here is no denying that transgender individuals face discrimination, harassment, and violence because of their gender identity." *See Whitaker By Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1051 (7th Cir. 2017).

Although Doe has at times in the past publicly shared certain aspects of his life as a transgender man by speaking to news outlets or posting on social media, given the significant and vitriolic change in public discourse around transgender people in recent years, Doe no longer feels safe sharing this information. Doe is fearful about being targeted for his transgender identity, particularly in the current, hostile political climate. Doe Decl. ¶ 15. Further, Doe is concerned about the effects and dangers that publicity stemming from this case could create for his family.

It would be paradoxical and unjust to require a plaintiff to subject themself to the very harms of discrimination and harassment they seek to prevent through litigation by requiring them to disclose their identity publicly against their will. *See Roe v. Ingraham*, 364 F. Supp. 536, 541 n.7 (S.D.N.Y. 1973) (explaining "if plaintiffs are required to reveal their identity prior to the adjudication on the merits of their privacy claim, they will already have sustained the injury which by this litigation they seek to avoid"); *see also Doe v. O'Neill*, 1987 WL 859818, at *2 (R.I. Super. Jan. 6, 1987) ('If plaintiffs are required to reveal their identity prior to the adjudication of the merits of their privacy claim, they will already have sustained the injury which by this litigation they seek to avoid.' (quoting *Ingraham*, 364 F. Supp. at 541 n.7)).

Doe's well-founded fears are based on the widespread misunderstanding of, and hostility towards, transgender people, which has resulted in discrimination and harassment, as well as the prevalence of violence against transgender individuals. The threat of physical harm to transgender

5

individuals due to the disclosure of their transgender status is real and increasing.[3]  Based on the above, Doe's fears that he will be exposed to an increased risk of discrimination, harassment, and even violence should his transgender status become publicly known, are eminently reasonable, especially because the harm threatened is particularly severe.  These circumstances are consistent with the first *MIT* paradigm.  Revealing the identity of Doe would undoubtably pose "a risk of retaliatory physical or mental harm." *See Mass. Inst. of Tech.*, 46 F.4th at 71.

## II.    Revealing Doe's Identity Risks a Chilling Effect on Similarly Situated Individuals.

Allowing Doe to proceed pseudonymously is independently necessary to forestall a chilling effect on future litigants who may be similarly situated.  *See id.*  This Court has recognized the same in this very litigation.  In granting Boe and Soe's motion to proceed pseudonymously, the Court concluded: "Allowing the Doe Plaintiffs to proceed by pseudonym will forestall a chilling effect on future transgender or nonbinary litigants, who might otherwise be deterred from participating in litigation due to the risk that their transgender or nonbinary status might be publicly disclosed or that such disclosure could lead to discrimination or violence."  *See* ECF 60 at 4–5.  The same observations apply to Doe and warrant pseudonymous litigation for him as well.

The First Circuit has explained that a deterrence concern typically arises in cases involving "intimate issues such as sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors."  *Id.* (citing *In re Sealed Case*, 971 F.3d 324, 327 (D.C. Cir.

---

[3] *See, e.g.*, The National Center for Transgender Equality, *Injustice at Every Turn, A Report of the National Transgender Discrimination Survey*, https://transequality.org/sites/default/files/docs/resources/NTDS_Report.pdf (last accessed Apr. 29, 2025); Human Rights Campaign Foundation, *The Epidemic of Violence Against the Transgender & Gender-Expansive Community in the U.S.: The 2024 Report*, https://reports.hrc.org/an-epidemic-of-violence-2024 (last accessed Apr. 29, 2025); *see also* The Trevor Project, *The Mental Health and Well-being of LGBTQ Youth who are Intersex*, at 4, https://www.thetrevorproject.org/wp-content/uploads/2021/12/Intersex-Youth-Mental-Health-Report.pdf (last accessed Apr. 29, 2025).

2020)). One's gender identity is "among the most intimate parts of one's life." *Blue Cross & Blue Shield of R.I.*, 794 F. Supp. at 74. In granting Boe and Soe's motion to proceed pseudonymously, this Court observed that "[m]uch like matters relating to marriage, procreation, contraception, family relationships, and child rearing, 'there are few areas which more closely intimate facts of a personal nature' than one's transgender status." *See* ECF 60 at 4 (citing *Arroyo Gonzalez*, 305 F. Supp. 3d at 333 (quoting *Doe v. Town of Plymouth*, 825 F. Supp. 1102, 1107 (D. Mass. 1993))).

It is equally true for Doe as it was for Boe and Soe that this case implicates multiple "intimate issues" identified by the First Circuit as creating a deterrence concern, including bodily autonomy and medical concerns. *See Blue Cross & Blue Shield of R.I.*, 794 F. Supp. at 74. Doe's fears of being outed in the process of vindicating his rights under the U.S. Constitution—and having his medical diagnoses, treatments, and his need for bodily autonomy laid bare to all who become aware that he is a plaintiff in this lawsuit—is so palpable that he would have to consider dropping his claims against Defendants should this motion be denied. Doe would not be alone in having to weigh his desire in vindicating his constitutional rights against the danger of being publicly exposed. While some individuals may be willing to undertake the risks of proceeding publicly in a case of this nature, many (including Doe) are not willing to be identified as a plaintiff in a lawsuit like this in light of the vitriolic public discourse over transgender issues, the documented incidents of transgender individuals being victimized in hate crimes, and the exposure to additional anguish that can exacerbate gender dysphoria. Without sufficient confidentiality, these factors will inevitably deter individuals similarly situated to Doe from litigating.

**III.     Granting Doe's Motion Will Not Prejudice Defendants.**

Defendants will suffer no prejudice from Doe proceeding under pseudonym. *See Mass. Inst. of Tech.*, 46 F.4th at 72 (explaining that denial for prejudice is "rare" and requires showing of "prospect of serious prejudice"). Indeed, as noted above, Defendants do not oppose this motion.

7

Doe's request is narrowly tailored: it does not affect any aspect of the case other than revealing a plaintiff's identity widely to the public.

The fact that each Defendant in this action is either a government entity or official weighs in favor of granting leave to proceed under a pseudonym. *See, e.g.*, *EW v. N.Y. Blood. Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) ("[W]here a plaintiff attacks governmental activity … the plaintiff's interest in proceeding anonymously is considered particularly strong."). This is because the plaintiff "presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights," while "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *Id.*; *see also Doe v. United States Dep't of State*, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015). As such, the fact that Doe is suing only governmental defendants weighs in favor of allowing him to proceed using a pseudonym.

## **CONCLUSION**

In short, forcing Doe to use his real name would expose his private medical information and subject him to intolerable risks of harassment and severe mental and physical harm. Conversely, by obtaining the Court's leave to pursue this case under pseudonym, Doe would be able to vindicate his constitutional rights in court without detracting from Defendants' ability to litigate this case or from the public's ability to appreciate the issues at stake.

For the foregoing reasons, Doe respectfully requests that his Motion to Proceed Under Pseudonym be granted.

*[Signatures on following pages]*

May 21, 2025                                    Respectfully submitted,

/s/ *Isaac D. Chaput*
Isaac D. Chaput (*pro hac vice*)
William P. Kasper (*pro hac vice*)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: 415-591-6000
Facsimile: 415-591-6091
ichaput@cov.com
wkasper@cov.com

Jessie J. Rossman (BBO # 670685)
Zoe R. Kreitenberg (BBO #715356)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza, Suite 850
Boston, MA 02108
Telephone: 617-482-3170
jrossman@aclum.org
zkreitenberg@aclum.org

Jon W. Davidson (*pro hac vice*)
   (admitted only in California)
Li Nowlin-Sohl (*pro hac vice*)
   (admitted only in Washington)
Sruti J. Swaminathan (*pro hac vice*)
Malita V. Picasso (*pro hac vice*)
James D. Esseks (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2500
Facsimile: 212-549-2650
jondavidson@aclu.org
lnowlin-sohl@aclu.org
sswaminathan@aclu.org
mpicasso@aclu.org
jesseks@aclu.org

Aditi Fruitwala (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION

9

FOUNDATION
915 15th St. NW
Washington, DC 20005
afruitwala@aclu.org

Ansel F. Carpenter (*pro hac vice*)
Gavin W. Jackson (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: 424-332-4758
Facsimile: 424-332-4749
acarpenter@cov.com
gjackson@cov.com

Jonathan Thompson (*pro hac vice*)
Sean M. Bender (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: 202-662-5891
Facsimile: 202-778-5891
jthompson@cov.com
sbender@cov.com

Robert C. Gianchetti (*pro hac vice*)
Yuval Mor (*pro hac vice*)
Alyssa L. Curcio (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: 212-841-1000
Facsimile: 212-841-1010
rgianchetti@cov.com
ymor@cov.com
acurcio@cov.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 21, 2025, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

                                              */s/ Isaac D. Chaput*
                                              Isaac D. Chaput