IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ASHTON ORR et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *in his official capacity as President of the United States*, et al., <br><br> *Defendants*. | Civil Action No. 1:25-cv-10313 |

### DEFENDANTS' BRIEF IN RESPONSE TO ORDER

Pursuant to the Court's May 27, 2025, Order, Defendants respectfully submit this brief in response to the Court's proposed class definitions. *See* Order, ECF No. 104.[1] Defendants maintain that neither class should be certified for the reasons articulated in its opposition to Plaintiff's motion for class certification. *See* Defs.' Opp'n to Mot. for Class Cert., ECF No. 88 ("Def's Opp'n"). While the Court's alterations to Plaintiffs' proposed definitions are necessary, those alterations are insufficient to satisfy Rule 23.

As an initial matter, the Court's revised class definitions cure some deficiencies in Plaintiffs' proposed definitions. The Court appropriately limited the first class to trans-identifying people and people "who have been diagnosed with gender dysphoria," and the second class to "non-binary people," because, as the Court explained at the hearing, Plaintiffs' alleged injuries pertain to their membership in one (or more) of those groups. 5/27/2025 Hearing Tr. 11:8–12. Because Plaintiffs' class definitions include any person who wants passports with a particular

---

[1] Defendants are aware that a pro se party intends to file a motion to intervene. Because the motion has not been docketed, Defendants are not responding to the motion to intervene at this time.

marker *for any reason*, many of the purportedly common questions Plaintiffs raise would not apply to a substantial number of putative class members. Plaintiffs' proposed classes would encompass people who do not fall into any of those three categories, and the Government's allegedly unlawful policies could not "work similar harm" to people falling outside of those categories. *Parent/Pro. Advoc. League v. City of Springfield*, 934 F.3d 13, 28 (1st Cir. 2019). The questions raised by Plaintiffs' claims are therefore not common among all members of Plaintiffs' proposed classes because individuals who want sex markers inconsistent with the Policy for unrelated reasons would be swept into those classes as well.

In addition, the Court's proposed definitions address Defendants' ascertainability objection by removing reference to the subjective "wants" of individuals from both class definitions. *See* Defs.' Opp'n at 7–8; *see also* Pls.' Mot. for Class Cert. at 1, ECF No. 77 ("A class of all people who currently want, or in the future will want"). However, the Court's proposed definitions still improperly rely on the ascertainment of a person's subjective state of mind; both classes include people "who, but for the Passport Policy, would apply, for a U.S. passport." ECF No. 104 at 2.

Notwithstanding these improvements, class certification should be denied because class membership is not readily ascertainable. This problem is particularly acute with respect to Plaintiffs' proposed preliminary class. Determining class membership would require individualized assessments of each passport applicant. If the Court certifies both classes using its proposed definitions and extends preliminary relief to the proposed preliminary class, Defendants would have to determine whether a person seeking a M/F passport is trans-identifying or has a gender dysphoria diagnosis, and whether a person seeking an X passport is non-binary, in addition to assessing whether they meet one of the four criteria laid out by Plaintiffs for the preliminary

class.[2] *See* Pls.' Mem. in Supp. of Mot. to Apply Prelim. Inj. To Classes, ECF No. 80 at 6. Because determining class membership would require detailed individualized assessments, class certification should be denied. *See, e.g.*, *Shanley v. Cadle*, 277 F.R.D. 63, 68 (D. Mass. 2011) (declining to certify a 23(b)(2) class because "ascertain[ing] whether an individual was a member of the class it would require the determination of additional facts particular to each putative member . . . or else [the court would] risk sweeping into the class individuals whose factual circumstances were materially different than those of the class representatives[.]").

For the foregoing reasons, as well as the reasons articulated in Defendants' opposition, Defendants respectfully request that the Court deny class certification.

Dated: June 3, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

JEAN LIN
Special Litigation Counsel

*Elizabeth B. Layendecker*
ELIZABETH B. LAYENDECKER
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4252
Fax: (202) 616-5046
E-mail: elizabeth.b.layendecker@usdoj.gov

*Attorneys for Defendants*

---

[2] As the Court suggested during the hearing, were a preliminary class to be certified, it is likely that preliminary class members would have to submit some kind of standardized attestation as to their membership in the preliminary class or otherwise self-identify as a class member. *See* 5/27/2025 Hearing Tr. 41:4–8.

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon Plaintiffs' counsel by the Electronic Case Filing system on June 3, 2025.

*Elizabeth B. Layendecker*
ELIZABETH B. LAYENDECKER