JOSHUA HARRELL
(they/them/their/theirs)
935 Kearny St #65
San Francisco, CA 94133
650-334-9427
joshuaj1729@gmail.com
Self-represented

FILED
IN CLERK'S OFFICE

2025 JUN -2 PM 11: 49

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASHTON ORR *et al.*, | Case No.: 1:25-cv-10313-JEK |
| Plaintiffs, | |
| vs. | |
| DONALD TRUMP *et al.*, | |
| Defendants, | |
| JOSHUA HARRELL, | |
| Prospective Intervenor. | |

This Court invited the parties (ECF 104) to submit briefing by June 3 regarding two proposed class definitions ahead of a potential class certification. Joshua Harrell hereby moves to intervene in this matter for the purposes of (a) arguing in support of Plaintiffs' proposed class definition, (b) arguing against the alternative class definition considered by this Court, and (c) briefing all other matters involving Harrell's interests for which this Court seeks briefing. Harrell moves under FRCP 24(a)(2) as of right[1], because Harrell would be adversely affected if the Court's alternative class definition were chosen, while Plaintiffs' definition is more favorable to Harrell.

---

[1] Alternatively, this Court could permissively allow intervention per Rule 24(b)(1)(B) based on the same factual showing.

- 1 -
Motion to Intervene

1   FRCP 24(a)(2) requires the Court to permit anyone to intervene on a timely motion upon three prerequisites: "there must be an adequate interest, a possible impairment of that interest and a lack of adequate representation of that interest by existing parties." (Dimond v. D.C., 792 F.2d 179, 192 (D.C. Cir. 1986)) "The various components of the Rule are not bright lines, but ranges [. . .] Application of the Rule requires that its components be read not discretely, but together." (United States v. Hooker Chemicals & Plastics Corp., 749 F.2d 968, 983 (2d Cir. 1984)) "The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." (Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538, 92 S. Ct. 630, 636, 30 L. Ed. 2d 686 (1972)). The adequacy question involves three factors: "(1) Are the interests of a present party in the suit *955 sufficiently similar to that of the absentee such that the legal arguments of the latter will undoubtedly be made by the former; (2) is that present party capable and willing to make such arguments; and (3) if permitted to intervene, would the intervenor add some necessary element to the proceedings which would not be covered by the parties in the suit?" (Blake v. Pallan, 554 F.2d 947, 954–55 (9th Cir. 1977)) An intervenor may intervene in opposition to the status quo and in support of affirmative relief (Trbovich).

**Interest:** Harrell is a United States citizen. Like all US citizens, Harrell has an interest in traveling internationally, using a US passport that correctly identify Harrell.

**Impairment:** Harrell's sex and gender are nonbinary. Under the status quo, Defendants' passport policy, which Plaintiffs seek to overturn, only allows the issuance of US passports with male or female markers, apparently denying nonbinary American citizens like Harrell passports, and with them, the right to travel internationally under the imprimatur of the Secretary of State. If the Court adopted the Court's alternative class definition, then Harrell could be subjected to a currently undefined and potentially burdensome process to prove that Harrell is nonbinary, just to avail themself of whatever relief this Court may grant. Worse yet, **Defendants already expressly deny that nonbinary people even exist**. Defendants might maliciously comply with the class definition by arguing that it is a class of size zero, and thus Defendants are not obligated to carry out any relief.

**Inadequate representation:** Defendants cannot provide adequate representation, because Defendants wish for the opposite disposition Harrell desires. Plaintiffs are represented by the private law firm Covington & Burling, as well as the American Civil Liberties Union. Neither Plaintiffs nor their attorneys are government organizations, so they cannot be assumed to have a general responsibility to represent the people, as in State v. Dir., U.S. Fish & Wildlife Serv., 262 F.3d 13, 18 (1st Cir. 2001). In many ways, Harrell admires the contributions Plaintiffs and their counsel have made to this case. However, Plaintiffs have declined to raise at least two necessary arguments that Harrell intends to raise: the hazard of criminal prosecution, and timeliness. Plaintiffs are right (ECF 30, p. 20-21) that Defendants' passport policy implicates the right to travel. However, it appears that Plaintiffs have not raised the issue that the hazard of Defendants' policy is not only traveling with an incorrect document, but also subjecting oneself to potential federal criminal prosecution under, inter alia, 18 USC §1001, for material false representations for falsely stating that one is male or female, simply to obtain a passport and travel. Furthermore, it has been almost four months since the complaint was originally brought, and there still is no Court order extending relief beyond the named Plaintiffs, even though ostensibly millions of other Americans are entitled to the same major civil rights relief that Plaintiffs are. The docket is devoid of evidence that Plaintiffs sought to expedite the relief. In fact, Plaintiffs twice apparently granted consent for a Consent Motion to extend Defendants' time to file an Answer or other responsive motion, a filing that could contribute more rapidly to the final disposition of this case. Harrell is impatient to be treated with the Constitutional guarantee of equal protection.

**Timeliness:** This Court invited the parties to brief the issue of the Court's new proposed class definition on May 27, 2025. Harrell filed this motion soon after.

DATED: May 30, 2025

*/s/ Joshua Harrell*
Joshua Harrell