UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASHTON ORR, *et al.*,<br><br>　　　　　　　*Plaintiffs*,<br><br>　　v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>　　　　　　　*Defendants*. | Case No. 1:25-cv-10313-JEK |

**PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE**

Plaintiffs entirely understand and respect putative class member and proposed intervenor Joshua Harrell's desire to receive relief and their concerns about being excluded from that relief if the class definitions are overly narrow or if the passport application process is overly burdensome. Plaintiffs respectfully submit, however, that Harrell's intervention is not warranted because their interests are adequately represented by Plaintiffs and their counsel.

Intervention as of right is warranted only when the proposed intervenor demonstrates "a realistic threat that resolution of the pending action will hinder [their] ability to effectuate [their] interest [in the action] and . . . the absence of adequate representation by any existing party." *SEC v. LBRY, Inc.*, 26 F.4th 96, 99 (1st Cir. 2022) (cleaned up). "When a proposed intervenor's objective aligns seamlessly with that of an existing party[,] a rebuttable presumption of adequate representation attaches." *Id.* (cleaned up). Plaintiffs and Harrell share the same "ultimate objective," *Resol. Tr. Corp. v. City of Bos.*, 150 F.R.D. 449, 452 (D. Mass. 1993), of the Passport Policy being enjoined or vacated and Harrell (like all putative class members) receiving a passport that aligns with their gender identity. After all, Harrell is a putative class member, the Named Plaintiffs are typical and adequate class representatives, and Plaintiffs' counsel are appropriate and adequate class counsel. *See* ECF 78 at 14–20; *see also Swinton v. SquareTrade, Inc.*, 960 F.3d 1001, 1005 (8th Cir. 2020) ("There is a presumption of adequate representation when the persons attempting to intervene are members of a class already involved in the litigation.").

As a result of the presumption—and reality—of adequate representation, Harrell's burden to show inadequacy is "heavy," *LBRY, Inc.*, 26 F.4th at 99, and they "ordinarily must demonstrate adversity of interest, collusion, or nonfeasance," *Resol. Tr. Corp.*, 150 F.R.D. at 451 (cleaned up). Harrell asserts none of these. Instead, Harrell argues that they would raise two "arguments" that Plaintiffs have not—about the possibility of prosecutions and the speed of the suit. ECF 109 at 3.

1

But a "desire to present an additional argument or a variation on an argument," like that about prosecutions, is insufficient to warrant intervention. *LBRY, Inc.*, 26 F.4th at 99–100.[1] And as for speed, Plaintiffs share Harrell's desire for prompt resolution of this important issue. That is why Plaintiffs have, at every step of the proceedings, sought to move this case expeditiously: filing the Complaint less than three weeks after the challenged Executive Order issued, moving for a nationwide stay and a preliminary injunction soon thereafter, and moving for class certification and application of the injunction to the classes less than two weeks after the Court issued a preliminary injunction as to six of the Named Plaintiffs and declined to enter a nationwide stay. At any rate, "a difference in litigation tactics" cannot "support a finding of inadequate representation." *Id*.

Plaintiffs will continue zealously defending Harrell's rights, just like those of every putative class member, and submit that individual intervention is not necessary to protect those interests.[2]

|  |  |
|---|---|
|  | Respectfully submitted, |
| June 13, 2025 | */s/ Isaac D. Chaput*<br>Isaac D. Chaput (*pro hac vice*)<br>William P. Kasper *(pro hac vice)*<br>COVINGTON & BURLING LLP<br>Salesforce Tower<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105<br>Telephone: 415-591-6000<br>Facsimile: 415-591-6091 |

---

[1] Plaintiffs also disagree that it is wise to give credence to an argument that anyone exposes themselves to a perjury prosecution for following the Government's instructions regarding the sex they should list on their passport application (even when those instructions are legally invalid). For avoidance of doubt, any such prosecution would be legally baseless.

[2] For fundamentally the same reasons—and considerations of efficiency—permissive intervention is not warranted either. *See, e.g.*, *Victim Rts. L. Ctr. v. Rosenfelt*, 988 F.3d 556, 564 (1st Cir. 2021).

ichaput@cov.com
wkasper@cov.com

Jessie J. Rossman (BBO # 670685)
Zoe Kreitenberg (BBO # 715356)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS,
INC.
One Center Plaza, Suite 850
Boston, MA 02108
Telephone: 617-482-3170
jrossman@aclum.org
zkreitenberg@aclum.org

Jon W. Davidson (*pro hac vice*)
    (admitted only in California)
Li Nowlin-Sohl (*pro hac vice*)
    (admitted only in Washington)
Sruti J. Swaminathan (*pro hac vice*)
Malita V. Picasso (*pro hac vice*)
James D. Esseks (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2500
Facsimile: 212-549-2650
jondavidson@aclu.org
lnowlin-sohl@aclu.org
sswaminathan@aclu.org
mpicasso@aclu.org
jesseks@aclu.org

Aditi Fruitwala (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St. NW
Washington, DC 20005
afruitwala@aclu.org

Ansel F. Carpenter (*pro hac vice*)
Gavin W. Jackson (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: 424-332-4758

3

        Facsimile: 424-332-4749
        acarpenter@cov.com
        gjackson@cov.com

        Jonathan Thompson (*pro hac vice*)
        Sean M. Bender (*pro hac vice*)
        COVINGTON & BURLING LLP
        One CityCenter
        850 Tenth Street, NW
        Washington, DC 20001
        Telephone: 202-662-5891
        Facsimile: 202-778-5891
        jothompson@cov.com
        sbender@cov.com

        Robert C. Gianchetti (*pro hac vice*)
        Yuval Mor (*pro hac vice*)
        Alyssa L. Curcio (*pro hac vice*)
        COVINGTON & BURLING LLP
        The New York Times Building
        620 Eighth Avenue
        New York, NY 10018
        Telephone: 212-841-1000
        Facsimile: 212-841-1010
        rgianchetti@cov.com
        ymor@cov.com
        acurcio@cov.com

        *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2025, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

        */s/ Isaac D. Chaput*
        Isaac D. Chaput