UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ASHTON ORR, ZAYA PERYSIAN, SAWYER SOE, CHASTAIN ANDERSON, DREW HALL, BELLA BOE, REID SOLOMON-LANE, VIKTOR AGATHA, DAVID DOE, AC GOLDBERG, RAY GORLIN, AND CHELLE LEBLANC, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States; U.S. DEPARTMENT OF STATE; MARCO RUBIO, in his official capacity as Secretary of State; and UNITED STATES OF AMERICA, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:25-cv-10313-JEK |

**ORDER OF PRELIMINARY INJUNCTION**

**KOBICK, J.**

For the reasons set forth in the Memorandum and Order issued today, ECF 115, the plaintiffs' motion to apply the preliminary injunction to a subset of the M/F and X Designation Classes, ECF 79, is GRANTED. Pursuant to Federal Rule of Civil Procedure 65(a), the Court ORDERS as follows:

1. The Preliminary Injunction Class ("PI Class") shall include all individuals who are: (1) a member of the M/F Designation Class or the X Designation Class; and (2) either (a) do not have a currently valid passport, (b) need to renew their current passport because it expires within one year, (c) need to make changes to their passport to have the sex designation on it align with

their gender identity or to reflect a name change, or (d) need to apply for another passport because their passport was lost, stolen, or damaged.

2.      Defendants Marco Rubio, in his official capacity as Secretary of State, and the U.S. Department of State (jointly, the "Agency Defendants"), as well as all officers, agents, employees, attorneys, and any other persons acting in concert with or behalf of the Agency Defendants, are ENJOINED from enforcing the Passport Policy, as that term is defined in today's Memorandum and Order, *see* ECF 115, at 1-2, as to members of the PI Class. The Agency Defendants are further ENJOINED to process and issue passports to members of the PI Class consistent with the State Department's policy as of January 19, 2025, and to permit members of the PI Class to self-select a sex designation—"M," "F," or "X"—that is different from the sex assigned to those individuals under the Passport Policy.

3.      If the Agency Defendants conclude that it is necessary to request additional information to determine whether a passport applicant is a member of the PI Class, they may instruct applicants to attest, by checking a box, to the following statement when they submit their passport application: "If I am selecting a sex marker that is different than the sex on my original birth certificate, or if I am selecting an 'X' sex marker, I confirm that a least one of the following is true: (1) my gender identity is different from the sex assigned to me at birth, or (2) I have been diagnosed with gender dysphoria. I further confirm that I am applying for a passport because one of the following is true: (1) I do not have a currently-valid passport, (2) I need to renew my current passport because it expires within one year, (3) I need to make changes to my passport to have the sex designation on it align with my gender identity or to reflect a name change, or (4) I need to apply for another passport because my passport was lost, stolen or damaged."

4.       No security under Federal Rule of Civil Procedure 65(c) is necessary or warranted in the circumstances of this case, as the class members seek to vindicate important constitutional and statutory rights, and the defendants have not requested any security.

5.       This preliminary injunction shall take effect immediately upon the docketing of this Order and shall remain in effect until the entry of judgment in this matter, unless this Court, the United States Court of Appeals for the First Circuit, or the United States Supreme Court orders otherwise.

SO ORDERED.

Dated: June 17, 2025

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE