## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ASHTON ORR et al.,

     *Plaintiffs*,

v.

DONALD J. TRUMP, *in his official capacity as President of the United States*, et al.,

     *Defendants*.

Civil Action No. 1:25-cv-10313

### ANSWER

Defendants hereby answer Plaintiffs' Amended Complaint (Apr. 25, 2025), ECF No. 76.

### INTRODUCTION

1.    This paragraph consists of Plaintiffs' characterization of the lawsuit, to which no response is required. To the extent a response is deemed required, denied.

2.    Defendants admit that in 2021, consistent with an executive order issued by former President Biden, the State Department changed its policy permitting applicants to self-select their sex marker as "M," "F," or "X." Previously, however, for decades, administrations of both parties have issued passports with only two options in the sex field: "M" or "F." And for many years, applicants wishing to receive a passport with a sex designation different from their biological sex could change the sex marker only with certain forms of evidence, such as of surgical reassignment or a physician's certification. Defendants deny the remaining allegations in the paragraph.

3.    The paragraph states legal conclusions to which no response is required. To the extent a response is required, denied.

4.    The first sentence of this paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied. Defendants deny the remaining allegations in the paragraph.

5.      Defendants respectfully refer the Court to Executive Order 14168 of January 20, 2025, *Defending Women from Gender Ideology Extremism and Restoring Biological Truth to the Federal Government*, 90 Fed. Reg. 8,615 (Jan. 30, 2024), for a complete and accurate statement of its contents and deny any allegation inconsistent therewith.  Defendants specifically deny that the Executive Order is "unlawful and unconstitutional" or "unmoored from scientific and medical reality."

6.      Defendants admit that they implemented a new passport policy, subject to the Court's preliminary injunctions.

7.      This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed required, denied.

8.      Denied.

9.      Defendants deny the first sentence of this paragraph.  Defendants also deny that passports that align with Plaintiffs' sex are "wrong" and "unusable." Defendants admit that, pursuant to the Executive Order, a plaintiff requested a passport with a female sex marker designation—which was not consistent with the plaintiff's biological sex—and received a passport with a male sex marker—which was consistent with the plaintiff's biological sex.  Defendants admit the third sentence, subject to the Court's preliminary injunctions.  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

10.      This paragraph consists of Plaintiffs' characterization of the lawsuit, to which no response is required.  To the extent a response is deemed required, denied.

## JURISDICTION AND VENUE

11.      This paragraph consists of a legal conclusion, to which no response is required.

12.      This paragraph consists of a legal conclusion, to which no response is required.

13.      This paragraph consists of a legal conclusion, to which no response is required

14.      This paragraph consists of a legal conclusion, to which no response is required.

15.    This paragraph consists of a legal conclusion, to which no response is required.

**PARTIES**

16.    Defendants admit that Plaintiff Orr is a U.S. citizen.  Defendants lack sufficient information to admit or deny the remaining allegation.

17.    Defendants admit that Plaintiff Perysian is a U.S. citizen.  Defendants lack sufficient information to admit or deny the remaining allegation.

18.    Defendants admit that Plaintiff Soe is a U.S. citizen.  Defendants lack sufficient information to admit or deny the remaining allegation.

19.    Defendants admit that Plaintiff Anderson is a U.S. citizen.  Defendants lack sufficient information to admit or deny the remaining allegation.

20.    Defendants admit that Plaintiff Hall is a U.S. citizen.  Defendants lack sufficient information to admit or deny the remaining allegation.

21.    Defendants admit that Plaintiff Boe is a U.S. citizen.  Defendants lack sufficient information to admit or deny the remaining allegation.

22.    Defendants admit that Plaintiff Solomon-Lane is a U.S. citizen.  Defendants lack sufficient information to admit or deny the remaining allegation.

23.    Defendants admit that Plaintiff Agatha is a U.S. citizen.  Defendants lack sufficient information to admit or deny the remaining allegation.

24.    Defendants admit that Plaintiff Doe is a U.S. citizen.  Defendants lack sufficient information to admit or deny the remaining allegation.

25.    Defendants admit that Plaintiff Goldberg is a U.S. citizen.  Defendants lack sufficient information to admit or deny the remaining allegation.

26.    Defendants admit that Plaintiff Gorlin is a U.S. citizen.  Defendants lack sufficient information to admit or deny the remaining allegation.

27.    Defendants admit that Plaintiff LeBlanc is a U.S. citizen.    Defendants lack sufficient information to admit or deny the remaining allegation.

## DEFENDANTS

28.    Defendants admit that Donald Trump is the President of the United States and that he is being sued in his official capacity.    The second sentence of this paragraph consists of a legal conclusion, to which no response is required.

29.    Admitted.

30.    Defendants admit the first sentence.    The remaining sentences of this paragraph consist of legal conclusions, to which no response is required.

31.    This paragraph consists of a legal conclusion, to which no response is required.

32.    Admitted

## ALLEGATIONS

33.    Denied.

34.    Denied.

35.    Denied.

36.    Defendants respectfully refer to the cited joint statement for a full and accurate statement of its contents, and deny any allegations inconsistent therewith.    Defendants specifically do not admit that the content of the statement is correct.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.     Defendants respectfully refer the Court to the definition of Gender Dysphoria in the fifth edition of the *Diagnostic and Statistical Manual of Mental Disorders* (the "DSM-5") and deny any alleged definition to the contrary or inconsistent with that definition. Defendants deny the remaining allegations in paragraph 44.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Admitted.

62.     Admitted.

63.     Admitted.

64.     Denied.

65.     Admitted.

66.     Denied.

67.     Defendants respectfully refer the Court to the cited statement by the American Medical Association for a complete and accurate statement of its contents, and deny any allegation inconsistent therewith.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Admitted.

76.     Admitted.

77.     Admitted.

78.     Admitted.

79.     See ¶ 2, supra.

80.     See ¶ 2, supra.

81.     Defendants admit the first two sentences of this paragraph.  Defendants deny the remaining allegations in this paragraph.

82.     Defendants admit the first sentence of this paragraph.  Defendants respectfully refer the Court to the cited ICAO document for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

83.     Defendants lack sufficient knowledge to admit or deny which countries allow passport holders to use "X" as a passport sex marker, and whether those specific countries allow self-selection.

84.     Admitted.

85.     Defendants admit that EO 14168 was issued on January 20, 2025.  Defendants respectfully refer the Court to EO 14168 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

86.     Defendants respectfully refer the Court to EO 14168 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

87.     See ¶ 86, supra.

88.     See ¶ 86, supra.

89.     See ¶ 86, supra.

90.     See ¶ 86, supra.

91.     See ¶ 86, supra.

92.     See ¶ 86, supra.

93.     See ¶ 86, supra.

94.     Defendants respectfully refer the Court to the cable for complete and accurate statements of its contents, and deny any allegations inconsistent therewith.

95.     Defendants respectfully refer the Court to the cited articles for complete and accurate statements of their contents, and deny any allegations inconsistent therewith.

96.     Denied.

97.     Admitted.

98.     Denied.

99.     Defendants admit the first two sentences of this paragraph.  Defendants lack sufficient knowledge to admit or deny the remaining sentence of this paragraph.

100.    Admitted.

101.    Admitted.

102.    Denied.

103. Denied.

104. Denied.

105. Defendants respectfully refer the Court to the Executive Orders, for a full and accurate statement of their contents and deny any allegation inconsistent therewith.

106. Defendants respectfully refer the Court to the cited statement for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

107. Defendants respectfully refer the Court to the cited statement for a complete and accurate statement of its contents, and deny any allegations inconsistent therewith.

108. Denied.

109. Defendants respectfully refer the Court to EO 14168 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

110. Defendants deny that Plaintiff Orr has lived in West Virginia his entire life, and aver that Plaintiff Orr was born in Ohio. Defendants admit that Plaintiff Orr is 34 years old. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

111. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

112. Defendants admit that Plaintiff Orr's birth certificate states that Plaintiff Orr is female. Plaintiff Orr's sex assigned at birth was female. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

113. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

114. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

115.     Defendants deny that the sex marker on Plaintiff Orr's driver's license is "accurate." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

116.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

117.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

118.     Defendants deny that Plaintiff Orr's "accurate sex designation" is male and that Plaintiff Orr submitted a birth certificate to apply for an updated passport. Defendants admit the remaining allegations in this paragraph.

119.     Admitted.

120.     Defendants admit the first sentence. To the extent that Plaintiffs allege that the State Department ripped Plaintiff Orr's marriage certificate, denied. Defendants lack sufficient information to admit or deny the allegation that the marriage certificate was ripped when it was returned to Plaintiff Orr. Defendants deny that Plaintiff Orr submitted a birth certificate to apply for an updated passport.

121.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

122.     Defendants deny that Plaintiff Orr has "an inaccurate sex designation on his passport." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

123.     Defendants deny that they are "trying to erase [Plaintiff Orr's] identity and remove [Plaintiff Orr's] ability to access accurate identification documents" and that Plaintiff Orr's passport is not "accurate." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

124.    Defendants admit that Plaintiff Perysian is a U.S. citizen born in Michigan who recently turned 23 years of age.  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

125.    Defendants admit that Plaintiff Perysian's birth certificate states that Plaintiff Perysian is a male.  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

126.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

127.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

128.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

129.    Defendants deny that Plaintiff Perysian's male sex marker is "inaccurate." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

130.    Defendants deny that Plaintiff Perysian's female sex marker is "accurate" and that a male sex marker is "inaccurate."  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

131.    Defendants admit that an expedited application to change Plaintiff Perysian's passport's sex marker to female was submitted.  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

132.    Defendants respectfully refer the Court to the notices for a complete and accurate statement of their contents, and deny any allegations inconsistent therewith.

133.    Defendants lack sufficient information to admit or deny the allegations in the first sentence of this paragraph.  Defendants admit the second sentence.  Defendants deny the remaining

allegations in this paragraph, including the allegation that a passport with a sex marker that aligns with Plaintiff Perysian's sex is "unusable."

134.    Defendants deny that Plaintiff Perysian's passport identification is not "accurate." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

135.    Defendants deny the first sentence of this paragraph.  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

136.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

137.    Defendants admit that Plaintiff Soe recently turned 36 years of age. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

138.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

139.    Defendants admit that Plaintiff Soe's birth certificate states that Plaintiff Soe is a female. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

140.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

141.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

142.    Defendants admit that Plaintiff Soe's U.S. passport issued in 2009 with a female sex marker expired in 2019.  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

143.    Defendants admit that Plaintiff Sawyer is unable to obtain an "X" sex marker under the passport policy.  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

144.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

145.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

146.    Defendants admit that Plaintiff Anderson's birth certificate states that Plaintiff Anderson is a male. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

147.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

148.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

149.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

150.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

151.    Defendants admit that Plaintiff Anderson submitted an expedited passport renewal application to change the sex marker to female. Defendants deny that a female sex marker is "accurate." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

152.    Defendants deny that a female sex marker is "accurate." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

153.    Defendants deny that a male sex marker on Plaintiff Anderson's passport is "inaccurate."  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

154.    Defendants deny that a male sex marker on Plaintiff Anderson's passport is "inaccurate."  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

155.    Defendants deny that a male sex marker on Plaintiff Anderson's passport is "inaccurate."  Defendants deny the speculative harms alleged.

156.    Defendants admit that Plaintiff Hall is 25 years old. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

157.    Defendants admit that Plaintiff Hall is a U.S. citizen. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

158.    Defendants admit that Plaintiff Hall's birth certificate states that Plaintiff Hall is a male. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

159.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

160.    Defendants admit that Plaintiff Hall's birth certificate states that Plaintiff Hall is a male. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

161.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

162.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

163.    Defendants deny that Plaintiff Hall's accurate sex marker is female. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

164.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

165.    Defendants deny that Plaintiff Hall's passport with a male sex marker was "inaccurate." Defendants admit the remaining allegations in this paragraph.

166.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

167.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

168.    Defendants deny that documentation with a male sex marker is "inaccurate[.]" Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

169.    Defendants deny that a passport with a male sex marker that aligns with Plaintiff Hall's sex is not "accurate" or "usable." Defendants lack sufficient information to admit or deny the allegations in this paragraph.

170.    Defendants admit that Plaintiff Boe is 19 years old. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

171.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

172.    Defendants admit that Plaintiff Boe's birth certificate states that Plaintiff Boe is a male. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

173.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

174.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

175.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

176.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

177.    Denied.  Defendants further aver that a male sex marker "accurately reflect[s]" Plaintiff Boe's biological sex.

178.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

179.    Defendants admit the first sentence of this paragraph.  Defendants admit that Plaintiff Boe submitted a passport renewal application in January 2025.  Defendants deny the remaining allegations in this paragraph.

180.    Defendants deny that a male sex marker on Plaintiff Boe's passport is "inaccurate[.]" Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

181.    Denied. Defendants specifically deny that a male sex marker on Plaintiff Boe's passport is "inaccurate" and that a female sex marker is "accurate."

182.    Defendants admit that Plaintiff Solomon-Lane is 37 years old. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

183.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

184.    Defendants admit that Plaintiff Solomon-Lane's birth certificate states that Plaintiff Solomon-Lane is a female. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

185.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

186.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

187.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

188.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

189.    Defendants deny that Plaintiff Solomon- Lane is "male" and that a male sex marker on government documents "accurately reflect . . . his being male." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

190.    Defendants admit that Plaintiff Solomon-Lane's passport lists his legal name and has a male sex marker. Defendants deny that a male sex marker is "accurate" and that traveling with a passport that matches Solomon-Lane's biological sex "would potentially put him and his children at risk." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

191.    Defendants admit the third sentence of this paragraph. Defendants deny that a passport with a female sex marker is "inaccurate." Defendants further deny the final sentence of this paragraph. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

192.    Defendants admit that Plaintiff Agatha is a U.S. citizen born in Virginia who just turned 24 years of age. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

193.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

194.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

195.    Defendants admit that Plaintiff Agatha's mother's 2003 divorce decree states that Plaintiff Agatha is a female. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

196.    Defendants admit that Plaintiff Agatha's mother's 2003 divorce decree states that Plaintiff Agatha is a female. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

197.    Defendants admit that Plaintiff Agatha's mother's 2003 divorce decree states that Plaintiff Agatha is a female. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

198.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

199.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

200.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

201.    Defendants deny that a male sex marker reflects who Plaintiff Agatha is biologically and is "accurate." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

202.    Defendants deny that Plaintiff Agatha's previous passport expired in 2010, and aver that it expired in 2011. Defendants admit that Plaintiff Agatha's previous passport, which was issued in 2006, had a female sex marker. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

203.    Defendants admit that Plaintiff Agatha will need a passport to travel internationally. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

204.    Defendants deny that a male sex marker is "accurate." Defendants admit that Plaintiff Agatha would not receive a passport with an "M" sex marker under the passport policy.

205.    Defendants admit that Plaintiff Agatha would not receive a passport with an "M" sex marker under the passport policy. Defendants deny that a female sex marker is "inaccurate." Defendants lack sufficient information to admit or deny the allegations in this paragraph.

206.    Denied.

207.    Defendants deny that the passport policy prevents Plaintiff Agatha from obtaining "a usable passport."  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

208.    Defendants admit that Plaintiff Doe is a 41-year-old U.S. citizen.  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

209.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

210.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

211.    Defendants admit that Plaintiff Doe's birth certificate states that Plaintiff Doe is a was female. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

212.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

213.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

214.    Defendants admit that Plaintiff Doe was born in Texas and that in 2016, Doe renewed a U.S. passport issued to Doe in 2007 with an "F" sex marker and was issued a U.S. passport book and U.S. passport card with an "M" sex marker.  Defendants deny that as to Plaintiff Doe, an "M" sex marker is "accurate[.]"  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

215.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

216.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

217.    Denied.

218.    Defendants deny the first sentence.  Defendants admit the second and third sentences.

219.    Admitted.

220.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

221.    Denied.

222.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

223.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

224.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

225.    Defendants admit that Plaintiff Goldberg is a 45-year-old U.S. citizen.  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

226.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

227.    Defendants admit that Plaintiff Goldberg's birth certificate states that Plaintiff Goldberg is a female. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

228.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

229.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

230.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

231.    Defendants admit that in 1999 and 2009, Plaintiff Goldberg was issued a U.S. passport with a female sex marker, and that in 2017, Plaintiff Goldberg was issued a U.S. passport in a new name with a male sex marker. Defendants deny that Plaintiff Goldberg's current valid passport with a male sex marker expires in January 2027, and aver that such passport will expire in February 2027. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

232.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

233.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

234.    Denied.  Defendant specifically denies that a passport that aligns with Plaintiff Goldberg's sex is not "accurate."

235.    Defendant denies that a passport with a female sex marker is "inaccurate." As Plaintiff Goldberg states, Goldberg's birth certificate states Goldberg is a female.  Defendants lack sufficient information to admit or deny the allegations in this paragraph.

236.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

237.    Defendants deny the first sentence.  Defendants lack sufficient information to admit or deny the second sentence.

238.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

239.    Defendants admit that Plaintiff Gorlin is a 30-year-old U.S. citizen. Defendants deny that Plaintiff Gorlin was born in Hopkins, Minnesota, and aver that Plaintiff Gorlin was born in Boston, Massachusetts. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

240.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

241.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

242.    Defendants admit that Plaintiff Gorlin's birth certificate states that Plaintiff Gorlin is a female. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

243.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

244.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

245.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

246.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

247.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

248.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

249.    Defendants admit that Plaintiff Gorlin's passport expires in November 2027 and has an "F" sex marker; that Plaintiff Gorlin did not submit an application to update that sex marker at any time since November 2017. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

250.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

251.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

252.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

253.    Defendants deny that the "new passport policy is impeding their ability to achieve their professional aspirations." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

254.    Defendants deny that Plaintiff Gorlin will not be able to travel safely with their current passport. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

255.    Defendants deny that the female sex marker is not "accurate." Defendants lack sufficient information to admit or deny the remaining allegations of this paragraph.

256.    Defendants deny that travelling and career opportunities are "limited by the sex designation on their passport." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

257.    Defendants admit that Plaintiff LeBlanc is a U.S. citizen who recently turned 28 years of age. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

258.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

259.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

260.    Defendants admit that Plaintiff LeBlanc's birth certificate states that Plaintiff LeBlanc is a male. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

261.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

262.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

263.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

264.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

265.    Defendants admit that Plaintiff LeBlanc's passport with a male sex marker expired in September 2024, and that Plaintiff LeBlanc submitted an application to change the sex marker

to "F" in January 2025.  Defendants deny that a female sex marker is "correct."  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

266.    Defendants admit that Plaintiff LeBlanc was issued a passport with a male sex marker on February 12, 2025. Defendants deny that such male sex marker is "inaccurate."

267.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

268.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

269.    Defendants deny that the male sex marker on the U.S. passport issued to Plaintiff LeBlanc on February 12, 2025, is not "accurate." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

270.    Defendants deny that the male sex marker on the U.S. passport issued to Plaintiff LeBlanc on February 12, 2025, is "wrong." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

271.    Defendants deny the first sentence and that a male sex marker is "inaccurate." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

272.    Defendants deny that a male sex marker is not "consistent with who [LeBlanc] is." Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

## CLASS ACTION ALLEGATIONS

273.    This paragraph consists of Plaintiffs' characterization of their class definitions, to which no response is required.  To the extent a response is deemed required, denied.

274.    This paragraph consists of Plaintiffs' characterization of their class definitions, to which no response is required.  To the extent a response is deemed required, denied.

275.    The first sentence sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

276.    This paragraph sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.

277.    This paragraph sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.

278.    The allegation that Plaintiffs will fairly and adequately protect the interests of the class is a legal conclusion, to which no response is required.  To the extent a response is required, denied.  Defendants admit the remaining allegations in this paragraph.

279.    This paragraph sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.

280.    Denied.

## FIRST CAUSE OF ACTION

281.    Defendants incorporate by reference the preceding responses.

282.    Defendants respectfully refer the Court to the Fifth Amendment for a complete and accurate statement of its contents and deny any allegation inconsistent therewith.  This paragraph also sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.

283.    This paragraph sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.

284.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, denied.

285.    This paragraph sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.

286.    This paragraph sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.

287.    This paragraph sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.

288.    This paragraph sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.

289.    Denied.

290.    This paragraph sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.

291.    Denied.

292.    This paragraph sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.

293.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, denied.

294.    This paragraph sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.

295.    Denied.

296.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, denied.

297.    This paragraph sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.

298.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, denied.

299.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, denied.  Defendants respectfully refer the Court to Executive

Order 14168 for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

## SECOND CAUSE OF ACTION

300.    Defendants incorporate by reference the preceding responses.

301.    Defendants respectfully refer the Court to the Fifth Amendment for a complete and accurate statement of its contents and deny any allegation inconsistent therewith.  This paragraph also sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.

302.    This paragraph sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.

303.    Admitted.

304.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, denied.

305.    Denied.

306.    Denied.

307.    Denied.

308.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, denied.

## THIRD CAUSE OF ACTION

309.     Defendants incorporate by reference the preceding responses.

310.    Defendants respectfully refer the Court to the Fifth Amendment for a complete and accurate statement of its contents and deny any allegation inconsistent therewith.  This paragraph also sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.

311.    This paragraph sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.

312.    Denied.

313.    Denied.

314.    Denied.

315.    This paragraph sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.

## FOURTH CAUSE OF ACTION

316.    Defendants incorporate by reference the preceding responses.

317.    Defendants respectfully refer the Court to the First Amendment for a complete and accurate statement of its contents and deny any allegation inconsistent therewith.

318.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, denied.

319.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, denied.

320.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, denied.

321.    Denied.

322.    This paragraph sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.

323.    This paragraph sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.

## FIFTH CAUSE OF ACTION

324.    Defendants incorporate by reference the preceding responses.

325.    Defendants respectfully refer the Court to 5 U.S.C. §§ 500 *et seq.*, 706 for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

326.    Defendants admit the first sentence of this paragraph.  The second sentence consists of a legal conclusion, to which no response is required.  To the extent a response is deemed required, denied.  Defendants deny the third and fourth sentences. As to the final sentence, Defendants admit that the State Department issued Plaintiff Perysian a passport with an "M" sex marker but deny that it "denied" Plaintiff a passport. Defendants admit the remaining allegations in this paragraph.

327.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, denied.

### SIXTH CAUSE OF ACTION

328.    Defendants incorporate by reference the preceding responses.

329.    Defendants respectfully refer the Court to 5 U.S.C. §§ 500 *et seq.*, 706 for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

330.    Defendants admit the first sentence of this paragraph.  The second sentence consists of a legal conclusion, to which no response is required.  To the extent a response is deemed required, denied.  Defendants deny the third and fourth sentences. As to the final sentence, Defendants admit that the State Department issued Plaintiff Perysian a passport with an "M" sex marker but deny that it "denied" Plaintiff a passport. Defendants admit the remaining allegations in this paragraph.

331.    This paragraph sets forth a legal conclusion, to which no response is required.  To the extent a response is required, denied.

332.    This paragraph sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.

333.    This paragraph sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.

334.    This paragraph sets forth legal conclusions, to which no response is required.  To the extent a response is required, denied.

## SEVENTH CAUSE OF ACTION

335.    Defendants incorporate by reference the preceding responses.

336.    Defendants respectfully refer the Court to 5 U.S.C. §§ 500 *et seq.*, 706 for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

337.    Defendants admit the first sentence of this paragraph.  The second sentence consists of a legal conclusion, to which no response is required.  To the extent a response is deemed required, denied.  Defendants deny the third and fourth sentences. As to the final sentence, Defendants admit that the State Department issued Plaintiff Perysian a passport with an "M" sex marker but deny that it "denied" Plaintiff a passport. Defendants admit the remaining allegations in this paragraph.

338.    Defendants respectfully refer the Court to those statutes for a complete and accurate statement of their contents and deny any allegation inconsistent therewith.

339.    Denied.

## PRAYER FOR RELIEF

Plaintiffs' prayer for relief requires no response.  To the extent a response is required, Defendants deny that Plaintiffs are entitled to the requested relief or to any relief.

\*       \*       \*

Defendants deny any allegation not expressly admitted or denied herein.

## AFFIRMATIVE DEFENSES

Plaintiffs have failed to state a claim on which relief can be granted.

The Court does not have subject matter jurisdiction.

Dated: July 1, 2025                    Respectfully submitted,

                                       BRETT A. SHUMATE
                                       Assistant Attorney General

                                       JEAN LIN
                                       Special litigation Counsel

                                       /s/ *Elizabeth B. Layendecker*
                                       ELIZABETH B. LAYENDECKER
                                       M. JARED LITTMAN
                                       Trial Attorneys
                                       U.S. Department of Justice
                                       Civil Division, Federal Programs Branch
                                       1100 L. Street, NW
                                       Washington D.C. 20005
                                       (202) 514-3716
                                       Jean.lin@usdoj.gov
                                       *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Plaintiffs' counsel by the Electronic Case Filing system on July 1, 2025.

*Elizabeth B. Layendecker*
_____
ELIZABETH B. LAYENDECKER