IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASHTON ORR et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *in his official capacity as President of the United States*, et al., <br><br> *Defendants*. | Civil Action No. 1:25-cv-10313 |

**DEFENDANTS' MOTION TO STAY DISTRICT COURT
PROCEEDINGS PENDING APPEALS OF PRELIMINARY INJUNCTIONS**

Defendants respectfully request that this Court stay further proceedings in this matter pending final resolution of Defendants' appeals from the Court's April 18 and June 17, 2025 preliminary injunctions and the July 11 order denying Defendants' motion to dissolve the June 17 preliminary injunction. ECF Nos. 74, 75, 115, 116, 130. The First Circuit has effectively consolidated the appeals. *See Orr v. Trump*, No. 25-1579 (1st Cir.).

This Court has "the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention." *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1154 (1st Cir. 1994). When a party appeals a district court's interlocutory order, the district court generally should not "proceed with respect to any matter touching upon, or involved in, the appeal." *United States v. Mala*, 7 F.3d 1058, 1060–61 (1st Cir. 1993). A stay of district court proceedings "to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" is "at least a good, if not an excellent" reason to stay district court proceedings. *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1998 (11th Cir. 2009).

At a minimum, the First Circuit's forthcoming decisions may provide helpful guidance on the governing legal framework for Plaintiffs' claims that could affect the factual scope and further proceedings in this case. Continuing forward with district court proceedings now would result in needlessly duplicative litigation, potentially unnecessary motion practice, and requests for Court intervention to resolve disputes regarding the administrative record and/or discovery. A stay of further proceedings, until the parties and the Court could receive appellate guidance, would therefore conserve resources of both the Court and the parties, without any cognizable prejudice to the Preliminary Injunction Class ("PI Class"), especially if the preliminary injunction remains in effect. And even if the injunction does not remain in effect, the appeals present "great issues[,] great in their complexity, great in their significance," that have "far-reaching importance to the parties and the public," such that a delay to receive appellate guidance is warranted. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

## BACKGROUND

Plaintiffs filed this action on February 7, 2025, asserting constitutional and Administrative Procedure Act ("APA") claims. Compl., ECF No. 1. Plaintiffs thereafter moved for a preliminary injunction, ECF No. 29, which the Court granted on April 18, 2025, on both equal protection and APA grounds as to six of the named plaintiffs, ECF No. 75. On June 13, 2025, Defendants noticed the appeal of the April 18, 2025 preliminary injunction. ECF No. 111.

After amending the complaint, ECF No. 76, and moving for class certification, ECF No. 77, Plaintiffs further moved to extend the preliminary injunction to a PI Class, ECF No. 79. On June 17, 2025, the Court granted the motion and extended the preliminary injunction to the PI Class. ECF No. 116. On July 9, 2025, the Court denied Plaintiffs' motion for enforcement

2

of the PI Class preliminary injunction, holding that Defendants are in compliance with that injunction. ECF No. 125.

On July 9, 2025, Defendants moved to dissolve the June 17, 2025 injunction, to stay the injunction pending resolution of the motion, and to request an indicative ruling concerning the April 18, 2025 preliminary injunction. ECF No. 127. On July 11, 2025, the Court denied Defendants' motion. ECF No. 130. The same day, Defendants noticed the appeal of the June 17, 2025 preliminary injunction and the July 11 order denying Defendants' motion to dissolve the June 17 preliminary injunction. ECF No. 131. The First Circuit's consideration of Defendants' appeals of the preliminary injunctions remains ongoing. *See Orr*, No. 25-1579.

On July 14, 2025, the Court issued a Notice of Scheduling Conference, ordering, among other things, the parties to file a proposed pretrial schedule, including a discovery plan. ECF No. 133; *see* Local Rule 16.1. The Court should stay further proceedings in this matter pending resolution of Defendants' appeals from the Court's preliminary injunctions.

## LEGAL STANDARD

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254; *accord Marquis*, 965 F.2d at 1154 ("It is beyond cavil that, absent a statute or rule to the contrary, federal district courts possess the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention."). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. To stay proceedings, "there must be good cause" for the stay, the stay "must be reasonable in duration[,]"

and the court must ensure that competing equities are weighed and balanced." *Marquis*, 965 F.2d at 1155.

"Especially in cases of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256. That is the case here, where this matter involves "great issues[,] great in their complexity, great in their significance," that have "far-reaching importance to the parties and the public." *Id*.

## ARGUMENT

### I. There Is Good Cause to Grant a Stay Because It Would Advance Judicial Economy, Conserve Party Resources, and Simplify the Proceedings.

The Court's preliminary injunctions are now on appeal before the First Circuit. Staying district court proceedings pending resolution of those appeals makes eminent sense because it would support judicial economy, would allow the parties to address the relevant issues with the benefit of the First Circuit's ruling, and would avoid expending resources that later may prove to be unnecessary.

Given that many (if not all) of the critical legal issues presented in Plaintiffs' Amended Complaint are now before the First Circuit, it makes little sense for this Court and the parties to expend the resources necessary for a full presentation of those issues at this time. Because the preliminary injunction standard will require the First Circuit to consider whether Plaintiffs are "likely to succeed on the merits," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), it would be far more efficient for the parties to await a decision from the First Circuit, at which point most (if not all) of the legal issues may be clarified and potentially narrowed, affecting the potential scope of any further litigation. Further litigation of any remaining legal issues would, moreover, be better informed by having the benefit of the First Circuit's analysis.

Indeed, if the Court were to deny a stay here, the parties would be required to engage in litigation related to legal claims that the First Circuit may determine not likely to succeed on the merits, particularly in light of the Supreme Court's recent decision in *United States v. Skrmetti*, 145 S. Ct. 1816 (2025). There can be no question, therefore, that a stay would serve "efficacious management of [the Court's] docket[]," *Marquis*, 965 F.2d at 1154, and simplify the issues and questions of law the Court will need to confront. That is, further proceedings could prove unnecessary depending on how the First Circuit rules in the upcoming appeals, and in such circumstances where the court of appeals will "provide instruction" on the issues in the district court, courts have ruled that a stay is appropriate. *See Univ. of Colo. Health Mem'l Hosp. v. Burwell*, No 14-cv-1220, 2017 WL 535246, at *12 (D.D.C. Feb. 9, 2017); *see also Akebia Therapeutics, Inc. v. Azar*, No. 19-cv-12132 (ADB), 2020 WL 5732331, at *3 (D. Mass. Sept. 24, 2020) (finding it appropriate, "in the interests of efficiency and judicial economy," to exercise discretion to stay proceedings while denial of preliminary injunction is on appeal because "there is a significant chance that the First Circuit will opine on issues germane" to the district court litigation).

For example, while the Government's position is that this is a record-review case under the APA, Plaintiffs are likely to argue that their equal protection claim is a stand-alone claim entitling them to discovery. The appropriate level of scrutiny for such a claim, i.e., whether rational basis review or heightened scrutiny, dictates what discovery is appropriate. Under rational basis review, for example, no discovery would be necessary or appropriate because the challenged Passport Policy could be supported by any conceivable state of facts that could provide a rational basis for the classification.

## II. A Stay of Proceedings Pending Appeal Is Fair to the Parties' Equities and Reasonable in Duration.

In contrast to the significant waste of resources that may occur if this case proceeds, Plaintiffs will not suffer any imminent harm from a stay, especially if the June 17 injunction is in effect. Under that injunction, Defendants are to "to permit members of the PI Class to self-select a sex designation—"M," "F," or "X"—that is different from the sex assigned to those individuals under the Passport Policy." ECF No. 116. And the Court has determined that Defendants are complying with its Order. ECF No. 125. Thus, while the preliminary injunction remains in effect, there is no basis for concern about imminent harms allegedly stemming from the challenged actions in this case. *See, e.g., Latta v. U.S. Dep't of Educ.*, 653 F. Supp. 3d 435, 440–41 (S.D. Ohio 2023) (no prejudice to plaintiff from stay because challenged program "is currently enjoined"); *Washington v. Trump*, No. C17-0141JLR, 2017 WL 1050354, at *4 (W.D. Wash. Mar. 17, 2017) (finding that any prejudice to plaintiffs from stay would be "minimal—if there is any at all" in light of the preliminary injunctive relief already in effect).

And even if the injunction does not remain in effect, the appeals present "great issues[,] great in their complexity, great in their significance," that have "far-reaching importance to the parties and the public," such that a "not immoderate" and "not oppressive" delay to receive appellate guidance is warranted. *See Landis*, 299 U.S. at 254. This is particularly true here where the declarations that Plaintiffs submitted do not establish irreparable harm to even a majority of the PI Class. One of those declarations stated that a *minority*—32%—of trans-identifying individuals "who had presented an identity document that did not match their gender presentation had at least one negative experience." ECF 78-14, ¶ 22. It similarly stated that trans-identifying individuals "who had changed the gender marker on their passports were 18% less likely to meet the criteria for serious psychological distress." *Id.* ¶ 37. The other declaration provided no

6

quantitative basis for extrapolating the harms alleged by the six named plaintiffs to the PI Class. *See* ECF 78-13, ¶¶ 86–90. Thus, even if the injunction is stayed by the First Circuit, evidence indicating that *some* trans-identifying individuals might experience *some* types of harm does not provide a sufficient basis to deny a stay of the district court proceedings in a case with "far-reaching importance to the parties and the public" that is now on appeal in the First Circuit. *See Landis*, 299 U.S. at 256.

Finally, Defendants' proposed stay is of reasonable duration. The First Circuit will consider the appeal of this Court's preliminary injunction in due course and, as discussed above, district courts routinely stay cases pending resolution of related appeals, regardless of the precise timing of those appeals. Notably, the First Circuit deemed Defendants' July 11, 2025 notice of appeal of the June 17, 2025 preliminary injunction as an amended notice—effectively consolidating the government's prior appeal from the April 18 preliminary injunction with the appeal of the June 17th preliminary injunction—so this case should proceed in short order. *See Orr*, No. 25-1579 (1st Cir.).

Thus, all three factors—good cause, reasonable duration, and fairness to the parties—weigh in favor of a stay. *See Marquis*, 965 F.2d at 1155.

## CONCLUSION

Defendants respectfully request a stay of district court proceedings pending resolution of Defendants' appeals from this Court's preliminary injunctions. Defendants propose that the parties confer on further proceedings in this case once the First Circuit issues its ruling and propose a schedule for such proceedings within fourteen days of the First Circuit's decision.

Defendants' counsel has conferred with Plaintiffs' counsel, who stated that Plaintiffs oppose this motion.

Dated: July 16, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JEAN LIN
Special Litigation Counsel

*/s/ M. Jared Littman*
ELIZABETH B. LAYENDECKER
M. JARED LITTMAN
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 514-5578
Fax: (202) 616-8470
E-mail: Jared.Littman2@usdoj.gov

*Attorneys for Defendants*

9

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served upon Plaintiffs' counsel by the Electronic Case Filing system on July 16, 2025.

                                         /s/ *M. Jared Littman*
                                         M. JARED LITTMAN