IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ASHTON ORR, *et al.*,

        *Plaintiffs*,

v.

DONALD J. TRUMP, *et al.*,

        *Defendants*.

Case No. 1:25-cv-10313-JEK

**LOCAL RULE 16.1 JOINT STATEMENT**

Pursuant to Rule 16.1(d) of the Local Rules of the United States District Court for the District of Massachusetts, and the Court's Notice of Scheduling Conference dated July 14, 2025, the parties to this action hereby submit the following Joint Statement.

**I.     POSITIONS OF THE PARTIES REGARDING LIABILITY AND RELIEF**

**Plaintiffs' Position:** This is a class action involving claims brought under the U.S. Constitution and the Administrative Procedure Act ("APA"). Plaintiffs challenge the lawfulness of Defendants' Passport Policy—requiring U.S. passports to list only either female or male based on Defendants' definitions of an individual's sex—and the Executive Order that led to adoption of the Passport Policy.

Plaintiffs allege, on their own behalf and as Class Representatives, that Defendants' Passport Policy and the Executive Order as applied to passports violate the equal protection guarantee of the Fifth Amendment to the U.S. Constitution by discriminating against Plaintiffs and Class Members on the basis of sex and on the basis of transgender status. Plaintiffs also allege that the Passport Policy and the Executive Order as applied to passports violate the Fifth Amendment by infringing Plaintiffs' and Class Members' constitutional rights to travel and privacy. Plaintiffs

1

further allege that the Passport Policy and the Executive Order as applied to passports violate the First Amendment by impermissibly compelling speech from Plaintiffs and Class Members.

Plaintiffs additionally allege that Defendants the State Department and Secretary Marco Rubio have violated the APA in that their adoption and implementation of the Passport Policy is agency action that is (1) arbitrary, capricious, and an abuse of discretion; (2) without observance of procedure required by law under the Paperwork Reduction Act; and (3) contrary to the constitutional provisions enumerated above.

Plaintiffs and Class Members seek relief in the form of a declaratory judgment that (i) the Passport Policy and the Executive Order as applied to passports violate Plaintiffs' and Class Members' rights under the First and Fifth Amendments; and (ii) the Passport Policy is arbitrary, capricious, an abuse of discretion, and otherwise contrary to law in violation of the APA. Plaintiffs and Class Members also seek an order permanently enjoining Defendants and their agents, employees, representatives, successors, and any other person acting directly or indirectly in concert with them, from enforcing the Passport Policy or the Executive Order as applied to passports, and requiring that Defendants permit (a) individuals to obtain passports with a "Sex" designation based on their self-attestation to the same extent permitted before the Executive Order and the Passport Policy were issued and (b) the use of an "X" sex designation on passports and passport applications to the same extent as allowed before the Executive Order and the Passport Policy were issued.

Plaintiffs and Class Members also seek relief in the form of set aside and vacatur of all agency actions taken by Defendants in implementing the Passport Policy that had the purpose or effect of not permitting (i) individuals to obtain passports with a "Sex" designation based on their self-attestation to the same extent permitted before the Executive Order and the Passport Policy

were issued and (ii) the use of an "X" sex designation on passports and passport applications to the same extent as allowed before the Passport Policy was issued.

Finally, Plaintiffs and Class Members seek an award of attorney's fees, costs, and expenses in accordance with law, including the Equal Access to Justice Act, 28 U.S.C. § 2412.

**Defendants' Position:** To comply with Executive Order 14168, 90 Fed Reg. 8615 (Jan. 30, 2025) [hereinafter EO], and to further the purposes of the EO as well as the goal of government-wide uniformity in the definition of sex, the Department of State (the "Department") changed its policy, issuing passports in only "M" or "F" based on birth certificates or other documentation closest to birth ("Passport Policy").

Plaintiffs' challenges to the Passport Policy fail. Judicial review of Plaintiffs' Administrative Procedure Act ("APA") claim is unavailable because the content of a passport is committed to the President's discretion. And even if the Policy were reviewable, under the APA's highly deferential standard of review, the Passport Policy is not arbitrary or capricious. The Policy does not violate the equal protection guarantees of the Constitution because the Policy does not discriminate based on a constitutionally protected characteristic. *See United States v. Skrmetti*, 145 S. Ct. 1816 (2025). Nor does the Policy violate Plaintiffs' free speech rights, right to travel, or right to privacy.

## II.   CERTIFICATION REGARDING CONFERRAL

The parties' counsel hereby certify that, on July 17, 2025, they met and conferred by Zoom pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1(b).

On July 22, 2025, Plaintiffs presented Defendants with a written settlement proposal pursuant to Local Rule 16.1(c). On July 28, 2025, Defendants informed Plaintiffs that they do not accept Plaintiffs' settlement proposal.

3

## III. PROPOSED DISCOVERY PLAN

### A. Plaintiffs' Proposed Discovery Plan

Plaintiffs do not at present propose any changes to the timing, form, or requirements of disclosures under Fed. R. Civ. P. 26(a) or to the limits on discovery under the Federal Rules of Civil Procedure. Plaintiffs do not believe phased discovery is necessary in this case.

Plaintiffs propose the following case schedule:

| EVENT | DATE |
| --- | --- |
| Deadline for service of Fed R. Civ. P. 26(a)(1) disclosures. | July 31, 2025 |
| Deadline for amendments to pleadings. | July 31, 2025 |
| Deadline for service of written discovery requests. | October 15, 2025 |
| Deadline for completion of fact depositions. | February 2, 2026 |
| Close of fact discovery. | February 9, 2026 |
| Deadline to serve expert reports on all issues on which a party has the burden of proof. | February 9, 2026 |
| Deadline to serve opposing expert reports. | March 9, 2026 |
| Deadline to serve rebuttal expert reports. | April 6, 2026 |
| Deadline for completion of expert depositions. | May 4, 2026 |
| Deadline to file summary judgment[1] and Rule 702 motions. | May 29, 2026 |

As reflected in the proposed case schedule, Plaintiffs do not anticipate prolonged discovery will be necessary, but this case does at least require discovery regarding Plaintiffs' constitutional claims. Plaintiffs' constitutional claims are sufficiently distinct from their APA claims and raise distinct legal issues for which discovery is required, including with respect to Plaintiffs' allegations of animus. *See Bos. All. of Gay, Lesbian, Bisexual & Transgender Youth v. U.S. Dep't of Health & Hum. Servs.*, 557 F. Supp. 3d 224, 245 (D. Mass. 2021) (holding that the scope of review on

---

[1] Plaintiffs may file an early motion for summary judgment as to their arbitrary and capricious claim and their claim that the Passport Policy was adopted without observance of procedure required by law under the Paperwork Reduction Act.

4

plaintiffs' constitutional claims was not limited to the administrative record because "courts have acknowledged that limiting the scope of review to the administrative record makes little sense in the context of an inquiry into illicit animus"); *see also id.* (observing that while "some courts have held that constitutional challenges to agency action are subject to the APA's scope of review restrictions," "few of those cases involve allegations of illicit animus, and those that do acknowledge that extra-record evidence may sometimes be appropriate when evaluating a constitutional claim"). Plaintiffs' constitutional claims are independent claims that require discovery beyond what the administrative record may provide. Indeed, Plaintiffs assert various constitutional claims against non-agency defendants, such that any potential APA-related restrictions on discovery plainly would not apply to such claims. Plaintiffs are entitled to probe the sufficiency of the government interests that Defendants put forward to satisfy heightened scrutiny, the extent to which the Passport Policy and the Executive Order further those government interests, the burdens of compliance that Defendants assert, the process (or lack thereof) that led to the adoption of the Executive Order, claims of a government interest in "uniformity" across the government, and Defendants' motivations in adopting the policy (to probe the issue of animus). Further, Defendants themselves have introduced extra-record evidence, including in the form of declarations, and Plaintiffs are entitled to test that evidence in discovery.

Discovery beyond the administrative record is particularly warranted here because Defendants have effectively conceded that no such administrative record even exists and that the Passport Policy was adopted solely in response to the Executive Order. *See* ECF No. 65 at 57:12–59:7. Courts in the First Circuit have held that the scope of discovery is not limited to the administrative record where no such record exists. *See, e.g.*, *P.R. Pub. Hous. Admin. v. U.S. Dep't of Hous. & Urb. Dev.*, 59 F. Supp. 2d. 310, 327–29 (D.P.R. 1999); *see also City of Taunton v. EPA*,

5

895 F.3d 120, 127 (1st Cir. 2018) (courts have "discretion to supplement the agency record . . . to facilitate [their] own comprehension of the record or the agency's decision" or when "faced with a 'failure to explain administrative action as to frustrate effective judicial review'") (citing *Olsen v. United States*, 414 F.3d 144, 155–56 (1st Cir. 2005)); *see also* ECF No. 74 at 41 n.10 (rejecting Defendants' argument that the Court should focus only "on the materials that were before the Department when it developed the Policy" and finding that it would "be appropriate to consider" declarations submitted by Plaintiffs in assessing Plaintiffs' likelihood of success on their APA claims "as 'supplemental evidence' to the extent that they would facilitate the Court's comprehension of the Passport Policy").

Defendants' cited authority regarding the scope of discovery is plainly inapposite. For one, the constitutional claims in *Fence Creek* were limited to procedural due process claims, and the extra-record materials that the plaintiffs sought to introduce related solely to their arguments under the APA that the Forest Service deviated from normal practice. *Fence Creek Cattle Co. v. U.S. Forest Serv.*, No. 08-36051, ECF No. 10 at 42, 57–59 (9th Cir. Aug. 5, 2009). The plaintiffs in *Fence Creek* did not even argue that their constitutional claims warranted extra-record discovery, *id.*, and the court held that the plaintiffs failed to show any "gaps or holes" in the administrative record and that the "voluminous" administrative record was "sufficient to conduct the necessary review under the APA." *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010).

*Bellion* is likewise distinguishable. The plaintiffs there were seeking further discovery into the agency action at issue to "either criticize[] the agencies' analysis or add[] purported substantiation for [plaintiff's] health claims." *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 41 (D.D.C. 2018). Although the court declined to supplement the administrative record for

6

purposes of the plaintiffs' constitutional claims, it expressly "decline[d] to adopt any bright line or categorical rule," *id.* at 43, recognizing that the scope of discovery would rest on the circumstances of a particular case. Here, Plaintiffs are seeking discovery into Defendants' purportedly "government-wide" interests of "consistency and uniformity" in implementing the Passport Policy, *see* ECF No. 53 at 11–12, 26, a category of discovery necessarily and exclusively embraced by Plaintiffs' constitutional claims.

Further, the court in *Harvard Pilgrim* explicitly distinguished *Puerto Rico Public Housing* in holding that there was not a need for supplementation of the administrative record. *Harvard Pilgrim Health Care of New Eng. v. Thompson*, 318 F. Supp. 2d 1, 10–11 (D.R.I. 2004) ("Unlike the situation presented in *Puerto Rico Public Housing*, this case does not arise in the complete absence of an administrative record."). Thus, where *no* administrative record exists, as is the case here, the holding in *Harvard Pilgrim* bears little relevance.

Finally, Defendants' reliance on *Chao* is also misplaced. The issue there concerned whether the plaintiffs' assertion of a Fourth Amendment claim relieved them of the requirement that they exhaust all available administrative remedies under the APA. *E. Bridge, LLC v. Chao*, 320 F.3d 84, 91 (1st Cir. 2003). The court did not address whether the presence of a Fourth Amendment claim warranted supplementation of the administrative record for purposes of discovery. Thus, even putting aside the fact that Plaintiffs' constitutional claims are standalone, independent claims and not merely "a recharacterization of their administrative claim[s]," *id.*, *Chao* is irrelevant.

The parties further disagree over the scope of Defendants' preservation and discovery obligations. Defendants maintain that the State Department is the only entity subject to discovery—and, therefore, the only entity that is obligated to preserve potentially relevant information. If Defendants maintain that position, Plaintiffs anticipate that motion practice may

become necessary. The United States government—including all of its component agencies—is a named defendant, so Defendants' document discovery and preservation obligations extend to all agencies and entities within the United States government. Defendants have never explained the basis of their position, and it is unclear to what extent potentially relevant information has been destroyed by other agencies. Defendants' position is especially unsupportable because Defendants themselves have asserted that the Passport Policy serves "government-wide" interests in "consistency and uniformity" in federal recordkeeping and verification of individuals' identities. *See* ECF No. 53 at 11–12, 26. Plaintiffs have repeatedly requested assurance from Defendants' counsel that they have taken appropriate preservation steps—or even confirmation that the Department of Justice has *notified* agencies and departments other than the State Department of the pending litigation and potential preservation obligations—and have received no substantive response to those requests.

### B. Defendants' Proposed Discovery Plan

Discovery is not available in this APA record-review case, and at the very least, Plaintiffs' discovery plan is premature and otherwise not warranted at this time.

*First*, on July 16, 2025, Defendants moved to stay the district court proceedings pending appeals of the preliminary injunctions. ECF No. 134. The motion to stay is pending. If the Court grants the motion, then the case would proceed only after the First Circuit has had the opportunity to provide guidance on the governing legal framework for Plaintiffs' claims, which will likely affect the factual scope and further proceedings in this case.

*Second*, even if the Court denies Defendants' motion to stay, discovery is not warranted. Plaintiffs' amended complaint challenges the Passport Policy. Even assuming that Plaintiffs' claims are reviewable under the APA, the Passport Policy is a final agency action where "the focal point for judicial review should be on the administrative record." *Camp v. Pitts*, 411 U.S. 138, 142

(1973); *see also Dep't of Comm. v. N.Y.*, 139 S. Ct. 2551, 2573 (2019) ("[I]n reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record."). These principles are not disregarded just because Plaintiffs raise constitutional claims; judicial review under the APA, after all, expressly includes claims that agency action is "contrary to constitutional right." 5 U.S.C. § 706(2)(B). Plaintiffs' "constitutional claim[s] [are] really just . . . recharacterization[s] of their administrative claim[s]," so the Court should not allow Plaintiffs to "circumvent" the APA record-review rules. *E. Bridge, LLC v. Chao*, 320 F.3d 84, 91 (1st Cir. 2003).

In Count V, Plaintiffs allege, "For the reasons described in the preceding claims, and incorporated here, the Passport Policy and any agency actions taken under the Executive Order are 'contrary to constitutional right, power, privilege, or immunity,' 5 U.S.C. § 706(2)(B), and therefore must be held unlawful and set aside." Am. Compl. (ECF No. 76) ¶ 327. In addition to alleging violations of the Due Process Clause of the Fifth Amendment and the First Amendment, Plaintiffs also assert equal protection violations. But a plaintiff cannot avoid this record review rule by separately pleading constitutional claims in addition to § 706(2)(B), just as Plaintiffs have done here. *See, e.g.*, *Fence Creek Cattle Co. v. U.S. Forest Service*, 602 F.3d 1125, 1131 (9th Cir. 2010) (affirming the judgment of the district court to limit review to the administrative record even though the plaintiff had alleged violations of "constitutional due process guarantees"); *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 43 (D.D.C. 2018) (holding that "when a constitutional challenge to agency action requires evaluating the substance of an agency's decision made on an administrative record, that challenge must be judged on the record before the agency"); *Harvard Pilgrim Health Care of New Eng. v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004) ("The APA's restriction of judicial review to the administrative record would be meaningless if any party

seeking review based on statutory or constitutional deficiencies was entitled to broad-ranging discovery.").

No matter how Plaintiffs frame this case, if the Court denies the stay motion and litigation moves forward at this time, this Court will ultimately evaluate the substance of the agency's decision to implement the Passport Policy. That evaluation should rest on the administrative record, as the APA requires. Nothing in Plaintiffs' amended complaint provides a basis to depart from this well-established rule.

Plaintiffs' reliance on *Boston Alliance of Gay, Lesbian, Bisexual and Transgender Youth v. Department of Health and Human Services*, 557 F. Supp. 3d 224 (D. Mass. 2021), for the proposition that "discovery is required" on the "distinct" constitutional claims is misplaced. *Supra* § III(A). Under the prevailing law, rational basis review—and not heightened scrutiny as considered in *Boston Alliance*—applies to Plaintiffs' claims, and thus, the need for discovery is different, even if this were not a record-review case. *Boston Alliance* preceded the Supreme Court's decision in *Skrmetti*, which compels the conclusion that rational basis review applies to the equal protection challenges in this case. *See Skrmetti*, 145 S. Ct. at 1831 (rational basis review applies when the policy does not "prohibit conduct for one sex that it permits for the other"); ECF No. 127 (Mot. to Dissolve) at 5–11. *Boston Alliance* also did not consider the governing standard for reviewing allegations of animus in the context of rational basis review, under which the Passport Policy must be upheld so long as it is not "impossible to discern a relationship to legitimate state interests" and the Policy is not "inexplicable by anything but animus." *Trump v. Hawaii*, 585 U.S. 667, 706 (2018). Applying that standard, no discovery would be warranted because the challenged Passport Policy could be supported by a conceivable set of facts that could provide a rational basis

for the classification, without regard to "actual[] motiv[es]," on-the-record articulation, or "evidence or empirical data." *See F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993).

Moreover, *Boston Alliance* relied on the district court's decision in *New York v. Department of Commerce*, 351 F. Supp. 3d 502 (S.D.N.Y. 2019), but the Supreme Court found that the district court's decision to order extra-record discovery, while "ultimately justified" in light of the subsequently "expanded administrative record" that suggested pretext, was "premature" and was not "warranted" at the time ordered by the district court. *Dep't of Commerce v. New York*, 588 U.S. 752, 782 (2019). Here, at the very least, discovery would be "premature" because the Court has not reassessed its decision on whether its prior ruling that heightened scrutiny applies to Plaintiffs' equal protection claim remains valid in light of *Skrmetti* and because there is no evidence at this time that precludes all conceivable bases for the Passport Policy.

*Third*, if the Court denies the stay motion and finds that the case is not limited to the administrative record, Defendants will be filing a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). In addition to other reasons substantiating such a motion, the Supreme Court's decision in *Skrmetti* requires dismissal of certain claims, thereby impacting the factual scope of this case. And as to Plaintiffs' equal protection challenge, even if this Court does not dismiss the claim but determines that rational basis review applies under *Skrmetti*, no discovery would be warranted as discussed above.

<u>Defendants' Further Response to Plaintiffs' Proposed Discovery Plan</u>

According to Plaintiffs, "[t]he United States government—including all of its component agencies—is a named defendant, so Defendants' document discovery and preservation obligations extend to all agencies and entities within the United States government." *Supra* § III(A). This assertion—which would include hundreds if not thousands of federal agencies and subagencies as

11

well as millions of federal personnel—is off-base and disregards the scope-of-discovery limitation of Rule 26 and preservation obligations under Rule 37.

Under Rule 26(b), the scope of discovery is limited to nonprivileged matters that are both "relevant" and "proportional to the needs of the case." Fed. R. Civ. P. 26(b). Plaintiffs' request to extend discovery "to all agencies and entities within the United States government" is a prohibited "fishing expedition." *MacKnight v. Leonard Morse Hosp.*, 828 F.2d 48, 52 (1st Cir. 1987). Plaintiffs' proposed discovery scope extending "to all agencies and entities within the United States government" in order to verify Defendants' asserted justification of maintaining a consistent definition of sex is not "proportional to the needs of the case," considering that the EO itself mandates uniformity and agency implementation is a matter of public record. *See* Fed. R. Civ. P. 26(b)(1) (in assessing proportionality, courts should consider factors including "the parties' relative access to relevant information," "the importance of the discovery in resolving the issues," and "whether the burden or expense of the proposed discovery outweighs its likely benefit").

Under Rule 37, a party must "take reasonable steps" to preserve relevant information. Fed. R. Civ. P. 37(e). Defendants have taken all reasonable steps to preserve information as required by Rule 37 and have issued the appropriate litigation holds.

<u>Defendants' Proposed Path Forward</u>

Defendants respectfully propose that, if the Court grants Defendants' stay motion, Defendants will file their motion for judgment on the pleadings within fourteen days after the First Circuit issues its decision on the preliminary injunction appeals. If the Court denies Defendants' stay motion, Defendants will file their motion for judgment on the pleadings within fourteen days after the denial. If the Court then denies Defendants' motion for judgment on the pleadings, in whole or in part, Defendants will produce to Plaintiffs the administrative record within fourteen

days after the denial. The parties can then proceed to summary judgment briefing thirty days after production of the administrative record.

IV.    **TRIAL BY MAGISTRATE JUDGE**

The parties do not consent to trial by a magistrate judge.

V.    **CERTIFICATIONS PURSUANT TO LOCAL RULE 16.1(d)(3)**

Plaintiffs' counsel certifies that they have conferred with their clients pursuant to Local Rule 16.1(d)(3). Signed certifications are being submitted concurrently with this filing.

Defendants' counsel certifies that they have conferred with their clients pursuant to Local Rule 16.1(d)(3). Signed certifications are being submitted concurrently with this filing.

Dated: July 29, 2025                                    Respectfully submitted,

/s/ Isaac D. Chaput
Isaac D. Chaput (*pro hac vice*)
William P. Kasper (*pro hac vice*)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: 415-591-6000
Facsimile: 415-591-6091
ichaput@cov.com
wkasper@cov.com

Jessie J. Rossman (BBO # 670685)
Zoe Kreitenberg (BBO # 715356)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS,
INC.
One Center Plaza, Suite 850
Boston, MA 02108
Telephone: 617-482-3170
jrossman@aclum.org
zkreitenberg@aclum.org

Jon W. Davidson (*pro hac vice*)
(admitted only in California)

13

Li Nowlin-Sohl (*pro hac vice*)
(admitted only in Washington)
Sruti J. Swaminathan (*pro hac vice*)
Malita V. Picasso (*pro hac vice*)
James D. Esseks (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2500
Facsimile: 212-549-2650
jondavidson@aclu.org
lnowlin-sohl@aclu.org
sswaminathan@aclu.org
mpicasso@aclu.org
jesseks@aclu.org

Aditi Fruitwala (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th St. NW
Washington, DC 20005
afruitwala@aclu.org

Ansel F. Carpenter (*pro hac vice*)
Gavin W. Jackson (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: 424-332-4758
Facsimile: 424-332-4749
acarpenter@cov.com
gjackson@cov.com

Jonathan Thompson (*pro hac vice*)
Sean M. Bender (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: 202-662-5891
Facsimile: 202-778-5891
jothompson@cov.com
sbender@cov.com

Robert C. Gianchetti (*pro hac vice*)

14

        Yuval Mor (*pro hac vice*)
        Alyssa L. Curcio (*pro hac vice*)
        COVINGTON & BURLING LLP
        The New York Times Building
        620 Eighth Avenue
        New York, NY 10018
        Telephone: 212-841-1000
        Facsimile: 212-841-1010
        rgianchetti@cov.com
        ymor@cov.com
        acurcio@cov.com

*Attorneys for Plaintiffs*

BRETT A. SHUMATE
Assistant Attorney General

JEAN LIN
Special Litigation Counsel

*/s/ M. Jared Littman*
ELIZABETH B. LAYENDECKER
M. JARED LITTMAN
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 514-5578
Fax: (202) 616-8470
E-mail: Jared.Littman2@usdoj.gov

*Attorneys for Defendants*

15

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2025, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

/s/ *Isaac D. Chaput*
Isaac D. Chaput