UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

ASHTON ORR, *et al.*,

              *Plaintiffs*,

     v.

DONALD J. TRUMP, *et al.*,

              *Defendants*.

Case No. 1:25-cv-10313-JEK

---

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO STAY DISTRICT COURT PROCEEDINGS
<u>PENDING APPEAL OF THE PRELIMINARY INJUNCTIONS</u>**

**TABLE OF CONTENTS**

I.   The Court Should Exercise Its Discretion to Permit Discovery and Allow This Case to Proceed While Defendants' Appeal Is Pending. ................................................................................ 1

II.  Plaintiffs Are Entitled to Discovery Regardless of the Standard of Review on Their Equal Protection Claim. ......................................................................................................................... 4

III. This Is Not Just a Record-Review Case. .................................................................................. 6

IV.  The Equities Regarding Whether or Not to Grant a Stay Weigh Strongly in Plaintiffs' Favor. ............................................................................................................................................ 8

V.   Conclusion .............................................................................................................................. 10

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bates v. Thayer*,
  2025 WL 1361813 (D. Me. May 9, 2025) ..................................................................................2

*Bos. All. of Gay, Lesbian, Bisexual & Transgender Youth v. U.S. Dep't of Health & Hum. Servs.*,
  557 F. Supp. 3d 224 (D. Mass. 2021) ...................................................................................5, 6

*Caribbean Marine Servs. Co. v. Baldrige*,
  844 F.2d 668 (9th Cir. 1988) ....................................................................................................2

*Chrysler Motors Corp. v. Auto Body Panels of Ohio*,
  1990 WL 32749 (S.D. Ohio Jan. 22, 1990) ..............................................................................2

*City of Taunton, Ma. v. EPA*,
  895 F.3d 120 (1st Cir. 2018) ....................................................................................................7

*Commodity Futures Trading Comm'n v. Gibraltar Monetary Corp.*,
  2005 WL 8161437 (S.D. Fla. Jan. 31, 2005) ............................................................................2

*Contour Design, Inc. v. Chance Mold Steel Co.*,
  794 F. Supp. 2d 315 (D.N.H. 2011) .........................................................................................1

*Gulfstream Aerospace Corp. v. Mayacamas Corp.*,
  485 U.S. 271 (1988) .................................................................................................................1

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ............................................................................................................9, 10

*Marquis v. F.D.I.C.*,
  965 F.2d 1148 (1st Cir. 1992) ..........................................................................................1, 2, 8

*Minnesota v. Clover Leaf Creamery Co.*,
  449 U.S. 456 (1981) .................................................................................................................5

*Moltan Co. v. Eagle-Picher Indus., Inc.*,
  55 F.3d 1171 (6th Cir. 1995) ....................................................................................................1

*New York v. U.S. Dep't of Commerce*,
  351 F. Supp. 3d 502 (S.D.N.Y. 2019) ......................................................................................6

*Olsen v. United States*,
  414 F.3d 144 (1st Cir. 2005) ....................................................................................................7

*P.R. Pub. Hous. Admin. v. U.S. Dep't of Hous. & Urb. Dev.*,
  59 F. Supp. 2d. 310 (D.P.R. 1999)..........................................................................................7

*Pharm. Care Mgmt. Ass'n v. Maine Att'y Gen.*,
  332 F. Supp. 2d 258 (D. Me. 2004) ..............................................................................1, 2, 3

*Russomano v. Novo Nordisk Inc.*,
  2020 WL 2850253 (D. Mass. June 2, 2020) ...........................................................................3

*St. Joseph Abbey v. Castille*,
  712 F.3d 215 (5th Cir. 2013) ...................................................................................................5

*Taunton Gardens Co. v. Hills*,
  557 F.2d 877 (1st Cir. 1977).................................................................................................10

*Tiwari v. Friedlander*,
  2020 WL 4745772 (W.D. Ky. Aug. 14, 2020) .......................................................................5

*United States v. Carolene Prods. Co.*,
  304 U.S. 144 (1938).................................................................................................................5

*United States v. Mala*,
  7 F.3d 1058 (1st Cir. 1993).....................................................................................................2

*Valley Citizens for a Safe Env't v. Aldridge*,
  886 F.2d 458 (1st Cir. 1989)...................................................................................................7

*Winter v. Nat. Res. Def. Council, Inc.*,
  555 U.S. 7 (2008).....................................................................................................................9

*Womack v. Saba*,
  2012 WL 2885984 (D. Mass. July 12, 2012).........................................................................1

**Statutes**

28 U.S.C. § 1291......................................................................................................................1

28 U.S.C. § 1292......................................................................................................................1

**Other Authorities**

16 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §
  3921.2 (3d ed.) ........................................................................................................................3

Executive Order 14168, 90 Fed. Reg. 8614 (Jan. 20, 2025)..........................................................7

In their latest effort to delay resolution of this case, Defendants have filed a meritless motion to stay further district court proceedings until final resolution of their multiple appeals of the Court's April 18 and June 17, 2025 preliminary injunction orders and the denial of Defendants' motion to dissolve the June 17, 2025 preliminary injunction. ECF 134 at 1. For numerous reasons, the Court should deny Defendants' motion.

I.   **The Court Should Exercise Its Discretion to Permit Discovery and Allow This Case to Proceed While Defendants' Appeal Is Pending.**

"'It is well established that an appeal from an order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the action on the merits.'" *Contour Design, Inc. v. Chance Mold Steel Co.*, 794 F. Supp. 2d 315, 327 (D.N.H. 2011) (quoting *Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1174 (6th Cir. 1995)). Instead, whether to grant a motion to stay a case while a preliminary injunction has been appealed is committed to this Court's discretion. *See Pharm. Care Mgmt. Ass'n v. Maine Att'y Gen.*, 332 F. Supp. 2d 258, 260 (D. Me. 2004) (denying a motion to stay discovery pending appeal of preliminary injunction as a matter of the court's discretion because "there is no inconsistency … between the interlocutory appeal and proceeding toward final resolution of the merits in the trial court").[1]

In this case, Defendants' appeals do not "reasonably require" this Court to stay future proceedings in this action, which is the controlling standard. *See Marquis v. F.D.I.C.*, 965 F.2d 1148, 1154–55 (1st Cir. 1992). As *Marquis* explains, "stays cannot be cavalierly dispensed: there

---

[1] A court's exercise of its discretion on whether or not to grant a stay pending an appeal of a preliminary injunction is not appealable, as it is not a final decision under 28 U.S.C. § 1291 and is not subject to 28 U.S.C. § 1292(a)(1) (permitting interim review of orders granting, refusing to grant, or dissolving injunctions). *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988); *Womack v. Saba*, 2012 WL 2885984, at *2 (D. Mass. July 12, 2012).

1

must be good cause for their issuance; they must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Id.* at 1155.

Defendants contend that district courts "generally should not 'proceed with respect to any matter touching upon, or involved in, the appeal,'" ECF 134 at 1 (citing *United States v. Mala*, 7 F.3d 1058, 1060–61 (1st Cir. 1993)), but subsequent cases have "refined the test by saying that an appeal restricts 'only trial court proceedings that impinge more directly upon the questions presented in the interlocutory appeal,'" *Bates v. Thayer*, 2025 WL 1361813, at *2 (D. Me. May 9, 2025) (quoting *Pharm. Care Mgmt. Ass'n*, 332 F. Supp. 2d at 259). Permitting discovery in this case will not do that, as it will not have any impact on the First Circuit's consideration of the appeals before it.

Defendants also argue that denying a stay "would result in needlessly duplicative litigation, potentially unnecessary motion practice, and requests for Court intervention to resolve disputes regarding the administrative record and/or discovery" and that the appeal might "provide helpful guidance on the governing legal framework for Plaintiffs' claims that could affect the factual scope and further proceedings in this case." ECF 134 at 2. But granting such a stay "to get an early glimpse of [the appellate court's] view of the merits of the underlying legal issues in … litigation … [is] both misconceived and wasteful…. [R]esolution of [the issues on appeal of a preliminary injunction] will not determine the merits of the underlying legal issues presented in this litigation and will only temporarily affect the rights of the parties." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 673 (9th Cir. 1988).[2]

---

[2] *See also Chrysler Motors Corp. v. Auto Body Panels of Ohio*, 1990 WL 32749, at *1–2 (S.D. Ohio Jan. 22, 1990) (concluding that a "stay of discovery pending the decision of the [Court of Appeals] will not necessarily promote the just, speedy, and inexpensive resolution of this action" and that "it would be an abuse of discretion to grant a stay of proceedings in this case"); *Commodity Futures Trading Comm'n v. Gibraltar Monetary Corp.*, 2005 WL 8161437, at *1 (S.D. Fla. Jan.

Here, resolution of the issues on appeal will not affect Plaintiffs'[3] claims for violation of the right to travel, the right of privacy, and the protection against compelled speech, which are not before the First Circuit because this Court did not reach them in granting the original preliminary injunction and applying it to the class. *See* ECF 74 at 33; ECF 115 at 5, 21–22. It therefore is not true, as Defendants assert, that the outcome of the appeals could render "further proceedings … unnecessary," ECF 134 at 5, and the appeals accordingly provide no ground for delaying discovery relating to those claims.

In addition, Plaintiffs are entitled to proceed with this case even on their two legal claims that were the basis for the preliminary injunction orders because the appeals only address whether this Court abused its discretion in finding a likelihood of success on the merits, not whether Plaintiffs will be able by the end of this case to prove those claims. Thus, even if the First Circuit concluded that Plaintiffs did not establish at the preliminary injunction stage a sufficient likelihood of prevailing on those claims, Plaintiffs would still be entitled to discover evidence that will help them prove that their right to equal protection has been violated. Plaintiffs also would still be entitled to obtain the administrative record to determine whether Defendants have complied with the requirements of the APA. *See Pharm. Care Mgmt., Ass'n*, 332 F. Supp. 2d at 260 ("Any decision in the Court of Appeals on the preliminary injunction will by definition be preliminary so far as the merits are concerned."); *see also Russomano v. Novo Nordisk Inc.*, 2020 WL 2850253, at *2 (D. Mass. June 2, 2020) (refusing to stay discovery pending appeal of ruling on preliminary

---

31, 2005) (declining to issue a stay of discovery pending appeal of a preliminary injunction); 16 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3921.2 (3d ed.) ("Interlocutory injunction appeals would come at high cost if the trial court were required to suspend proceedings pending disposition of the appeal . . . [C]ases involving injunctive relief are apt to present an urgent need for action.").

[3] The term "Plaintiffs" is used in this brief to refer to both the Named Plaintiffs and the members of the certified Classes they represent.

injunction because "the First Circuit's decision will likely be limited to a review of this Court's order as to the preliminary injunction. … Even if the First Circuit were to [reverse the district court's ruling], that … presumably would not otherwise resolve the case on its merits.").

It also is not true that allowing this case to proceed "would result in needlessly duplicative litigation, potentially unnecessary motion practice, and requests for Court intervention to resolve disputes regarding the administrative record and/or discovery," ECF 134 at 2, because discovery will be required and any administrative record will need to be produced and reviewed regardless of what the First Circuit concludes as to Plaintiffs' likelihood of success on their equal protection and APA claims.

## II. Plaintiffs Are Entitled to Discovery Regardless of the Standard of Review on Their Equal Protection Claim.

This Court has concluded that the Passport Policy and the Executive Order as applied to passports likely discriminate based on sex and therefore are subject to heightened scrutiny. ECF 74 at 17–22. Under that test, Defendants bear the burden of establishing an "exceedingly persuasive justification" for the Passport Policy and the Executive Order as applied to passports by demonstrating that they "serve important governmental objectives and that they are substantially related to the achievement of those objectives." *Id.* at 17; *see also id.* at 22. Plaintiffs therefore are entitled to discovery to probe the sufficiency of the government interests that Defendants put forward to satisfy heightened scrutiny, the extent to which the Passport Policy and the Executive Order further those government interests, the burdens of compliance that Defendants assert, the process (or lack thereof) that led to the adoption of the Executive Order, and claims of a state interest in "uniformity" across the government.

Furthermore, it is not the case, as Defendants argue, that if rational basis review applies "no discovery would be necessary . . . because the challenged Passport Policy could be supported

4

by any conceivable state of facts that could provide a rational basis for the classification." ECF 134 at 5. Even if the First Circuit were to disagree with this Court and conclude that only rational basis review applies to Plaintiffs' equal protection claim, Plaintiffs still would be entitled to discovery to establish that the policy is not rationally related to a legitimate state interest. *See Minnesota v. Clover Leaf Creamery Co.*, 449 U.S. 456, 464 (1981) ("parties challenging legislation under the Equal Protection Clause may introduce evidence supporting their claim that it is irrational"); *United States v. Carolene Prods. Co.*, 304 U.S. 144, 153 (1938) ("Where the existence of a rational basis for legislation whose constitutionality is attacked depends upon facts beyond the sphere of judicial notice, such facts may properly be made the subject of judicial inquiry."); *St. Joseph Abbey v. Castille*, 712 F.3d 215, 223 (5th Cir. 2013) ("although rational basis review places no affirmative evidentiary burden on the government, plaintiffs may nonetheless negate a seemingly plausible basis for the law by adducing evidence of irrationality"); *Tiwari v. Friedlander*, 2020 WL 4745772, at *6 (W.D. Ky. Aug. 14, 2020) ("When a plaintiff's evidence proves that a statute makes worse the very interest it purports to serve, as well as any other legitimate state interest, the statute is arbitrary, unreasonable, irrational, and unconstitutional.").

Moreover, Plaintiffs are entitled to discovery to establish that the Passport Policy and the Executive Order "spring from … animus toward transgender Americans." ECF 74 at 26–32; *see Bos. All. of Gay, Lesbian, Bisexual & Transgender Youth v. U.S. Dep't of Health & Hum. Servs.*, 557 F. Supp. 3d 224, 245 (D. Mass. 2021) (holding that the scope of review on plaintiffs' constitutional claims was not limited to the administrative record because "courts have acknowledged that limiting the scope of review to the administrative record makes little sense in the context of an inquiry into illicit animus"); *see also id.* (observing that while "some courts have held that constitutional challenges to agency action are subject to the APA's scope of review

5

restrictions," "few of those cases involve allegations of illicit animus, and those that do acknowledge that extra-record evidence may sometimes be appropriate when evaluating a constitutional claim"); *New York v. U.S. Dep't of Commerce*, 351 F. Supp. 3d 502, 668 (S.D.N.Y. 2019), *aff'd in part and rev'd in part on other grounds*, 588 U.S. 752 (2019) (holding that "the Court should be able to consider evidence outside the Administrative Record … when evaluating Plaintiffs' equal protection claim" in order to consider whether the government action rested on discriminatory animus).

### III.  This Is Not Just a Record-Review Case.

Defendants assert "that this is a record-review case under the APA" and imply that Plaintiffs therefore are not entitled to conduct any discovery in this lawsuit and are limited to the administrative record. ECF 134 at 5. They provide no support for the proposition that the inclusion of an APA claim automatically limits a plaintiff's discovery to the administrative record on *all* of their claims, nor can they, because that is not the law. Even if there were some circumstances where a plaintiff asserting an APA claim for violations of the Constitution would also be bound to the administrative record on their constitutional claims and not entitled to discovery—and Defendants have failed to show that there are—there are numerous reasons this case would not be one of them.

First, Plaintiffs have not just sued the State Department and Secretary Rubio (collectively, the "Agency Defendants")—the only defendants against whom Plaintiffs have brought an APA claim—but they also have brought constitutional claims against President Trump and the United States regarding the Executive Order. That Plaintiffs also have an APA claim against the Agency Defendants cannot preclude Plaintiffs from engaging in discovery relating to their constitutional claims against parties that have not been sued under the APA.

6

Second, there is likely to be no administrative record at all for the Court to review given that the Executive Order was issued on President Trump's first day in office, *see* Executive Order 14168, 90 Fed. Reg. 8614 (Jan. 20, 2025), and the Passport Policy was adopted only two days later, *see* ECF 31, Ex. A.[4] In such a situation, discovery relating to a plaintiff's constitutional claims is appropriate. *See P.R. Pub. Hous. Admin. v. U.S. Dep't of Hous. & Urb. Dev.*, 59 F. Supp. 2d. 310, 327–28 (D.P.R. 1999) (permitting discovery related to constitutional claims in APA case where there was no administrative record with regard to those claims); *City of Taunton, Ma. v. EPA*, 895 F.3d 120, 127 (1st Cir. 2018) (courts have "discretion to supplement the agency record . . . when . . . faced with a 'failure to explain administrative action as to frustrate effective judicial review'") (citing *Olsen v. United States*, 414 F.3d 144, 155–56 (1st Cir. 2005)); *see also* ECF 74 at 41 n.10 (rejecting Defendants' argument that the Court should focus only "on the materials that were before the Department when it developed the Policy" and finding that it would "be appropriate to consider" declarations submitted by Plaintiffs in assessing Plaintiffs' likelihood of success on their APA claims "as 'supplemental evidence' to the extent that they would facilitate the Court's comprehension of the Passport Policy").

Third, even as to any administrative record, the Agency Defendants may be subject to discovery to the extent that there are indications that they knew about important matters related to the Passport Policy that they ignored or that they considered matters outside the administrative record. *See Valley Citizens for a Safe Env't v. Aldridge*, 886 F.2d 458, 460 (1st Cir. 1989).

---

[4] *See* ECF 74 at 41 n.10 ("[W]hen asked at the motion hearing whether the State Department had considered any materials other than the Executive Order, counsel for the government demurred.").

Finally, Defendants themselves have introduced evidence outside the record in the form of declarations setting forth purported facts they claim support the Passport Policy, *see* ECF 53-1, 89-1, 123-1, and Plaintiffs should be allowed to test that evidence through discovery.

### IV. The Equities Regarding Whether or Not to Grant a Stay Weigh Strongly in Plaintiffs' Favor.

In weighing and balancing the competing equities as required by *Marquis*, 965 F.2d at 1155, the Court should consider the minimal harm to the government of having to respond to discovery now versus later if a stay is denied versus the considerable harms to Plaintiffs if a stay is granted. Plaintiffs would be prejudiced by the grant of the stay Defendants seek because such a stay would delay for a potentially lengthy period Plaintiffs being able to conduct discovery and move toward proving their case. Defendants argue that there is no prejudice so long as the preliminary injunction remains in effect. ECF 134 at 6. However, given Defendants' threats that, "if the Court Order is vacated by a higher court," Defendants may "revoke and replace passports issued in compliance with the Court Order," ECF 127 at 14, until there is a final judgment in this action, Plaintiffs who have obtained or will obtain new passports pursuant to the preliminary injunction will be subject to a heavy weight of uncertainty that those passports will remain valid. Accordingly, Plaintiffs seek to bring this case to judgment as soon as possible.

On the other hand, if Defendants' appeals were to result in a reversal of the June 17, 2025 preliminary injunction or if that preliminary injunction were stayed pending appeal, as Defendants also have sought,[5] Plaintiffs will suffer irreparable harm until there is a final judgment in this case by either being (i) required not to travel internationally or (ii) forced to expose themselves to the

---

[5] *See* Defendants' Motion for Stay Pending Appeal, *Orr v. Trump*, Case No. 25-1579 (1st Cir. July 18, 2025).

risks of being outed and subjected to the risks of harassment, discrimination, and even violence. *See* ECF 74 at 48–50. In addition, for those suffering from gender dysphoria, a stay would "impede efforts to treat and manage" that condition. *Id.* at 47.[6] Accordingly, Plaintiffs should not be precluded from being able to obtain discovery and advance this case expeditiously.

Finally, Defendants argue that, even if the preliminary injunction does not remain in effect, this Court should stay all further proceedings in this case while Defendants' appeals to the First Circuit are pending because "the appeals present 'great issues[,] great in their complexity, great in their significance,' that have 'far-reaching importance to the parties and the public.'"[7] ECF 134 at 2 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936)). *Landis* does not stand for the proposition that cases "of extraordinary public moment" and "far-reaching importance" are more deserving of being stayed. Indeed, that this case is of far-reaching importance to the Plaintiffs and perhaps the government counsels *against* a stay and in favor of expeditious resolution. In addition, *Landis* did not involve a stay of district court proceedings pending an appeal of a preliminary injunction, but rather "established that, as a question of power, the district court had discretion to stay [one] suit

---

[6] Defendants argue that irreparable harm does not exist for all class members because, they assert, *some* class members *might* not have negative experiences from using passports that have a sex marker reflecting Defendants' definition of sex. ECF 134 at 6–7. But all that is required for a preliminary injunction to be issued is that plaintiffs show that they are "*likely* to suffer irreparable harm," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (emphasis added), which this Court has already found established. *See* ECF 115 at 24–28 (concluding that "every PI-eligible plaintiff has established that they are likely to experience irreparable harm" because "all transgender and non-binary people are at greater risk of experiencing discrimination, harassment, or violence if they are required to use a passport reflecting their sex assigned at birth," and that, for those class members suffering from gender dysphoria, their "risk of experiencing irreparable harm also arises from the interference with their treatment for gender dysphoria"); *see also* ECF 130 (rejecting the exact same arguments Defendants again advance in this motion and finding that "[m]embers of the PI Class remain likely to experience a constitutional harm absent preliminary injunctive relief").

[7] Defendants have not shown why it is of "far-reaching importance" to members of the general public what sex marker is on *other people's* passports.

9

pending resolution of another" which would "define the rights of both." *Taunton Gardens Co. v. Hills*, 557 F.2d 877, 879 (1st Cir. 1977) (citing *Landis*, 299 U.S. at 253–55). Furthermore, Defendants fail to meet the requirement *Landis* enunciated—that the "suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage[s] to some one else." *Landis*, 299 U.S. at 255. Here, there is far more than a fair possibility that a stay will work damages to the Plaintiffs, and Defendants fail to establish "a clear case of hardship or inequity" to the government.

## V.    Conclusion

For the reasons set forth above, this Court should deny Defendants' motion to stay this action until after the First Circuit acts on Defendants' appeals and should allow Plaintiffs to engage in discovery and move this case forward.

Dated: July 30, 2025                                         Respectfully submitted,

/s/ *Isaac D. Chaput*
Isaac D. Chaput (*pro hac vice*)
William P. Kasper *(pro hac vice)*
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: 415-591-6000
Facsimile: 415-591-6091
ichaput@cov.com
wkasper@cov.com

Jessie J. Rossman (BBO # 670685)
Zoe Kreitenberg (BBO # 715356)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS,
INC.
One Center Plaza, Suite 850
Boston, MA 02108
Telephone: 617-482-3170
jrossman@aclum.org

zkreitenberg@aclum.org

Jon W. Davidson (*pro hac vice*)
   (admitted only in California)
Li Nowlin-Sohl (*pro hac vice*)
   (admitted only in Washington)
Sruti J. Swaminathan (*pro hac vice*)
Malita V. Picasso (*pro hac vice*)
James D. Esseks (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2500
Facsimile: 212-549-2650
jondavidson@aclu.org
lnowlin-sohl@aclu.org
sswaminathan@aclu.org
mpicasso@aclu.org
jesseks@aclu.org

Aditi Fruitwala (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St. NW
Washington, DC 20005
afruitwala@aclu.org

Ansel F. Carpenter (*pro hac vice*)
Gavin W. Jackson (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: 424-332-4758
Facsimile: 424-332-4749
acarpenter@cov.com
gjackson@cov.com

Jonathan Thompson (*pro hac vice*)
Sean M. Bender (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: 202-662-5891
Facsimile: 202-778-5891

11

jothompson@cov.com
sbender@cov.com

Robert C. Gianchetti (*pro hac vice*)
Yuval Mor (*pro hac vice*)
Alyssa L. Curcio (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: 212-841-1000
Facsimile: 212-841-1010
rgianchetti@cov.com
ymor@cov.com
acurcio@cov.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2025, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

/s/ *Isaac D. Chaput*
Isaac D. Chaput