UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
JOHN JOSEPH MOAKLEY COURTHOUSE
1 COURTHOUSE WAY, SUITE 2300
BOSTON, MA 02210

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

FILED IN CLERK'S OFFICE
2025 SEP 29 PM 12:18
U.S. DISTRICT COURT
DISTRICT OF MASS.

BOSTON MA 020
11 JUL 2025 PM 6 L

quadient
FIRST-CLASS MAIL
IMI
$000.69
07/11/2025 ZIP 02210
043M31266831
US POSTAGE

Joshua Harrell
935 Kearny St.
#65
San Francisco, CA 94133

RTS
Scanned

NIXIE    957    DE 1    0009/25/25
RETURN TO SENDER
INSUFFICIENT ADDRESS
UNABLE TO FORWARD
BC: 02210302599    *1821-03773-11-45



United States District Court

District of Massachusetts

**Notice of Electronic Filing**

The following transaction was entered on 7/10/2025 at 11:17 AM EDT and filed on 7/10/2025
Case Name: Orr et al v. Trump et al
Case Number: 1:25-cv-10313-JEK
Filer:
Document Number: 128(No document attached)

**Docket Text:**
District Judge Julia E. Kobick: ELECTRONIC ORDER entered.

Joshua Harrell's Motion to Intervene, ECF [109], is **DENIED**.

On June 3, 2025, Joshua Harrell, a nonbinary American citizen, filed a motion to intervene as of right in this litigation, ECF [109], primarily for purposes of arguing in support of the plaintiffs' then-pending motion for class certification, ECF [77], which was subsequently granted as modified by this Court, ECF [115]. The plaintiffs oppose Harrell's motion, contending that they adequately represent Harrell's interests. ECF [114]. The defendants did not respond to Harrell's motion, and the deadline to do so has passed. See Local Rule 7.1(b)(2).

Under Federal Rule of Civil Procedure 24, a court must permit "anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "To prevail on a motion to intervene as of right, a proposed intervenor must demonstrate: '(1) the timeliness of [their] motion; (2) a concrete interest in the pending action; (3) a realistic threat that resolution of the pending action will hinder [their] ability to effectuate that interest; and (4) the absence of adequate representation by any existing party.'" Sec. & Exch. Comm'n v. LBRY, Inc., 26 F.4th 96, 99 (1st Cir. 2022) (bracketed text altered) (quoting T-Mobile Ne. LLC v. Town of Barnstable, 969 F.3d 33, 39 (1st Cir. 2020)). "A failure to satisfy any one of these four requirements is sufficient grounds to deny a request for intervention as of right." Id.

"When a proposed 'intervenor's objective aligns seamlessly with that of an existing party . . . a rebuttable presumption of adequate representation attaches.'" Id. (quoting T-Mobile, 969 F.3d at 39). That presumption applies here. Harrell's objective is to travel internationally "using a US passport that correctly identifies Harrell." ECF [110], at 1. Harrell has an X marker on their state driver's license and presumably seeks the same on their passport. See id. This objective "'aligns seamlessly'" with that of the plaintiffs, who have obtained preliminary injunctive relief on behalf of certain individuals who, as relevant here, seek an X marker on their passport. LBRY, 26 F.4th at 99 (quoting T-Mobile, 969 F.3d at 39). If Harrell does not currently possess a passport with an X marker, and their gender identity is different than their sex assigned at birth or they have gender dysphoria, they are entitled to preliminary injunctive relief. See ECF [115], at 32; ECF [116]; Swinton v. SquareTrade, Inc., 960 F.3d 1001, 1005 (8th Cir. 2020) ("There is a presumption of adequate representation when the persons attempting to intervene are members of a class already involved in the litigation or are intervening only to protect the interests of class members." (quotation marks and citation omitted)).

Harrell contends that their interests are inadequately represented because the plaintiffs "have declined to raise at least two necessary arguments that Harrell intends to raise: the hazard of criminal prosecution, and timeliness." ECF [109], at 3; see ECF [110], at 4-5. But neither a "proposed intervenor's desire to present an additional argument" nor "a difference in litigation tactics support[s] a finding of inadequate representation." LBRY, 26 F.4th at 99, 100. The plaintiffs are cognizant of the alleged threat of criminal prosecution identified by Harrell. See ECF [114], at 2 n.1. And as the Court previously noted, the plaintiffs

have expeditiously litigated this case since its inception. *See* ECF [115], at 20. Harrell has accordingly not dispelled the presumption of adequate representation, and their request to intervene as of right is **denied**. *See LBRY*, 26 F.4th at 99.

In a footnote, Harrell contends that the Court should, in the alternative, allow permissive intervention "based on the same factual showing." ECF [109], at 1 n.1. A court "may" permit intervention where an individual "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In making this determination, a court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," *id.* 24(b)(3), but it may also "'consider almost any factor rationally relevant' to the intervention determination," *T-Mobile*, 969 F.3d at 40 (quoting *Daggett v. Comm'n on Governmental Ethics & Election Pracs.*, 172 F.3d 104, 113 (1st Cir. 1999)). A "court 'enjoys very broad discretion in granting or denying [such a] motion.'" *T-Mobile*, 969 F.3d at 40-41 (quoting *Daggett*, 172 F.3d at 113). In these circumstances, where Harrell is a class member whose interests are adequately protected by the class representatives, permitting them to intervene would complicate and may unduly delay adjudication of the rights of the plaintiffs and, in any event, would not "be helpful in fully developing the case." *Daggett*, 172 F.3d at 113. Harrell's request for permissive intervention is likewise **denied**. (Currie, Haley)