UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ASHTON ORR, *et al.*,

                *Plaintiffs*,

v.

DONALD J. TRUMP, *et al.*,

                *Defendants*.

Case No. 1:25-cv-10313-JEK

**PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION FOR A STAY OF BRIEFING SCHEDULE
<u>IN LIGHT OF LAPSE OF APPROPRIATIONS</u>**

Plaintiffs oppose Defendants' Motion for a Stay of Briefing Schedule in Light of Lapse of Appropriations, ECF 148 (Defendants' "Stay Motion"), filed earlier today. Staying briefing now would unduly prejudice Plaintiffs and the Classes. In recent days, courts in this District, in the First Circuit, and across the country have denied similar requests by the government to stay due to the appropriations lapse. *See, e.g.*, *Doe v. Noem*, 2025 WL 2898122, at *2 (D. Mass. Oct. 9, 2025). A stay would be particularly unwarranted here. Three business days ago, Plaintiffs filed their opening brief in support of their motion for summary judgment on their non-stayed Administrative Procedure Act ("APA") claims. This was weeks after the appropriations lapse began, yet Defendants waited until after that brief was filed to submit this motion, even though they filed their stay motion in the First Circuit—where their own opening brief is not yet due—a week ago.[1] Staying further briefing would prejudice Plaintiffs and the Classes.

---

[1] As of the time of this filing, the stay motion before the First Circuit was still pending.

1

To start, this Court may direct that briefing continue, notwithstanding a lapse in appropriations. Defendants' own rules recognize as much. The U.S. Department of Justice Fiscal Year 2026 Contingency Plan (the "Contingency Plan)[2] states that: "If a court denies such a request [that an active case be postponed until funding is available] and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." *See* Declaration of Isaac D. Chaput ("Chaput Decl."), Ex. A (also available at https://www.justice.gov/jmd/media/1377216/dl). As Judge Talwani of this District recently recognized, the Contingency Plan expressly provides "that attorneys may continue to work on this matter" if Defendants' motion is denied. *Noem*, 2025 WL 2898122, at *2. There is no need for the Court to stay the previously agreed and court-ordered briefing schedule for the parties' summary judgment motions on the non-stayed APA-related claims. *See* ECF 141, 142 (the "Briefing Schedule"). Instead, a denial of the Stay Motion will permit Defendants to comply with the Briefing Schedule notwithstanding the Antideficiency Act, 31 U.S.C. § 1342, cited by Defendants, and will avoid delaying resolution of the parties' cross-motions for summary judgment on Counts Six and Seven of the Amended Complaint.

A denial of the Stay Motion is particularly warranted because, as noted, Defendants waited until today to file their Stay Motion despite having filed a similar motion with the First Circuit seven days ago, on October 15, 2025. *See* Chaput Decl., Ex. B. Defendants could have filed a motion to stay here at the same time. But they did not, instead waiting until after Plaintiffs filed their motion for summary judgment, which significantly prejudices Plaintiffs. Specifically, in compliance with the Briefing Schedule, Plaintiffs filed their motion for summary judgment on

---

[2] It appears that the Contingency Plan was prepared pursuant to the direction of the Office of Management and Budget. *See Government Shutdowns and Executive Branch Operations, Frequently Asked Questions (FAQ)*, Cong. Rsch. Serv. R47693 (Sept. 2, 2025).

2

Counts Six and Seven of the Amended Complaint ("Summary Judgment Motion"), ECF No. 145, on October 17, 2025. One business day after Plaintiffs filed their Summary Judgment Motion, counsel for Defendants informed Plaintiffs of their intention to file the Stay Motion. *See* Chaput Decl., Ex. C (Oct. 20, 2025 email from J. Littman). By waiting until today to file their Stay Motion, Defendants ensured that Plaintiffs would not have additional time to prepare and file their Summary Judgment Motion. Further, Defendants' Stay Motion seeks an extension of the due date for filing their opposition to Plaintiffs' Summary Judgment Motion and Defendants' own cross-motion (the "Opposition and Cross-Motion") for the duration of the lapse in appropriations since October 17, 2025 (the day Plaintiffs filed their Summary Judgment Motion) plus 14 days. Thus, even if that lapse ended today, granting the Stay Motion would provide Defendants an extra 19 days beyond the agreed and ordered briefing schedule to prepare and file their Opposition and Cross-Motion, with an additional day for each day beyond today that the lapse continues. In short, Defendants delayed filing their Stay Motion until after Plaintiffs filed their Summary Judgment Motion even though Defendants sought a similar stay from the First Circuit two days before Plaintiffs filed their Summary Judgment Motion.

Numerous courts have recently rejected similar requests by the government. As Judge Talwani explained, "the harm to Plaintiffs in staying the proceedings would outweigh the harm of denying the stay, particularly given, per Department of Justice policy, that attorneys may continue to work on this matter following the denial of" Defendants' motion. *Noem*, 2025 WL 2898122, at *2; *see also United States v. Maine*, 2025 WL 2879784, at *2 (D. Me. Oct. 9, 2025) ("Under the circumstances, including weighing the competing equities at play, I decline the United States' motion to stay the proceedings. This decision is in no small part predicated on the Department's own guidance that its attorneys may continue working on a case if so ordered by a court." (citation

3

omitted)); *United States v. Polselli*, 2025 WL 2822463, at *2 (E.D. Mich. Oct. 3, 2025) ("Under the circumstances, the Court finds that it has authority to require continuation of the representation by counsel. The Department of Justice has represented publicly that it will make staff available to continue the litigation in the event the Court denies the requested stay. The Court finds that the government has not established good grounds for a stay. The [government's] motion [to stay] therefore will be denied."); *Lehman v. U.S. Dep't of Lab.*, 2025 WL 2808472, at *2 (E.D. Mich. Oct. 2, 2025) (reaching the same result as to the Department of Labor's contingency plan). So too here: granting a stay under these circumstances would result in prejudice to Plaintiffs and the Classes and an unfair advantage to Defendants, especially since Defendants have not "identified good cause—beyond the lack of appropriations—to justify staying the case." *Maine*, 2025 WL 2879784, at *2 (citing *Lehman*, 2025 WL 2808472, at *2). Such gamesmanship should not be rewarded.

In addition, a stay would prejudice Plaintiffs and the Classes by needlessly slowing down litigation. Although the Court's preliminary injunction prevents immediate irreparable harm from the Passport Policy, Defendants have asked the Supreme Court to stay that injunction; if the Supreme Court does so, Plaintiffs would be severely prejudiced by a delay in presenting the non-constitutional APA claims to this Court for a final ruling. The Court has already found that the Passport Policy likely violates the APA. Waiting even longer to resolve the important statutory issues in this case is not warranted.

For the reasons set forth above, Plaintiffs request that the Court deny Defendants' Stay Motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
| October 22, 2025 | /s/ *Isaac D. Chaput* |

Isaac D. Chaput (*pro hac vice*)
William P. Kasper *(pro hac vice)*
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: 415-591-6000
Facsimile: 415-591-6091
ichaput@cov.com
wkasper@cov.com

Jessie J. Rossman (BBO # 670685)
Jennifer M. Herrmann (BBO # 708231)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza, Suite 850
Boston, MA 02108
Telephone: 617-482-3170
jrossman@aclum.org
jherrmann@aclum.org

Jon W. Davidson (*pro hac vice*)
   (admitted only in California)
Li Nowlin-Sohl (*pro hac vice*)
   (admitted only in Washington)
Sruti J. Swaminathan (*pro hac vice*)
Malita V. Picasso (*pro hac vice*)
James D. Esseks (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2500
Facsimile: 212-549-2650
jondavidson@aclu.org
lnowlin-sohl@aclu.org
sswaminathan@aclu.org
mpicasso@aclu.org
jesseks@aclu.org

Aditi Fruitwala (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION

5

FOUNDATION
915 15th St. NW
Washington, DC 20005
afruitwala@aclu.org

Ansel F. Carpenter (*pro hac vice*)
Gavin W. Jackson (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: 424-332-4758
Facsimile: 424-332-4749
acarpenter@cov.com
gjackson@cov.com

Jonathan Thompson (*pro hac vice*)
Sean M. Bender (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: 202-662-5891
Facsimile: 202-778-5891
jothompson@cov.com
sbender@cov.com

Robert C. Gianchetti (*pro hac vice*)
Yuval Mor (pro hac vice)
Alyssa L. Curcio (*pro hac vice*)
COVINGTON & BURLING LLP
30 Hudson Yards
New York, NY 10001
Telephone: 212-841-1000
Facsimile: 212-841-1010
rgianchetti@cov.com
ymor@cov.com
acurcio@cov.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2025, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

/s/ *Isaac D. Chaput*
Isaac D. Chaput