**UNITED STATES DISTRICT
DISTRICT OF MASSACHUSETTS**


ASHTON ORR, et al          )
      Plaintiffs,    )
      vs             )   No. 1:25-CV-10313
DONALD J. TRUMP, et al, )
      Defendants.    )


**BEFORE THE HONORABLE JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE
REMOTE SCHEDULING CONFERENCE**


John Joseph Moakley United States Courthouse
Via Zoom
One Courthouse Way
Boston, Massachusetts  02210

TUESDAY, AUGUST 5, 2025
4:30 P.M.


Catherine L. Zelinski, RPR, CRR, CRC
Official Court Reporter
John Joseph Moakley United States Courthouse
One Courthouse Way, Room 3-205
Boston, Massachusetts  02210
Email: CAL.Zelinski.Steno@gmail.com


Mechanical Steno - Computer-Aided Transcript

**APPEARANCES:**


        Isaac D. Chaput
        Covington & Burling, LLP
        Salesforce Tower
        415 Mission Street, Suite 5400
        San Francisco, CA 94105-2533
        Telephone: 415-591-7020
        Email: Ichaput@cov.com
        for Plaintiff

        Jon Warren Davidson
        American Civil Liberties Union Foundation
        125 Broad Street, Suite 18th Floor
        New York, NY 10004
        Telephone: 323-536-9880
        Email: Jondavidson@aclu.org
        for Plaintiff

        Jessie J. Rossman
        ACLU of Massachusetts
        One Center Plaza, Suite 850
        Boston, MA 02108
        Telephone:  617-482-3170
        Fax: 617-451-0009
        Email: Jrossman@aclum.org
        for Plaintiff.

        M. Jared Littman
        Department of Justice, Civil, Federal Programs
        1100 L Street NW
        Washington, DC 20005
        Telephone: 202-514-5578
        Email: Jared.littman2@usdoj.gov
        for Defendant.

**P R O C E E D I N G S**

THE CLERK:  This is Civil Matter 25-10313, *Orr, et al versus Trump, et al.*

To all participants, pursuant to Local Rule 83.3, persons granted remote access to these proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting.  Violation of these prohibitions may result in sanctions.

And will counsel, starting with the plaintiff, please state your name for the record.

ATTORNEY CHAPUT:  Good afternoon, your Honor.  Isaac Chaput, Covington and Berlin, LLP on behalf of Plaintiffs in the class.

THE COURT:  Good afternoon, Attorney Chaput.

ATTORNEY DAVIDSON:  Good morning, your Honor.  Jon Davidson from the National ACLU Foundation representing Plaintiffs.

THE COURT:  Okay.  Good afternoon to you, Attorney Davidson.

ATTORNEY ROSSMAN:  And good afternoon, your Honor.  Excuse me, Jessie Rossman from ACLU Massachusetts for Plaintiffs.

THE COURT:  Okay.  Good afternoon to you as well, Attorney Rossman.

And for the defendants?

ATTORNEY LITTMAN:  Your Honor, Jared Littman for the defendants.

THE COURT:  Okay.  Good afternoon to you as well, Attorney Littman.

ATTORNEY LITTMAN:  Good afternoon.

THE COURT:  Anyone else here for the defendants?

Okay.

ATTORNEY LITTMAN:  I do believe I have a colleague on a phone line.

THE COURT:  Okay, all right.  Good afternoon to your colleague as well.

Okay, we're here on an initial scheduling conference, and the defendants have also moved to stay the proceedings in the district court pending the First Circuit's ruling on -- or decision, I guess, on the appeal as a preliminary injunction orders.  I have read the parties' briefs in connection with the motion to stay, and the parties' joint submission pursuant to Local Rule 16.1.  And I thank you all for working together on that and for the conferral process.

I don't think I need argument, really, on the motion to stay.  I think there's, you know, some moving pieces here, but what I want to just propose to the parties is what I'm thinking and then get your reactions to it.

So I do think, you know, a lot of the issues that were before me in the preliminary injunction proceedings are now

before the First Circuit on appeal.  Where the issues are the same or potentially dispositive, I don't think it's particularly appropriate for me to go ahead and rule on the merits again while the issues are before the First Circuit.  As I understand the government's motion to stay, it's primarily objecting to moving forward on fact discovery on the constitutional claims, but less so on the APA claims.  So what I think makes sense, and I'd like to hear both sides' views on this, is to stay the constitutional claims but not stay the APA claims that allows the government to put together the administrative record.  We can set up a schedule for that.  And as I understand it, once the administrative record is filed, typically the parties file cross-motions for a summary judgment or we could have one side go first and then the other.  Then we set up a briefing schedule on that.  And then the case can move forward on the APA claims while it's stayed on the constitutional claims.  Part of my thinking here, and I'll just kind of say it to you all.  I think the Skrmetti issue is a big issue, and it's before the First Circuit now.  And I don't think it's appropriate for me to weigh in on it where it's pending in the First Circuit.  And, you know, understandably the government might move for judgment on the pleadings if the equal protection claims aren't stayed, and I don't think it's appropriate, as I said, for me to decide that issue in the first instance where it's up on appeal.

And, secondly, as I understand the plaintiffs' argument, part of what they would want to request in discovery turns on what's in the administrative record, how fulsome the administrative record is, and we don't have that and we don't know that.  So that's how initially I'm planning to move forward with the case.  But I'd like to just hear from both sides on your thoughts on that.

Why don't I start with the plaintiffs.

ATTORNEY CHAPUT:  I have one question for the Court actually.  Is the Court contemplating saying not just the equal protection claim but also the plaintiffs' other constitutional claims which include the right to travel, the right to privacy, and the free speech claims?  Or would those also move forward even if the equal protection claim is stayed given the potential for the First Circuit's decision on the appeal to potentially impact that particular claim?

THE COURT:  Yes, I was envisioning staying all the constitutional claims and only moving forward on the APA claims.  Because, you know, I understand the parties have a dispute about whether the plaintiffs -- and the defendants, I guess, would be entitled to any discovery on the constitutional claims, all of the constitutional claims.  And I, you know, that's an issue that we might have to deal with down the road, but I think it's most prudent to stay all the constitutional claims and then allow the case to move forward just on the APA

claims.

ATTORNEY CHAPUT:  Thank you, your Honor.

So I would say, you know, of course plaintiffs would prefer to proceed into discovery in its entirety and that way once we have guidance from the First Circuit eventually, we will have a complete record on which we can either move forward on summary judgment with respect to all claims or if at that point the equal protection claim has potentially been changed in its scope based on the guidance we received from the First Circuit.  We wouldn't have to delay things further in order to obtain that discovery at that point.  So we would submit that it would maintain and promote judicial efficiency if we could move forward on discovery with respect to the entirety of the claims.  That said, I hear the Court.  And so, you know, I do think it makes sense to, at a minimum, get going on getting the administrative record for purposes of the APA claim.  And the Court is correct that that will potentially shed some light on whether defendants are correct in submitting that this should be a record review case, since even in an APA case if there is no record, than courts have some discretion to permit additional discovery.

THE COURT:  Okay, all right.  Thank you.

Why don't I turn to Attorney Littman.

ATTORNEY LITTMAN:  Thank you, your Honor.  There's two points.

I do understand your position, but first of all, the APA claims have also been appealed in this case to the First Circuit. So the appeal has not been limited to the constitutional claims.

THE COURT: Yes.

ATTORNEY LITTMAN: And I will tell you that, you know, that this is the stay of the PI at this point is fully briefed as of yesterday, so we can be expecting a decision -- obviously we have no control over that, but I did talk to our appellate specialist, it could very well come this week or next week or the week after. It could become, you know, very soon. And regardless, you know, one we appealed the APA claims. And, secondly, even the decision on Skrmetti, argue is that certainly reflective on the APA claims. For example, if the Court decides there's a rational basis for the passport policy, and certainly this would give some indication and play into whether there is an arbitrary and capricious policy. So I think that, one, they're appealed.

And, two, to the extent that the Court makes a decision on Skrmetti as a rational basis review and then makes a decision whether there is rational basis or not, it's an indicator, if not potentially determinative as to APA claims as well.

THE COURT: Okay, that's a fair point. And I know that you all have, you know, the entire PI -- both PI rulings

are on appeal and so that's all fair game in the First Circuit. I guess part of my thinking is that depending what is in the administrative record, it might or might not change the contours of the APA claim, I just don't know.  And so I think it makes sense, you know, for the government to produce it. The parties can take a look at it.  If it doesn't change the contours of the APA claim, then, you know, we have to think about does it make sense for me to move to considering motions for summary judgment where the issues are before the First Circuit or not?  And I think that's sort of something that might come up down the road, but it doesn't need to be decided today.  But it also might make sense to just proceed with briefing summary judgment.  And, you know, I don't know how long the First Circuit would take to decide the appeal, but at least the case is somewhat moving along.  I prefer to have cases move along that are before me, but I understand that there are good reasons in this particular one to wait for the First Circuit to adjudicate the appeal.

Okay, so I think hearing both sides, I think that's what I plan to do is to stay the constitutional claims but not stay the APA claims.  And I appreciate, you know, your comments, Attorney Littman, and we'll think about next steps after the -- after the administrative record is filed.

So let me ask you how long you think the government would need to compile the administrative record?

ATTORNEY LITTMAN:  We would request 21 days.

THE COURT:  Okay.

And let me just ask, do you know, either side, is the appeal in the First Circuit has anyone requested that it be expedited or not?

ATTORNEY LITTMAN:  It has not been requested to be expedited.

THE COURT:  Okay, all right.

So in APA claims, I know sometimes parties prefer to file cross-motions for summary judgment or potentially have one side go first and then the other and then back and forth with reply briefs.  I don't know if you all have talked about that or what you'd prefer.  But I'm happy to have you confer and set up a proposed schedule for briefing of summary judgment motion or anything else after the administrative record has been filed.  I don't know if there would be anything more to do beyond summary judgment in the APA claims, but I'm happy to hear either side on that.

ATTORNEY CHAPUT:  For Plaintiffs, your Honor, I think we would first want to understand within the administrative record.

THE COURT:  Okay.

ATTORNEY CHAPUT:  Since in some instances it may be necessary to have some extra record evidence as is reflected in the cases that we've cited in our submission.  So we're

certainly happy to confer with Defendants on what the summary judgment briefing might look like once we get to that point. But I think it's going to be a bit premature to set a deadline for us to file a motion for summary judgment on the APA claim given the uncertainty on what is in the administrative record.

THE COURT:  Okay.  That's sensible and that's fine from my perspective.  So what I'll do is, I think the scheduling order will just say the government is to file the administrative record in 21 days, and then, you know, we can set a further scheduling conference or status conference or short of that, why don't we have the parties confer after the administrative record is filed.  And then -- why don't we do that rather than a scheduling conference.  So I'll ask you to submit a joint status report, or proposed schedule 14 days after the filing of the administrative record.

ATTORNEY LITTMAN:  Your Honor, just on one caveat that I'm thinking about now, and I believe that some of the issues raised with the First Circuit involved some jurisdictional issues involving the APA claims.  And I'm a little concerned about, you know, committing to, you know, moving forward until we have some indication from the First Circuit, whether those jurisdictional claims, you know, should be proceeding.  I guess one thing I want to make sure that I get on the record is to the extent that the government feels appropriate, with or without the First Circuit guidance, the move for, like, motion

for judgment on the pleadings particularly with respect to jurisdiction.  I do want to, you know, reserve that right without jumping right into providing an AR and agreeing to summary judgment.

THE COURT:  I think, I mean, you know my feelings on jurisdiction.  I consider that at the PI stage.  Certainly all your arguments are preserved for appeal.  But I don't think it's a good use of anyone's resources to make the same arguments on a motion for judgment on the pleadings.  Unless there's something new that you plan to raise, I think, you know, certainly if you do get to the summary judgment stage on the APA claims, I expect to reassert those arguments and we'll deal with them, but I'm not, I'm not sure what, what would be the point in moving for judgment on the pleadings on the same basis that you argued in the PI.

ATTORNEY LITTMAN:  One circumstance that I'm contemplating is in the intervening time the First Circuit comes out with a decision on the APA claims or the jurisdictional issues, I think it would be hard for the government to move forward if, you know, the First Circuit says yeah, the likelihood of success on the merits on the APA claims is low because we're not existent because there's no jurisdiction here.  So I think that --

THE COURT:  Sure.  I agree with you on that.  If the First Circuit issues that decision and that certainly changes

how I think about the APA claims, then I think it would be entirely appropriate to file a motion for judgment on the pleadings. I was imagining that you were talking about before we get the First Circuit's decision. And in that case, you know, you know my views on the jurisdictional arguments. So I don't think it makes sense to move for judgment on the pleadings before we get the First Circuit's decision. But I understand -- you've certainly preserved that point and I understand the government's position there.

ATTORNEY LITTMAN: Thank you, your Honor.

THE COURT: Sure. Okay.

ATTORNEY CHAPUT: Your Honor.

THE COURT: Yes.

ATTORNEY CHAPUT: I apologize. Just on the timing could I ask for 21 days before the parties file the status report? I want to ensure that our team has sufficient time to analyze the record and assess what additional discovery might be warranted. And also I happen to have personal travel for multiple depositions including some overseas travel in that two weeks which just would make it a bit challenging for me to make sure that I could participate in those discussions.

THE COURT: Sure. I have no problem with that.

Attorney Littman, any objection to that?

ATTORNEY LITTMAN: No, your Honor. Any types of scheduling stuff we -- I'm sure we can work out.

THE COURT:  That's fine from my perspective.

So we'll say that the government is to file the administrative record within 21 days of today, and then the parties to file a joint status report with a proposed plan for moving forward 21 days after that.  And I will -- I'll issue a brief docket order as well on the motion to stay, but so you all know it will be granted in part and denied in part along the lines that we've just discussed.

Okay.  Anything further that either side wants to raise?

ATTORNEY CHAPUT:  Your Honor, there is the preservation issue that we raised in the joint CMC statement. Plaintiffs continue to be very concerned with the status of Defendants' preservation efforts.  And that those concerns are only going to be heightened with the fact that there's going to be a stay in place for the constitutional claims.  I want, I want to make clear that Plaintiffs' position is not necessarily that the preservation obligation extends to every government entity that exists, but rather that defendants have an obligation to engage in reasonable proportional efforts to ensure that they've identified those sources of potentially relevant information and issued preservation instructions to agencies that have potentially discoverable information.  And it's Defendants themselves who have put this at issue by asserting an interest in government-wide uniformity, that is at

the core of what they say is the basis for the policy.  And so I just wanted to raise that for your Honor.  If your Honor prefers that we proceed with a motion on the issue, we certainly can do that, but I just want to note it, particularly given the stay, since it's not going to be teed up in the near term in the context of discovery requests on the constitutional claims.

THE COURT:  Okay.  So I don't -- I guess I'll turn to Attorney Littman.  But I don't know what a motion would be -- you know, parties sort of have a good faith obligation to preserve any potentially discoverable material.  I generally trust that parties will comply with that obligation.  And you're right, it's subject to a proportionality requirement.  I've never heard of a party moving on that, but you know, I'm happy to hear you.  I'm not sure what you would be requesting from the court.  But, Attorney Littman, let me turn to you.

ATTORNEY LITTMAN:  Yes, the government of course has complied with Rule 37 and any types of preservation obligations.  And anyway I think what your Honor's getting at is this issue wouldn't be ripe.  I don't think it would be ripe until there's some kind of discovery request aimed at, at some other agency.  And we, you know, the government would object.  And I guess at that point we'd have some kind of dispute, litigation.  So I don't see the issue as ripe, and I think that's kind of the struggle here.

THE COURT:  Yes, I mean -- I'll just, sort of my initial thoughts are of course the State Department is subject to preservation requests and the executive -- or whatever executive officials were involved in the Executive Order.  But without knowing the scope of what you're interested in, Attorney Chaput, I don't think the entire federal government is under an obligation to preserve anything that possibly relates to this case.  That would be far overbroad.  And then what other agencies we're talking about here, it's hard for me in the abstract to opine on that.

ATTORNEY CHAPUT:  All right.  I certainly understand that, your Honor.  And part of the issue here is the government has repeatedly asserted this government-wide uniformity interest without any specifics.  And so at present we don't know what other agencies the government is asserting would be within that interest and therefore may have discoverable information about how passport data could potentially be useful in their operations.  But the government does have possession of that information and what those agencies are and how they might use it, I would expect, given that they've asserted this interest repeatedly.  And so, what is not clear to me, and what the government has not given us assurances of in the course of our discussions on this issue over the course of months is whether the Department of Justice has instructed those other agencies that it already knows are going to be relevant to this

case based on this government-wide uniformity interest that's been asserted.  Whether there's been any instruction to those agencies that there is this pending litigation, and that they may have an obligation to preserve information.  So that's the concern.

And to answer the Court's question from the beginning about what this motion might look like.  In other complex matters I have had courts direct the parties to discuss orders on preservation where there were going to be challenges with preservation or unique issues relating to preservation to at least have a more in-depth disclosure of what preservation efforts were being taken.  And so that could be one solution here would be simply that the parties have a more complete discussion, because at present, the government has really refused to give us any assurance beyond just, you know, I think along the lines of what Attorney Littman said just a moment ago, no assurance about what specific steps have actually been taken.

THE COURT:  Okay.

So I think it strikes me that the parties have been doing a good job in this case of working collegially with each other and I've appreciated that throughout this case, and I expect that will continue.  So what I would ask both sides to do is just get on the phone today, tomorrow, after this status conference, you can have a confer about preservation.  I, you

know, trust that the government is reserving what is reasonable -- might reasonably be discoverable in this case. And I do take Attorney Littman's point that it's not clear to me that a dispute would be ripe now while we're staying discovery, but I think this is a topic that you all can discuss together and hopefully find some common understanding about, but I appreciate you raising the matter.

ATTORNEY CHAPUT:  Thank you, your Honor, I appreciate that.

THE COURT:  Anything further that either side would like to raise?

Okay, hearing none --

ATTORNEY LITTMAN:  No, your Honor.

THE COURT:  -- I will enter the docket order on the motion to stay probably not this afternoon, but soon.  And you have the scheduling order going forward.  And we will stand in recess until then.  So I wish you all a good rest of your day.

ATTORNEY LITTMAN:  Thank you, your Honor.

ATTORNEY CHAPUT:  Thank you, your Honor.

ATTORNEY LITTMAN:  Have a good day.

(Whereupon, at 4:54 p.m., Court Stood in Recess.)

**C E R T I F I C A T E**

**UNITED STATES DISTRICT COURT )**

**DISTRICT OF MASSACHUSETTS      )**

I, Catherine L. Zelinski, certify that the foregoing is a true and accurate transcription of my stenographic notes from the record of proceedings taken Tuesday, August 5, 2025, in the above-entitled matter to the best of my skill and ability.

/s/ Catherine L. Zelinski

Catherine L. Zelinski, RPR, CRR, CRC    __11/15/2025__
Official Court Reporter                              Date