**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ASHTON ORR et al., | |
| *Plaintiffs*, | |
| v. | Civil Action No. 1:25-cv-10313 |
| DONALD J. TRUMP, *in his official capacity as President of the United States*, et al., | |
| *Defendants*. | |

## DEFENDANTS' MOTION TO STAY DISTRICT COURT PROCEEDINGS AS TO COUNTS 6 AND 7 OF THE COMPLAINT PENDING APPEAL IN LIGHT OF SUPREME COURT'S STAY

On August 6, 2025, this Court largely granted Defendants' Motion to Stay District Court Proceedings Pending Appeals of Preliminary Injunctions (ECF No. 134), staying Plaintiffs' claims raising constitutional arguments (Counts 1, 2, 3, 4, and 5) but allowing Plaintiffs' two Administrative Procedure Act ("APA") claims (Counts 6 and 7) to proceed. ECF No. 137 (Electronic Order, Aug. 6, 2025). On November 6, 2025, the Supreme Court granted Defendants' application to stay this Court's preliminary injunction pending appeal, unequivocally stating that "[d]isplaying passport holders' sex at birth no more offends equal protection principles than displaying their country of birth—in both cases, the Government is merely attesting to a historical fact without subjecting anyone to differential treatment." *Trump v. Orr*, 607 U.S. ----, No. 25A319, 2025 WL 3097824, at *1 (Nov. 6, 2025). As to Plaintiffs' APA claims specifically, the Supreme Court held that Plaintiffs are unlikely to prevail "in arguing that the State Department acted arbitrarily and capriciously by declining to depart from Presidential rules that Congress expressly required it to follow. 22 U.S.C. § 211a." *Id.* Section 211a, in turn, provides that the State

Department may issue passports "under such rules as the President shall designate and prescribe for and on behalf of the United States[.]"

Defendants respectfully request that this Court stay further proceedings as to the APA claims in this matter pending final resolution of Defendants' preliminary injunction appeals. Briefing on the merits of this Court's preliminary injunctions will soon commence before the First Circuit. *See* No. 25-1579 (1st Cir.), Gov't Consent Mot. to Set Briefing Schedule (Nov. 17, 2025) (requesting opening brief due date of Dec. 22, 2025).

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Marquis v. F.D.I.C.*, 965 F.2d 1148, 1154 (1st Cir. 1994) ("It is beyond cavil that, absent a statute or rule to the contrary, federal district courts possess the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention."). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.

It would be immensely inefficient for the parties to expend resources to litigate, and for the Court to adjudicate, two APA claims on a different track from the five other stayed claims, before the First Circuit or the Supreme Court provides further guidance on the merits of all of Plaintiffs' claims. This is particularly true, where, as here, the Supreme Court's stay decision directly undercuts Plaintiffs' arguments made in their opening brief that the State Department has violated the APA. *Compare Trump v. Orr*, 2025 WL 3097824, at *1 (holding that Plaintiffs are unlikely to prevail "in arguing that the State Department acted arbitrarily and capriciously by declining to depart from Presidential rules that Congress expressly required it to follow"), *with* Pls. Memo. of

Law (ECF No. 146) at 6 (arguing that compliance with the Presidential passport rules do not "rescue the Passport Policy" under the APA), 12 (arguing that adherence to the Presidential passport rules "is not sufficient justification" under the APA). Thus, a stay to allow the appellate process to identify actionable claims, if any, and the contours of any such claims in light of *United States v. Skrmetti*, 605 U.S. 495 (2025), and the Supreme Court's stay order in this case, *Trump v. Orr*, 2025 WL 3097824, would serve "efficacious management of [the Court's] docket[.]" *Marquis*, 965 F.2d at 1154.

The appellate courts' forthcoming decisions could potentially help resolve this case promptly or, at a minimum, will provide important guidance on the governing legal framework for Plaintiffs' claims. Continuing forward with district court proceedings now would result in needlessly duplicative litigation and unnecessarily expose the parties to potentially conflicting judicial decisions as the case moves through the appellate process. A stay of further proceedings, until the conclusion of the appellate process, would therefore conserve both Court and party resources, without any prejudice to the Preliminary Injunction Class because the Supreme Court has stayed the preliminary injunction pending its disposition of any certiorari petition and avoiding piecemeal litigation will more promptly resolve the litigation definitively and will therefore lead to a quicker final resolution of Plaintiffs' claims.

## CONCLUSION

Defendants respectfully request a stay of district court proceedings as to the APA counts of the Complaint pending resolution of all appeals from this Court's preliminary injunctions, at which point the parties should jointly propose further proceedings in this case.

Defendants' counsel sought Plaintiffs' position concerning this motion, but as of the time of filing, Plaintiffs' counsel had not responded.

Dated: November 18, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JEAN LIN
Special Litigation Counsel

/s/ M. Jared Littman
_____

ELIZABETH B. LAYENDECKER
M. JARED LITTMAN
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 514-5578
Fax: (202) 616-8470
E-mail: Jared.Littman2@usdoj.gov
*Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true copy of the above document was served upon Plaintiffs' counsel by the Electronic Case Filing system on November 18, 2025.

/s/ *M. Jared Littman*
M. JARED LITTMAN