UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASHTON ORR, *et al.*,<br><br>                *Plaintiffs*,<br>     v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>                *Defendants*. | Case No. 1:25-cv-10313-JEK |

**PLAINTIFFS' CONSOLIDATED MOTION TO LIFT STAY OF CONSTITUTIONAL CLAIMS AND OPPOSITION TO DEFENDANTS' MOTION TO STAY DISTRICT COURT PROCEEDINGS AS TO COUNTS 6 AND 7 OF THE COMPLAINT PENDING APPEAL IN LIGHT OF THE SUPREME COURT'S STAY**

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................. 1

II. BACKGROUND .................................................................................................... 2

III. LEGAL STANDARD ............................................................................................. 4

IV. ARGUMENT .......................................................................................................... 5

     A. In Light of Ongoing Irreparable Harm, the Stay of the Constitutional Claims Should Be Lifted, and the APA Claims Should Not Be Stayed Further. .......................................................................................................... 5

     B. The Supreme Court's Stay Does Not Foreclose Relief. ............................ 8

     C. Moving the Case Forward Is Particularly Warranted Because Plaintiffs Intend to Seek Dissolution of this Court's Preliminary Injunction. ......... 9

V. CONCLUSION ..................................................................................................... 10

i

## TABLE OF AUTHORITIES

**Cases**                                                                                                              **Page(s)**

*Agatha v. Trump*,
    151 F.4th 9 (1st Cir. 2025)......................................................................................................3

*Boyle v. County of Kern*,
    2008 WL 220413 (E.D. Cal. Jan. 25, 2008) ............................................................................4

*Dep't of Educ. v. California*,
    604 U.S. 650, 653 (2025)..........................................................................................................8

*Dicenzo v. Massachusetts Dep't of Corr.*,
    2016 WL 158505 (D. Mass. Jan. 13, 2016) ............................................................................4

*Nken v. Holder*,
    556 U.S. 418 (2009)..................................................................................................................3

*Trump v. Orr*,
    No. 25A319, 2025 WL 3097824 (U.S. Nov. 6, 2025)..........................................................3, 9

**Statutes**

5 U.S.C. § 706................................................................................................................................1

I.       INTRODUCTION

The Court's stay of discovery on Plaintiffs' constitutional claims followed its entry of a preliminary injunction that prevented immediate irreparable harm to the Classes. But that injunction has now itself been stayed, reinstating the State Department policy barring issuance of passports with a sex marker other than the bearer's sex assigned at birth (the "Passport Policy") and inflicting grave harms on the Classes, including "psychological distress, suicidality, discrimination, harassment, and violence." *See* ECF 115 at 25. In light of the Supreme Court's stay of interim relief, moving this case to final judgment on all claims expeditiously is more pressing than ever. And the calculus underlying this Court's prior discovery stay determination has fundamentally changed: millions of Class members now lack protection from severe, established harms, and an indefinite stay of their constitutional claims will needlessly delay final judgment and a determination about permanent relief. Plaintiffs respectfully request that the Court lift the stay of the constitutional claims and set a scheduling conference to permit discovery to proceed.

Meanwhile, the government has since moved to effectively stay *all* proceedings in this Court by seeking to put on hold summary judgment briefing on Plaintiffs' non-constitutional Administrative Procedure Act ("APA") claims (the "APA Claims").[1] *See* ECF 156. Defendants' motion—which would close off *all* avenues for expeditious relief—should be denied. If granted, Defendants' motion would further prolong Plaintiffs' and the Classes' irreparable injuries by delaying final judgment in this Court until the appeal of the stayed preliminary injunction runs its

---

[1] The APA Claims include Counts 6 and 7 of Plaintiffs' Amended Complaint—namely, Plaintiffs' claims that the Agency Defendants violated the APA with agency action that is (1) arbitrary, capricious, and an abuse of discretion, and (2) without observance of procedure required by law under the Paperwork Reduction Act ("PRA"). *See* 5 U.S.C. § 706(2)(A), (D).

1

course. The administrative record has been produced, summary judgment briefing is underway, and there is no reason to continue delaying. The Supreme Court's limited and emergency-posture order does not suggest, much less dictate, otherwise.

Lifting the stay of the constitutional claims, and denying an additional stay of the APA Claims, is especially warranted because Plaintiffs intend to seek to have the preliminary injunction dissolved. Plaintiffs asked Defendants to agree to jointly request the First Circuit to vacate, or remand for vacatur, the preliminary injunction in light of the Supreme Court's stay order. Defendants refused, notwithstanding that doing so would provide Defendants with the full relief they seek through their appeal of the preliminary injunction. As a result, Plaintiffs intend to seek an indicative ruling from this Court that it would dissolve the preliminary injunction if it were remanded; if this Court issued an indicative ruling that it would dissolve the preliminary injunction, Plaintiffs would then seek remand from the First Circuit. That would provide Plaintiffs and the Classes the fastest route to final judgment and the chance for permanent relief.

## II. BACKGROUND

On June 17, the Court entered a preliminary injunction protecting members of two certified Classes from the harms inflicted by the Passport Policy. *See* ECF 115, 116. Defendants appealed that injunction on July 11. *See* ECF 111, 131.

On July 16, the government moved to stay discovery in this Court while it appealed the preliminary injunction. *See* ECF 134. Among other arguments, the government asserted that Plaintiffs would "not suffer any imminent harm from a stay" because "while the preliminary injunction remains in effect, there is no basis for concern about imminent harms allegedly stemming from the challenged actions in this case." *Id.* at 6. When asking for a later stay of briefing on the APA Claims due to the lapse in appropriations, the government again emphasized

that the existence of the preliminary injunction prevented immediate harm to Plaintiffs and purportedly meant that a stay "would not prejudice Plaintiffs and the Classes." *See* ECF 152 at 4 (cleaned up). Plaintiffs opposed the government's request for a stay of the constitutional claims. *See* ECF 136. On August 6, the Court stayed discovery on Plaintiffs' constitutional claims pending resolution of the government's appeal of the preliminary injunctions but allowed for further litigation of the APA Claims and ordered Defendants to file the administrative record. *See* ECF 137. On September 15, the Court entered a briefing schedule on the parties' cross-motions for summary judgment as to the APA Claims. *See* ECF 142.

On September 4, the First Circuit denied the government's application for a stay of the preliminary injunction pending appeal. *See Agatha v. Trump*, 151 F.4th 9 (1st Cir. 2025). Applying the stay factors from *Nken v. Holder*, 556 U.S. 418, 433–34 (2009), the First Circuit held that the government had "not made a strong showing that it is likely to succeed on the merits of its appeal of the APA claim" due to the government's reliance on "a matter of first impression in the federal courts of appeal." *Agatha*, 151 F.4th at 11–12. The court "note[d]" that the government's moving papers "fail[ed] to engage meaningfully with the district court's analysis" as to the animus claim. *Id.* at 12. The court did not pass on Plaintiffs' sex discrimination claim but noted that "the APA claim and the animus-based Equal Protection Clause claim stand as independent bases" for the injunction. *Id.* at 12 n.1. That court also echoed this Court's findings of "immediate and irreparable harms" to the Classes if the Passport Policy were in effect. *Id.* at 12.

On October 17, in compliance with this Court's briefing schedule order, *see* ECF 142, Plaintiffs moved for summary judgment on the APA Claims. *See* ECF 145.

On November 6, the Supreme Court issued a four-paragraph opinion staying this Court's June 17 preliminary injunction. *See Trump v. Orr*, No. 25A319, 2025 WL 3097824 (U.S. Nov. 6,

3

2025) ("*Supreme Court Order*"). The Supreme Court's analysis only considered three claims: the sex-classification, animus, and arbitrary-and-capricious claims. The Court devoted a sentence to the merits of each. It did not mention the irreparable harm to Plaintiffs and the Classes, it did not balance the equities, and it did not require the government to show any irreparable harm beyond having an executive action enjoined.

On November 18, the government moved to stay Plaintiffs' APA Claims pending appeal in light of the Supreme Court's stay. *See* ECF 156. The government argued that it would be "inefficient" to litigate the APA Claims separately from the stayed constitutional claims. *Id.* at 2. Rather, the government argued this Court should wait for "the First Circuit or the Supreme Court [to] provide[] further guidance on the merits of all of Plaintiffs' claims."[2] *Id.*

### III. LEGAL STANDARD

While courts possess the power to stay proceedings in some circumstances, "[t]he corollary to this power is the ability to lift a stay previously imposed." *Boyle v. County of Kern*, 2008 WL 220413, at *5 (E.D. Cal. Jan. 25, 2008) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). To justify a stay, and therefore continuance of a stay, "there must be good cause . . . ; [the stay] must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Dicenzo v. Massachusetts Dep't of Corr.*, 2016 WL 158505, at *1 (D. Mass. Jan. 13, 2016) (quoting *Marquis v. F.D.I.C.*, 965 F.2d 1148, 1155 (1st Cir. 1992)).

---

[2] The government is mistaken. The Supreme Court and the First Circuit heard this case on interlocutory appeal of this Court's preliminary injunction. That injunction relied on Plaintiffs' sex discrimination and animus theories of equal protection, the arbitrary and capricious APA claim, and the PRA APA claim. *See* ECF 115 at 22 (citing ECF 74 at 16–76). This Court expressly declined to pass on the likelihood of success of Plaintiffs' claims under the right to travel and informational privacy, ECF 74 at 32–33, and Plaintiffs did not move for a preliminary injunction based on their First Amendment claim. These three other claims are not on appeal, so the appellate process cannot "provide[] further guidance on the merits of *all* of Plaintiffs' claims." ECF 156 at 2 (emphasis added).

4

IV.   **ARGUMENT**

The stay of Plaintiffs' constitutional claims should be lifted, and the Court should deny the government's request to postpone indefinitely all relief by staying the APA Claims. The earlier stay of the constitutional claims was predicated on a state of affairs that no longer exists. The resuscitated Passport Policy is now inflicting precisely the same irreparable harms that this Court previously found. As a result, it is vital to expeditiously move this case to final judgment on the merits of all claims.

Expanding the stay to cover the APA Claims, as the government urges, would only expand the harm and delay the case. There is no good cause for that stay. Although the government frames the request as based on the Supreme Court's decision, the substance of its argument is that the *First Circuit* is considering the issues—but that was true when the Court denied the government's prior request to stay the entire case, including the APA Claims. In light of the Supreme Court's stay order, the proper response is to request that the First Circuit vacate the preliminary injunction or remand the injunction for dissolution by this Court. This will enable single-track litigation in this Court, offering Plaintiffs, the Classes, and the government the speediest route to final judgment—and avoiding the very issues the government flags in its motion.

Nor does the Supreme Court's stay order suggest otherwise: this brief, emergency-posture order addressed only the issue of interim relief, discussed only certain of Plaintiffs' claims, and was decided on the record available at the time, which did not include the administrative record and lacked any discovery.

A.   **In Light of Ongoing Irreparable Harm, the Stay of the Constitutional Claims Should Be Lifted, and the APA Claims Should Not Be Stayed Further.**

The Supreme Court's order restores the Classes to the position they were in on June 16, 2025, before this Court extended the preliminary injunction to the Classes.

5

As this Court previously discussed at length, this status quo imposes real, irreparable harms on the Classes. *See* ECF 74 at 46–50; ECF 115 at 22–28. "Transgender individuals are [ ] more likely to experience violence or harassment if required to use passports bearing a sex marker corresponding to their sex assigned at birth." *See* ECF 74 at 48. "[H]alf of the PI-eligible plaintiffs report having been personally harassed or assaulted when presenting a passport or identity document reflecting their sex assigned at birth." *See* ECF 115 at 27. "These plaintiffs will thus be required to choose between forgoing international travel plans—including the medical appointments, and academic and professional opportunities, giving rise to those plans—or travelling with passports bearing sex markers that correspond to their sex assigned at birth." *See* ECF 74 at 49–50. "Absent preliminary injunctive relief, these plaintiffs may effectively be forced to out themselves as transgender or non-binary every time they present their passport—whether for international travel or to verify their identity in administrative settings, such as employment paperwork or opening a bank account. The PI-eligible plaintiffs are therefore unable to use their passports without a heightened risk of experiencing anxiety, psychological distress, suicidality, discrimination, harassment, and violence." *See* ECF 115 at 26 (cleaned up). All of these harms have now been revived for many Americans.

Indeed, the government's arguments for a stay of discovery were premised on the existence of the preliminary injunction. When the government requested a stay of the case pending appeal before the First Circuit, the government highlighted the protection afforded by the preliminary injunction: "[W]hile the preliminary injunction remains in effect, there is no basis for concern about imminent harms allegedly stemming from the challenged actions in this case." *See* ECF 134 at 6. Similarly, in requesting a stay of briefing on the APA Claims due to the lapse in federal appropriations, the government emphasized that the existence of the preliminary injunction

6

prevented immediate harm to Plaintiffs and ensured that a stay "would not prejudice Plaintiffs and the Classes." *See* ECF 152 at 4 (cleaned up). That is not the case now that the preliminary injunction has been stayed.

This lawsuit was filed in February 2025 but, to date, no discovery has taken place (other than Defendants' production of the administrative record). Further, when this Court stayed the constitutional claims, the APA Claims served as an independent basis for the preliminary injunction, and the Court permitted summary judgment briefing on those claims to progress them toward judgment. But now, the preliminary injunction is stayed, including as to the APA Claims, so expeditious discovery into all claims is critical to move this case to final judgment. For instance, discovery is necessary to develop the record on the constitutional animus claim, including probing decision-makers' actions and rationales for the Passport Policy not reflected in the administrative record. Discovery is likewise necessary on the sex discrimination claim, to learn more about and test the justifications the government has put forward to satisfy heightened scrutiny. And discovery will be important in the context of the right to travel, informational privacy, and free speech claims that were not reached by the preliminary injunction—for example, to obtain records and admissions regarding the Passport Policy's infringement of those constitutional rights and the justifications the government would put forward for those infringements.

The government also suggested in its stay motion that appellate guidance would be useful to this case. Whatever benefits would flow from potential appellate decisions in the context of whether to affirm or reverse the preliminary injunction are now outweighed by the real and immediate harms to Class members from further delay. Because of the lapse in appropriations, briefing in the First Circuit will not close until mid-February 2026. In the mere three months from now until then, the parties can make substantial progress on discovery. And, as explained below,

Plaintiffs intend to request that the First Circuit vacate the preliminary injunction or remand the matter to this Court for vacatur. *See infra* IV.C.

The case cannot reach final judgment on the constitutional claims until discovery begins and a schedule is set. It cannot reach final judgment on the APA Claims until summary judgment is decided. Every day of delay matters. Plaintiffs respectfully submit that, regardless of whether the stay was once warranted, it no longer is. And for the same reasons, it is certainly not warranted to expand the stay to cover the APA Claims.

**B.      The Supreme Court's Stay Does Not Foreclose Relief.**

The Supreme Court's stay order does not support the opposite conclusion. Full litigation of all of Plaintiffs' claims is warranted regardless of the Court's emergency-docket pronouncements about three of those claims.

*First* and most fundamentally, the Court considered the government's application in an emergency posture, with the now-well-known limitations that result from it, including rushed party briefing, limited amici involvement, reduced time for deliberation, and no oral argument. *See, e.g.*, *Dep't of Educ. v. California*, 604 U.S. 650, 653 (2025) (Kagan, J., dissenting) ("The risk of error increases when this Court decides cases—as here—with barebones briefing, no argument, and scarce time for reflection.").

*Second*, the Supreme Court's order does not alter the most important reason to commence discovery: immediate irreparable harms to transgender, nonbinary, and intersex people across the country. The Supreme Court did not address, let alone reverse, this Court's findings of irreparable injury.

*Third*, the Supreme Court's order also does not address Plaintiffs' claims based on the right to travel, freedom of speech, or the right to informational privacy because those claims were not

8

the basis of the preliminary injunction. Accordingly, it is imperative that litigation on those claims be allowed to resume.

*Fourth*, even on the claims it did address, the Supreme Court's order is based on the undeveloped preliminary injunction record, which lacks any discovery and did not have the benefit of the administrative record. Indeed, the Court emphasized that it thought Plaintiffs had not shown animus "*on this record*," indicating that a more fully developed record could yield a different result. *Supreme Court Order*, 2025 WL 3097824, at *1 (emphasis added).

In short, there is much to do in this case, which has now been pending for ten months, and the Supreme Court's preliminary views do not change that. On the other side of the scales, time is of the essence for the many harmed Americans who are owed their day in court.

### C. Moving the Case Forward Is Particularly Warranted Because Plaintiffs Intend to Seek Dissolution of this Court's Preliminary Injunction.

The First Circuit's consideration of the preliminary injunction does not warrant staying the case for an additional reason. As noted above, Plaintiffs asked Defendants to join them in asking the First Circuit to vacate the preliminary injunction or remand it for vacatur by this Court, which Defendants have rejected—even though doing so would provide them the relief they seek through the appeal without requiring briefing, argument, and resulting delays. As a result, Plaintiffs intend to move this Court for an indicative ruling that it would dissolve the preliminary injunction based on the Supreme Court's stay order if it were remanded, and if this Court answers in the affirmative, Plaintiffs intend to seek such a remand from the First Circuit. Because the preliminary injunction is unlikely to return to operation, dissolving the preliminary injunction and adjudicating this case on the merits is the fastest route to providing relief to Plaintiffs and the Classes.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully oppose the government's motion to stay further proceedings on the APA Claims and request that the Court lift the stay on Plaintiffs' constitutional claims and set a scheduling conference so that discovery can commence on those claims.

                                                    Respectfully submitted,

December 9, 2025                              /s/ *Isaac D. Chaput*
                                                    Isaac D. Chaput (*pro hac vice*)
                                                    William P. Kasper *(pro hac vice)*
                                                    COVINGTON & BURLING LLP
                                                    Salesforce Tower
                                                    415 Mission Street, Suite 5400
                                                    San Francisco, CA 94105
                                                    Telephone: 415-591-6000
                                                    Facsimile: 415-591-6091
                                                    ichaput@cov.com
                                                    wkasper@cov.com

                                                    Jessie J. Rossman (BBO # 670685)
                                                    Jennifer M. Herrmann (BBO # 708231)
                                                    AMERICAN CIVIL LIBERTIES UNION
                                                    FOUNDATION OF MASSACHUSETTS, INC.
                                                    One Center Plaza, Suite 850
                                                    Boston, MA 02108
                                                    Telephone: 617-482-3170
                                                    jrossman@aclum.org
                                                    jherrmann@aclum.org

Jon W. Davidson (*pro hac vice*)
   (admitted only in California)
Li Nowlin-Sohl (*pro hac vice*)
   (admitted only in Washington)
Sruti J. Swaminathan (*pro hac vice*)
Malita V. Picasso (*pro hac vice*)
James D. Esseks (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2500
Facsimile: 212-549-2650
jondavidson@aclu.org
lnowlin-sohl@aclu.org
sswaminathan@aclu.org
mpicasso@aclu.org
jesseks@aclu.org

Aditi Fruitwala (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St. NW
Washington, DC 20005
afruitwala@aclu.org

Ansel F. Carpenter (*pro hac vice*)
Gavin W. Jackson (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: 424-332-4758
Facsimile: 424-332-4749
acarpenter@cov.com
gjackson@cov.com

Jonathan Thompson (*pro hac vice*)
Sean M. Bender (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: 202-662-5891
Facsimile: 202-778-5891
jothompson@cov.com
sbender@cov.com

11

Robert C. Gianchetti (*pro hac vice*)
Yuval Mor (*pro hac vice*)
Alyssa L. Curcio (*pro hac vice*)
COVINGTON & BURLING LLP
30 Hudson Yards
New York, NY 10001
Telephone: 212-841-1000
Facsimile: 212-841-1010
rgianchetti@cov.com
ymor@cov.com
acurcio@cov.com

*Attorneys for Plaintiffs and the Classes*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I, Isaac D. Chaput, hereby certify that in accordance with Local Rule 7.1(a)(2), counsel for Plaintiffs communicated with counsel at the Department of Justice, Jared Littman, who indicated that Defendants oppose Plaintiffs' motion.

/s/ *Isaac D. Chaput*
Isaac D. Chaput

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2025, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

/s/ *Isaac D. Chaput*
Isaac D. Chaput