IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASHTON ORR et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *in his official capacity as President of the United States*, et al., <br><br> *Defendants*. | Civil Action No. 1:25-cv-10313 |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION
TO LIFT THE COURT'S STAY OF CONSTITUTIONAL CLAIMS**

Plaintiffs' motion to lift the Court's stay of the constitutional claims (ECF No. 161, "Pls. Mot.") has no basis in law or fact.

On August 6, 2025, this Court stayed Plaintiffs' constitutional claims (Counts 1, 2, 3, 4, and 5) "pending resolution of the defendants' appeal of the preliminary injunction orders." ECF No. 137 (Electronic Order, Aug. 6, 2025). Plaintiffs now seek to resume the district court litigation as to those claims before resolution of the Government's appeal. The Court should deny Plaintiffs' motion to lift the stay. The only material change since the Court's stay decision is the Supreme Court Order of November 6, 2025, granting the Government's application for a stay of the preliminary injunction pending appeal. *See Trump v. Orr*, 607 U.S. ----, No. 25A319, 2025 WL 3097824, at *1 (Nov. 6, 2025). The Supreme Court Order casts significant doubt as to the viability of Plaintiffs' claims, further bolstering this Court's decision to stay the constitutional claims to permit the appellate process to play out.

As to Plaintiffs' constitutional claims, the Supreme Court held that "[d]isplaying passport holders' sex at birth no more offends equal protection principles than displaying their country of

birth—in both cases, the Government is merely attesting to a historical fact without subjecting anyone to differential treatment." *Trump v. Orr*, 2025 WL 3097824, at *1. The Supreme Court also held that Plaintiffs "failed to establish that the Government's choice to display biological sex 'lack[s] any purpose other than a bare . . . desired to harm a politically unpopular group." *Id.* (quoting *Trump v. Hawaii*, 585 U.S. 667 (2018)). The Supreme Court determined that the injunction irreparably injured the Government because it "enjoins enforcement of an Executive Branch policy with foreign affairs implications concerning a Government document." *Id.* The Supreme Court thus stayed the preliminary injunction "pending the disposition of the appeal in the United States Court of Appeals for the First Circuit and a disposition of a petition for a writ of certiorari." *Id.* The appeal of the preliminary injunction before the First Circuit is ongoing: the Government's brief is due December 22, 2025, and briefing should be complete by February 11, 2025. No. 25-1579, Order (1st Cir., Nov. 19, 2025).

Plaintiffs contradict themselves as to the import of the Supreme Court Order. On the one hand, they seek to diminish the "emergency-docket pronouncements" of the Supreme Court. Pls. Mot. (ECF No. 161) at 8. Plaintiffs criticize the Supreme Court for "devot[ing]" only three sentences to the merits of Plaintiffs' claims, *id.* at 4, but the Supreme Court's treatment of the issues actually highlights the glaring weaknesses of Plaintiffs' claims in light of established precedent. Plaintiffs, on the other hand, are seeking to abandon the preliminary injunction "in light of the Supreme Court's stay order." *Id.* at 2. In the end, interim orders like the Supreme Court Order "inform how a court should exercise its equitable discretion in like cases," including, of course, in the same case. *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025); *Victim Rights Law Ctr. v. Dep't of Ed.*, 154 F.4th 5, 8 (1st Cir. 2025). And it may be that the First Circuit would then

proceed rapidly in light of the Supreme Court's guidance. That only counsels in favor of waiting until the appellate process concludes.

Plaintiffs have not given any compelling reason why the Court should reverse itself on its previous stay Order as to the constitutional claims. Plaintiffs argue that, now that the Supreme Court has stayed the preliminary injunction, they are suffering irreparable harm, thus undermining the Government's argument for a stay of the district court proceedings. Pls. Mot. (ECF No. 161) at 2, 5, 6.

Plaintiffs are mistaken. First and foremost, Plaintiffs are not being harmed by the stay of the preliminary injunction because, as the Supreme Court held, Plaintiffs' claims are likely not viable, casting significant doubt on the propriety of the injunction in the first place and the likelihood of success on at least Plaintiffs' equal protection claim. *See Trump v. Orr*, 2025 WL 3097824, at *1.

Second, this Court stayed the constitutional claims at least in part because "the *Skrmetti* issue"—a "big issue"—is on appeal and this Court found it inappropriate "to weigh in on it where it's pending in the First Circuit." Sched. Conf. Tr. (Aug. 5, 2025), at 5:18-25. That has not changed; the application of *United States v. Skrmetti*, 605 U.S. 495 (2025), to this case remains on appeal. Thus, Plaintiffs are incorrect that "[t]he earlier stay of the constitutional claims was predicated on a state of affairs that no longer exists." Pls. Mot. (ECF No. 161) at 5. Per the Court, the stay was predicated at least in part on the "the *Skrmetti* issue" being on appeal; the Government's appeal on that issue (among others) is ongoing.

Third, Plaintiffs inaccurately state that "the government's arguments for a stay of discovery were premised on the existence of the preliminary injunction." Pls. Mot. (ECF No. 161) at 6. As the Government explained in its Motion to Stay District Court Proceedings Pending Appeals of

3

Preliminary Injunctions (ECF No. 134), even if the injunction did not remain in effect, a stay was still appropriate because Plaintiffs had not established irreparable harm to a majority of the class. *Id.* at 6. "[E]vidence indicating that *some* trans-identifying individuals might experience *some* types of harm does not provide a sufficient basis to deny a stay of the district court proceedings in a case with 'far-reaching importance to the parties and the public' that is now on appeal in the First Circuit." *Id.* at 7 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Plaintiffs' argument that this Court should lift the stay because of their desire to rush to discovery is also unpersuasive. Plaintiffs made the same argument at the scheduling conference, Sched. Conf. Tr. (Aug. 5, 2025), at 7:3-14, but the Court determined that a stay was nevertheless appropriate. Nothing has changed. Indeed, the Government's argument that Plaintiffs are not entitled to any discovery on the constitutional claims is now strengthened by the Supreme Court Order. The Order reinforced the Government's argument that rational basis review applies, which also means that no discovery is appropriate because, under that standard, the Government classification must be upheld as long as it is supported by any plausible reason. *See Trump v. Orr*, 2025 WL 3097824, at *1 (unequivocally stating that "[d]isplaying a passport holders' sex at birth . . . is merely attesting to a historical fact without subjecting anyone to differential treatment" and does not "offend[] equal protection principles"). Moreover, as noted above, the Supreme Court further rejected the proposition that the policy is motivated by a bare desire to harm a politically unpopular group, which in any event does not come into play in light of the rational basis review standard. *Id.*; *Talbott v. United States*, No. 25-5087, 2025 WL 3533344 (D.C. Cir., Dec. 9, 2025) (per curiam) (concurring statement of Circuit Judges Katsas and Rao explaining that equal protection challenge resting on animus fails under *Trump v. Hawaii*, 585 U.S. 667 (2018), so long

4

as "any legitimate state interest exists," in which case courts "must accept that independent justification" and reject the challenge). Thus, there is no discovery for Plaintiffs to rush to.

As to Plaintiffs' argument that the Court should lift the stay because the right to privacy, right to international travel, and right to freedom of speech were not the subject of the Government's preliminary injunction appeal and thus should proceed, Pls. Mot. (ECF No. 161) at 6, 7-8, Plaintiffs made this same point at the scheduling conference, but the Court rejected it because it was "prudent" to stay all of the constitutional claims until the dispute as to whether Plaintiffs were entitled to any discovery was resolved following resolution of the appeal. Sched. Conf. Tr. (Aug. 5, 2025), at 6:9-25. Not only is disposition of those claims purely legal, but also, it makes no sense to engage in piecemeal litigation.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court deny Plaintiffs' motion to lift the stay as to the constitutional claims. Relatedly, Defendants have a pending motion to stay the APA claims pending resolution of the Government's appeal. ECF No. 156. As the Government explained, a stay of the APA claims would avoid inefficiencies of litigating Plaintiffs' constitutional and APA claims on two different tracks, allow the parties and the Court to benefit from the guidance of the appellate courts as to the viability and contours of Plaintiffs' APA claims, and prevent needlessly duplicative litigation and exposure to potentially conflicting judicial decisions as the APA claims move through the appellate process. *See id.* Plaintiffs have not rebutted any of these reasons. *See* ECF No. 161. A stay of the APA claims pending the appellate process is particularly appropriate here in light of the Supreme Court's finding that Plaintiffs are unlikely "to prevail in arguing that the State Department acted arbitrarily and capriciously by declining to depart from

Presidential rules that Congress expressly required it to follow." *Orr*, 2025 WL 3097824, at *1 (citing 22 U.S.C. § 211a).

| | |
|---|---|
| Dated: December 16, 2025 | Respectfully submitted, |

BRETT A. SHUMATE
Assistant Attorney General

JEAN LIN
Special Litigation Counsel

/s/ M. Jared Littman
M. JARED LITTMAN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 451-7478
E-mail: Jared.Littman2@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Plaintiffs' counsel by the Electronic Case Filing system on December 16, 2025.

/s/ *M. Jared Littman*
M. JARED LITTMAN