UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASHTON ORR, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-10313-JEK |

**PLAINTIFFS' MOTION FOR AN INDICATIVE RULING ON
DISSOLVING THE PRELIMINARY INJUNCTIONS**

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................... 1

III. LEGAL STANDARD ....................................................................................................... 2

IV. ARGUMENT .................................................................................................................... 2

V. CONCLUSION ................................................................................................................. 4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agatha v. Trump*,
  151 F.4th 9 (1st Cir. 2025)..................................................................................................1

*Perry v. Schwarzenegger*,
  790 F. Supp. 2d 1119 (N.D. Cal. 2011) ...............................................................................2

*Trump v. Orr*,
  No. 25A319, 2025 WL 3097824 (U.S. Nov. 6, 2025)......................................................2, 3

**Other Authorities**

Fed. R. Civ. P. 62.1......................................................................................................................1, 2

**I.     INTRODUCTION**

Now that the Court's Class-wide preliminary injunction has been stayed, it is critical to move this case expeditiously to final judgment and permanent relief. The two-track litigation that results from the government's appeal of the stayed preliminary injunctions thwarts this goal. As the government itself has argued, the case should proceed along one track. ECF 156 at 2 (arguing that it would be "immensely inefficient" to litigate overlapping claims in both courts). And now that the Class-wide preliminary injunction has been stayed pending the outcome of appeals and a potential certiorari petition, it does not protect Class members anymore. The stayed preliminary injunction serves only to delay this case and the meaningful hope of speedy relief. As a result, Plaintiffs intend to request that the First Circuit either vacate the preliminary injunctions or remand to this Court to dissolve them. Accordingly, Plaintiffs respectfully request that this Court issue an indicative ruling under Federal Rule of Civil Procedure 62.1 that, if the First Circuit so remanded, the Court would dissolve the preliminary injunctions.

**II.    BACKGROUND**

On April 18, this Court entered a preliminary injunction as to six of the originally named plaintiffs; on June 17, the Court extended the injunction to cover the Classes. ECF 74, 116. On June 13, the government noticed an appeal of the April injunction; on July 11, the government similarly noticed an appeal of the June injunction. ECF 111, 131. On September 4, the First Circuit denied the government's application for a stay of the June injunction. *Agatha v. Trump*, 151 F.4th 9 (1st Cir. 2025). On September 19, the First Circuit entered the briefing schedule on the appeal of the merits of the preliminary injunction. ECF 108342370, *Orr v. Trump*, No. 25-1579 (1st Cir. Sept. 19, 2025). The same day, the government applied to Justice Jackson for a stay of the June injunction. Appl. for a Stay, *Trump v. Orr*, No. 25A319, 2025 WL 2725166, at *1 (U.S.

Sept. 19, 2025). On November 6, the Supreme Court granted the application and stayed the injunction. *Trump v. Orr*, No. 25A319, 2025 WL 3097824 (U.S. Nov. 6, 2025) ("Supreme Court Stay"). As to the animus-based equal protection claim, the Supreme Court emphasized that Plaintiffs did not meet their burden "*on this record.*" *Id.* at *1 (emphasis added).

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 62.1 provides that, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state [] that it would grant the motion if the court of appeals remands for that purpose." Fed. R. Civ. P. 62.1(a)(3). The Advisory Committee's Notes explain that "[t]his clear procedure is helpful whenever relief is sought from an order that the court cannot reconsider because the order is the subject of a pending appeal." *Id.*, Advisory Committee's Note to 2009 Amendment. "Notwithstanding the pending appeal of [an order], the [district court] has jurisdiction to hear [a Rule 62.1 motion] and, in so doing, to take one of the actions specified by Rule 62.1." *Perry v. Schwarzenegger*, 790 F. Supp. 2d 1119, 1123 (N.D. Cal. 2011).

### IV.    ARGUMENT

Now that the Class-wide preliminary injunction has been stayed, it is most efficient—and best serves the ends of justice—to quickly move this case toward final judgment on all claims. At present, discovery remains stayed for the constitutional claims and briefing on the non-constitutional Administrative Procedure Act ("APA") claims is ongoing. The vestigial appeal of an indefinitely stayed preliminary injunction leads only to delays and inefficiencies. Indeed, the government is presently seeking to defer further briefing and consideration of the cross-motions for summary judgment ordered by the Court pending final resolution of the appeal of the preliminary injunctions. ECF 156. There is no reason to maintain the appeal of a stayed

preliminary injunction, and every reason to move this case onto one efficient track. Plaintiffs respectfully request that this Court enter an indicative ruling that the Court would dissolve the preliminary injunctions should the First Circuit remand the appealed injunctions.

Single-track litigation is more efficient than the current piecemeal approach. Dissolving the preliminary injunctions will allow the entire litigation to proceed at full speed in this Court. While fully litigating the appeal could take years, summary judgment briefing on the APA claims is currently scheduled to close in February 2026, less than two months out. ECF 159, 160. And although discovery has not yet begun on the constitutional claims, Plaintiffs have moved to lift the stay and proposed a case schedule that anticipates nine months of discovery and summary judgment briefing. ECF 135 at 4. There should not be further delay of this schedule for an appeal of an indefinitely stayed preliminary injunction.

Because the Supreme Court's stay means that the preliminary injunction no longer protects the Class, dissolving it in favor of speedily resolving the case is warranted. The Supreme Court's stay will not terminate until after the disposition of the appeal, the disposition of a possible subsequent petition for a writ of certiorari, and the sending down of the judgment of the Supreme Court should the Court grant certiorari. *See* Supreme Court Stay at *1. This process could take years, particularly if the Supreme Court calendars merits argument for October Term 2026.

Time is of the essence. This Court has repeatedly recognized the actual, imminent, and irreparable harms facing Plaintiffs and the Classes, and these determinations have only been affirmed by the First Circuit in its previous ruling denying a stay. As this Court put it, "[t]ransgender and non-binary people who possess passports bearing sex markers that conflict with their gender identity and expression are . . . significantly more likely to experience psychological distress, suicidality, harassment, discrimination, and violence." ECF 115 at 5. And "transgender

3

people with gender-discordant identity documents have an elevated risk of encountering problems with airport security and experiencing harassment or violence when traveling." *Id.* at 24–25.

Nothing in the Supreme Court's stay order disturbed these findings of irreparable injury—injuries that affect Class members every day as a result of the stay. Neither the Supreme Court nor the First Circuit has cast any doubt on these well-founded determinations of irreparable injury.

An indicative ruling that the preliminary injunctions would be dissolved if remanded to this Court would be the first step to Class members receiving permanent relief from these grave harms and to achieving finality for all parties.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court issue an indicative ruling that it would dissolve the preliminary injunctions if the First Circuit remands for that purpose.

Respectfully submitted,

December 18, 2025

/s/ *Isaac D. Chaput*
Isaac D. Chaput (*pro hac vice*)
Peter William Johnston (*pro hac vice*)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: 415-591-6000
Facsimile: 415-591-6091
ichaput@cov.com
pjohnston@cov.com

Jessie J. Rossman (BBO # 670685)
Jennifer M. Herrmann (BBO # 708231)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza, Suite 850
Boston, MA 02108
Telephone: 617-482-3170

4

jrossman@aclum.org
jherrmann@aclum.org

Li Nowlin-Sohl (*pro hac vice*)
    (admitted only in Washington)
Sruti J. Swaminathan (*pro hac vice*)
Malita V. Picasso (*pro hac vice*)
James D. Esseks (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2500
Facsimile: 212-549-2650
lnowlin-sohl@aclu.org
sswaminathan@aclu.org
mpicasso@aclu.org
jesseks@aclu.org

Aditi Fruitwala (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St. NW
Washington, DC 20005
afruitwala@aclu.org

Ansel F. Carpenter (*pro hac vice*)
Gavin W. Jackson (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: 424-332-4758
Facsimile: 424-332-4749
acarpenter@cov.com
gjackson@cov.com

Jonathan Thompson (*pro hac vice*)
Sean M. Bender (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: 202-662-5891
Facsimile: 202-778-5891
jothompson@cov.com

sbender@cov.com

Robert C. Gianchetti (*pro hac vice*)
Yuval Mor (*pro hac vice*)
Alyssa L. Curcio (*pro hac vice*)
COVINGTON & BURLING LLP
30 Hudson Yards
New York, NY 10001
Telephone: 212-841-1000
Facsimile: 212-841-1010
rgianchetti@cov.com
ymor@cov.com
acurcio@cov.com

*Attorneys for Plaintiffs and the Classes*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I, Isaac D. Chaput, hereby certify that in accordance with Local Rule 7.1(a)(2), counsel for Plaintiffs communicated with counsel at the Department of Justice, Jared Littman, who indicated that Defendants oppose Plaintiffs' motion.

/s/ *Isaac D. Chaput*
Isaac D. Chaput

## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2025, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

/s/ *Isaac D. Chaput*
Isaac D. Chaput