IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASHTON ORR et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> *Defendants*. | Civil Action No. 1:25-cv-10313 |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN INDICATIVE RULING ON DISSOLVING THE PRELIMINARY INJUNCTIONS**

Defendants, through counsel, respectfully respond to Plaintiffs' Motion for an Indicative Ruling on Dissolving the Preliminary Injunctions (ECF No. 168, "Pls. Mot. Indic. R.") as follows.

**INTRODUCTION**

Plaintiffs recognize that this litigation should not proceed on two tracks. Defendants agree; this case should proceed on only one track. But the track this case should proceed on is the track Plaintiffs chose in seeking a preliminary injunction. That track has already reached the Supreme Court and has been pending before the First Circuit since June 2025. There is no reason to abandon that track at this juncture; indeed, the First Circuit has recently rejected a similar attempt to do so in another case. *See D.V.D. v. Dep't of Homeland Sec.*, Nos. 25-1393, 25-1631, Order (1st Cir. Oct. 20, 2025) (denying request for remand, pursuant to Fed. R. App. P. 12.1, after an indicative ruling by the district court).

Although a plaintiff is the master of its complaint, a plaintiff is not free from the consequences of its litigation choices as its lawsuit unfolds. After consuming the Government's and the Court's resources in litigating their request for emergency relief, Plaintiffs now attempt to

escape the consequences of their litigation strategy by asking the Court to undo the preliminary injunctions the Court granted them. The Court should deny Plaintiffs' motion as a transparent attempt to evade the consequences of their own litigation strategy.

Through the first stage of this litigation, Plaintiffs successfully obtained a preliminary injunction, followed by class certification on a nationwide basis, and then an extension of the emergency injunctive relief to a certified class. Their strategy hit a snag in November, when the Supreme Court stayed the injunction. By that point, Plaintiffs had already forced the Government to expend tremendous resources into class certification, preliminary injunctions, and stay briefing, all at a breakneck pace. For example, when the Government sought an extension of the deadlines to file an opening brief in the First Circuit and a cross-motion for summary judgment in this Court in light of the lapse of appropriations during the shutdown, Plaintiffs opposed. The Court too committed substantial resources in rapidly deciding Plaintiffs' motions and adjudicating numerous disputes between the parties.

Now that the First Circuit is poised to decide the merits of the preliminary injunctions Plaintiffs obtained from this Court, Plaintiffs seek to evade that appellate review and deprive the Government of the benefit of that review, even when Plaintiffs themselves previously had opposed the Government's request for the very relief they seek now—dissolution of the preliminary injunction. ECF No. 127 (Defs. Mot. to Dissolve). Defendants oppose Plaintiffs' indicative ruling motion here because the Government should be permitted to present its arguments to the First Circuit (and the Supreme Court if necessary) and obtain appellate review of the preliminary injunctions.

Plaintiffs' supposed justifications for their novel procedural attempt to evade appellate court review—fairness and judicial efficiency—have no sound basis in law or logic. Not only are

2

Plaintiffs contending that their arguments in support of the preliminary injunctions remain meritorious, but Plaintiffs' motion for an indicative ruling would moot the very appeal they recently insisted must go forward without delay, wasting the resources expended by this Court, the First Circuit, the Supreme Court, and the Government for the last ten months. An appeal-mooting remand would prejudice Defendants and would not even give Plaintiffs the injunctive relief they seek in the interim. There is similarly no basis to rush to final judgment before obtaining an appellate decision on the preliminary injunctions; rushing to final judgment also would not guarantee such injunctive relief, either, given the Supreme Court's pronouncement in its stay order. This Court should deny Plaintiffs' motion and reject their attempt to evade appellate review of the merits of the preliminary injunctions, which resulted from Plaintiffs' own litigation strategy.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 62.1, a party may seek a ruling regarding relief that the court lacks authority to grant because of a pending appeal. A district court may deny the motion, defer a ruling, or state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a). When assessing these motions in the context of a preliminary injunction, the First Circuit has indicated that district courts should apply Rule 60(b)(5). *Concilio de Salud Integral de Loiza, Inc. v. Perez-Perdomo*, 551 F.3d 10, 16 (1st Cir. 2008). Accordingly, the movant must show "it is no longer equitable that the [injunction] should have prospective application, and that there has been the kind of significant change in circumstances that the Rule requires." *Dr. Jose S. Belaval, Inc. v. Perez-Perdomo*, 465 F.3d 33, 38 (1st Cir. 2006) (quotation omitted). The court's decision to make such a ruling is discretionary. *See, e.g., Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1206 (8th Cir. 2015); *Dice Corp. v. Bold Techs.*, 556 F. App'x 378, 384 (6th Cir. 2014).

**ARGUMENT**

I.  **Plaintiffs' Motion Is an Improper Attempt to Circumvent the Supreme Court's Stay Order and Does Not Satisfy the Requirements for an Indicative Ruling.**

Plaintiffs seek an indicative ruling that this Court would dissolve the preliminary injunctions if the First Circuit remands for that purpose. In essence, Plaintiffs seek to prematurely terminate ongoing appellate litigation on the same issues raised by their lawsuit, forcibly remand Defendants' pending appeal, and withdraw the preliminary injunction that they obtained just months ago. This is a transparent attempt to circumvent the Supreme Court's stay order, which stayed this Court's preliminary injunctions "pending the disposition of the appeal in the United States Court of Appeals for the First Circuit and disposition of a petition for a writ of certiorari, if such a writ is timely sought." *Trump v. Orr*, 607 U.S.----, No. 25A319, 2025 WL 3097824, at *1 (Nov. 6, 2025)

Plaintiffs' stated basis for their motion is their desire to have the case "speedily resolv[ed]." Pls. Mot. Indic. R. (ECF No. 168) at 6. That desire, however, does not outweigh the need for orderly proceeding of this case, including the forthcoming appellate decision from the First Circuit (and perhaps even from the Supreme Court), particularly when it is Plaintiffs' litigation choice that led to the interlocutory appeal and the current dual trial court and appellate court tracks and it is Plaintiffs who have criticized the Supreme Court's "emergency-docket pronouncements" that "devoted" only three sentences to the merits of their claims. *See* Pls. Consol. Mot. (ECF No. 161) at 4, 8.[1] An indicative ruling may be appropriate where, for example, there is "newly discovered evidence or some inadvertence or mistake at the district court level." *Medgraph, Inc. v. Medtronic,*

---

[1] On November 18, 2025, the Government filed a motion to stay briefing on the APA claims pending appeal (ECF No. 156), which would put this litigation on a single, efficient track in the appellate court and then the district court. The motion is pending.

4

*Inc.*, 310 F.R.D. 208, 211 (W.D.N.Y. 2015). But where an appellate court issues a subsequent decision that may impact a district court's ruling, like the Supreme Court's stay order here, district courts have refrained from interfering with the appellate process because "[t]he Court of Appeals does not need [the district court's] advice or opinion" on the issue before the appellate court. *Id.* (denying indicative ruling motion where district court relied on Federal Circuit panel decision that was vacated following a hearing *en banc*). Here, the First Circuit "does not need this Court's advice or opinion" regarding the merits of the pending preliminary injunction appeals in light of Supreme Court's stay order. *Id.* at 211. An advisory opinion from this Court regarding the stay order's legal implications would also be an inappropriate use of this Court's discretionary power.

Additionally, dissolution of the preliminary injunction would require this Court to "weigh in" on "the *Skrmetti* issue" in the first instance, which this Court prudently rejected just months ago because the issue was "pending in the First Circuit," Sched. Conf. Tr. (Aug. 5, 2025), at 5:18-25, and about which the Supreme Court's stay order did not directly address. The Court should again reject this request and allow the Government's appeal to play out until its completion.

Plaintiffs have not cited a single case supporting their position that the Government could be deprived the benefits of its appeal on the basis of Plaintiffs' speculation that the new approach would lead to a speedier resolution. It would be one thing if it was Plaintiffs who appealed and then Plaintiffs sought an indicative ruling in light of a subsequent change in decisional law. It's quite another when the party moving for an indicative ruling seeks to deprive the opposing party from litigating its appeal, while providing no justification to prejudice the opposing party in this manner. In the end, although the Supreme Court has stayed the injunctions pending appellate review, the parties' respective merits positions have not changed, the appeal is ongoing, and the

5

issues on appeal, including "the *Skrmetti* issue," are not moot. There is, therefore, no basis for an indicative ruling.[2]

To be sure, a party seeking to dissolve a preliminary injunction must show a "change in circumstances" such that it is no longer equitable to maintain a prospective injunction. *See Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp.*, 15 F.3d 1222, 1225 (1st Cir. 1994) ("[W]e think it evident that in the ordinary case dissolution should depend on the same considerations that guide a judge in deciding whether to grant or deny a preliminary injunction in the first place."). But Plaintiffs do not argue that such a change has occurred; rather, they vociferously maintain that they will prevail on the merits of their APA and constitutional claims and that they will suffer irreparable harm without immediate relief while this litigation continues. Given Plaintiffs' position, it is evident that the real—and only—basis for Plaintiffs' motion is their effort to escape the Supreme Court's decision to stay the injunction pending appeal. As Plaintiffs readily concede, they wish to abandon their injunction solely to pursue what is essentially preliminary declaratory relief on those same claims. And in so doing, they hope to evade the Supreme Court's stay and effectively deprive the Government of their right to seek appellate review of adverse orders. A motion for indicative ruling is not a vehicle to sidestep an order from the Supreme Court, and thus, this Court should deny the motion.

---

[2] Indeed, the weighty legal questions at issue in the appeal of the injunctions are substantively identical to those raised by Plaintiffs' pending motion for partial summary judgment on the APA claims. It would make more sense and would be more efficient for this Court to wait for a First Circuit decision (and possibly the Supreme Court) as to whether the State Department "acted arbitrarily and capriciously by declining to depart from Presidential rules that Congress expressly required it to follow" under 22 U.S.C. § 211a, *Orr*, 2025 WL 3097824, at *1, instead of tackling that question without the anticipated upcoming decision. Just like "the *Skrmetti* issue," it would be inappropriate "to weigh in on it where it's pending in the First Circuit." Sched. Conf. Tr. (Aug. 5, 2025), at 5:18-25.

## II. Remanding and Dissolving the Injunction Would Prejudice Defendants and Is Not in the Interests of Justice.

Furthermore, the relief that Plaintiffs seek would prejudice Defendants and would not promote the interests of justice or judicial economy. Defendants have already expended significant resources on the appeal by filing, *inter alia*, a motion for stay with the First Circuit, an opening brief with the First Circuit, and an application for stay to the Supreme Court. Defendants would be prejudiced by an order dissolving the injunction and mooting the appeal now.

Plaintiffs argue that dissolving the injunction and expeditiously briefing partial summary judgment would save the time that the parties and courts would spend further litigating the injunction. But Plaintiffs' belief that their preferred route is speedier than the appellate route is speculative, given the steps that would still need to occur even if this Court were inclined to grant an indicative ruling, including informing the appellate court of the indicative ruling, and awaiting the appellate court's decision whether to send the case back to this Court. *Defs. of Wildlife v. Salazar,* 776 F. Supp. 2d 1178, 1182 (D. Mont. 2011) (describing the four steps of the indicative ruling procedure; Plaintiffs here are at step one). And after all of that, the First Circuit may deny the request for remand, as it recently did in a case in the same posture as this one. *See D.V.D. v. Dep't of Homeland Sec.*, Nos. 25-1393, 25-1631, Order (1st Cir. Oct. 20, 2025).

In contrast, the appeal of the preliminary injunction before the First Circuit is ongoing and briefing should be complete by February 11, 2025. *Orr*, No. 25-1579, Order (1st Cir., Nov. 19, 2025). And it may be that the First Circuit will proceed rapidly in light of the Supreme Court's stay order. More importantly, the appellate court's decision (including possible Supreme Court review) may significantly limit the litigation before this Court or otherwise facilitate the ultimate, expeditious resolution of this case. Indeed, it is highly likely that even if a remand were to occur and this Court entered final judgment, the losing party would appeal and the appellate process

7

would begin all over again, when the parties could obtain an appellate decision now, potentially leading to speedier resolution of this case.

The legal issues raised in Plaintiffs' Complaint, including the jurisdictional arguments Defendants have raised, are already being addressed by the appellate court. The questions of what standard of review applies to the equal protection claim following *Skrmetti*, whether the Passport Policy is reviewable under the APA, whether the Passport Policy is arbitrary and capricious, and whether the State Department violated the Paperwork Reduction Act are precisely what the court of appeals must decide in Defendants' pending appeal. Proceeding with the existing appeal is the most efficient way to obtain further clarity on these issues from the First Circuit, and possibly the Supreme Court.

Because Plaintiffs' request clearly does not meet the standard for such extraordinary relief and is instead an attempt to use procedural chicanery to circumvent a clear order from the Supreme Court, their motion should be denied.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court deny Plaintiffs' motion for an indicative ruling. Relatedly, the Court should grant Defendants pending motion to stay the APA claims pending resolution of the Government's appeal (ECF No. 156), and deny Plaintiffs' pending motion to lift the stay of the constitutional claims (ECF No. 161), so as to allow the case to proceed on a single track.

Dated: December 24, 2025                    Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JEAN LIN
Special Litigation Counsel

/s/ M. Jared Littman
M. JARED LITTMAN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 451-7478
E-mail: Jared.Littman2@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the above document was served upon Plaintiffs' counsel by the Electronic Case Filing system on December 24, 2025.

                                                /s/ *M. Jared Littman*
                                                M. JARED LITTMAN