# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASHTON ORR, *et al.*,<br><br>      *Plaintiffs*,<br><br>  v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>      *Defendants*. | Case No. 1:25-cv-10313-JEK |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR AN INDICATIVE RULING ON
DISSOLVING THE PRELIMINARY INJUNCTIONS**

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ....................................................................................................................... 2

    A.    Defendants Seek to Use the Appeal to Delay Discovery and Secure an Advisory Opinion................................................................................................... 2

    B.    An Indicative Ruling Is Warranted. ........................................................................ 3

    C.    Vacatur Does Not Circumvent the Supreme Court's Stay Order. .......................... 5

    D.    In Contrast to the Harms of Maintaining the Appeal, Defendants Have Failed to Show Prejudice. ....................................................................................... 5

III. CONCLUSION .................................................................................................................... 6

**TABLE OF AUTHORITIES**

**Cases**

*D.V.D. v. Dep't of Homeland Sec.*,
    Nos. 25-1393, 25-1631 (1st Cir. Oct. 20, 2025) .................................................................. 4, 5

*Eves v. LePage*,
    927 F.3d 575 (1st Cir. 2019) ..................................................................................................... 2

*Trump v. Orr*,
    No. 25A319, 2025 WL 3097824 (U.S. Nov. 6, 2025) ...................................................... 3, 4, 5

**I.      INTRODUCTION**

All parties agree that the preliminary injunctions should be vacated in light of the Supreme Court's stay order. The most efficient way to achieve that vacatur would have been for Plaintiffs and Defendants jointly to ask the First Circuit to vacate the preliminary injunctions without briefing, but Defendants refused Plaintiffs' proposal to do just that. That refusal has brought Plaintiffs to this Court with their request to issue an indicative ruling so that the First Circuit is armed with full information and has a complete set of options at its disposal. Defendants' opposition to simply vacating the injunctions—the precise relief they seek on appeal—betrays their true goal: using the appeal to further delay discovery and final judgment. In light of the considerable costs of two-track litigation and the fundamental change in circumstances, the Court should not endorse Defendants' continued attempts to delay a case that has been pending for nearly a year without discovery commencing.

The Opposition offers a hodgepodge of arguments to talk around Defendants' real goal, primarily that vacatur would "circumvent" the Supreme Court's stay order, that there has been no "change in circumstances," and that vacatur would be prejudicial to Defendants. ECF 170 ("Opp.") at 4, 6–7. As for "circumvention," it is hard to see how vacating the injunction that the Supreme Court itself stayed is an attempt to get around the Supreme Court's ruling; to the contrary, progressing this case through discovery and creating a full record is necessary to bring this case to a final ruling. As for the "change in circumstances," there has been a seismic change since the Court issued the June injunction: the Supreme Court stayed it. And as for prejudice, Defendants identify no specific way granting the vacatur they seek would prejudice them. By contrast, Plaintiffs would be prejudiced by being forced to litigate an appeal in which all parties seek the same relief—vacatur of the unenforceable preliminary injunctions—while litigation for permanent

relief in this Court is either stalled indefinitely, as Defendants' currently request, or proceeds on a two-track course that Defendants agree should be avoided. *Id.* at 1.

## II. ARGUMENT

Defendants appealed the preliminary injunctions to vacate them. In light of the Supreme Court's stay, Plaintiffs agree that vacatur is appropriate. That alone should resolve this issue: all parties have now made the same request with respect to the injunctions. The Opposition provides no reason to maintain the current inefficient state of affairs by litigating an agreed issue.

### A. Defendants Seek to Use the Appeal to Delay Discovery and Secure an Advisory Opinion.

Defendants' opposition to the very relief they sought on appeal shows that their true goal is to use the First Circuit proceedings to indefinitely delay discovery and final judgment. That is most apparent from their request that the First Circuit issue what is effectively an advisory opinion. *But see Eves v. LePage*, 927 F.3d 575, 590 (1st Cir. 2019) ("Federal courts should not issue . . . advisory opinions."). If the First Circuit agrees with Defendants' arguments on appeal, that opinion would essentially be advisory because it would not grant Defendants any relief beyond the vacatur to which all parties agree. The Supreme Court has already stayed the injunction and opined (even if briefly) about the likelihood of success on the three claims at issue based on the record before it. As a result, if the First Circuit were to agree with Defendants' arguments on appeal, it would not affect the preliminary injunctions and would, in essence, be an advisory view on the merits.

Even if advisory views were generally warranted—and they are not—here, the pending appeal of preliminary relief presents meaningfully different issues than those relevant to the question of whether to issue a permanent injunction or other permanent relief. In the current appeal, the First Circuit has before it only a limited record developed on an expedited timeline on a subset of claims for purposes of litigating the preliminary injunctions. No discovery has taken

place. At the time of the appeal, Defendants had not even produced the administrative record. *See* ECF 140. While there are undoubtedly "legal issues at issue in the appeal," Opp. 6 n.2, the factual record will develop significantly over the course of litigation. Even the Supreme Court acknowledged as much: in ruling on Plaintiffs' animus-based equal protection claim, the Court noted that Plaintiffs had failed to establish animus "*on this record*." *Trump v. Orr,* No. 25A319, 2025 WL 3097824 (U.S. Nov. 6, 2025) ("Supreme Court Stay") (emphasis added). In addition, Plaintiffs will continue to develop further factual support for legal claims that are not currently on appeal, including claims based on the right to informational privacy, the right to travel, and the First Amendment.

Defendants have delayed discovery in this case for months. Plaintiffs respectfully request that this Court reject their further delay through the continued appeal of a stayed preliminary injunction that Plaintiffs themselves now seek to vacate.

### B. An Indicative Ruling Is Warranted.

As explained in the Motion, an indicative ruling is most efficient and fair—and best sets this case up for appellate review. *See* ECF 168 ("Mot.") at 2–4. And it is warranted in light of the foundational change in circumstances given the Supreme Court's emergency stay. Defendants barely dispute those points, and the arguments they do make are off-base.

Defendants incorrectly suggest that Plaintiffs are forever committed to "the consequences of [their] litigation choices"—that is, to pursuing preliminary injunctive relief—merely because Plaintiffs sought preliminary injunctive relief in the past. Opp. 1. The Supreme Court's intervention in the case prompted by *Defendants'* interlocutory appeal and stay applications, though, is a significant "change in circumstances." *Id.* at 3 (quoting *Dr. Jose S. Belaval, Inc. v. Perez-Perdomo*, 465 F.3d 33, 38 (1st Cir. 2006)). Following the Supreme Court's order, the preliminary injunctions no longer provide any interim relief to Plaintiffs and the Classes. In the

3

absence of such relief, it is in the best interests of Plaintiffs and the Classes to pursue final resolution of this case on a full factual record as quickly as possible. The most efficient way to do this is to return the matter to this Court and commence discovery.

Defendants heavily cite "the *Skrmetti* issue" as reason to allow the appeal proceedings to continue. *E.g.*, *id.* at 5, 6 & 6 n.2. But *Skrmetti* does not change the calculus. The Supreme Court ruled on the stay application without citing *Skrmetti* at all. *See generally* Supreme Court Stay. Given that this Court found bases for the preliminary injunctions completely independent of *Skrmetti*, that the Supreme Court granted the stay application without citing *Skrmetti*, and that Plaintiffs assert legal claims that were not even addressed in the preliminary injunctions and would be unaffected by *Skrmetti*, it is not true that the First Circuit need "weigh in on 'the *Skrmetti* issue' in the first instance" to reach final judgment. *Id.* at 5 (cleaned up). More fundamentally, the existence of a legal question is no reason to depart from the ordinary litigation process. This Court, not the First Circuit, should address the impact of *Skrmetti* on Plaintiffs' claims in the first instance.

Defendants' reliance on *D.V.D. v. Department of Homeland Security*, Nos. 25-1393, 25-1631 (1st Cir. Oct. 20, 2025), is misplaced. The First Circuit's denial of a request to remand in another case where the trial court first issued an indicative ruling poses no barrier to this Court exercising its independent discretion to decide whether to issue an indicative ruling here. The First Circuit will still be able to decide whether or not to remand the appeal, and an order in a case with different facts and legal claims is neither probative of how the First Circuit would rule should this Court grant Plaintiffs' Motion, nor preclusive of this Court's ability to issue the requested indicative ruling.

Finally, if the Court does not issue the requested indicative ruling, Plaintiffs respectfully request that the Court allow litigation, including discovery, to proceed in this Court at full speed

4

notwithstanding the pending appeal. In *D.V.D.*, the First Circuit observed that "the district court is free to carry forward while an appeal in an earlier phase of the case is pending and, if appropriate, order permanent relief after the merits are resolved." *Id.* (cleaned up) (quoting *Contour Design, Inc. v. Chance Mold Steel Co.*, 649 F.3d 31, 34 (1st Cir. 2011)). This is all the more reason why the stay of Plaintiffs' constitutional claims should be lifted and no further stay should be imposed on their APA claims.

### C.  Vacatur Does Not Circumvent the Supreme Court's Stay Order.

Defendants also argue that an indicative ruling would "circumvent" or "sidestep" the Supreme Court's stay of the injunction, Opp. 4, 6, but this argument is nearly impossible to follow. The Supreme Court *stayed* the class-wide preliminary injunction and Plaintiffs now ask to *vacate* that injunction. That is, indeed, the relief Defendants themselves have claimed flows from the Supreme Court's order. As they told the First Circuit in their brief, the Supreme Court's order "compel[s] vacatur of the preliminary injunction." *See* Brief for Defendants-Appellants at 1, *Orr v. Trump*, No. 25-1579 (1st Cir. Dec. 30, 2025).

Plaintiffs' proposal, in fact, would prepare the case for appellate review on a complete record. As Plaintiffs have explained when seeking to lift the stay of the constitutional claims, discovery and a full record will be critical to those claims. Indeed, the Supreme Court itself emphasized that it thought Plaintiffs had failed to establish animus "on this record." *See* Supreme Court Stay. In order to get the full "benefit of" "appellate review," as Defendants themselves request, Opp. 2, it is necessary to develop a comprehensive record for the appellate court to review.

### D.  In Contrast to the Harms of Maintaining the Appeal, Defendants Have Failed to Show Prejudice.

Every day that goes by without discovery and final judgment inflicts grave harms on Class members. *See* Mot. 3–4. Defendants do not dispute this point *at all*.

5

In contrast to the serious prejudice to Plaintiffs, Defendants point to virtually no prejudice to themselves, raising only the time spent briefing issues in this case. *See* Opp. 7–8. Plaintiffs are not responsible for Defendants' decisions to appeal the preliminary injunctions, to seek a stay of the injunctions from the First Circuit, or to seek a stay of the June injunction from the Supreme Court. Defendants opted to pursue these forms of optional interlocutory relief and incur expenses. Plaintiffs are prepared to have the preliminary injunctions dissolved, eliminating the need for further appellate review of the preliminary injunctions and *preserving* judicial resources. Moreover, Defendants had ample opportunity to avoid incurring the expense of preparing their appellate brief but refused Plaintiffs' proposal that the parties jointly move the First Circuit to vacate the preliminary injunctions without briefing. Defendants stated that they opposed any such motion seeking to return the matter to this Court before the appeal concludes. Having rejected an offer to obtain the exact relief they seek on appeal, Defendants cannot now argue that Plaintiffs are "wasting the resources expended by . . . the Government for the last ten months." *Id.* at 3.

**III.  CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for an Indicative Ruling on Dissolving the Preliminary Injunctions.

|  |  |
|---|---|
|  | Respectfully submitted, |
| December 31, 2025 | /s/ *Isaac D. Chaput* |

Isaac D. Chaput (*pro hac vice*)
Peter William Johnston (*pro hac vice*)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: 415-591-6000
Facsimile: 415-591-6091
ichaput@cov.com
pjohnston@cov.com

Jessie J. Rossman (BBO # 670685)
Jennifer M. Herrmann (BBO # 708231)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS, INC.
One Center Plaza, Suite 850
Boston, MA 02108
Telephone: 617-482-3170
jrossman@aclum.org
jherrmann@aclum.org

Li Nowlin-Sohl (*pro hac vice*)
   (admitted only in Washington)
Sruti J. Swaminathan (*pro hac vice*)
Malita V. Picasso (*pro hac vice*)
James D. Esseks (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2500
Facsimile: 212-549-2650
lnowlin-sohl@aclu.org
sswaminathan@aclu.org
mpicasso@aclu.org
jesseks@aclu.org

Aditi Fruitwala (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th St. NW
Washington, DC 20005
afruitwala@aclu.org

Ansel F. Carpenter (*pro hac vice*)
Gavin W. Jackson (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: 424-332-4758
Facsimile: 424-332-4749
acarpenter@cov.com
gjackson@cov.com

Jonathan Thompson (*pro hac vice*)
Sean M. Bender (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: 202-662-5891
Facsimile: 202-778-5891
jothompson@cov.com
sbender@cov.com

Robert C. Gianchetti (*pro hac vice*)
Yuval Mor (*pro hac vice*)
Alyssa L. Curcio (*pro hac vice*)
COVINGTON & BURLING LLP
30 Hudson Yards
New York, NY 10001
Telephone: 212-841-1000
Facsimile: 212-841-1010
rgianchetti@cov.com
ymor@cov.com
acurcio@cov.com

*Attorneys for Plaintiffs and the Classes*

8

**CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2025, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

/s/ *Isaac D. Chaput*
Isaac D. Chaput