# United States Court of Appeals
## For the First Circuit

No. 25-1579

ASHTON ORR; ZAYA PERYSIAN; SAWYER SOE; CHASTAIN ANDERSON;
DREW HALL; BELLA BOE; REID SOLOMON-LANE; VIKTOR AGATHA;
DAVID DOE; AC GOLDBERG; RAY GORLIN; CHELLE LEBLANC, on behalf of
themselves and others similarly situated,

Plaintiffs, Appellees,

v.

DONALD J. TRUMP, in the official capacity as President of the United States; U.S.
DEPARTMENT OF STATE; MARCO RUBIO, in the official capacity as Secretary of State;
and the UNITED STATES OF AMERICA,

Defendants, Appellants.

Before

Montecalvo, Rikelman, and Aframe,
Circuit Judges.

**JUDGMENT**

Entered: June 5, 2026

The government appeals the district court's orders preliminarily enjoining the U.S. Department of State ("Department") and its Secretary from enforcing a policy requiring U.S. passports to state the biological sex at birth of their holder.[1]  The Department promulgated this policy in response to an executive order issued by President Donald J. Trump.  Under the Department's prior policy, passport applicants could select a sex marker of "M," "F," or "X," which was not required to correspond with the applicant's biological sex at birth.

We face an unusual circumstance in that the parties request the same relief.  The government asks us to vacate the district court's preliminary injunction.  The Plaintiffs, who are transgender, intersex, and non-binary Americans representing certified classes, also ask us to

---

[1] While this appeal was pending, this court denied a stay of the preliminary injunction pending appeal.  Agatha v. Trump, 151 F.4th 9, 13 (1st Cir. 2025).  The Supreme Court then granted a stay pending appeal.  Trump v. Orr, 146 S. Ct. 44, 46 (2025).

vacate the district court's preliminary injunction, abandoning their request for preliminary injunctive relief, so that the district court proceedings  which are presently stayed  may resume.

In all appeals, we have an ongoing obligation to ensure that the case before us is not moot.  See Shelby v. Superformance Int'l, Inc., 435 F.3d 42, 45 (1st Cir. 2006).  Article III of the United States Constitution restricts the jurisdiction of this court to only "[c]ases" and "[c]ontroversies."  Harris v. Univ. of Mass. Lowell, 43 F.4th 187, 191 (1st Cir. 2022).  "A case becomes moot -- and therefore no longer a case and controversy for purposes of Article III -- when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  Matt v. HSBC Bank USA, N.A., 783 F.3d 368, 372 (1st Cir. 2015) (citation modified).  And "[w]hen a case is moot, 'dismissal of the action is compulsory.'"  Id. (quoting Overseas Mil. Sales Corp. v. Giralt-Armada, 503 F.3d 12, 17 (1st Cir. 2007)).  Because both the government and Plaintiffs request that the district court's preliminary injunction be vacated, there is "no actual controversy" between the parties on appeal.  Motta v. Dist. Dir. of I.N.S., 61 F.3d 117, 118 (1st Cir. 1995).  Indeed, Plaintiffs are no longer seeking preliminary injunctive relief, which was the only basis for the order the government appealed.  Because this appeal is moot, any ruling on the merits would be an impermissible advisory opinion.  St. Pierre v. United States, 319 U.S. 41, 42 (1943).

Although we lack Article III jurisdiction over a moot case, we retain jurisdiction to decide whether the district court's preliminary injunction orders should be vacated.  See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 21-22 (1994).  As part of this inquiry, we consider "the nature and character of the conditions which have caused the case to become moot" so we may dispose of the underlying order "in the manner most consonant to justice."  Id. at 24 (citation modified).  Vacatur "is ordinarily granted unless the losing party appealing the judgment was responsible for making the case unreviewable."  Diffenderfer v. Gomez-Colon, 587 F.3d 445, 451 (1st Cir. 2009).  This case has not become moot because the losing party below the government agreed to a settlement or otherwise "voluntarily forfeited [its] legal remedy." Bancorp, 513 U.S. at 25.  Rather, it is Plaintiffs' decision to abandon their request for a preliminary injunction that has rendered the appeal moot.  Moreover, the fact that the orders on appeal concern a preliminary injunction does not change our analysis in this unusual circumstance.  See, e.g., Pub. Serv. Co. of N.H. v. Consol. Utils. and Commc'ns, Inc., 846 F.2d 803, 810-11 (1st Cir. 1988) (vacating preliminary injunction orders "on the ground that the appeal [was] moot").  Accordingly, vacatur is appropriate.

For that reason, we **dismiss** this appeal as moot and **vacate** the district court's preliminary injunction orders.

So ordered.

By the Court:

Anastasia Dubrovsky, Clerk

cc:  Hon. Julia Eleanor Kobick, Robert Farrell, Clerk, United States District Court for the District of Massachusetts, James D. Esseks, Jessie J. Rossman, Jennifer Herrmann, Aditi Fruitwala, Zoe

- 3 -

Kreitenberg, Isaac D. Chaput, Li Nowlin-Sohl, Malita Picasso, Robert Gianchetti, Sruti J. Swaminathan, Lewis Yelin, Donald Campbell Lockhart, Rayford A. Farquhar, Charles W. Scarborough, Leah Belaire Foley, Eric D. McArthur, Brett Allen Shumate, Abraham R. George, Michael Velchik, M. Jared Littman, James A. Barta