**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ASHTON ORR et al.,<br><br>     Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>     Defendants. | Civil Action No. 25-10313 (JEK) |

**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AS TO COUNTS 1, 2, 3, 4, AND 5 OF THE AMENDED COMPLAINT**

Pursuant to Local Civil 56.1, Defendants hereby submit this statement of material facts for which there is no genuine issue.

1. In 1976, the Department of State ("the Department") introduced "sex" as a required marker on U.S. passports. *Orr v. Trump*, 778 F. Supp. 3d 394, 401–02 (D. Mass. 2025).

2. It was not until 1992 that passport applicants could request to amend their sex marker on their passport, and even then, they could do so only after proof of sex-reassignment surgery. *Id.* at 402.

3. The Department did not allow "X" gender markers until 2021. *Id.*

4. 22 U.S.C. § 211a provides: "The Secretary of State may grant and issue passports . . . under such rules as the President shall designate and prescribe for and on behalf of the United States."

5. Upon taking office, President Trump issued an Executive Order declaring it "the policy of the United States to recognize two sexes, male and female." AR 005–08.

6. The Executive Order defined "'[s]ex'" as "an individual's immutable biological classification as either male or female." AR 005.

1

7.     And the Executive Order distinguished the "immutable biological reality of sex" from "the concept of 'gender identity,'" which the Order described as reflecting "an internal, fluid, and subjective sense of self unmoored from biological facts." *Id.*

8.     The Executive Order further explained that because "'[g]ender identity' . . . exist[s] on an infinite continuum," it "does not provide a meaningful basis for identification." AR 006.

9.     The Executive Order therefore directed the Secretary of State to "implement changes to require that government-issued identification documents, including passports, . . . accurately reflect the holder's sex, as defined" by the Executive Order. *Id.*

10.     Soon after, the Department implemented the President's directive to issue passports with a sex marker of either "M" or "F" reflecting the holder's "biological sex." AR 009; *see* AR 013–16.

11.     The Department also ceased issuing passports with an "X" marker. AR 013–16.

12.     And it adopted procedures for adjudicating a passport applicant's sex using birth certificates and other documentation issued close to the applicant's birth. *Id.*

13.     Under the policy, no one may self-select a marker of "M," "F," or "X" based on "gender identity"; every sex marker, for any individual, must reflect immutable biological characteristics instead.

14.     Under the policy, every class member who wants a passport can obtain one (assuming he or she complies with all other requirements) and travel internationally.

15.     Passports issued pursuant to the policy do not disclose Plaintiffs' transgender status.

16.     In staying this Court's preliminary injunction entered in this case, the Supreme Court concluded that "the Government is likely to succeed on the merits" of Plaintiffs' claims. *Trump v. Orr*, 146 S. Ct. 44, 46 (2025).

17.    The Supreme Court explained that "[d]isplaying passport holders' sex at birth no more offends equal protection principles than displaying their country of birth—in both cases, the Government is merely attesting to a historical fact without subjecting anyone to differential treatment." *Id.*

18.    The Supreme Court also concluded that Plaintiffs "failed to establish that the Government's choice to display biological sex 'lack[s] any purpose other than a bare . . . desire to harm a politically unpopular group.'" *Id.* (alterations in original) (quoting *Trump v. Hawaii*, 585 U.S. 667, 705 (2018)).

19.    The Supreme Court further determined that Plaintiffs are unlikely "to prevail in arguing that the State Department acted arbitrarily and capriciously by declining to depart from Presidential rules that Congress expressly required it to follow." *Id.* (citing 22 U.S.C. § 211a).

20.    The Supreme Court also concluded that "the Government will 'suffer[] a form of irreparable injury' absent a stay," because "the District Court's grant of class-wide relief enjoins enforcement of an Executive Branch policy with foreign affairs implications concerning a Government document." *Id.* (alteration in original) (quoting *Trump v. CASA, Inc.*, 606 U.S. 831, 861 (2025)).

*    *    *

Dated: June 29, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

/s/ M. Jared Littman

M. JARED LITTMAN
ELIZABETH B. LAYENDECKER
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 514-5578
Fax: (202) 616-8470
E-mail: Jared.Littman2@usdoj.gov
*Attorneys for Defendants*