**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ASHTON ORR, *et al.*,<br><br>                                  *Plaintiffs*,<br><br>                    v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>                                  *Defendants*. | Case No. 1:25-cv-10313-JEK |

## PLAINTIFFS' MOTION FOR DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT THEREOF

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................. 2

LEGAL STANDARD .......................................................................................................... 4

ARGUMENT ...................................................................................................................... 6

I.      Plaintiffs Have Had No Opportunity to Conduct Discovery and Are Entitled to
        Relief as a Matter of Course. .................................................................................. 6

II.     Plaintiffs Satisfy Each of the Rule 56(d) Requirements for Cases with Incomplete
        Discovery. ................................................................................................................ 8

        A.      Plaintiffs' proffer is authoritative and timely. ........................................... 8

        B.      Plaintiffs have diligently and vigilantly sought discovery. ....................... 9

        C.      The government possesses readily available and producible additional
                facts directly bearing on the issues at play in this litigation. ................. 10

        D.      Plaintiffs' discovery requests would adduce facts influencing summary
                judgment. ................................................................................................. 11

                1.      Plaintiffs should be permitted to probe the government's
                        rationales—stated and otherwise—behind the Passport Policy. ............... 12

                2.      Plaintiffs should have the opportunity to conduct expert discovery,
                        including as to evidence of classwide harms. ........................................ 17

                3.      Discovery is essential to avoid trial by ambush. ..................................... 18

CONCLUSION.................................................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agatha v. Trump*,
151 F.4th 9 (1st Cir. 2025)...................................................................................................3

*Am. Ass'n of Univ. Professors v. Rubio*,
802 F. Supp. 3d 120 (D. Mass. 2025) ..................................................................................12

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986).............................................................................................................5

*Bos. All. of Gay, Lesbian, Bisexual & Transgender Youth v. Dep't of Health &
Hum. Servs.*,
557 F. Supp. 3d 224 (D. Mass. 2021) ...................................................................13, 14, 15

*Carmona v. Toledo*,
215 F.3d 124 (1st Cir. 2000)...............................................................................................11

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986).............................................................................................................5

*CenTra, Inc. v. Estrin*,
538 F.3d 402 (6th Cir. 2008) .......................................................................................5, 6, 18

*Commonwealth Aluminum Corp. v. Markowitz*,
164 F.R.D. 117 (D. Mass. 1995)..........................................................................................7

*Conservation L. Found., Inc. v. Jackson*,
964 F. Supp. 2d 152 (D. Mass. 2013) .................................................................................11

*Convertino v. Dep't of Just.*,
684 F.3d 93 (D.C. Cir. 2012) ...............................................................................................8

*Cook Cnty. v. Wolf*,
461 F. Supp. 3d 779 (N.D. Ill. 2020) ..................................................................................14

*Dep't of Agric. v. Moreno*,
413 U.S. 528 (1973).....................................................................................................15, 16

*Harris v. Nelson*,
394 U.S. 286 (1969).............................................................................................................4

*Hebert v. Wicklund*,
744 F.2d 218 (1st Cir. 1984).................................................................................................5

*Heller v. Doe by Doe*,
    509 U.S. 312 (1993)..............................................................................................16

*Hellstrom v. Dep't of Veterans Affs.*,
    201 F.3d 94 (2d Cir. 2000)......................................................................................8

*Hernández v. Blanche*,
    2026 WL 1959422 (1st Cir. July 7, 2026) ...............................................................8

*Hickman v. Taylor*,
    329 U.S. 495 (1947)..............................................................................................2, 4

*Housatonic River Initiative v. Env't Prot. Agency, N. Eng. Region*,
    75 F.4th 248 (1st Cir. 2023)....................................................................................12

*Info. Handling Servs., Inc. v. Def. Automated Printing Servs.*,
    338 F.3d 1024 (D.C. Cir. 2003) ...............................................................................6

*Minnesota v. Clover Leaf Creamery Co.*,
    449 U.S. 456 (1981)................................................................................................16

*Mullin v. Doe*,
    609 U.S. ___, 2026 WL 1825840 (U.S. June 25, 2026) ....................................15, 16

*N.H. Youth Movement v. Scanlan*,
    2026 WL 1500857 (D.N.H. May 28, 2026)..............................................................18

*Nieves-Romero v. United States*,
    715 F.3d 375 (1st Cir. 2013)....................................................................................5

*Parker v. Landry*,
    935 F.3d 9 (1st Cir. 2019)....................................................................................5, 12

*Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*,
    840 F.2d 985 (1st Cir. 1988)..................................................................................8, 9

*Pers. Adm'r of Mass. v. Feeney*,
    442 U.S. 256 (1979)................................................................................................15

*In re PHC, Inc. S'holder Litig.*,
    762 F.3d 138 (1st Cir. 2014).......................................................................... *passim*

*Radfar v. City of Revere*,
    2021 WL 4121493 (D. Mass. Sept. 9, 2021) ............................................................6

*Radfar v. Covino*
    2026 WL 36680 (1st Cir. Jan. 6, 2026) ....................................................................6

*Reid v. New Hampshire*,
    56 F.3d 332 (1st Cir. 1995) .................................................................................6

*Resol. Tr. Corp. v. N. Bridge Assocs., Inc.*,
    22 F.3d 1198 (1st Cir. 1994) ...................................................................... *passim*

*Romer v. Evans*,
    517 U.S. 620 (1996) ..........................................................................................16

*Schlagenhauf v. Holder*,
    379 U.S. 104 (1964) .......................................................................................4, 12

*Smith v. OSF HealthCare Sys.*,
    933 F.3d 859 (7th Cir. 2019) .............................................................................7

*Smith v. Town of Clarkton*,
    682 F.2d 1055 (4th Cir. 1982) .........................................................................14

*Trump v. Boyle*,
    145 S. Ct. 2653 (2025) ....................................................................................12

*Trump v. Hawaii*,
    585 U.S. 667 (2018) ..........................................................................................15

*Trump v. Orr*,
    146 S. Ct. 44 (2025) ................................................................................ *passim*

*Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*,
    429 U.S. 252 (1977) .....................................................................................14, 16

*Wichita Falls Off. Assocs. v. Banc One Corp.*,
    978 F.2d 915 (5th Cir. 1992) .............................................................................7

**Other Authorities**

Exec. Order 14168, 90 Fed. Reg. 8615 (Jan. 30, 2025) ....................................2, 15, 17

Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure and ECF 190, Plaintiffs hereby move the Court for an order permitting them to take discovery. This Motion is supported by the following Memorandum of Law and the Affidavit of Isaac D. Chaput ("Chaput Aff.") and accompanying exhibits.

## INTRODUCTION

Defendants filed a motion for summary judgment on Plaintiffs' constitutional claims shortly before the lifting of the stay on those claims. They now seek to use that premature motion to deprive Plaintiffs and the Classes of the chance to conduct the discovery that is necessary to prove those claims. Plaintiffs file this Motion under Rule 56(d) to explain that (a) no discovery has yet been taken by any party in this litigation; (b) Plaintiffs have not been dilatory in pursuing discovery but instead have respected stays of discovery; and (c) Plaintiffs seek discovery from Defendants that is relevant to their constitutional claims and was foreseen, rather than foreclosed, by recent Supreme Court decisions, including information relevant to the government's asserted justifications for its policy, the government's experience over thirty years with its prior passport policy, and evidence of anti-transgender motivation by the decisionmakers behind the new policy.

Since the start of this litigation, Plaintiffs have consistently sought to advance their case efficiently and expeditiously. That holds true today: time remains of the essence for Plaintiffs and the Classes, who face serious harm by the continued enforcement of an unlawful, unconstitutional, and unjust Policy. The time has come for discovery to open—a reality that the Supreme Court implicitly recognized in its stay order. *Trump v. Orr*, 146 S. Ct. 44, 46 (2025) (observing that Plaintiffs had not made a showing of animus "*on this record*" (emphasis added)). Proceeding to discovery is consistent with the Federal Rules of Civil Procedure and the ordinary course of countless cases before this Court and across the judiciary.

1

Plaintiffs have pleaded plausible claims for relief challenging the Passport Policy.[1]  Due process, fundamental fairness, and established precedent make clear that Plaintiffs are entitled to pursue discovery on those claims like any other litigant.  *See, e.g.*, *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.  To that end, either party may compel the other to disgorge whatever facts he has in his possession.").  Defendants' bid to deny Plaintiffs their day in court, and to evade scrutiny of their unconstitutional and harmful policies, is baseless, contravenes the ordinary course of civil litigation, and should be rejected.  Plaintiffs respectfully request that this Court grant this Motion and set a discovery schedule.

## BACKGROUND

On February 7, 2025, Plaintiffs filed a putative class action complaint on behalf of seven named Plaintiffs.  ECF 1.  On February 18, Plaintiffs filed their Motion for Stay of Administrative Action and for Preliminary Injunction, ECF 29, which this Court granted in part on April 18, ECF 74.  Plaintiffs then moved for class certification and to extend the preliminary injunction to the classes, ECF 77, 79; on June 17, the Court certified two Classes and applied the preliminary injunction to a subset of each Class, ECF 115.  On July 14, the Court informed the parties that it would hold an initial scheduling conference on August 5, instructing the parties to "attempt to agree on the relevant dates for discovery and motion practice."  ECF 133 at 2.  In the parties' Local Rule 16.1 Joint Statement, Plaintiffs proposed a nine-month schedule for fact and expert discovery.

---

[1] For purposes of this Motion, "Passport Policy" means Executive Order 14168, to the extent it purports to direct particular rules with respect to the issuance of passports, as well as "the substantive changes to [the State Department's] prior passport policy" intended to effectuate Executive Order 14168, which included "withdr[awing] the option for Americans to obtain a passport reflective of either their gender identity or sex assigned at birth" and "remov[ing] the option for intersex, non-binary, and gender non-conforming applicants to select 'X' as the sex marker."  *See* ECF 74 at 2.

ECF 135 at 4.  The Court thereafter ordered the government to produce the administrative record for the Passport Policy, but did not enter Plaintiffs' proposed discovery schedule.  ECF 137.

In June and July 2025, the government noticed appeals of this Court's preliminary injunctions.  ECF 111, 131.  On August 6, the Court ordered a stay of Plaintiffs' constitutional claims.[2]  ECF 137.  On September 4, the First Circuit denied the government's application for a stay of the June injunction.  *Agatha v. Trump*, 151 F.4th 9 (1st Cir. 2025).  On September 19, the government applied to Justice Jackson for a stay of this Court's June injunction.  Appl. for a Stay, *Trump v. Orr*, 2025 WL 2725166, at *1 (U.S. Sept. 19, 2025).  On November 6, the Supreme Court granted the application, stayed the injunction, and remanded for further proceedings in the First Circuit.  *Orr*, 146 S. Ct. 44.

On December 18, 2025, Plaintiffs moved this Court for an indicative ruling that it would dissolve the preliminary injunctions in light of the Supreme Court's stay order, reiterating their intention "to move this case expeditiously to final judgment and permanent relief."  ECF 168 at 1.  The Court denied Plaintiffs' motion on January 26, 2026.  ECF 175.  While the Court gave "weight to the plaintiffs' wish to proceed expeditiously with their case, particularly in view of the Court's prior conclusion that the Passport Policy inflicts tangible harm on the certified classes," it nonetheless concluded that the Court and the parties would benefit from "[a]ppellate guidance" from the First Circuit, including to "focus[] [the parties'] subsequent discovery efforts."  *Id.* at 2.

The First Circuit dismissed the government's appeal as moot and vacated the preliminary injunction orders on June 8, 2026.  ECF 183.  On June 29, the government moved for summary

---

[2] On January 26, 2026, the Court stayed the entire matter pending resolution of the government's appeals of the preliminary-injunction orders.  ECF 175.

judgment on Plaintiffs' constitutional claims.[3]  ECF 187.  On July 1, the Court entered an electronic

order lifting the stay on Plaintiffs' claims.  ECF 189.  At Plaintiffs' request, the Court also held a

status conference on July 1, *see* ECF 185, ECF 186, during which Plaintiffs reiterated their desire

to take targeted discovery in support of their constitutional claims.  The Court stayed further

summary-judgment briefing and ordered Plaintiffs to file this Motion to articulate their "position[]

on discovery" so that the Court could determine whether "it should proceed on the current

summary judgment motions or if they should be denied without prejudice, a schedule set,

discovery conducted and summary judgment motions to be conducted after."  ECF 190 at 2.  To

illustrate and make more concrete Plaintiffs' entitlement to relief, Plaintiffs respectfully submit

draft discovery requests they intend to serve on the government if the Court grants this Motion.

*See* Chaput Aff., Exs. B, C.  Plaintiffs reserve all rights to amend and add to these draft requests,

or to serve additional requests in the future, but provide them here to inform the Court about topics

on which they intend to pursue discovery.

## LEGAL STANDARD

The Federal Rules generally "allow discovery regarding any matter relevant to the claim

or defense of any party," permitting litigants "great freedom in discovery."  Wright & Miller, Fed.

Prac. & Proc. Civ. § 2007.  "Mutual knowledge of all the relevant facts gathered by both parties is

essential to proper litigation."  *Hickman*, 329 U.S. at 507; *see also Schlagenhauf v. Holder*, 379

U.S. 104, 114 (1964) ("[D]iscovery rules are to be accorded a broad and liberal treatment."

(quoting *Hickman*, 329 U.S. at 507)); *Harris v. Nelson*, 394 U.S. 286, 297 (1969) (Federal Rules

---

[3] The parties earlier submitted summary-judgment motions regarding Plaintiffs' APA claims.  *See* ECF 146, ECF 174.  Understanding that briefing on all summary-judgment motions has been stayed, *see* ECF 190, and that the Court has ordered this briefing to obtain "more information from both sides regarding the parties' respective positions on discovery," *id.* at 2, Plaintiffs do not address the substance of the government's summary-judgment motions here.  Plaintiffs will be prepared to do so pursuant to a future schedule, as contemplated by the Court.

have "been generously construed to provide a great deal of latitude for discovery" (citations omitted)).  When a plaintiff states "a plausible claim," they may "invoke a right to discovery." *Parker v. Landry*, 935 F.3d 9, 18 (1st Cir. 2019).

Recognizing discovery's importance in resolving disputes on a developed evidentiary record, Rule 56(d) protects against "a premature motion for summary judgment" by affording recourse to a party who has "not had an opportunity to make full discovery."  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).  "[A] district court should generally apply Rule 56(f) liberally . . . ."[4]  *Hebert v. Wicklund*, 744 F.2d 218, 222 (1st Cir. 1984) (citing Wright & Miller, Fed. Prac. & Proc. Civ. § 2740); *see also Resol. Tr. Corp. v. N. Bridge Assocs., Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1994) ("[D]istrict courts should construe motions that invoke [Rule 56(d)] generously . . . [u]nless the movant has been dilatory, or the court reasonably concludes that the motion is a stalling tactic or an exercise in futility." (citations omitted)).  "Typically, when the parties have no opportunity for discovery, denying the Rule 56[(d)] motion and ruling on a summary judgment motion is likely to be an abuse of discretion."  *In re PHC, Inc. S'holder Litig.*, 762 F.3d 138, 144 (1st Cir. 2014) (quoting *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008)); *see also id.* (denial of Rule 56(d) motion was abuse of discretion, including because "discovery had barely begun before the court entered summary judgment" despite "plaintiffs' persistence in their pursuit of discovery at an early stage of the litigation"); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986) (Rule 56(d) provides "that summary judgment be refused

---

[4] "Rule 56(d) was formerly Rule 56(f)," and "case law developed under former Rule 56(f) remains controlling."  *Nieves-Romero v. United States*, 715 F.3d 375, 381 n.3 (1st Cir. 2013) (citations omitted).  For convenience and clarity, Plaintiffs henceforth refer to Rule 56(d) throughout this brief.

where the nonmoving party has not had the opportunity to discover information that is essential to his opposition").

To establish entitlement to relief under Rule 56(d), the moving party must make a proffer that is "authoritative," "advanced in a timely manner," and "explain[s] why the party is unable currently to adduce the facts essential to opposing summary judgment." *In re PHC, Inc. S'holder Litig.*, 762 F.3d at 143 (quoting *Resol. Tr. Corp.*, 22 F.3d at 1203). In cases of "incomplete discovery," the moving party must "show good cause for the failure to have discovered the facts sooner," "set forth a plausible basis for believing that specific facts probably exist," and "indicate how the emergent facts will influence the outcome of the pending summary judgment motion." *Id.* (cleaned up). The Court has "considerable discretion" in assessing these factors, and it may "relax[]" or "excuse[]" one or more of them "to address the exigencies of a given case." *Resol. Tr. Corp.*, 22 F.3d at 1203. If "a [party] satisfies the requirements, 'a strong presumption arises in favor of relief.'" *Radfar v. City of Revere*, 2021 WL 4121493, at *14 (D. Mass. Sept. 9, 2021) (quoting *In re PHC, Inc. S'holder Litig.*, 762 F.3d at 144), *aff'd sub nom. Radfar v. Covino*, 2026 WL 36680 (1st Cir. Jan. 6, 2026).

## ARGUMENT

**I.      Plaintiffs Have Had No Opportunity to Conduct Discovery and Are Entitled to Relief as a Matter of Course.**

Rule 56(d) "provides a safety valve for claimants genuinely in need of further time" to complete discovery. *See Reid v. New Hampshire,* 56 F.3d 332, 341 (1st Cir. 1995) (citation omitted). As the First Circuit has noted, "[t]ypically, when the parties have *no opportunity for discovery*, denying the Rule 56[(d)] motion and ruling on a summary judgment motion is likely to be an abuse of discretion." *In re PHC, Inc. S'holder Litig.*, 762 F.3d at 144 (emphasis added) (quoting *CenTra*, 538 F.3d at 420); *see also Info. Handling Servs., Inc. v. Def. Automated Printing*

6

*Servs.*, 338 F.3d 1024, 1032 (D.C. Cir. 2003) (Garland, J.) (error for district court to deny plaintiff's Rule 56(d) motion and deprive it of "chance to take discovery," as summary judgment "ordinarily 'is proper only after the plaintiff has been given adequate time for discovery'" (citations omitted)); *Wichita Falls Off. Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 n.4 (5th Cir. 1992) (Rule 56(d) motions "should be granted almost as a matter of course unless the non-moving party has not diligently pursued discovery of the evidence" (cleaned up)); *Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 866 (7th Cir. 2019) (collecting authorities and noting that "precedents emphasize the importance of allowing a party the opportunity to take meaningful discovery before granting summary judgment against [them]").[5]

Plaintiffs have had no opportunity to seek discovery, much less complete it. The Court ordered the parties to confer on a discovery schedule on July 14, 2025, *see* ECF 133 at 2, and entered a case schedule that did not include discovery deadlines, *see* ECF 142. On August 6, 2024, the Court stayed Plaintiffs' constitutional claims. ECF 137. The Court did not lift the stay until July 1, 2026. ECF 189. The parties have therefore had no opportunity even to exchange initial disclosures or serve discovery requests, a reality that weighs strongly in favor of granting this Motion.[6] *See Commonwealth Aluminum Corp. v. Markowitz,* 164 F.R.D. 117, 120 (D. Mass. 1995) (granting Rule 56(d) motion, observing that "there is no evidence that *any* discovery has begun,

---

[5] Rules 26, 30, 33, 34, and 36 contemplate that, absent an order limiting discovery, parties are entitled as a matter of course to take depositions and issue interrogatories, requests for production, and requests for admission. Defendants have not moved for a protective order to prevent issuance of discovery, and the Court has not entered any order limiting Plaintiffs' right to discovery. Plaintiffs are, therefore, entitled as a matter of right under the Federal Rules to issue discovery requests. Plaintiffs file this Rule 56(d) Motion pursuant to the Court's direction following Defendants' motion for partial summary judgment, but note that under the Federal Rules of Civil Procedure, the case's current posture does not include any limitation on discovery permitted in the normal course.

[6] While Plaintiffs served their Rule 26(a) initial disclosures on July 31, 2025, Defendants never served initial disclosures.

including automatic discovery stemming from a Rule 26(f) meeting, or that the parties have even met for a pretrial scheduling conference"); *see also Hellstrom v. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." (citations omitted)).

Under these circumstances, the Court should grant this Rule 56(d) Motion "as a matter of course." *See Convertino v. Dep't of Just.*, 684 F.3d 93, 99 (D.C. Cir. 2012) (quoting *Berkeley v. Home Ins. Co.,* 68 F.3d 1409, 1414 (D.C. Cir. 1995), and citing *Resol. Tr. Corp.*, 22 F.3d at 1203).

## II.    Plaintiffs Satisfy Each of the Rule 56(d) Requirements for Cases with Incomplete Discovery.

Under Rule 56(d)'s substantive standard, Plaintiffs easily satisfy each of the requirements the First Circuit has outlined in cases of incomplete discovery: "authoritativeness, timeliness, good cause, utility, and materiality." *See In re PHC, Inc. S'holder Litig.*, 762 F.3d at 143–44 (quoting *Resol. Tr. Corp.*, 22 F.3d at 1203). "[O]ne or more of the requirements may be relaxed, or even excused," and "[w]hen all the requirements are satisfied, 'a strong presumption arises in favor of relief.'" *Id.* at 144 (quoting *Resol. Tr. Corp.*, 22 F.3d at 1203).

### A.    Plaintiffs' proffer is authoritative and timely.

Plaintiffs' proffer of information contained in this Motion is sufficiently authoritative to satisfy Rule 56(d). "[A]uthoritative statements by an attorney satisfy the authoritativeness requirement." *Hernández v. Blanche*, 2026 WL 1959422, at *8 (1st Cir. July 7, 2026) (citing *Resol. Tr. Corp.*, 22 F.3d at 1204). In addition to this Motion, Plaintiffs have submitted an affidavit from one of their lead counsel, "a person who possesses firsthand knowledge and who is competent to address the specifics of the matters discussed." *Resol. Tr. Corp.*, 22 F.3d at 1204; *see also Hernández*, 2026 WL 1959422, at *8 (authoritativeness requirement met by "a statement under penalty of perjury"); *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985,

8

988 (1st Cir. 1988) (Rule 56(d) satisfied if the moving party submits a statement "made, if not by affidavit, then in some authoritative manner—say, . . . by written representations of counsel subject to the strictures of Fed. R. Civ. P. 11—and filed with the court"). And Plaintiffs filed this Motion in a timely manner and according to the schedule ordered by the Court. *See In re PHC, Inc. S'holder Litig.*, 762 F.3d at 144 ("Plaintiffs promptly invoked Rule 56 shortly after defendants moved for summary judgment, and they did so by filing an authoritative affidavit.").

B.      **Plaintiffs have diligently and vigilantly sought discovery.**

Plaintiffs have demonstrated good cause for their inability to conduct discovery: proceedings before this Court on their constitutional claims had been stayed since August 2025— shortly after the parties' Rule 26(f) conferral—and following the lift of that stay on July 1, this Court directed Rule 56(d) briefing prior to setting any discovery schedule. ECF 190. As outlined above, pp.2–4, Plaintiffs have repeatedly made clear—and this Court has credited—their desire to undertake discovery. *E.g.*, ECF 133 at 2 (instructing discovery scheduling discussions); ECF 175 at 2 (contemplating "subsequent discovery efforts" following a First Circuit ruling on the preliminary injunctions); *see also In re PHC, Inc. S'holder Litig.*, 762 F.3d at 144 (granting Rule 56(d) motion where the plaintiffs demonstrated "persistence in their pursuit of discovery at an early stage of the litigation"). Plaintiffs' inability to obtain discovery is not due to a "lack of diligence" or "nonchalance," *Paterson-Leitch Co.*, 840 F.2d at 989–90, but because of circumstances outside their control, *cf. id.* at 991 (denying relief where the moving party "hoisted the Rule 56[(d)] banner too late, and up much too short a flagpole"); *Resol. Tr. Corp.*, 22 F.3d at 1203 ("Rule 56[(d)] is designed to minister to the vigilant, not to those who slumber upon perceptible rights." (citing *Paterson-Leitch Co.*, 840 F.2d at 989)).

9

**C.    The government possesses readily available and producible additional facts directly bearing on the issues at play in this litigation.**

Plaintiffs' proffer demonstrates the requisite "plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time." *In re PHC, Inc. S'holder Litig.*, 762 F.3d at 144 (quoting *Rivera-Torres v. Rey-Hernández*, 502 F.3d 7, 10 (1st Cir. 2007)). "For purposes of achieving this benchmark, a Rule 56[(d)] proffer need not be presented in a form suitable for admission as evidence at trial, so long as it rises sufficiently above mere speculation." *Resol. Tr. Corp.*, 22 F.3d at 1206 (citation omitted). The government certainly possesses communications, memoranda, and other records that bear on the issues at the core of this litigation—and if it maintains it has no such documents, the record of an absence of evidence is also relevant. *See, e.g.*, Chaput Aff., Ex. C (Proposed Interrogatory No. 9: "Identify each instance in which a transgender, intersex, or nonbinary person's use of a passport with a sex designation consistent with the sex they live as, rather than their sex assigned at birth, harmed or impacted any government interest . . . .").

The government could doubtless produce "additional facts" bearing on Plaintiffs' claims in the form of records and knowledgeable persons. *See In re PHC, Inc. S'holder Litig.*, 762 F.3d at 144 (noting that "[m]uch of the information sought [by the moving party] was within defendants' control, 'a factor which weighs heavily in favor of relief under Rule 56[(d)]'" (quoting *Reid*, 56 F.3d at 342); *see also Resol. Tr. Corp.*, 22 F.3d at 1206 ("[T]he Federal Rules of Civil Procedure apply to the government as well as to all other litigants. This tenet has been endorsed with especial frequency in discovery disputes. Indeed, because the government is rendered uniquely powerful by its vast resources and statutory authority, it has a special responsibility to abide by civil adjudicatory rules." (citations omitted)). "[W]here, as here, [P]laintiffs' case turns so largely on their ability to secure evidence within the possession of defendants"—and Plaintiffs have not "had

10

a fair chance to obtain necessary and available evidence"—denying their request for discovery would be contrary to the generous, liberal interpretation of Rule 56(d).  *See Carmona v. Toledo*, 215 F.3d 124, 133 (1st Cir. 2000); *see also* Chaput Aff., Exs. B, C (Plaintiffs' proposed discovery requests).

> **D.    Plaintiffs' discovery requests would adduce facts influencing summary judgment.**

Finally, discovery would uncover facts "material to the issues raised on summary judgment." *Resol. Tr. Corp.*, 22 F.3d at 1207.  Because "[e]valuating the potential significance of unknown facts in regard to unadjudicated issues is something of a metaphysical exercise . . . , the threshold of materiality at this stage of a case is necessarily low." *Id.* (citation omitted).  Plaintiffs easily satisfy this low threshold.  *See id.* at 1208 ("If, at this stage of the proceedings, a lack of materiality is not apparent, then an inquiring court should err, if at all, on the side of liberality. . . . Since we cannot say that appellants' merits-related arguments are plainly unmeritorious, and since the sought-after discovery pertains closely to the underpinning for those arguments, the Rule 56[(d)] motion passes the materiality test." (cleaned up)).

As this Court has recognized, Plaintiffs stated plausible claims for relief.[7]  *See generally* ECF 74.  The Supreme Court's order staying the preliminary injunctions does not change that reality.  The three sentences in the Supreme Court's stay order addressing likelihood of success as to a subset of claims does not predetermine the ultimate resolution of all of Plaintiffs' claims—let alone foreclose discovery on them.  Indeed, the Supreme Court expressly recognized that its order

---

[7] The government has not meaningfully disputed the adequacy of Plaintiffs' pleadings.  *See* ECF 122 at 30 (conclusory assertion that "Plaintiffs have failed to state a claim on which relief can be granted").  "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work." *Conservation L. Found., Inc. v. Jackson*, 964 F. Supp. 2d 152, 157 n.1 (D. Mass. 2013) (quoting *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)) (treating as waived conclusory argument that plaintiffs failed to state a claim on which relief may be granted).

11

on the animus issue was based on the record before it at that time.  *Orr*, 146 S. Ct. at 46.  And, as the Supreme Court recently explained, its "interim orders are not conclusive as to the merits" (even if they may "inform" how lower courts may decide "like" cases).  *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025).[8]

Under these circumstances, Plaintiffs may "invoke a *right* to discovery," *Parker*, 935 F.3d at 18 (emphasis added), regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," FRCP 26(b)(1).  And while the government has repeatedly asserted that discovery is "not available," ECF 135 at 8, or "inappropriate," ECF 187 at 13, it has not leveled any protests based on privilege, proportionality, or relevance—nor could it, since Plaintiffs have not yet had any chance even to serve discovery requests.  The government will have every opportunity to interpose objections or move for a protective order if it believes that a specific discovery request exceeds the "broad and liberal" scope of Rule 26.  *See Schlagenhauf*, 379 U.S. at 114.

            1.      Plaintiffs should be permitted to probe the government's rationales—stated and otherwise—behind the Passport Policy.

Plaintiffs appropriately intend to pursue inquiries into the decisionmaking process and the practical fit between the Passport Policy and the government's asserted interests—matters which are directly relevant under Defendants' characterization of the applicable legal standard.[9]  Even

---

[8] Plaintiffs reiterate that they will fully respond to the government's currently stayed motion for summary judgment when the Court sets a briefing schedule for that response.

[9] Plaintiffs do not currently seek further discovery on their APA claims, but they may seek leave to do so if the Court denies the parties' relevant summary-judgment motions.  *See, e.g.*, *Am. Ass'n of Univ. Professors v. Rubio*, 802 F. Supp. 3d 120, 190 n.46 (D. Mass. 2025) ("[The Court] rules that the Administrative Record submitted . . . , which provided no more than the most bare-bones information . . . , is incomplete, and thus supplements the record with all extra-record materials produced at trial, which the Court deems necessary to evaluate the agencies' actions." (citations omitted)); *see also Housatonic River Initiative v. Env't Prot. Agency, N. Eng. Region*, 75 F.4th 248, 278–79 (1st Cir. 2023) (noting that courts may order the supplementation of the administrative (continued…)

under Defendants' incorrect position that rational-basis review applies to Plaintiffs' constitutional claims, discovery is still necessary to obtain evidence related to the rational-basis standard, including inquiries into the existence and role of animus and facts underlying the government's asserted justifications.  These constitutional claims are sufficiently distinct from Plaintiffs' APA claims to warrant discovery beyond the administrative record.[10]  And as discussed more fully *infra*, pp.14–16, Supreme Court precedent, including recent rulings, reinforces the relevance of evidence underlying Plaintiffs' constitutional claims and the appropriateness of discovery specific to those claims.

For example, with respect to Plaintiffs' equal protection claims, Plaintiffs allege that the Passport Policy "spring[s] from unlawful animus toward transgender individuals."  ECF 74 at 17.  "[C]ourts have acknowledged that limiting the scope of review to the administrative record makes little sense in the context of an inquiry into illicit animus."  *Bos. All. of Gay, Lesbian, Bisexual & Transgender Youth v. Dep't of Health & Hum. Servs.* (*BAGLY*), 557 F. Supp. 3d 224, 245 (D. Mass. 2021).[11]  For good reason: as one court explained in the race-discrimination context, "evidence of

---

record for several reasons, including because of "bad faith or improper behavior," efforts "to frustrate effective judicial review," or "when necessary to determine whether the agency considered all relevant factors" (citations omitted)).

[10] Indeed, Plaintiffs' constitutional claims are brought against the United States, President Trump, Secretary of State Rubio, and the Department of State.  Plaintiffs have only sued the latter two Defendants—the State Department and Secretary Rubio—under the APA.  *See* ECF 76 at 53–67.  On a more fundamental level, the government should not be able to simultaneously assert that the APA bars all discovery beyond the administrative record, *see* ECF 187 at 13 n.1 (arguing that "[d]iscovery . . . would be inappropriate here because . . . the government produced a certified administrative record"), while also claiming that APA review is unavailable as a matter of law "because the challenged policy is presidential action," *see* ECF 174 at 12.  To rule otherwise now would reward the government's gamesmanship and place Plaintiffs (and future litigants in Plaintiffs' position) in a catch-22.

[11] The *BAGLY* court characterized the plaintiffs' claims as "aris[ing] under the Administrative Procedure Act" but being "constitutional in substance," *see* 557 F. Supp. 3d at 245 (citation omitted), while Plaintiffs here have brought separate and independent APA and constitutional claims.

racial animus (if any) will reside outside the administrative record," and "presumptively limiting discovery to the record can allow the racial motivations underlying racially motivated policymaking to remain concealed." *Cook Cnty. v. Wolf*, 461 F. Supp. 3d 779, 795 (N.D. Ill. 2020) (considering separate APA and constitutional claims); *see also Smith v. Town of Clarkton*, 682 F.2d 1055, 1064 (4th Cir. 1982) (officials "seldom, if ever, announce on the record that they are pursuing a particular course of action because of their desire to discriminate").

Plaintiffs are entitled to take discovery—including depositions of government decisionmakers—to conduct the necessary "inquiry into illicit animus." *BAGLY*, 557 F. Supp. 3d at 245; *see also* ECF 74 at 27–28 (noting that the Executive Order "facially demeans transgender people's identity" and "is candid in its rejection of the identity of an entire group"). Indeed, the Supreme Court's stay order implicitly recognized as much, observing that Plaintiffs had not made a showing of animus "*on this record*," *Orr*, 146 S. Ct. at 46 (emphasis added), thereby anticipating future discovery, *see also id.* at 49 n.3 (Jackson, J., dissenting) (when considering preliminary injunctions or stay requests, "[c]ourts generally endeavor to ensure that plaintiffs with colorable legal claims have a meaningful opportunity to litigate those claims and actually obtain the relief they are requesting").

Where the government has asserted that its agencies and officers were constrained by and following Presidential directives, *see* ECF 187 at 1, 3–4, Plaintiffs should have the opportunity to examine the decisionmaking process among and between the relevant Executive actors for evidence of animus or discriminatory intent. *See, e.g.*, *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266–68 (1977) (courts may look to "historical background," the "specific sequence of events," "[d]epartures from the normal procedural sequence," "legislative or administrative history," and the statements of public officials "in determining whether racially

14

discriminatory intent existed"); *BAGLY*, 557 F. Supp. 3d at 245 (discussing breadth of permissible discovery); *see also* Chaput Aff., Ex. C (Proposed Interrogatory No. 2: "Identify the individuals who drafted or substantially contributed to the drafting of Executive Order 14168 of January 20, 2025, including, but not limited to, which officers or employees of the Defendants are responsible for such enforcement efforts."); Ex. B (Proposed Request for Production No. 14: "Produce all documents and communications that you considered or reviewed, or that were available to you, in forming your opinion that there are 'idealogues' using 'socially coercive means to permit men to self-identify as women and gain access to intimate single-sex spaces and activities designed for women, from women's domestic abuse shelters to women's workplace showers.'").

Plaintiffs anticipate that the government will attempt to dismiss any animus-related discovery as futile, given its previously articulated position that under rational-basis review, the government may point to any "conceivable basis" that might support a challenged policy.  *See* ECF 187 at 12 (citation omitted).  Even assuming that rational-basis review is the correct standard under which to assess the Passport Policy—and it is not, *see* ECF 74 at 19–25—a "bare . . . desire to harm a politically unpopular group cannot constitute a legitimate governmental interest" under any level of scrutiny, *see Dep't of Agric. v. Moreno*, 413 U.S. 528, 534–38 (1973).  In addition, proof that "the decisionmaker . . . selected or reaffirmed . . . a course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group," constitutes a discriminatory purpose that Defendants would bear the burden of justifying under the Equal Protection Clause.  *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979).

The Supreme Court's decisions in *Trump v. Hawaii*, 585 U.S. 667 (2018), and *Mullin v. Doe*, 609 U.S. ___, 2026 WL 1825840 (U.S. June 25, 2026), are consistent with the conclusion that discovery is available here.  *Hawaii*'s plain language limited its scope to claims that involved

15

both the Establishment Clause and non-citizens, neither of which is present here. 585 U.S. at 699–705. In contrast, *Mullin* continued to consider evidence under the *Arlington Heights* factors to determine whether a "discriminatory purpose [was] a motivating factor" in the government's decision, 2026 WL 1825840, at *11 (quoting *Arlington Heights*, 429 U.S. at 265–66), where, as here, equal-protection claims were involved.  That *Mullin* expressly reviewed the record for evidence of intent reinforces that such evidence is relevant and should be discoverable here.[12]

Plaintiffs also intend to probe the government's asserted justifications for the Policy.  Even under rational-basis review, the government's justification must be rationally related to a legitimate government interest.  *See Romer v. Evans*, 517 U.S. 620, 632–33 (1996) (to satisfy rational-basis review, a justification for the law must be "grounded in a sufficient factual context" that allows the court to "ascertain some relation between the classification and the purpose it served"); *Heller v. Doe by Doe*, 509 U.S. 312, 321 (1993) (holding that rational-basis review must have a "footing in the realities of the subject addressed by the legislation") *Minnesota v. Clover Leaf Creamery Co.,* 449 U.S. 456, 464 (1981) ("[P]arties challenging legislation under the Equal Protection Clause may introduce evidence supporting their claim that it is irrational . . . ." (citation omitted)); *Moreno*, 413 U.S. at 534–36 (invalidating food-stamp policy under rational-basis review where it was based on government's "unsubstantiated assumptions").

Plaintiffs should have the opportunity to examine the government's decades-long experiences in permitting Americans to update passport sex markers to align with their gender identity, which Plaintiffs expect will undercut any government interest Defendants may assert to

---

[12] While *Mullin* ultimately found the statements there did not demonstrate racial animus sufficient to justify interim relief, the Court did not hold that *no* evidence could suffice to make out an animus claim.  Indeed, the Court did not preclude further discovery on the animus issue on remand; all it held was that the record as it stood on the motion for preliminary relief fell short.  *Cf. Orr*, 146 S. Ct. at 46 (addressing current record for preliminary relief).

16

justify their new policy, from foreign affairs to administrability to security. Discovery will examine, for example, the government's assertions that passport sex markers are connected to protection of "intimate single-sex spaces," Exec. Order 14168, 90 Fed. Reg. 8615, 8615 (Jan. 30, 2025)—an assertion that is facially implausible. Discovery can also examine the government's assertions that the Policy serves the interest of data consistency—an assertion that is undercut by years of contrary experience. Perhaps most importantly, discovery will help probe the claim that the Policy survives rational-basis review because it provides "meaningful basis for identification." ECF 187 at 12 (citation omitted). Discovery can examine whether the government's interest in accurate identification is rationally advanced by using sex assigned at birth on passports and whether the government experienced any problems identifying passport holders during the over thirty years that it allowed sex markers to be based on gender identity.

> 2.  Plaintiffs should have the opportunity to conduct expert discovery, including as to evidence of classwide harms.

In addition to fact discovery, Plaintiffs are entitled to conduct expert discovery. While Plaintiffs submitted certain expert declarations in support of their claims in the first half of 2025, *see* ECF 30-1 (expert opinion on definition of sex and on harmful impacts of the Passport Policy), ECF 30-2 (expert opinion on harms caused to transgender people by Passport Policy), ECF 62-1 (rebuttal expert opinion on the government's assertions about guidance purporting to define sex), Plaintiffs anticipate additional expert discovery will be required in this matter. The government first promulgated the Passport Policy in January 2025, and it has been in effect since the Supreme Court stayed this Court's injunction in November 2025. Full expert discovery is required to

capture the scope of the harms the Policy has caused to transgender, intersex, and non-binary Americans in the months since the Policy has been implemented.[13]

          3.      Discovery is essential to avoid trial by ambush.

Finally, to the extent the Court denies summary judgment, Plaintiffs intend "to move this case expeditiously to final judgment and permanent relief." ECF 168 at 1; *see also* ECF 175 at 2 ("The Court gives weight to the plaintiffs' wish to proceed expeditiously with their case."). "An 'important object' of the Federal Rules governing discovery and supplementation 'is to avoid trial by ambush.'" *N.H. Youth Movement v. Scanlan*, 2026 WL 1500857, at *43 (D.N.H. May 28, 2026) (citing *Macaulay v. Anas*, 321 F.3d 45, 50 (1st Cir. 2003); *Colon-Millin v. Sears Roebuck de P.R., Inc.*, 455 F.3d 30, 37–38 (1st Cir. 2006)), *appeal filed*, No. 26-1740 (1st Cir. June 22, 2026). If Plaintiffs are to move efficaciously towards trial and judgment, they must understand the government's trial assertions and the evidence it will seek to introduce. Both parties must be afforded the opportunity to take discovery to avoid the sort of trial-by-surprise the Rules are intended to prevent.

*    *    *    *

Despite Plaintiffs' diligent efforts, other than Plaintiffs' Initial Disclosures and the production of the administrative record, no discovery has taken place over the course of this seventeen-month litigation. And "when the parties have no opportunity for discovery, denying the Rule 56[(d)] motion and ruling on a summary judgment motion is likely to be an abuse of discretion." *In re PHC, Inc. S'holder Litig.*, 762 F.3d at 144 (quoting *CenTra*, 538 F.3d at 420).

---

[13] Even without the benefit of discovery, Plaintiffs have already submitted uncontroverted evidence of the tangible harms they and Class members face when forced to use gender-discordant identity documents. *See, e.g.*, ECF 30-3 ¶ 8 (declaration from Plaintiff Perysian describing the "significant harassment" she experienced while traveling with a passport with an inaccurate sex designation).

Under such circumstances, due process, precepts of fundamental fairness, and the principles animating Rule 56(d) support the relief requested in this Motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and permit Plaintiffs to undertake critical discovery.

*[Signatures follow on the next page.]*

19

Respectfully submitted,

July 15, 2026

/s/ *Isaac D. Chaput*
Isaac D. Chaput (*pro hac vice*)
Peter William Johnston (*pro hac vice*)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: 415-591-6000
Facsimile: 415-591-6091
ichaput@cov.com
pjohnston@cov.com

Jessie J. Rossman (BBO # 670685)
Jennifer M. Herrmann (BBO # 708231)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS,
INC.
One Center Plaza, Suite 850
Boston, MA 02108
Telephone: 617-482-3170
jrossman@aclum.org
jherrmann@aclum.org

Li Nowlin-Sohl (*pro hac vice*)
    (admitted only in Washington)
Sruti J. Swaminathan (*pro hac vice*)
Malita V. Picasso (*pro hac vice*)
James D. Esseks (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2500
Facsimile: 212-549-2650
lnowlin-sohl@aclu.org
sswaminathan@aclu.org
mpicasso@aclu.org
jesseks@aclu.org

Aditi Fruitwala (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

20

915 15th St. NW
Washington, DC 20005
afruitwala@aclu.org

Gavin W. Jackson (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: 424-332-4758
Facsimile: 424-332-4749
gjackson@cov.com

Sean M. Bender (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: 202-662-5891
Facsimile: 202-778-5891
sbender@cov.com

Robert C. Gianchetti (*pro hac vice*)
Alyssa L. Curcio (*pro hac vice*)
COVINGTON & BURLING LLP
30 Hudson Yards
New York, NY 10001-2170
Telephone: 212-841-1000
Facsimile: 212-841-1010
rgianchetti@cov.com
acurcio@cov.com

*Attorneys for Plaintiffs*

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 15, 2026, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

*/s/ Isaac D. Chaput*
Isaac D. Chaput
