IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ASHTON ORR, *et al.*,<br><br>*Plaintiffs*,<br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>*Defendants*. | Case No. 1:25-cv-10313-JEK |

**AFFIDAVIT OF ISAAC D. CHAPUT IN SUPPORT OF PLAINTIFFS'
MOTION FOR DISCOVERY**

I, Isaac D. Chaput, hereby state as follows:

1.      I am an attorney in the law firm of Covington & Burling LLP, counsel for Plaintiffs and for the Classes.  I am admitted *pro hac vice* in the above-captioned matter.

2.      I submit this Affidavit in support of Plaintiffs' Motion for Discovery and Memorandum of Law In Support Thereof ("Motion").

3.      I have signed the Motion pursuant to Federal Rule of Civil Procedure Rule 11.

4.      I have certified that to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the Motion is not being presented for any improper purposes; the claims, defenses, and other legal contentions contained therein are warranted by existing law; the factual contentions contained therein have evidentiary support or will likely have evidentiary support after a reasonable opportunity for discovery; and any denials of factual contentions contained therein are warranted on the evidence or reasonable based on belief or a lack of information.

1

5.      The matters set forth in this Affidavit are true and correct of my own personal knowledge and, if called as a witness, I could and would testify competently thereto.

6.      Plaintiffs filed this putative class action on February 7, 2025.  ECF 1.

7.      On February 18, Plaintiffs filed their Motion for Stay of Administrative Action and for Preliminary Injunction, ECF 29, which this Court granted in part on April 18, ECF 74.

8.      Plaintiffs moved for class certification and to extend the preliminary injunction to the classes, ECF 77, 79; on June 17, the Court certified two Classes and applied the preliminary injunction to a subset of each Class, ECF 115.

9.      On July 14, the Court informed the parties that it would hold an initial scheduling conference on August 5.  ECF 133.

10.     On July 31, Plaintiffs served their Rule 26(a) initial disclosures.  A true and correct copy of those Initial Disclosures is attached hereto as **Exhibit A**.  Defendants never served initial disclosures.

11.     In the parties' Local Rule 16.1 Joint Statement, Plaintiffs proposed a nine-month schedule for fact and expert discovery.  ECF 135 at 4.  The Court thereafter ordered the government to produce the administrative record for the Passport Policy.  ECF 137.

12.     In June and July 2025, the government noticed appeals of this Court's preliminary injunctions. ECF 111, 131.  On August 6, the Court ordered a stay of Plaintiffs' constitutional claims.  ECF 137.

13.     On September 4, the First Circuit denied the government's application for a stay of the June injunction.  *Agatha v. Trump*, 151 F.4th 9 (1st Cir. 2025).

14.     On September 19, the government applied to Justice Jackson for a stay of this Court's June injunction.

15.     On November 6, the Supreme Court granted the application, stayed the injunction, and remanded for further proceedings in the First Circuit. *Trump v. Orr*, 146 S. Ct. 44 (2025).

16.     On December 18, Plaintiffs moved this Court for an indicative ruling that it would dissolve the preliminary injunctions in light of the Supreme Court's stay order. ECF 168 at 1. The Court denied Plaintiffs' motion on January 26, 2026. ECF 175.

17.     On June 8, the First Circuit dismissed the government's appeal as moot and vacated the preliminary injunction orders. ECF 183.

18.     On June 29, the government moved for summary judgment on Plaintiffs' constitutional claims.

19.     On July 1, the Court lifted the stay on Plaintiffs' claims. ECF 189.

20.     On July 1, the Court also held a status conference, *see* ECF 185, ECF 186, during which Plaintiffs reiterated their desire to take discovery in support of their constitutional claims.

21.     The Court stayed further summary-judgment briefing and ordered Plaintiffs to file this motion. ECF 190.

22.     Other than Plaintiffs' Initial Disclosures and the administrative record filed, the Parties have not engaged in any discovery or served discovery requests in this action.

23.     Good cause exists for Plaintiffs' inability to take discovery. Plaintiffs' failure to serve discovery requests has not been caused by lack of diligence, but by circumstances outside of Plaintiffs' control.

24.     Proceedings before this Court were stayed between August 2025 and July 1, 2026.

25.     Plaintiffs have repeatedly and consistently stated their desire to take discovery, as part of their intention to litigate this action expeditiously to final judgment.

26.     If the Court grants the Motion, Plaintiffs are prepared to promptly serve requests for production and interrogatories on the government.

27.     A true and correct copy of Plaintiffs' Draft Proposed Requests for Production is attached hereto as **Exhibit B**.  A true and correct copy of Plaintiffs' Draft Proposed Interrogatories is attached hereto as **Exhibit C**.

28.     Plaintiffs attach Exhibits B and C while reserving all rights to amend and add to these draft requests, or to serve additional requests in the future.  Plaintiffs provide Exhibits B and C to inform the Court about topics on which they intend to pursue discovery.

29.     On information and belief, the government possesses communications, memoranda, and other records related to the issues at the core of this litigation.

30.     On information and belief, there are numerous individuals working for the government with personal knowledge related to the issues at the core of this litigation.

31.     On information and belief, additional facts adduced through discovery would have direct bearing on Plaintiffs' claims.

32.     On information and belief, the government could retrieve and produce these documents and data, as well as make knowledgeable persons available for depositions, within a reasonable time

33.     Plaintiffs intend to inquire into the existence and role of animus against transgender people in informing the Passport Policy.  *See, e.g.*, Ex. B (Proposed Request for Production No. 14: "Produce all documents and communications that you considered or reviewed, or that were available to you, in forming your opinion that there are 'idealogues' using 'socially coercive means to permit men to self-identify as women and gain access to intimate single-sex spaces and activities designed for women, from women's domestic abuse shelters to women's workplace showers.'").

4

34.     Plaintiffs intend to serve and take depositions of government decisionmakers to conduct an inquiry into the existence of illicit animus.  *See, e.g.*, Ex. B (Proposed Request for Production No. 1: "Produce all documents relating to the drafting, development, revision, or enactment of Executive Order 14168 of January 20, 2025, including but not limited to drafts of the order, sources relied upon in drafting it, and communications with any person concerning the drafting, development, revision, or enactment of the order."); Ex. C (Proposed Interrogatory No. 2: "Identify the individuals who drafted or substantially contributed to the drafting of Executive Order 14168 of January 20, 2025, including, but not limited to, which officers or employees of the Defendants are responsible for such enforcement efforts.")

35.     Plaintiffs intend to pursue inquiries into the decisionmaking process and the practical fit between the Passport Policy and the government's asserted interests.  *See, e.g.*, Ex. C (Proposed Interrogatory No. 12: "Specify each way in which Defendants' passport sex designation policy in effect immediately prior to the Executive Order of January 20, 2025, proved unworkable or otherwise negatively affected Defendants' operations or other government interests for the duration of time it was in effect.").

36.     Plaintiffs intend to examine the government's decades-long experiences in permitting Americans to update passport sex markers to align with their gender identity.  *See, e.g.*, Ex. C (Proposed Interrogatory No. 13: "Identify negative impacts or limitations to any of the government interests identified in response to Interrogatory No. 4 from Defendants' passport policies in effect prior to 1976, when no sex designation was required on documentation, and after 1992, when Defendants permitted individuals to amend their sex designation to a designation different from sex assigned at birth.").  On information and belief, Plaintiffs expect this inquiry

will undercut any government interest Defendants may assert to justify their new policy, from foreign affairs to administrability to security.

37.    Plaintiffs intend to conduct expert discovery.  On information and belief, such expert discovery will further reveal the scope of the harms the Passport Policy has caused to transgender, intersex, and non-binary Americans.

38.    On information and belief, these and other discovery efforts would uncover facts material to the issues raised by the government's motions for summary judgment.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


DATED: July 15, 2026                    /s/ *Isaac D. Chaput*
                                        Isaac D. Chaput

6

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 15, 2026, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

*/s/ Isaac D. Chaput*
Isaac D. Chaput
