# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ASHTON ORR, *et al.*,<br><br>                   *Plaintiffs*,<br><br>      v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>                   *Defendants*. | Case No. 1:25-cv-10313-JEK |

**PLAINTIFFS' INITIAL DISCLOSURES**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs provide the following initial disclosures to Defendants, subject to the limitations and reservations set forth below.

**I.      LIMITATIONS AND RESERVATIONS OF RIGHTS**

These disclosures are based on information presently and reasonably available and currently in the possession, custody, and control of Plaintiffs at this time.  Plaintiffs' disclosures represent a good-faith effort to identify individuals and information they reasonably believe at this time may be relevant to support their claims, as Rule 26(a)(1) requires.  By making these disclosures, Plaintiffs do not represent that they have identified every document, tangible thing, or individual upon which they may rely, or which may be relevant to this lawsuit.  Plaintiffs may obtain additional facts and identify additional witnesses and documents relevant to this action through research, investigation, and analysis; through discovery propounded on Defendants; and through discovery propounded on any third parties that may have knowledge of  relevant facts.  Accordingly, Plaintiffs expressly reserve the right to (A) revise, amend, correct, supplement, or otherwise modify these disclosures based upon any information, evidence, documents, facts, or

1

things that hereafter may be discovered, or the relevance of which may hereafter be determined; and (B) produce, introduce, or rely upon additional or subsequently acquired or discovered writings, evidence, and information at trial or in any pre-trial proceedings held herein.

Nothing in these disclosures shall constitute an admission or concession by Plaintiffs with respect to any issues of fact, law, discoverability, or admissibility.  Plaintiffs expressly reserve all such objections.

Plaintiffs do not waive the right to object to the use of these disclosures, for any purpose, in whole or in part, in this or any other action; to object to any other discovery request or proceeding involving or relating to the subject matter of these disclosures; or to seek a protective order for any information to be provided in discovery in this case.

Plaintiffs do not provide herein, and will not provide, any information or documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or immunity

## II.     List of Knowledgeable Individuals (Fed. R. Civ. P. 26(a)(1)(A)(i))

Pursuant to Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Plaintiffs provide the following list of individuals who are believed likely to have discoverable information which Plaintiffs may use to support their claims in this action.  Plaintiffs also incorporate by reference all witnesses identified in all other parties' Rule 26(a)(1) disclosures, all persons noticed for deposition in this case, all persons identified in any of the pleadings, filings, disclosures, discovery requests, or responses to discovery requests in this case, and all witnesses required for the authentication of documents and things.  Plaintiffs reserve the right to supplement or amend this list, including through the identification of experts, pursuant to Fed. R. Civ. P. 26(e).  In making these disclosures, Plaintiffs do not waive their right to object to the deposition testimony of any of the following individuals.

|  | NAME | CONTACT INFORMATION | SUBJECT MATTER |
|---|---|---|---|
| 1. | Ashton Orr | c/o Counsel for Plaintiffs at Covington & Burling LLP | The circumstances surrounding Plaintiff's claims and injuries. |
| 2. | Zaya Perysian | c/o Counsel for Plaintiffs at Covington & Burling LLP | The circumstances surrounding Plaintiff's claims and injuries. |
| 3. | Sawyer Soe (pseudonym) | c/o Counsel for Plaintiffs at Covington & Burling LLP | The circumstances surrounding Plaintiff's claims and injuries. |
| 4. | Chastain Anderson | c/o Counsel for Plaintiffs at Covington & Burling LLP | The circumstances surrounding Plaintiff's claims and injuries. |
| 5. | Drew Hall | c/o Counsel for Plaintiffs at Covington & Burling LLP | The circumstances surrounding Plaintiff's claims and injuries. |
| 6. | Bella Boe (pseudonym) | c/o Counsel for Plaintiffs at Covington & Burling LLP | The circumstances surrounding Plaintiff's claims and injuries. |
| 7. | Reid Solomon-Lane | c/o Counsel for Plaintiffs at Covington & Burling LLP | The circumstances surrounding Plaintiff's claims and injuries. |
| 8. | Viktor Agatha | c/o Counsel for Plaintiffs at Covington & Burling LLP | The circumstances surrounding Plaintiff's claims and injuries. |
| 9. | David Doe (pseudonym) | c/o Counsel for Plaintiffs at Covington & Burling LLP | The circumstances surrounding Plaintiff's claims and injuries. |
| 10. | AC Goldberg | c/o Counsel for Plaintiffs at Covington & Burling LLP | The circumstances surrounding Plaintiff's claims and injuries. |
| 11. | Ray Gorlin | c/o Counsel for Plaintiffs at Covington & Burling LLP | The circumstances surrounding Plaintiff's claims and injuries. |
| 12. | Chelle LeBlanc | c/o Counsel for Plaintiffs at Covington & Burling LLP | The circumstances surrounding Plaintiff's claims and injuries. |
| 13. | Donald J. Trump | c/o Counsel for Defendants at the U.S. Department of Justice | Information concerning the circumstances surrounding the development and implementation of the Executive Order and the Passport Policy challenged in this action, and Defendants' defenses. |

| 14. | Marco Rubio | c/o Counsel for Defendants at the U.S. Department of Justice | Information concerning the circumstances surrounding the development and implementation of the Executive Order and the Passport Policy challenged in this action, and Defendants' defenses. |
|---|---|---|---|
| 15. | Matthew Pierce | c/o Counsel for Defendants at the U.S. Department of Justice | Information concerning the circumstances surrounding the development and implementation of the Executive Order and the Passport Policy challenged in this action, and Defendants' defenses. |
| 16. | Ryan M. Dooley | c/o Counsel for Defendants at the U.S. Department of Justice | Information concerning the circumstances surrounding the development and implementation of the Executive Order and the Passport Policy challenged in this action, and Defendants' defenses. |
| 17. | Former Principal Deputy Assistant Secretaries for Consular Affairs (permanent or acting) | c/o Counsel for Defendants at the U.S. Department of Justice | Information concerning the circumstances surrounding the development and implementation of the Executive Order and the Passport Policy challenged in this action, and Defendants' defenses. |
| 18. | Former Deputy Assistant Secretary for Passport Services (permanent or acting) | c/o Counsel for Defendants at the U.S. Department of Justice | Information concerning the circumstances surrounding the development and implementation of the Executive Order and the Passport Policy challenged in this action, and Defendants' defenses. |
| 19. | Unknown officials and employees of the United States federal government involved with developing and implementing the | c/o Counsel for Defendants at the U.S. Department of Justice | Information concerning the circumstances surrounding the development and implementation of the Executive Order and the Passport Policy challenged |

| Executive Order and the Passport Policy challenged in this action | | in this action, and Defendants' defenses. |
|---|---|---|

Plaintiffs note that there may be other individuals not identified at this time who have information that Plaintiffs may use to support their claims. Investigation continues as to other individuals with knowledge of relevant facts. Plaintiffs reserve the right to supplement the foregoing response.

### III.    Categories of Relevant Documents (Fed. R. Civ. P. 26(a)(1)(A)(ii))

Pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiffs provide the following description of the categories of documents, electronically stored information, and tangible things within Plaintiffs' possession, custody, or control that Plaintiffs may use to support their claims. By disclosing the following categories of documents, Plaintiffs do not waive any objections that Plaintiffs have or may have to the production of any or all particular documents within these categories.

Documents concerning the following matters:

1.    Named Plaintiffs' communications exchanged with any passport agency or office regarding their passports.

2.    Named Plaintiffs' communications exchanged with the State Department regarding their passports.

3.    Named Plaintiffs' applications for passports.

4.    Named Plaintiffs' applications for identity documents from other government agencies.

5.    Documents and communications regarding harm Named Plaintiffs have experienced due to having a sex marker on an identity document other than the sex marker they want.

Plaintiffs reserve the right to disclose additional categories of documents in support of their claims as discovery develops or additional information is obtained. This disclosure does not constitute an admission as to the existence, relevance, or admissibility of the identified materials or a waiver of any attorney-client or work-product privilege, or any other applicable privilege or immunity.

### IV.    Calculation of Damages (Fed. R. Civ. P. 26(a)(1)(A)(iii))

Plaintiffs do not seek damages. Any calculation of attorneys' fees and costs is premature.

### V.    Insurance (Fed. R. Civ. P. 26(a)(1)(A)(iv))

Pursuant to Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure, Named Plaintiffs have no applicable insurance carriers.

July 31, 2025

/s/ *Isaac D. Chaput*
Isaac D. Chaput (*pro hac vice*)
William P. Kasper (*pro hac vice*)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: 415-591-6000
Facsimile: 415-591-6091
ichaput@cov.com
wkasper@cov.com

Jessie J. Rossman (BBO # 670685)
Zoe Kreitenberg (BBO # 715356)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS,
INC.
One Center Plaza, Suite 850
Boston, MA 02108
Telephone: 617-482-3170
jrossman@aclum.org
zkreitenberg@aclum.org

Jon W. Davidson (*pro hac vice*)
    (admitted only in California)
Li Nowlin-Sohl (*pro hac vice*)
    (admitted only in Washington)
Sruti J. Swaminathan (*pro hac vice*)
Malita V. Picasso (*pro hac vice*)
James D. Esseks (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2500
Facsimile: 212-549-2650
jondavidson@aclu.org
lnowlin-sohl@aclu.org
sswaminathan@aclu.org
mpicasso@aclu.org
jesseks@aclu.org

Aditi Fruitwala (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St. NW
Washington, DC 20005
afruitwala@aclu.org

Ansel F. Carpenter (*pro hac vice*)
Gavin W. Jackson (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: 424-332-4758
Facsimile: 424-332-4749
acarpenter@cov.com
gjackson@cov.com

Jonathan Thompson (*pro hac vice*)
Sean M. Bender (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: 202-662-5891
Facsimile: 202-778-5891
jothompson@cov.com
sbender@cov.com

Robert C. Gianchetti (*pro hac vice*)
Yuval Mor (*pro hac vice*)
Alyssa L. Curcio (*pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Telephone: 212-841-1000
Facsimile: 212-841-1010
rgianchetti@cov.com
ymor@cov.com
acurcio@cov.com

*Attorneys for Plaintiffs*