**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ASHTON ORR et al., <br><br>  Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br>  Defendants. | Civil Action No. 25-10313 (JEK) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR DISCOVERY**

**TABLE OF CONTENTS**

INTRODUCTION..................................................................................................................................1

ARGUMENT .......................................................................................................................................3

    I.    This Case Does Not Warrant Discovery...................................................................................3

    II.   Plaintiffs Fail to Satisfy the Rule 56(d) Standard.............................................................7

        A.    Good Cause: Plaintiffs Declined their Opportunity to Move for Discovery after
             Defendants Produced the Administrative Record.....................................................8

        B.    Utility: Plaintiffs Have Provided No Evidence that Additional Facts that Could Defeat
             Summary Judgment Exist.......................................................................................10

        C.    Materiality: Even the Proffered Facts Would Not Defeat Summary Judgment...................11

    III.  Plaintiffs' Proffered Discovery Puts this Case on the Path of a Separation-of-Powers
        "Collision Course."................................................................................................................14

CONCLUSION...................................................................................................................................15

## TABLE OF AUTHORITIES

**Cases**

*Am. Pub. Health Ass'n v. Nat'l Inst. of Health,*
786 F. Supp. 3d 237 (D. Mass. 2025) ............................................................................ 9

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ...................................................................................................... 10

*Asociación de Periodistas de P.R. v. Mueller,*
680 F.3d 70 (1st Cir. 2012) .......................................................................................... 11

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ...................................................................................................... 10

*Bellion Spirits, LLC v. United States,*
335 F. Supp. 3d 32 (D.D.C. 2018) ................................................................................. 6

*Browder v. Ojikutu,*
24-CV-11588-AK, 2025 WL 2379682 (D. Mass. Aug. 15, 2025) ................................. 10

*Bruno Int'l Ltd. v. Vicor Corp.,*
Civ. A. No. 14-10037-DPW, 2015 WL 5447652 (D. Mass. Sep. 16, 2015) ................. 10

*Camp v. Pitts,*
411 U.S. 138 (1973) ....................................................................................................... 6

*Cheney v. U.S. Dist. Ct. for D.C.,*
542 U.S. 367 (2004) ............................................................................................. 1, 14, 15

*Chmielinksi v. Massachusetts,*
513 F.3d 309 (1st Cir. 2008) .......................................................................................... 3

*Clinton v. Jones,*
520 U.S. 681 (1997) ...................................................................................................... 14

*Commonwealth Aluminum Corp. v. Markowitz,*
164 F.R.D. 117 (D. Mass. 1995) .................................................................................. 13

*Convertino v. Dep't of Justice,*
684 F.3d 93 (D.C. Cir. 2012) ......................................................................................... 3

*Cortes-Ramos v. Martin-Morales,*
178 F.4th 760 (1st Cir. 2026) .................................................................................... 8, 10

*Dep't of Com. v. N.Y.,*
588 U.S. 752 (2019) .................................................................................................... 6, 8

*Emigrant Residential LLC v. Pinti*,
  37 F.4th 717 (1st Cir. 2022) ........................................................................... 2, 7, 8

*Harvard Pilgrim Health Care of New Eng. v. Thompson*,
  318 F. Supp. 2d 1 (D.R.I. 2004) .............................................................................. 6

*Hellstrom v. Dep't of Veterans Affs.*,
  201 F.3d 94 (2d Cir. 2000) ....................................................................................13

*Hernandez v. Blanche*,
  No. 24-1482, 2026 WL 1959422 (1st Cir. July 7, 2026) ....................................... 7

*In re Fin. Oversight & Mgmt. Bd. for P.R.*,
  37 F.4th 746 (1st Cir. 2022) ........................................................................... 11, 14

*In re PHC, Inc. S'holder Litig.*,
  762 F.3d 138 (1st Cir. 2014) ......................................................................... *passim*

*Ingle v. Sonesta Int'l Hotels Corp.*,
  No. 1:24-CV-10855-IT, 2025 WL 990636 (D. Mass. Apr. 2, 2025) ......................... 11, 14

*Mullin v. Doe*,
  146 S. Ct. 2121 (2026) ................................................................................... 2, 12

*Orr v. Trump*,
  178 F.4th 34 (1st Cir. 2026) ...................................................................................4

*Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*,
  840 F.2d 985 (1st Cir. 1988) ................................................................................... 9

*Towns of Norfolk & Walpole v. U.S. Army Corps of Eng'rs*,
  137 F.R.D. 183 (D. Mass. 1991) ......................................................................... 6, 8

*Trump v. Hawaii*,
  585 U.S. 667 (2018) ...................................................................................... 3, 12

*Trump v. Orr*,
  146 S. Ct. 44 (2025) .................................................................................*passim*

*United States v. Skrmetti*,
  605 U.S. 495 (2025) ........................................................................................ 12

*West Virginia v. B.P.J.*,
  609 U.S. ----, 2026 WL 1868739 (June 30, 2026) .............................................*passim*

**Statutes**

22 U.S.C. § 211a ....................................................................................... 1, 3

**Rules**

Fed. R. Civ. P. 56 ...................................................................................... *passim*

Local Rule 7.1 ............................................................................................................................... 3, 14, 15

**INTRODUCTION**

Plaintiffs' primary argument for discovery is that they believe that they are entitled to it because parties are generally given the opportunity to seek discovery. Plaintiffs' Motion for Discovery ("Pls.' Mot."), ECF No. 191. But for numerous reasons and as explained further below, Plaintiffs cannot show a basis for discovery in this matter. *See infra* Argument § I.

First, in staying this Court's injunction, the Supreme Court endorsed the government's rationale for the challenged policy: "Displaying passport holders' sex at birth no more offends equal protection principles than displaying their country of birth—in both cases, the Government is merely attesting to a historical fact without subjecting anyone to differential treatment." *Trump v. Orr*, 146 S. Ct. 44, 46 (2025). And just last month, the Supreme Court held that the Constitution does not require classifications based on gender identity and not biological sex, nor does the Constitution require exceptions to sex classifications for trans-identifying people. *West Virginia v. B.P.J.*, 609 U.S. ----, 2026 WL 1868739, at *12–13 & n.4 (June 30, 2026). Yet Plaintiffs argue that they are "entitled" to "probe" the government's justifications to support their Equal Protection claim. as to a policy that the Supreme Court has definitively held does not "offend equal protection principles." Pls.' Mot. at 1, 6, 12, 14, 16, 17; *Orr*, 146 S. Ct. at 46.

Predictions of potentially helpful records does Plaintiffs no good. The Passport Policy derives from an Executive Order, and in granting the stay of the injunction, the Supreme Court held that Plaintiffs were unlikely to prevail on their claim that the State Department "acted arbitrarily and capriciously by declining to depart from Presidential rules that Congress expressly required it to follow. *Orr*, 146 S. Ct. at 46 (*citing* 22 U.S.C. § 211a). Any discovery into the Passport Policy's purported "animus" would thus necessarily be directed at the President, raising serious separation-of-powers concerns. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 389–90 (2004) (warning "unnecessarily

1

broad discovery" risks setting "co-equal branches . . . on a collision course" by intruding on core executive deliberations).

Moreover, the hoped-for discovery, even if it existed, would be futile. As the Supreme Court concluded in granting the stay, Plaintiffs "failed to establish that the Government's choice to display biological sex 'lack[s] any purpose other than a bare . . . desire to harm a politically unpopular group.'" *See also* sweaddddddddddes*Mullin v. Doe*, 146 S. Ct. 2121, 2138 (2026) ("None of the cited statements by either the President or the Secretary was overtly racial, and in substance all expressed policy views that could rest on race-neutral justifications."). The Court should deny the discovery motion and order Plaintiffs to respond to the government's summary judgment motion.

Second, Defendants have moved for summary judgment on Plaintiffs' constitutional claims on purely legal grounds, *i.e.*, "as a matter of law," without any accompanying declarations or factual assertions that Plaintiffs might have been entitled to probe. *See* Defendants' Motion for Summary Judgment as to Counts 1, 2, 3, 4, and 5 of the Amended Complaint ("Defs.' Mot. Summ. J."), ECF No. 187. There is no need for discovery in this context. Moreover, the government has already produced a certified administrative record for the challenged policy, and Plaintiffs did not move to supplement the record or obtain extra-record discovery regarding their speculation that something else (*e.g.*, animus) was the impetus behind the policy. Federal Rule of Civil Procedure ("Rule") 56(d) is not meant to "clear the way" for discovery "on demand" in these circumstances. *Emigrant Residential LLC v. Pinti*, 37 F.4th 717, 724 (1st Cir. 2022).

This all seems to be news to Plaintiffs. Instead of following the Court's direction to consider whether "they may be entitled to discovery on constitutional claims to the extent the facts matter to those claims" under Rule 56(d), ECF No. 190, Plaintiffs propose 29 requests for production of documents and 14 interrogatories, including some directed at the White House, ECF Nos. 192-2, 192-3. They further demand "depositions of government decisionmakers," Pls.' Mot. at 14, and "[f]ull

2

expert discovery," *id.* at 17.  Nowhere do Plaintiffs explain why such discovery is "essential" to oppose the purely legal arguments Defendants raised in their summary judgment motion.  Nor do Plaintiffs tie these requests to "facts essential to justify its opposition" to Defendants' motion.  Fed. R. Civ. P. 56(d).  They thus cannot satisfy the Rule 56(d) requirements, and their arguments overlook the Supreme Court's decisions that foreclose their claims and the administrative record that the government has already produced.

For these reasons and the reasons that follow, the Court should deny Plaintiffs' motion and order them to respond to Defendants' summary judgment motion within 21 days.  *See* Local Rule 7.1(b)(2).

## ARGUMENT

### I.    This Case Does Not Warrant Discovery.

Plaintiffs first contend that the Court should grant their motion because "[t]ypically" and in "the ordinary course of civil litigation," parties get an opportunity for discovery.  Pls. Mot. at 2, 5, 7.  But there is no right to discovery in the first place, *e.g.*, *Chmielinksi v. Massachusetts*, 513 F.3d 309, 317 (1st Cir. 2008), and no discovery is warranted here.

*First*, the Supreme Court's holdings have foreclosed Plaintiffs' Equal Projection claim, stating: "Displaying passport holders' sex at birth no more offends equal protection principles than displaying their country of birth—in both cases, the Government is merely attesting to a historical fact without subjecting anyone to differential treatment."  *Orr*, 146 S. Ct. at 46; *see id.* (Plaintiffs "failed to establish that the Government's choice to display biological sex 'lack[s] any purpose other than a bare . . . desire to harm a politically unpopular group.'") (alterations in original) (quoting *Trrump v. Hawaii*, 585 U.S. 667,705 (2018)).  The Supreme Court further determined that, pursuant to 22 U.S.C. § 211a, Congress authorized the President to make passport rules, and the State Department is required to follow them. *Id.*  Notably, upon Supreme Court remand to the First Circuit, Plaintiffs "abandon[ed] their request

3

for preliminary injunctive relief," no longer even contending that their claims are likely to succeed on the merits. *Orr v. Trump*, 178 F.4th 34, 35 (1st Cir. 2026). Plaintiffs are wrong to claim that they have not had "their day in court," Pls.' Mot. at 2, when their case went all the way up to the Supreme Court.

Plaintiffs cannot put the genie back in the bottle. They chose to pursue preliminary injunctive relief, risking the possibility of a reversal by a higher court since such orders may be appealed. Upon receiving an unfavorable decision from the Supreme Court that speaks to the merits of their claims, Plaintiffs want to present as if it is Day 1 in this case and revert to "the ordinary course of civil litigation." Pls.' Mot. at 2. But Defendants have moved for summary judgment, based largely on the Supreme Court's dispositive legal holdings. The Court should order Plaintiffs to respond to Defendants' motion and then adjudicate that motion before further burdening the government in this case that should be over.

*B.P.J.* puts the nail in the coffin. In *B.P.J.*, biological male athletes who identified as female challenged Idaho and West Virginia statues that prohibited biological male participation in female sports. *B.P.J.*, 2026 WL 1868739, at *5–6. The Supreme Court held that determining eligibility for women's and girls' sports on the basis of biological sex, regardless of gender identity, violates neither Title IX nor the Equal Protection Clause. *Id.* at *4. The Supreme Court rejected the argument that the States' interests did "not justify excluding *all* biological males—including those who identify as female and have taken puberty blockers or hormones—from participation in women's and girls' sports." *Id.* at *11. Even under intermediate scrutiny, the Court explained that the "validity" of a policy depends on "the relation it bears to the general problem," not on "the extent to which it furthers the Government's interest in an individual case." *Id.* at *12 (citation omitted). If the relationship between "the State's classification and the State's interests" is "sufficient as a general matter, the State is not *constitutionally* required to grant individualized exemptions to specific [individuals] or subclasses," *e.g.*, trans-identifying people. *Id.* at *13. The Constitution also "does not require" the government to

classify "based on gender identity rather than biological sex," *id.* at *12 n.4, .nor does the Constitution require exceptions for trans-identifying people, *id.* at 13.

Pursuant to *B.P.J.*, this Court may not second-guess the extent to which the Passport Policy "furthers the government's interests in *an individual case*," *id.* at *12 (emphasis added; citation omitted), as Plaintiffs urge this Court to do with respect to trans-identifying people, because there is a match between identification and biological sex *in general*, *id.* at *13. The Supreme Court has already concluded that sex designations on passports of "a historical fact" of birth sex are valid. *Orr*, 146 S. Ct. at 46. The Constitution does not require "individualized exemptions" for trans-identifying individuals to self-select their sex marker, *B.P.J.*, 2026 WL 1868739, at *13, nor does the Constitution require the government to determine sex markers "based on gender identity rather than biological sex," *id.* at *12 n.4.

The Supreme Court's decisions have foreclosed Plaintiffs' Equal Protection claim. Plaintiffs have not explained in their motion how their Equal Protection claim survives *Orr* and *B.P.J.*, let alone why they would still be entitled to discovery in "the ordinary course of civil litigation." Pls.' Mot. at 2.

*Second*, following the Supreme Court's *Orr* decision, Defendants moved for summary judgment on Plaintiffs' constitutional claims based on purely legal grounds, *i.e.*, "as a matter of law." *See* Defs.' Mot. Summ. J. The government did not submit any accompanying declarations or otherwise rely on any factual assertions in support of their motion that Plaintiffs might have been entitled to probe. *Id.* Factual probing is not warranted in these circumstances, nor is it "essential" for Plaintiffs to respond. Fed. R. Civ. P. 56(d). Plaintiffs have failed to state a plausible claim, and under such circumstances, courts routinely decide dispositive motions pre-discovery.

*Third*, the government has already produced a certified administrative record for the challenged policy. ECF No. 140. This record "'consists of all documents and materials directly or indirectly

5

considered by [the] agency decision-makers and includes evidence contrary to the agency's position.'" *Towns of Norfolk & Walpole v. U.S. Army Corps of Eng'rs*, 137 F.R.D. 183, 185 (D. Mass. 1991) (citation omitted), *aff'd*, 968 F.2d 1438 (1st Cir. 1992).  Plaintiffs did not move to supplement the record or obtain extra-record discovery regarding their speculation that something else (*e.g.*, animus) was the impetus behind the policy but instead opted to proceed with summary judgment briefing.  Pls.' Mot. for Summ. J. on Counts 6 & 7 of Am. Compl. ("Pls.' Mot Summ. J."), ECF No. 145.

The production of the administrative record is particularly important here because Plaintiffs' case is a final agency action where "the focal point for judicial review should be the administrative record."  *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *see also Dep't of Com. v. N.Y.*, 588 U.S. 752, 780 (2019) ("[I]n reviewing agency action, a court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record.").  These record-review principles are not disregarded just because Plaintiffs raise constitutional claims, particularly here, where those claims challenge the substance of the policy.  *See, e.g.*, *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 43 (D.D.C. 2018) (holding that "when a constitutional challenge to agency action requires evaluating the substance of an agency's decision made on an administrative record, that challenge must be judged on the record before the agency"), *aff'd,* 7 F.4th 1201 (D.C. Cir. 2021); *Harvard Pilgrim Health Care of New Eng. v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004) ("The APA's restriction of judicial review to the administrative record would be meaningless if any party seeking review based on statutory or constitutional deficiencies was entitled to broad-ranging discovery.").

In sum, Plaintiffs are not entitled to discovery in this matter because the Supreme Court has dispositively foreclosed their claims, Defendants have moved for summary judgment on purely legal grounds, and Defendants have produced an administrative record that Plaintiffs have not challenged. The Court should deny Plaintiffs' discovery motion.

**II.    Plaintiffs Fail to Satisfy the Rule 56(d) Standard.**

So too for Plaintiffs' efforts to invoke Rule 56(d); the rule is not meant to "clear the way" for discovery "on demand." *Emigrant Residential LLC*, 37 F.4th at 724.  That is, Rule 56(d) "doesn't afford the movant carte blanche in discovery disputes nor is its relief granted as a matter of course." *Hernandez v. Blanche*, No. 24-1482, 2026 WL 1959422, at *6 (1st Cir. July 7, 2026) (holding that district court did not abuse its discretion in denying Rule 56(d) motion).  If a party moves for summary judgment and if the non-movant "cannot present facts essential to justify its opposition, the court may: allow time . . . to take discovery." Fed. R. Civ. Proc. 56(d).  "In order to gain the benefit of Rule 56(d), the party opposing summary judgment must make a sufficient proffer: the proffer should be authoritative; it should be advanced in a timely manner; and it should explain why the party is unable currently to adduce the facts essential to opposing summary judgment." *In re PHC, Inc. S'holder Litig.*, 762 F.3d 138, 143 (1st Cir. 2014) (internal quotation marks omitted).  "If the reason the party cannot adduce the facts essential to opposing summary judgment is incomplete discovery, the party's explanation (i.e., the third requirement) should: (i) show good cause for the failure to have discovered the facts sooner; (ii) set forth a plausible basis for believing that specific facts . . . probably exist; and (iii) indicate how the emergent facts . . . will influence the outcome of the pending summary judgment motion." *Id.* (internal quotation marks omitted).  "Thus, in a case involving incomplete discovery, the Rule 56(d) proffer requirements can be categorized as: authoritativeness, timeliness, good cause, utility, and materiality." *Id.* (internal quotation marks omitted).

Plaintiffs have not requested any discovery that they need to address Defendants' Due Process and First Amendment summary judgment arguments.  As to Equal Protection, Plaintiffs should not be allowed discovery on an Equal Protection claim challenging a policy that the Supreme Court has held does not "offend[] equal protection principles." *Orr*, 146 S. Ct. at 46.  Plaintiffs have failed to

satisfy the good cause, utility, and materiality requirements, and therefore the Court should deny their Rule 56(d) discovery motion.

A.    Good Cause: Plaintiffs Declined their Opportunity to Move for Discovery after Defendants Produced the Administrative Record.

"When a party has had a full and fair opportunity to obtain relevant facts earlier in a case and has forgone that opportunity, there will seldom be good cause to grant the party's request for additional discovery through the medium of Rule 56(d)." *Emigrant Residential LLC*, 37 F.4th at 726. "Whether good cause for more (or really, any) discovery exists must be viewed against the historical background of the litigation." *Cortes-Ramos v. Martin-Morales*, 178 F.4th 760, 772 (1st Cir. 2026) (internal quotation marks omitted).

Here, the "historical background of the litigation" demonstrates that "good cause" does not exist for their Rule 56(d) discovery requests. *See id.* The government produced a certified administrative record for the challenged policy about eleven months ago, on August 27, 2025. *See* ECF No. 140. This record "'consists of all documents and materials directly or indirectly considered by [the] agency decision-makers and includes evidence contrary to the agency's position.'" *Towns of Norfolk & Walpole*, 137 F.R.D. at 185 (citation omitted). Plaintiffs requested three weeks to review the record so that they would have an opportunity to move to supplement the record or seek extra-record discovery if warranted, and the Court granted them that relief. ECF No. 138. Upon their review, however, Plaintiffs did not move to supplement the record or obtain extra-record discovery regarding their speculation that something else (*e.g.*, animus) was the impetus behind the policy but instead opted to proceed with summary judgment briefing. Joint Status Report, ECF No. 141; Pls.' Mot. Summ. J.

After Defendants produced the administrative record, Plaintiffs could have moved for extra-record discovery if they believed that the State Department was acting in "bad faith" or engaged in "improper behavior" in implementing the Passport Policy. *See Dep't of Com.*, 588 U.S. at 781. For example, if Plaintiffs believed that the State Department's explanation for the Passport Policy was

8

"incongruent" with what the record revealed—as they now claim—then they should have moved for extra-record discovery. *See Am. Pub. Health Ass'n v. Nat'l Inst. of Health*, 786 F. Supp. 3d 237, 255 (D. Mass. 2025). They did not do so and therefore there is no good cause to provide Rule 56(d) discovery.

Plaintiffs state they did not previously move for discovery because of "circumstances outside of [their] control," namely the stay of "[p]roceedings" between August 2025 and July 1, 2026. Chaput Aff. ¶¶ 23, 24, ECF No. 192. This is a mischaracterization of the record. The Court did not stay litigation on Plaintiffs' Administrative Procedure Act claims; indeed, the Court ordered Defendants to produce the administrative record and gave Plaintiffs their requested opportunity to review the record and seek supplementation or extra-record discovery if they thought that the record was inadequate. ECF No. 138. Plaintiffs' decision not to seek additional materials were circumstances completely in their control.

Moreover, Plaintiffs' "lack of diligence" by "acquiescing in the stay of discovery" during the one-year span of the appeal "counts. . . heavily" against Plaintiffs. *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 989 (1st Cir. 1988). If Plaintiffs believed there was an impediment to their raising of concerns about the adequacy of the record, they could have asked the Court for clarification or modification of the alleged "stay." They did neither. Even if claims were stayed, that would not preclude Plaintiffs from sending correspondence to Defendants, nor would it prohibit Plaintiffs from filing something with the Court noting any concerns with the record. There is no standalone right to discovery in any case, quite apart from one in which the government has filed an administrative record. Plaintiffs presumably gambled that they would be victorious on appeal, or that they would eventually get around to taking discovery, but either way, they have not acted with diligence, and that provides another basis on which to deny their motion. *See id.* (upholding Rule 56(d) denial where plaintiff "did nothing to take advantage" of discovery and where "it acquiesced in the order staying discovery").

9

Importantly, this is also not a case where the party moving for summary judgment submits supporting affidavits that the nonmovant "never got to challenge during a deposition," in which case there might be good cause for Rule 56(d) discovery. *Cortes-Ramos*, 178 F.4th at 772. Defendants have not submitted declarations in support of their summary judgment motion because Plaintiffs' claims can be decided as a matter of law.

B.    Utility: Plaintiffs Have Provided No Evidence that Additional Facts that Could Defeat Summary Judgment Exist.

"To fulfill the fourth requirement, that of 'utility,' plaintiffs' proffer must show a plausible basis for believing that additional facts probably exist and can be retrieved within a reasonable time." *PHC*, 762 F.3d at 144 (internal quotation marks omitted). Plaintiffs' proffer fails to meet this requirement.

Plaintiffs state, "On information and belief, the government possesses communications, memoranda, and other records related to the issues at the core of this litigation." Chaput Aff~~id~~. ¶ 29. Plaintiffs, however, offer no factual allegations supporting their "information and belief," let alone "a plausible basis for believing that additional facts probably exist" outside of what Defendants already produced to them in the administrative record. *See PHC*, 762 F.3d at 144 (internal quotation marks omitted).

Plausibility—the standard established in the First Circuit—requires more than showing a "sheer possibility" or that it is "conceivable" that something is true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 680 (2009). "[M]ere conclusory statements" do not establish plausibility. *Id.* at 678. Nor does speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Specifically, conclusory statements made based on "information and belief" without any supporting factual allegations do not satisfy the plausibility threshold. *E.g.*, *Browder v. Ojikutu*, 1:24-CV-11588-AK, 2025 WL 2379682, at *6 (D. Mass. Aug. 15, 2025); *Bruno Int'l Ltd. v. Vicor Corp.*, Civ. A. No. 14-10037-DPW, 2015 WL 5447652, at *3 n.1 (D. Mass. Sep. 16, 2015). Here, Plaintiffs' assertions that "on information and belief" additional facts

10

exist, without any supporting factual allegations, does not meet the plausibility threshold, and thus Plaintiffs do not satisfy the utility requirement.

      C.      <u>Materiality: Even the Proffered Facts Would Not Defeat Summary Judgment.</u>

"Finally, to accomplish the fifth requirement of 'materiality,' the Rule 56 Affidavit should indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *PHC*, 762 F.3d at 145 (internal quotation marks omitted). "'A basic tenet of [Rule 56(d)] practice is that the party seeking discovery must explain how the facts, if collected, will 'suffice to defeat the pending summary judgment motion.'" *Ingle v. Sonesta Int'l Hotels Corp.*, No. 1:24-CV-10855-IT, 2025 WL 990636, at \*2 (D. Mass. Apr. 2, 2025) (quoting *Asociación de Periodistas de P.R. v. Mueller*, 680 F.3d 70, 77 (1st Cir. 2012)). So, for example, if the information being sought would not "specifically undermine" the summary judgment argument, then Rule 56(d) discovery is not warranted. *Id.* (finding plaintiffs did not meet their Rule 56(d) burden). "'[S]peculative suggestion[s] that further discovery would have somehow undermined'" summary judgment arguments are plainly inadequate. *Id.* at \*3 (quoting *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 37 F.4th 746, 764 (1st Cir. 2022)).

Plaintiffs propose two central areas of inquiry: (1) the government's Policy justifications; and (2) animus against transgender people. Pls.' Mot. at 14–16. Plaintiffs, however, fail to show "how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion," *PHC*, 762 F.3d at 145 (internal quotation marks omitted), or as Rule 56(d) itself puts it, fail to show that they are missing facts "essential" to their opposition, Fed. R. Civ. P. 56(d).

*Policy justifications.* Defendants argue in their summary judgment motion that rational basis review applies to Plaintiffs' Equal Protection claim and that the Policy satisfies rational basis review. Defs.' Mot. Summ. J. at 8–14. For the purposes of their Rule 56(d) motion, Plaintiffs do not contest that rational basis review applies. Pls.' Mot. at 13, 15, 16. And under rational basis review, "[w]here there exist 'plausible reasons' for the relevant government action, [the Court's] inquiry is at an end."

*United States v. Skrmetti*, 605 U.S. 495, 522 (2025) (citation omitted).  Here, the Supreme Court already definitively found that a plausible reason exists for the Passport Policy: "attesting to a historical fact" of biological sex, like birth country, on a passport as a means of identification, *Orr*, 146 S. Ct. at 46, instead of the fully internal, subjective, and fluid concept of gender identity.  Plaintiffs' "prob[ing]" of "the decisionmaking process and the practical fit between the Passport Policy and the government's asserted interests," Pls.' Mot. at 12, and "the government's decades-long experiences in permitting Americans to update passport sex markers to align with their gender identity," *id.* at 16, will not "influence the outcome of the pending summary judgment motion," *PHC*, 762 F.3d at 145, because having identified a plausible reason (let alone one that the Supreme Court endorsed), this Court's "inquiry is at end," *Skrmetti*, 605 U.S. at 522.  Plaintiffs should not be allowed discovery on an Equal Protection claim challenging a policy that does not "offend[] equal protection principles." *Orr*, 146 S. Ct. at 46; *see also Doe*, 146 S. Ct. at 2139 (where government provides a "race-neutral explanation," court should not further entertain equal-protection claims).

*Animus.*  As Defendants argue in their summary judgment motion, Plaintiffs' allegations of animus do not alter this analysis.  Having stated a plausible reason for the Passport Policy that is "quite apart from any [animus]," *Hawaii*, 585 U.S. at 706, which the Supreme Court upheld as not "offend[ing] equal protection principles," *Orr*, 146 S. Ct. at 46, there is no good basis to allow Plaintiffs to go on a "fishing expedition" for such hypothetical evidence.  *See* Defs.' Mot. Summ. J. at 13; *see also Mullin*, 146 S. Ct. at 2138 ("None of the cited statements by either the President or the Secretary was overtly racial, and in substance all expressed policy views that could rest on race-neutral justifications.").

Plaintiffs only dispute to this analysis is that, in their view, *Hawaii* "limited its scope to claims that involved the Establishment Clause and non-citizens." Pls.' Mot. at 15–16.  But that's not the Supreme Court's view, having applied *Hawaii* in this very case. *See Orr*, 146 S. Ct. at 46.  Plaintiffs also point out that the Supreme Court found no animus "on this record," but Plaintiffs overstate the

12

significance of this in stating that the Supreme Court must have been "implicitly . . . anticipating future discovery." Pls.' Mot. at 14. Of course the Supreme Court was reviewing the case on the record before it. And on the record before it, the Supreme Court found that the government advanced a plausible reason for the Passport Policy apart from animus. No additional "prob[ing]" into "the government's asserted justifications for the Policy," *id.* at 16, is going to change the fact the Supreme Court found that the government stated a plausible, non-animus-based reason for the policy. In these circumstances, there is absolutely no basis to allow Plaintiffs to go on an evidentiary "fishing expedition" when the obvious purpose of the Passport Policy is precisely what the Supreme Court already said: "attesting to a historical fact" of biological sex, like birth country, on a passport as a means of identification. *Orr*, 146 S. Ct. at 46. *See also B.P.J.*, 2026 WL 1868739, at *17 (Thomas, J., concurring) (defining sex as biological sex and distinguishing between biological males and females does not infer animus against trans-identifying individuals as even Congress used this definition in Title IX).

The other cases Plaintiffs cite where courts concluded the Rule 56(d) standard was met involved circumstances where there were disputed facts material to the resolution of the plaintiff's claims. Pls.' Mot. at 7–8. All of the cases Plaintiffs cite do not involve matters in which the Supreme Court has weighed in on the validity of a plaintiff's claims post-filing. Nor do they involve claims in which there is a certified administrative record. *See Commonwealth Aluminum Corp. v. Markowitz*, 164 F.R.D. 117 (D. Mass. 1995) (complex commercial contract case involving alleged debt based on commercial transactions and personal guarantees); *Hellstrom v. Dep't of Veterans Affs.*, 201 F.3d 94 (2d Cir. 2000) (claim by federal employee that VA reassigned him from his position as Chief of Laboratory Services in retaliation for his personal stance against agency hiring practices); *Convertino v. Dep't of Justice*, 684 F.3d 93 (D.C. Cir. 2012) (holding a motion for discovery should be granted as a matter of course in Privacy Act challenge where plaintiff alleged that further discovery would reveal the name

13

of the source who leaked information that he had been referred to the Office of Professional Responsibility to the Free Press, which published the information).

Plaintiffs thus fail to make the required Rule 56(d) materiality showing. They have not showed "how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion," *PHC*, 762 F.3d at 145 (internal quotation marks omitted), given the determinative holdings that the Supreme Court made in this case. The "'speculative suggestion[s] that further discovery would. . . somehow undermine[]'" Defendants' summary judgment arguments that Plaintiffs make here are plainly inadequate. *Ingle*, 2025 WL 990636, at *3 (quoting *In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 37 F.4th at 764).

Plaintiffs have failed to meet their Rule 56(d) burden. The Court should deny their motion and order them to respond to Defendants' summary judgment motion within 21 days. *See* Local Rule 7.1(b)(2).

### III.    Plaintiffs' Proffered Discovery Puts this Case on the Path of a Separation-of-Powers "Collision Course."

Plaintiffs' requests for discovery should also be denied because it is clear from their proposed interrogatories and requests for production of documents and their assertion that they will be seeking depositions of "government decisionmakers" that they are seeking information related to the formulation and drafting of Executive Order 14,168. *See* Pls.' Mot. at 14; ECF Nos. 192-2, 192-3. The requested information likely implicates executive privilege, including the Presidential Communications Privilege, and allowing the discovery to proceed would put this case on the path of a separation-of-powers "collision course," which the Supreme Court has stated "should be avoided whenever possible" and "'should inform the conduct of the entire proceeding,'" including discovery. *Cheney.*, 542 U.S. at 385, 389–90 (quoting *Clinton v. Jones,* 520 U.S. 681, 707 (1997)). The Supreme Court has "long recognized the unique position in the constitutional scheme' that [the White House] occupies," *id.* at 382 (cleaned up), and "the Executive's constitutional responsibilities and status [are]

factors counseling judicial deference and restraint in the conduct of litigation against it," *id.* at 385 (cleaned up).  Pursuant to *Cheney*, independently and in cumulation of the reasons above, the Court should deny Plaintiffs' motion.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion and order them to respond to Defendants' summary judgment motion within 21 days.  *See* Local Rule 7.1(b)(2).

Dated: July 29, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

/s/ M. Jared Littman

M. JARED LITTMAN
ELIZABETH B. LAYENDECKER
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 514-5578
Fax: (202) 616-8470
E-mail: Jared.Littman2@usdoj.gov

*Attorneys for Defendants*