## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ASHTON ORR, *et al.*, <br><br>               *Plaintiffs*, <br>     v. <br><br> DONALD J. TRUMP, *et al.*, <br><br>               *Defendants*. | Case No. 1:25-cv-10313-JEK |

## PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR DISCOVERY

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................... 1

ARGUMENT ......................................................................................................................... 1

I.      Plaintiffs Have Been Diligent in Their Pursuit of Discovery. ................................. 1

II.     Recent Supreme Court Decisions Confirm that Plaintiffs Are Entitled to
        Discovery. .................................................................................................................. 2

III.    Executive Privilege Does Not Foreclose All Discovery. ......................................... 5

CONCLUSION ...................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Asociación de Periodistas de P.R. v. Mueller*,
  680 F.3d 70 (1st Cir. 2012).................................................................................................1

*Bos. All. of Gay, Lesbian, Bisexual & Transgender Youth v. Dep't of Health &
  Hum. Servs.*,
  557 F. Supp. 3d 224 (D. Mass. 2021) .................................................................................1, 4

*Cheney v. U.S. Dist. Ct. for D.C.*,
  542 U.S. 367 (2004)..............................................................................................................5

*Commonwealth Aluminum Corp. v. Markowitz*,
  164 F.R.D. 117 (D. Mass. 1995)...........................................................................................3

*Emigrant Residential LLC v. Pinti*,
  37 F.4th 717 (1st Cir. 2022)..................................................................................................1

*In re Fin. Oversight & Mgmt. Bd. for P.R.*,
  37 F.4th 746 (1st Cir. 2022)..................................................................................................1

*Hernandez v. Blanche*,
  2026 WL 1959422 (1st Cir. July 7, 2026) ...........................................................................1

*Ingle v. Sonesta Int'l Hotels Corp.*,
  2025 WL 990636 (D. Mass. Apr. 2, 2025) ...........................................................................1

*Karnoski v. Trump*,
  926 F.3d 1180 (9th Cir. 2019) ..............................................................................................5

*Mullin v. Doe*,
  146 S. Ct. 2121 (2026)..........................................................................................................4, 5

*Pers. Adm'r of Mass. v. Feeney*,
  442 U.S. 256 (1979)..............................................................................................................4

*In re PHC, Inc. S'holder Litig.*,
  762 F.3d 138 (1st Cir. 2014).................................................................................................1

*Romer v. Evans*,
  517 U.S. 620 (1996)..............................................................................................................2

*Trump v. Boyle*,
  145 S. Ct. 2653 (2025)..........................................................................................................3

*Trump v. Hawaii,*
    585 U.S. 667 (2018).........................................................................................................5

*Trump v. Orr,*
    146 S. Ct. 44 (2025)........................................................................................................3

*Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.,*
    429 U.S. 252 (1977)........................................................................................................4

*Walker v. Tex. Div., Sons of Confederate Veterans, Inc.,*
    576 U.S. 200 (2015)........................................................................................................2

*Washington v. Glucksberg,*
    521 U.S. 702 (1997)........................................................................................................2

*West Virginia v. B.P.J.,*
    146 S. Ct. 2356 (2026)................................................................................................3, 4

## INTRODUCTION

Plaintiffs have persistently sought discovery that is necessary for their opposition to Defendants' motion for summary judgment on Plaintiffs' constitutional claims. Since Plaintiffs have had no opportunity to obtain such discovery, their Rule 56(d) Motion for Discovery should be granted. *In re PHC, Inc. S'holder Litig.*, 762 F.3d 138, 144 (1st Cir. 2014).

## ARGUMENT

**I.    Plaintiffs Have Been Diligent in Their Pursuit of Discovery.**

Defendants' erroneous assertion that Plaintiffs have not shown good cause for discovery rests on two strawman arguments: that Plaintiffs acquiesced in the stay on discovery and failed to supplement the administrative record with respect to their APA claims. ECF 193 at 8–9. These allegations miss the mark. Plaintiffs not only moved to lift the stay, ECF 161, they repeatedly and consistently requested discovery, and opposed the stay based on a need to obtain that discovery, ECF 135 at 4–8; ECF 136 at 12; ECF 161 at 6–7; ECF 168 at 6; ECF 191 at 2–4. And Plaintiffs seek discovery on their constitutional claims precisely because they cannot be proved through the administrative record alone. ECF 191 at 18; *see Bos. All. of Gay, Lesbian, Bisexual & Transgender Youth v. Dep't of Health & Hum. Servs.* (*BAGLY*), 557 F. Supp. 3d 224, 245 (D. Mass. 2021). Defendants rely on authorities that involved parties seeking *additional* discovery, ECF 193 at 7, but they have no bearing here where Plaintiffs have been denied entirely the opportunity to obtain discovery.[1]

---

[1] *Ingle v. Sonesta Int'l Hotels Corp.*, 2025 WL 990636, at *2–3 (D. Mass. Apr. 2, 2025) (denying plaintiffs' request for "further discovery under Rule 56(d)"); *Asociación de Periodistas de P.R. v. Mueller*, 680 F.3d 70, 77–78 (1st Cir. 2012) (affirming denial of Rule 56(d) motion when there had already been discovery); *In re Fin. Oversight & Mgmt. Bd. for P.R.*, 37 F.4th 746, 764 (1st Cir. 2022) (affirming denial of Rule 56(d) motion seeking further discovery); *Hernandez v. Blanche*, 2026 WL 1959422, at *8 (1st Cir. July 7, 2026) (same); *see also Emigrant Residential LLC v. Pinti*, 37 F.4th 717, 726–28 (1st Cir. 2022) (reversing in part denial of Rule 56(d) motion even when there had been some discovery).

**II.      Recent Supreme Court Decisions Confirm that Plaintiffs Are Entitled to Discovery.**

Defendants' own filings and recent Supreme Court decisions demonstrate that this case must follow the ordinary course of civil litigation, including access to discovery.

Contrary to Defendants' assertions that their motion for summary judgment was based "on purely legal grounds," ECF 193 at 7, their motion rests on numerous factual assertions, including that biological sex is a meaningful basis for passport identification, gender identity is inherently subjective, and the challenged policy advances uniformity and identification interests, ECF 187 at 8, 12–13. These allegations are both disputed and material, warranting discovery.

Indeed, in analyzing all of Plaintiffs' constitutional claims under any level of scrutiny— including not just Equal Protection, but also the right to travel, informational privacy, and the First Amendment—this Court will need to evaluate the operation and nature of the Passport Policy, whether it substantially advances the government's alleged interests (or at least rationally furthers them), and/or whether those interests are important (or at least legitimate). *See Romer v. Evans*, 517 U.S. 620, 632–33 (1996) (recognizing that even under rational basis, a court's Equal Protection analysis must consider the "factual context" to "ascertain some relation between the classification and the purpose it served"); *Washington v. Glucksberg*, 521 U.S. 702, 722 (1997) (recognizing that even under rational basis, a challenged policy must be rationally related to a legitimate governmental interest to survive a substantive due process challenge); *Walker v. Tex. Div., Sons of Confederate Veterans, Inc.*, 576 U.S. 200, 211–12 (2015) (examining the operation and nature of the challenged policy to determine the level of scrutiny applicable to free speech claim). Plaintiffs seek to discover information directly material to those issues, for example how Defendants rely on the passport sex marker for identification purposes, how Defendants identified passport holders during the more than thirty years when transgender people were permitted to amend the sex marker on their passports, whether the prior passport policy harmed the government's interests in any way

during those thirty years, and the use that any federal agency makes of the sex marker listed on a person's passport. This evidence is relevant to Plaintiffs' constitutional claims and is discoverable. *Cf. Commonwealth Aluminum Corp. v. Markowitz*, 164 F.R.D. 117, 121 (D. Mass. 1995) (granting motion for discovery when parties had identified disputed issues that were "central components" of the case).

None of the recent Supreme Court decisions Defendants cite supports their position. First, the Supreme Court's November 2025 order in this case (the "Stay Order") did not address most of Plaintiffs' claims—Plaintiffs' right to travel, informational privacy, and First Amendment claims—because they were not the basis for the preliminary injunction and therefore were not before the Supreme Court. Second, as to the claims that were before the Supreme Court, its "interim orders are not conclusive as to the merits." *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025). Third, Plaintiffs' Equal Protection claim is based on multiple independent theories, several of which were never presented to the Supreme Court.

Specifically, Plaintiffs' Equal Protection claim can proceed on the theory that the Passport Policy is subject to heightened scrutiny because it discriminates on the basis of transgender status since that theory was not the basis of the preliminary injunction or the Stay Order.[2] The Stay Order also left Plaintiffs' Equal Protection animus claim open for further development by expressly observing that Plaintiffs had not established animus "on this record[.]" *Trump v. Orr*, 146 S. Ct. 44, 46 (2025). Similarly, Plaintiffs can proceed on the theory that Defendants' implementation of the Passport Policy was designed (at least in part) to further the government's objective of forcing

---

[2] Notably, *B.P.J.* expressly chose not to "resolve whether rational basis review or intermediate scrutiny applies to transgender classifications." *West Virginia v. B.P.J.*, 146 S. Ct. 2356, 2379 (2026).

people into roles based on sex stereotypes, as this fact-based inquiry will be informed by discovery. *See Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (recognizing that even a facially neutral policy will violate Equal Protection if it is shown to have been designed "at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group").

These three theories turn on governmental purpose and motivation, which require evidence beyond the administrative record. *See BAGLY*, 557 F. Supp. 3d at 245 ("[C]ourts have acknowledged that limiting the scope of review to the administrative record makes little sense in the context of an inquiry into illicit animus."); *see also Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266–68 (1977) (courts may look to "historical background," the "specific sequence of events," "[d]epartures from the normal procedural sequence," "legislative or administrative history," and the statements of public officials "in determining whether racially discriminatory intent existed").

*West Virginia v. B.P.J.*, 146 S. Ct. 2356 (2026), and *Mullin v. Doe*, 146 S. Ct. 2121 (2026), confirm the Supreme Court's recognition that constitutional claims require a developed factual record, particularly when a court must evaluate the government's asserted interests and determine whether the policy advances those interests. The *B.P.J.* Court evaluated the Equal Protection claim against an extensive evidentiary record developed through discovery.[3] Nothing in *B.P.J.* suggests that constitutional challenges involving sex-based classifications may be resolved without allowing comparable factual development. Similarly, the *Mullin* Court's determination that the government had not acted based on race came *after* a review of the President and Secretary's

---

[3] This record included information about the physiological effects of gender affirming medical care on athletic performance, the research and data upon which various organizations relied in determining the eligibility of transgender athletes to compete in sports consistent with their gender identity, and the legislative records for the two laws at issue. *B.P.J.*, 146 S. Ct. at 2367–70.

statements and purported justifications for their actions. 146 S. Ct. at 2138. Plaintiffs seek precisely that type of evidence. Moreover, the Supreme Court expressly did not resolve the question of whether its holding in *Trump v. Hawaii*, 585 U.S. 667 (2018), governed the Equal Protection claim in *Mullin*, 146 S. Ct. at 2138. *Hawaii*'s plain language limited its scope to claims that involved both the Establishment Clause and non-citizens, neither of which is present here. 585 U.S. at 699–705. Together, these cases illustrate that constitutional review requires a careful examination of the evidence supporting the government's asserted interests. And that, in turn, requires discovery in this case.

### III.   Executive Privilege Does Not Foreclose All Discovery.

"Executive privilege is an extraordinary assertion of power 'not to be lightly invoked.'" *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 389–90 (2004). Unlike *Cheney*, Plaintiffs' proposed discovery requests are narrow and limited in scope to information that is directly relevant to their constitutional claims. If Defendants believe that certain requested information is privileged, they can assert, and properly support, that privilege as to specific documents. *Karnoski v. Trump*, 926 F.3d 1180, 1205 (9th Cir. 2019) (finding that when "Plaintiffs' discovery requests are narrowly tailored to seek evidence that is directly relevant to central issues in the litigation and is not available with due diligence elsewhere," the President has "the opportunity to invoke the [executive] privilege formally and make particularized objections to 'show that the interest in secrecy or nondisclosure outweighs the need' for responsive materials"). But Defendants cannot rely on executive privilege as a shield against all discovery, particularly in the absence of any evidence to support that privilege assertion.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Rule 56(d) Motion and permit Plaintiffs to undertake critical discovery.

Respectfully submitted,

August 5, 2026

/s/ *Isaac D. Chaput*
Isaac D. Chaput (*pro hac vice*)
Peter William Johnston (*pro hac vice*)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone: 415-591-6000
Facsimile: 415-591-6091
ichaput@cov.com
pjohnston@cov.com

Jessie J. Rossman (BBO # 670685)
Jennifer M. Herrmann (BBO # 708231)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF MASSACHUSETTS,
INC.
One Center Plaza, Suite 850
Boston, MA 02108
Telephone: 617-482-3170
jrossman@aclum.org
jherrmann@aclum.org

Li Nowlin-Sohl (*pro hac vice*)
    (admitted only in Washington)
Sruti J. Swaminathan (*pro hac vice*)
Malita V. Picasso (*pro hac vice*)
James D. Esseks (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: 212-549-2500
Facsimile: 212-549-2650
lnowlin-sohl@aclu.org
sswaminathan@aclu.org
mpicasso@aclu.org
jesseks@aclu.org

Aditi Fruitwala (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
915 15th St. NW
Washington, DC 20005

6

afruitwala@aclu.org

Gavin W. Jackson (*pro hac vice*)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067
Telephone: 424-332-4758
Facsimile: 424-332-4749
gjackson@cov.com

Sean M. Bender (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: 202-662-5891
Facsimile: 202-778-5891
sbender@cov.com

Robert C. Gianchetti (*pro hac vice*)
Alyssa L. Curcio (*pro hac vice*)
COVINGTON & BURLING LLP
30 Hudson Yards
New York, NY 10001-2170
Telephone: 212-841-1000
Facsimile: 212-841-1010
rgianchetti@cov.com
acurcio@cov.com

*Attorneys for Plaintiffs*

7

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2026, a true copy of the foregoing will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record.

/s/ Isaac D. Chaput
Isaac D. Chaput

8